FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/1/2025 9:14:27 AM
CHRISTOPHER A. PRINE
Clerk

# CLERK'S RECORD

Volume 1    of 1

Trial Court Cause No. 348-363561-25
Appellate Cause No.15-25-00111-CV

In the 348th District Court
of Tarrant County, Texas
Hon. Megan Fahey,Presiding Judge

## CITY OF ARLINGTON

## VS.

## PECOS HOUSING FINANCE CORPORATION, ET AL

Appealed to the Court of Appeals
for the 15th Supreme Judicial District of Texas
at Austin          , Texas

APPEARING FOR THE APPELLANT

REICHEK, AMANDA L
1201 MAIN ST STE 1300D STE 300

DALLAS                                    TX 75202-
Phone: (214) 382-3041
Fax..: (214) 292-6564
Email Address: AREICHEK@TILLOTSONLAW.COM
SBOT.: 24041762TX
Appearing for PECOS HOUSING FINANCE CORPORATION, Appellant

Delivered to the Court of Appeals for the 15th Supreme
Judicial District of Texas at Austin          , Texas,
on this date of June 26, 2025.

Thomas A. Wilder, District Clerk
Tarrant County, Fort Worth, Texas

ELIANA RODRIGUEZ
Deputy District Clerk

(Court of Appeals)
Cause No. _____
Filed in the Court of Appeals for the 15th Supreme Judicial
District of Texas, at Austin          , Texas, this
_____ day of _____, _____
_____, Clerk
By _____, Deputy

1

# INDEX

Front Cover .................................................................................................................. 1

Index ......................................................................................................................... 2

Caption ...................................................................................................................... 5

Plaintiff's Original Petition and Application for Temporary Restraining Order and Injunctive Relief 4/10/25 ................................................................................................................ 6

Temporary Restraining Order 4/11/25 .................................................................... 42

Rule 11 Agreement – Extending TRO and Temporary Injunction Hearing 4/24/25 ............................... 46

Plaintiff's First Amended Petition and Application for Temporary Restraining Order and Injunctive Relief 4/30/25 ................................................................................................................ 48

Temporary Restraining Order 5/1/25 ...................................................................... 84

Rule 11 Agreement – Extending TRO and Temporary Injunction Hearing 5/1/25 ................................. 88

Answer of Defendant Joe Don Bobbitt 5/5/25 ........................................................ 90

Defendant Pecos HFC's Plea to the Jurisdiction, Motion to Transfer Venue, and Original Answer 5/5/25 ....................................................................................................................... 96

Plaintiff's Second Amended Petition and Application for Temporary Restraining Order and Injunctive Relief 5/7/25 ......................................................................................................... 106

City of Fort Worth's Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief 5/13/25 ............................................................................................. 140

Rule 11 Agreement – Extending TRO and Temporary Injunction Hearing 5/14/25 .............................. 160

Temporary Restraining Order 5/21/25 .................................................................... 164

City of Fort Worth's First Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief 5/22/25 ................................................................................ 169

Defendant Pleasanton HFC's Plea to the Jurisdiction, Motion to Transfer Venue, and Subject Thereto, Original Answer to City of Arlington's Second of Amended Petition 5/27/25 .......................... 190

Defendant Pleasanton HFC's Special Exceptions to the City of Arlington's Second Amended Petition 5/28/25 ................................................................................................................... 203

First Amended Plea to the Jurisdiction and Answer of Defendant Joe Don Bobbitt 5/29/25.................. 214

Defendant La Villa HFC's Plea to the Jurisdiction, Motion to Transfer Venue, and Original Answer 5/30/25.................................................................................................................................. 221

Defendant Maverick Housing Finance Corporation Special Exceptions to the City of Fort Worth's First Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief, Plea to the Jurisdiction, Motion to Transfer Venue, and Original Answer 6/2/25........ 230

Defendant Pleasanton Housing Finance Corporation Special Exceptions to the City of Fort Worth's First Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief, Plea to the Jurisdiction, Motion to Transfer Venue and Original Answer 6/2/25........ 250

Defendant Pecos HFC's Plea to the Jurisdiction, Motion to Transfer Venue, and Original Answer 6/2/25 ................................................................................................................................. 270

Plaintiff City of Arlington's Third Amended Petition and Application for Temporary Restraining Order and Injunctive Relief 6/2/25................................................................................................ 283

City of Arlington and City of Fort Worth's Joint Response to Defendant Bobbitt's Plea to the Jurisdiction 6/2/25................................................................................................................... 319

City of Arlington and City of Fort Worth's Joint Response to Defendant Pecos HFC's Plea to the Jurisdiction and Motion to Transfer Venue 6/2/25 ........................................................................ 327

City of Fort Worth's Seconded Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief 6/2/25 ............................................................................. 333

HFC Defendants' Joint Brief in Opposition to City of Arlington's and City of Fort Worth's Applications for Temporary Injunction 6/2/25 ................................................................................ 350

City of Fort Worth's Third Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief 6/2/25 ............................................................................. 376

Response by Defendant Joe Don Bobbitt to Defendant Housing Finance Corporations' Motions to Transfer Venue 6/2/25................................................................................................................ 397

Defendant Pleasanton Housing Finance Corporation and Maverick HFC's Motion for Joinder in Pecos Housing Finance Corporation and Joe Don Bobbit's Plea's to the Jurisdiction 6/2/25............... 402

Defendants Pleasanton Housing Finance Corporation and Maverick County Housing Finance Corporation's Motion for Joinder in Pecos Housing Finance Corporation and Joe Don Bobbit's Pleas to the Jurisdiction 6/2/25 ................................................................................................ 409

Order Denying Defendant Pecos Housing Finance Corporation's Plea to the Jurisdiction 6/3/25........ 415

Order Granting City of Arlington's Application for Temporary Injunction 6/3/25 .................................... 419

Order Granting City of Fort Worth's Application for Temporary Injunction 6/3/25 ................................ 424

Notice of Accelerated Appeal 6/23/25.............................................................................................. 430

Defendant's Request for Preparation of Clerk's Record 6/23/25 ........................................................ 436

Notice of Accelerated Appeal 6/23/25.............................................................................................. 443

Defendants' Request for Preparation of Reporter's Record 6/23/25 .................................................. 450

Defendants' Request for Preparation of the Clerk's Record 6/23/25 .................................................. 457

Amended Notice of Accelerated Appeal 6/23/25............................................................................... 466

Amended Notice of Accelerated Appeal 6/24/25............................................................................... 473

Bill of Costs ...................................................................................................................................... 479

Clerk's Certificate.............................................................................................................................. 480

Back Cover ....................................................................................................................................... 481

```
================================================================
```

# C A P T I O N

```
================================================================
```

THE STATE OF TEXAS


COUNTY OF TARRANT


In the 348th Judicial District Court of Tarrant County, Texas, the Honorable __Megan Fahey_____ Presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:


Trial Court Cause No. 348-363561-25


| | |
|---|---|
| CITY OF ARLINGTON | IN THE 348th COURT |
| VS. | |
| PECOS HOUSING FINANCE CORPORATION, ET AL | TARRANT COUNTY, TEXAS |


5

No. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE | § | TARRANT COUNTY, TEXAS |
| CORPORATION, a Texas nonprofit | § | |
| corporation; JOE DON BOBBITT, in his | § | |
| official capacity as Chief Appraiser of the | § | |
| Tarrant Appraisal District, | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF THIS COURT:

In support of its Original Petition and its Application for a Temporary Restraining Order and Injunctive Relief, Plaintiff City of Arlington ("Arlington") alleges the following:

## I.  INTRODUCTION

1.  This case concerns a misuse and abuse of the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*  Arlington recently learned that the Pecos Housing Finance Corporation ("Pecos HFC") has been unlawfully removing Arlington-based properties from the tax appraisal rolls in exchange for monetary kickbacks, resulting in the loss of millions of dollars in real property value from the local tax base.

2.  Pecos HFC's scheme seems to work like this: a private developer acquires land for a new multifamily development (or acquires an already-existing multifamily development) in a city other than Pecos; the private developer then conveys that property to the Pecos HFC; the Pecos HFC, as the new owner, then applies for and receives a 100% tax exemption, and the property is removed from the tax rolls; the Pecos HFC then leases that now-exempt property to a private landlord (oftentimes the same developer who originally purchased the property), who then shares the profits with the Pecos HFC.  The upshot of this scheme is that the developer and landlord get

a massive tax exemption, the Pecos HFC gets to collect fees and a portion of the development's profits, and the other city (in this case, Arlington) bears 100% of the downside.

3. In short, a tiny public corporation, located over 400 miles away in a town with less than 13,000 residents, has singlehandedly reduced Arlington's yearly tax revenue by well over $1 million while it rakes in undeserved fees and profits from Arlington-based rental properties. Arlington now asks this Court to halt the Pecos HFC's unlawful behavior before it does any further irreversible damage to Arlington's tax base, and to stop the Chief Appraiser of the Tarrant Appraisal District from granting tax exemptions requested by the Pecos HFC regarding Arlington-based properties.

## II.    PARTIES

4. Plaintiff City of Arlington is a home-rule municipality located in Tarrant County, Texas.

5. Defendant Pecos Housing Finance Corporation is a Texas nonprofit corporation. It may be served with citation through its registered agent, John Salcido, at 2320 Teague Dr., Pecos, Texas 79772, or wherever else he may be located.

6. Defendant Joe Don Bobbitt is the Chief Appraiser of the Tarrant Appraisal District. He is being sued in his official capacity only.

## III.    JURISDICTION, VENUE, AND DISCOVERY CONTROL PLAN

7. This Court has jurisdiction over this matter because Plaintiff seeks relief within the jurisdictional limits of this Court. *See* Tex. Civ. Prac. & Rem. Code §§ 65.001 *et seq.*; Tex. R. Civ. P. 680.

8. Venue is proper in Tarrant County because all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant County—and by conducting business in Tarrant County, Defendant Pecos HFC has purposely availed itself to this venue. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). This suit, moreover, concerns real property located in Tarrant County, making Tarrant County the mandatory venue for this case. *See id.* § 15.011.

9. Arlington intends to conduct discovery in this case under the Level 3 discovery

control plan.  *See* Tex. R. Civ. P. 190.4.

## IV.   BACKGROUND & RELEVANT LAW

### A.   The Texas Housing Finance Corporation Act.

10.   This suit concerns the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* ("the Act").  The Act was passed in 1979 to help facilitate the development of low-income housing.  *See* Tex. Local Gov't Code § 394.002(a) (the Act's purpose is to "provide a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments").

11.   To help create more low-income housing, the Act empowers local governments to create Housing Finance Corporations ("HFCs")—nonprofit organizations, comprised of local officials, that help coordinate and facilitate affordable-housing projects.  *See* Tex. Local Gov't Code §§ 394.002, 394.011(a), 394.032.  And because HFCs are (at least in theory) furthering a public purpose, the Act provides that HFC-owned properties and the income derived from those properties are tax-exempt.  *Id.* § 394.905 ("The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of this state.").

12.   HFCs are commonly a part of public/private real estate partnerships, in which a private developer acquires land for a new development or acquires an existing multifamily project and then conveys it to an HFC, which then acquires tax-exempt status for the property and leases the property to a private landlord who, in turn, pays fees to the HFC and shares the profits generated by the property with the HFC.

13.   But because the Act allows for such an enormous tax benefit, it provides two specific restrictions on what residential developments an HFC can tax-exempt: (1) a residential development can receive tax exemption from an HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income," as defined by the statute, *id.* § 394.004; and (2) the residential development "must be located within the local

government," *id.* § 394.903.

14.     An HFC, in other words, can tax-exempt a residential development only if the development is located within the HFC's local jurisdiction and is actually used to house low-income individuals. *See id.* §§ 394.004, 394.903.

**B.     The Pecos HFC is exempting properties in Arlington—over 400 miles outside its jurisdiction—that do not house low-income residents.**

15.     Arlington recently learned that the Pecos HFC has been ignoring these statutory restrictions and has been giving tax exemptions to large, multifamily housing developments in Arlington without Arlington's knowledge, input, or approval. [Affidavit of Mindy Cochran, attached hereto as **Exhibit 1**, at ¶¶ 4–6.]

16.     The Pecos HFC's unlawful tax-exemption scheme has removed tens of millions of dollars from Tarrant County taxing units' tax rolls and has caused Arlington to lose well over $1 million in annual tax revenue. [*Id.* at ¶ 7.]

17.     To illustrate, several months ago, the Pecos HFC acquired the Zenith North Collins (735 Washington Dr.) apartment complex—an already-built, upscale apartment complex located next to a golf course in Arlington.[1] [*Id.* at ¶ 5.] After acquiring this complex, the Pecos HFC applied for and received a full tax exemption for this property. [*Id.*] And after receiving that exemption, it leased the complex to a private landlord and now collects a share of that complex's profits. [*Id.*] This property was appraised at $86 million. [*Id.*] So, when it was removed from the tax rolls, that caused the Tarrant County Appraisal District to lose $1.7 million in annual ad valorem tax revenue, and Arlington's share of that revenue was approximately $447,000. [*Id.*]

18.     In other words, by exempting just one apartment complex in Arlington, the Pecos HFC caused Arlington to lose roughly $447,000 in annual tax revenue, and there is no clear path for Arlington (or other affected local entities) to recoup that loss. [*See id.*]

19.     To make matters worse, the Zenith North Collins doesn't even provide low-income housing. With fees and rent, a three-bedroom apartment in this complex costs well over $3,000

---

[1]     At the time of acquisition, this complex was known as the "Jefferson North Collins" apartment complex.

per month, and a two-bedroom is around $2,000 per month.[2]  And upon information and belief, this complex does not come close to meeting the 90%-low-income-housing threshold needed to receive an exemption under the Act.  *See* Tex. Local Gov't Code § 394.004 (providing that a residential development can receive tax exemption from a HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income").

20.    This is a widespread problem across the state.  The City of Euless, for example, has seen at least a 2% drop in its overall annual revenue after a *single* apartment complex received tax-exempt status from the Cameron County HFC;[3] and Dallas, Fort Worth, McKinney, Irving, Lewisville, and other north Texas cities have reported millions of dollars in total lost tax revenue.[4]  Worse, these out-of-jurisdiction HFCs are often bestowing tax-exempt status to already-built structures (not new projects), and many of the exempted properties aren't even affordable-housing projects; they are typical for-profit apartments and condos, usually located in upmarket neighborhoods, that do not offer reduced rent, housing vouchers, or other benefits to low-income applicants.[5]

21.    Upon information and belief, the Pecos HFC also recently bestowed tax-exempt status to another apartment complex in Arlington called Cedar Point (2020 Cedar Point Dr.). [Exhibit 1 at ¶ 6.]  That property is appraised at approximately $27.5 million, and Arlington's lost ad valorem tax revenue because of this tax exemption amounts to about $165,000 per year.  [*Id.*] That complex, similarly, does not offer affordable housing as contemplated by the Act.

22.    Arlington, moreover, has good reason to believe the Pecos HFC plans to close on several more Arlington-based properties in the coming months, and that it is on the verge of closing on one of those properties in the coming days.  [*Id.* at ¶ 7; Affidavit of Molly Shortall, attached

---

[2]    https://www.zenitharlington.com/floorplans/.

[3]    Andrea Lucia, *Euless Loses 2 Percent of Revenue to Controversial Tax Break Approved in Faraway County*, CBS News (Feb. 21, 2024).

[4]    Andrea Lucia, *Housing Group Made Millions Getting Tax Breaks for Developers, Costing Cities and Schools Even More*, CBS News (Dec. 22, 2023).

[5]    *Id.* (documenting that an out-of-town HFC purchased an apartment complex in a "luxurious community" in Irving and that the tenants' rents went *up* significantly under the HFC's ownership).

hereto as **Exhibit 2**, at ¶ 5.]

23.     Because of the widespread nature of this practice (see ¶ 20 *supra*), there has been a strong legislative push to (even more) explicitly outlaw this sort of tax-exemption scheme.  *See*, *e.g.*, 2025 H.B. No. 21.[6]  Upon information and belief, because this sort of scheme is about to become indisputably illegal, HFCs have been scrambling to close their out-of-jurisdiction projects.

## V.     CAUSE OF ACTION: DECLARATORY JUDGMENT

24.     Texas's Uniform Declaratory Judgments Act (UDJA) allows trial courts to "declare rights, status, and other legal relations whether or not further relief is or could be claimed."  Tex. Civ. Prac. & Rem. Code § 37.003.  The UDJA further provides that "[a] person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder."  *Id.* § 37.004(a).  The Legislature intended the UDJA to be "remedial" and "liberally construed," and "its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations."  *Id.* § 37.002(b).

25.     In a declaratory action, like this one, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just."  *Id.* § 37.009.

26.     Arlington asks for a declaratory judgment from this Court declaring that the Act does not allow the Pecos HFC to bestow tax exemptions to Arlington-based properties.

## VI.     APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

27.     To stop the Pecos HFC from closing on any more Arlington-based properties, Arlington asks this Court for a temporary restraining order ("TRO") that prohibits the Pecos HFC from (a) closing on any Arlington-based properties or (b) requesting any tax exemptions for Arlington-based properties.

28.     Arlington further requests a TRO that prohibits Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, from granting tax exemptions requested by the Pecos

---

[6]     https://legiscan.com/TX/text/HB21/id/3053018.

HFC regarding any Arlington-based properties

29. Arlington requests that this Court issue this TRO without notice to Defendants. Rule 680 allows the Court to issue a TRO without notice if it "clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." Tex. R. Civ. P. 680. The Pecos HFC has averred to the Arlington City Attorney that it is on the verge of closing on at least one Arlington-based property in the coming days, and Arlington believes the Pecos HFC will rush to close on this deal if it is made aware of this TRO application. [Exhibit 2 at ¶ 5.] Additionally, as previously noted, this sort of tax-exemption scheme is, in all likelihood, about to become indisputably illegal, and Arlington believes the Pecos HFC is already in a rush to close on as many out-of-jurisdiction deals as possible in the coming weeks and months. A no-notice TRO will prevent this unlawful behavior from occurring and will not unduly prejudice the Pecos HFC in the short-term.

30. Judge Betsy Lambeth, of the 425th District Court in Williamson County, recently granted a no-notice TRO against the Cameron County HFC on virtually identical grounds. [*See* Plf. Orig. Pet. & TRO, *Williamson Cnty. et al. v. Cameron Cnty. Housing Finance Corp.*, 425th Judicial District Court, No. 25-0488-C425 (March 5, 2025), attached hereto as **Exhibit 3**.]

31. This Court should follow suit and issue a TRO that prevents the Pecos HFC from overstepping its jurisdictional bounds and from requesting tax-exempt status for any Arlington-based properties. And out of an abundance of caution, this Court should also issue a TRO against the Defendant Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, that prevents him from granting tax exemptions requested by the Pecos HFC regarding any Arlington-based properties.

32. Once that TRO has expired, Arlington asks for a temporary injunction. "To obtain a temporary injunction, [an] applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.

2002). "Whether to grant or deny a temporary injunction is within the trial court's sound discretion," and an order granting injunctive relief will be reversed on appeal only if "the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Id.*

33. All these elements are present. Arlington has pled a cause of action against Defendants: a declaratory action under the UDJA. Arlington has shown it will likely be successful in this declaratory action, as the Act's plain language prohibits the Pecos HFC's complained-of conduct. And, in the absence of injunctive relief, the Pecos HFC is likely to close on at least one more Arlington-based property and apply for a tax exemption, which would lead to an irreversible removal of this property from the local tax rolls. Simply put, this is precisely the sort of case in which equitable relief is warranted.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff City of Arlington respectfully asks this Court for the following relief:

(A) To issue a TRO against Defendant Pecos HFC and Defendant Joe Don Bobbitt that (i) prevents the Pecos HFC from requesting tax exemptions for any Arlington-based properties, and (ii) prevents Mr. Bobbitt from granting tax exemptions requested by the Pecos HFC regarding any Arlington-based properties. A proposed TRO was filed contemporaneously herewith.

(B) After the expiration of this TRO, and after a hearing, to issue a temporary injunction against the same Defendants that enjoins the same unlawful conduct pending trial.

(C) After the expiration of this temporary injunction, and after a final trial on the merits, to issue (i) a declaratory judgment declaring that the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*, does not allow Pecos HFCs to bestow tax-exempt status to properties located in Arlington; and (ii) a permanent injunction that prevents the Pecos HFC from requesting tax exemptions for Arlington-based properties.

(D) To award Plaintiff its attorney's fees and costs.

(E)     To award any other relief this Court deems appropriate.

Respectfully submitted,

By:  */s/  Alexander J. Lindvall*
     Galen G. Gatten
        State Bar No. 24032226
        galen.gatten@arlingtontx.gov
     Alexander J. Lindvall
        State Bar No. 24139409
        alexander.lindvall@arlingtontx.gov
     Jonathan M. Moss
        State Bar No. 24084934
        jonathan.moss@arlingtontx.gov
     Joseph N. Nguyen
        State Bar No. 24058021
        joseph.nguyen@arlingtontx.gov
     Nena Chima-Tetteh
        State Bar No. 24113691
        nena.chima-tetteh@arlingtontx.gov

     **City of Arlington City Attorney's Office**
     P.O. Box 90231, MS 63-0300
     Arlington, Texas 76004
     Phone:  817-459-6878
     Fax:     817-459-6897

     **ATTORNEYS FOR PLAINTIFF**
     **CITY OF ARLINGTON**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99527173
Filing Code Description: Petition
Filing Description: PLF Original Petition & Application for Temp Restraining Order and Injunctive Relief
Status as of 4/10/2025 3:17 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erica Salas | | erica.salas@arlingtontx.gov | 4/10/2025 3:03:25 PM | NOT SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 4/10/2025 3:03:25 PM | NOT SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 4/10/2025 3:03:25 PM | NOT SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 4/10/2025 3:03:25 PM | NOT SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 4/10/2025 3:03:25 PM | NOT SENT |

EXHIBIT 1

348-363561-25

## AFFIDAVIT OF MINDY COCHRAN

STATE OF TEXAS     )
                            ) ss.

TARRANT COUNTY     )

I, Mindy Cochran, declare under penalty of perjury that the following statements are based on my personal knowledge and are true and correct.

1. I am the Executive Director of the City of Arlington's Housing Department.

2. In my role as Executive Director, I often work with the Arlington Housing Finance Corporation, and I am familiar with Housing Finance Corporations ("HFCs") and Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*

3. It is well-accepted that HFCs are allowed to partake in real estate projects only if the project is within the HFC's local jurisdiction. *See* Tex. Local Gov't Code § 394.903. The Arlington HFC, for instance, does not do business in any jurisdiction except the City of Arlington. It is also well-accepted that HFCs can bestow tax exemptions only to properties that are primarily used to house low-income individuals. *See id.* § 394.004. The stated statutory purpose of HFCs is to create affordable housing for low-income individuals, *id.* § 394.002(a), and the Texas HFC Act specifically states that a residential development can receive an HFC tax exemption only if at least 90% of that development "is for use by or is intended to be occupied by persons of low and moderate income," *id.* § 394.004.

4. The City of Arlington, however, recently learned that an HFC based out of Pecos, Texas, has been giving tax exemptions to large, multifamily housing developments in Arlington without the City's knowledge.

5. Several months ago, for example, the Pecos HFC acquired the Jefferson North Collins apartment complex (currently doing business as the Zenith apartment complex)—an already-built, upscale apartment complex located near an Arlington golf course at 735 Washington Drive. After acquiring this property, the Pecos HFC applied for and received a full tax exemption for this property. After receiving that exemption and removing the property from the tax rolls, the Pecos HFC then leased the complex to a private landlord and, upon information and belief, the Pecos HFC now collects a portion of that complex's profits. That property was appraised at $86 million—and when it was taken off the tax rolls, that caused the Tarrant County Appraisal District to lose $1.7 million in annual ad valorem tax revenue, and Arlington's share of that lost revenue was approximately $447,000.

6. Upon information and belief, the Pecos HFC also recently acquired tax-exempt status for another Arlington apartment complex: Cedar Point (2020 Cedar Point Drive). Cedar Point is appraised at approximately $27.5 million, and Arlington's share of that lost ad valorem tax revenue amounts to about $165,000 per year.

7. This unlawful tax-exemption scheme has already removed tens of millions of dollars from Tarrant County taxing units' tax rolls and has caused Arlington to lose well over $1 million in annual tax revenue. Upon information and belief, the Pecos HFC currently has several more real estate transactions pending in Arlington. If the Pecos HFC acquires any further Arlington-based

1

16

**EXHIBIT 1**

multifamily properties and removes them from the tax rolls, it could decimate Arlington's budget.

Date:  April 10, 2025

*Mindy Cochran*

Mindy Cochran
Executive Director, Housing Department
City of Arlington, Texas

\*　\*　\*　\*

Subscribed to and sworn to before me on this  10  day of  April

2025.

Notary Public,
State of Texas

ERICA NICOLE SALAS
Notary Public, State of Texas
Comm. Expires 02-26-2028
Notary ID 132150321

**EXHIBIT 2**

348-363561-25

## AFFIDAVIT OF MOLLY SHORTALL

STATE OF TEXAS         )
                           ) ss.

TARRANT COUNTY     )

I, Molly Shortall, declare under penalty of perjury that the following statements are based on my personal knowledge and are true and correct.

1. I am the City Attorney for the City of Arlington, Texas. This affidavit concerns my personal knowledge related to the soon-to-be-filed lawsuit *City of Arlington v. Pecos Housing Corporation et al.*, No. _____, in Tarrant County District Court.

2. In early 2025, the City of Arlington learned that a large, multifamily apartment complex located in Arlington had been unexpectedly removed from the tax rolls, causing Arlington to lose hundreds of thousands of dollars in expected property tax revenue. Arlington later learned that this property received tax-exempt status because it was acquired by the Pecos Housing Finance Corporation ("Pecos HFC").

3. To learn more about why the Pecos HFC was acquiring and tax-exempting properties in Arlington—which is more than 400 miles outside its local jurisdiction—Arlington sent multiple open records requests to the Pecos HFC, and Arlington's mayor sent the Pecos HFC a letter inquiring about its unusual, out-of-jurisdiction business practices.

4. Not long after Arlington sent this letter and these open records request, I received an email from Kassi Yukevich, an attorney at Tillotson, Johnson & Patton, who purported to represent the Pecos HFC, asking to schedule a call to discuss Arlington's records requests and concerns.

5. On March 28, 2025, I spoke with Ms. Yukevich on the phone. She told me that the Pecos HFC was involved in multiple projects in Arlington, that it had already closed on several of those projects, that one project was currently on the verge of closing, and that the Pecos HFC was "contemplating" several other projects in Arlington. Given Arlington's concerns (i.e., the drastic reduction in its tax revenue every time the Pecos HFC tax-exempts a large apartment complexes), Ms. Yukevich suggested that the Pecos HFC could hold off on closing on any more Arlington-based properties "except for one," because the real estate transaction was "too far along," and the Pecos HFC was on the verge of closing on this property.

Date: 4/10/25

_____
Molly Shortall
City Attorney, City of Arlington, Texas

\*   \*   \*   \*

Subscribed to and sworn to before me on this 10ᵗʰ day of April 2025.

_____
Notary Public,
State of Texas



ERICA NICOLE SALAS
Notary Public, State of Texas
Comm. Expires 02-26-2028
Notary ID 132150321

18

EXHIBIT 3

348-363561-25

CAUSE NO. 25-0488-C425

**9:39** FILED
o'clock A M
C.G.

MAR 0 5 2025

*Lisa David*
District Clerk, Williamson Co., TX

|  |  |  |
|---|---|---|
| WILLIAMSON COUNTY, SIENA MUNICIPAL UTIILTY DISTRICT NO. 1, and SIENA MUNICIPAL UTIILTY DISTRICT NO. 2, *Plaintiffs,* | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | 425 JUDICIAL DISTRICT |
| THE CAMERON COUNTY HOUSING FINANCE CORPORATION, *Defendant.* | §<br>§<br>§ | WILLIAMSON COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

After considering the application for a temporary restraining order filed by Plaintiffs in the above-styled matter, the pleadings, and the evidence, the Court finds that —

1. There is a current controversy over Defendant Cameron County Housing Finance Corporation's ("CCHFC") efforts to seek exemption from ad valorem taxes for properties located in Williamson County, including the following real properties:

a. Lot 1, Siena Section 30, according to the map or plat thereof recorded as Document No. 2020037410 in the Official Public Records of Williamson County, Texas, located at 6531 CR 110, Round Rock, Texas, 78655. That property is a 13.677-acre tract of land on which a multi-family apartment project known as Siena Round Rock Apartments has been built ("Siena Round Rock").

b. Lot 2, Block A, Siena South, according to the map or plat thereof recorded as Document No. 20200099820 in the Official Public Records of Williamson County, Texas, located at 5540 Sofia Place, Round Rock, Texas 78665. That Property is a

Temporary Restraining Order – Page 1 of 3

19

**EXHIBIT 3**

EXHIBIT 3

15.0496-acre tract of land on which a multi-family apartment project known as The Sommery has been built ("The Sommery").

2.    As alleged in the Plaintiffs' petition and supporting verification, CCHFC currently owns Sienna Round Rock, and intends to acquire The Sommery, and seeks to remove both properties from the Williamson Central Appraisal District ad valorem tax rolls, purportedly under Section 394.905 of the Texas Local Government Code.

3.    Imminent harm and irreparable harm will result if CCHFC is permitted to acquire The Sommery and seek and obtain exemptions of Sienna Round Rock and The Sommery from the William Central Appraisal District ad valorem tax rolls. Specifically, if a temporary restraining order is not granted, imminent and irreparable harm will result to Plaintiffs since those properties within their jurisdictions will be removed from the tax rolls, which will immediately impact their fiscal budgeting and decrease the ad valorem taxes they otherwise could collect for these properties.

4.    There is no adequate remedy at law because such damages or harm to Plaintiffs cannot be calculated.

5.    An *ex parte* order, without notice to CCHFC, is necessary because there is not enough time to give notice to CCHFC, hold a hearing, and issue a restraining order before the imminent and irreparable injury, loss or damage occurs.

6.    Therefore, the Court ORDERS that—

    a.    CCHFC, as well as its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with CCHFC, are prohibited from (i) acquiring real property in

Temporary Restraining Order – Page 2 of 3

21

# EXHIBIT 3

EXHIBIT 3

Williamson County, including The Sommery; (ii) seeking or obtaining exemptions from ad valorem taxes for real property in Williamson County, including Siena Round Rock and The Sommery.

b. The clerk shall issue notice to CCHFC that the hearing on Plaintiffs' request for temporary injunction is set for **March 13**, 2025 at **9:00** a.m./p.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

c. Plaintiffs are exempt from posting a bond pursuant to Section 6.001 of the Texas Civil Practice and Remedies Code and Section 49.066(f) of the Texas Water Code.

7. This order expires on **March 14**, 2025 at **9:00**, **A**.m.

Signed: March **5**, 2025

_____
Presiding Judge

# EXHIBIT 3

# EXHIBIT 3

Filed: 3/4/2025 4:47 PM
Lisa David, District Clerk
Williamson County, Texas
Jennifer Sims

CAUSE NO. ___25-0488-C425___

| | | |
|---|---|---|
| WILLIAMSON COUNTY, SIENA MUNICIPAL UTIILTY DISTRICT NO. 1, and SIENA MUNICIPAL UTIILTY DISTRICT NO. 2, *Plaintiffs*, v. THE CAMERON COUNTY HOUSING FINANCE CORPORATION, *Defendant.* | § § § § § § § § § § § § § § | IN THE DISTRICT COURT Williamson County - 425th Judicial District Court _____ JUDICIAL DISTRICT WILLIAMSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

Plaintiffs Williamson County, Siena Municipal Utility District No. 1, and Siena Municipal Utility District No. 2 file this Original Petition against Defendant The Cameron County Housing Finance Corporation, and would respectfully show the Court the following:

## I.
### INTRODUCTION AND NATURE OF THE CASE

1. This case involves an abuse of the Texas Housing Finance Corporation Act ("Act"), by which The Cameron County Housing Finance Corporation ("CCHFC") — a housing corporation located in and created by a county halfway across the state — seeks to remove two multifamily developments in Williamson County from the tax appraisal rolls, resulting in the loss of millions of dollars in real property value from the local tax base.

2. CCHFC's strategy, which is in direct contravention of the Act, would allow

# EXHIBIT 3

this entity — located over 300 miles away — to take advantage of tax and other monetary incentives for a multi-family housing project in Williamson County, all without Williamson County's participation and consent. Through this strategy, CCHFC seeks to benefit from fees and a portion of cash flow from the projects by the developers, while Williamson County receives no such benefits, and instead is left to suffer from the removal of those properties from the tax appraisal rolls.

3. To be sure, creation of affordable housing opportunities is a worthy mission, one that Williamson County has supported and will continue to support (including through its own locally-operating housing finance corporation). But CCHFC improperly seeks to deprive the elected officials of Williamson County — where these projects are located — from engaging in the critical cost-benefit analysis necessary to determine whether the public benefits of these multi-family housing projects are worth the elimination of tax revenues that are otherwise due to the local community.

4. The Act does not authorize CCHFC's actions. Indeed, on its face, the Act prohibits them. Accordingly, Plaintiffs seek a declaration that the Act does not permit CCHFC to acquire and remove property in Williamson County, including the two properties at issue, from the tax appraisal rolls, and an injunction prohibiting such actions.

## II.
## DISCOVERY CONTROL PLAN AND STATEMENT OF RELIEF

5. Plaintiffs intend to conduct discovery under the Level 3 discovery rules of Rule 190 of the Texas Rules of Civil Procedure and will submit a proposed scheduling

# EXHIBIT 3

order with a discovery control plan tailored to the circumstances of the specific suit. Plaintiffs seeks nonmonetary relief in the form of declaratory and injunctive relief.

## III.
## PARTIES

6.      Plaintiff Williamson County is a Texas county.

7.      Plaintiff Siena Municipal Utility District No. 1 is a municipal utility district whose boundaries are located within Williamson County.

8.      Plaintiff Siena Municipal Utility District No. 2 is a municipal utility district whose boundaries are located within Williamson County.

9.      Defendant The Cameron County Housing Finance Corporation is a Texas nonprofit corporation and may be served with citation by serving its registered agent David C. Petruska at 11264 Russwood Circle, Dallas, Texas 75229, or wherever he may be found.

## IV.
## JURISDICTION AND VENUE

10.     The Court has jurisdiction over this matter because the relief Plaintiffs seek is within the jurisdictional limits of the Court.

11.     Venue is proper in Williamson County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Williamson County, Texas.

# EXHIBIT 3

## V.
## BACKGROUND

A.    The Texas Housing Finance Corporations Act.

12.    This lawsuit involves The Texas Housing Finance Corporations Act in Chapter 394 of the Texas Local Government Code. The Act was created in 1987 for the stated purpose of "provid[ing] a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments." TEX. LOCAL GOV'T CODE § 394.002(a). To accomplish that purpose, the Act authorizes cities and counties to create public nonprofit corporations known as housing finance corporations. *Id.* at §§ 394.002(d), 394.003(8).

13.    Housing finance corporations are used to finance the acquisition, development, ownership, and operation of private residential developments. The Act only applies to residential developments at least 90% of which are occupied or intended to be occupied by persons who meet a certain lower income classification. *Id.* at § 394.004. It authorizes housing finance corporations to purchase and lease property, and to issue bonds to finance the costs of a residential development. *Id.* at §§ 394.037, 394.9025.

14.    The Act creates a significant tax incentive for these residential developments, providing—

> The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of the state.

*Id.* at § 394.905.

# EXHIBIT 3

15. As a common-sense geographic requirement for these projects, the Act further requires that "[a] residential development covered by this chapter must be located *within the local government.*" *Id.* at § 394.003 (emphasis added).

16. Housing finance corporations are commonly a component of a public/private partnership in which a private developer acquires land for development or an existing multifamily project, and conveys it to a housing finance corporation, which will then lease it to a private entity or a subsidiary of the housing finance corporation. The housing finance corporation will often receive fees paid by the developer or project owner and a portion of cash flow generated by the project. The common feature of this structure is the ability to claim a 100% exemption from local and state taxation.

B. The Cameron County Housing Finance Corporation.

17. Pursuant to the Act, The Cameron County Housing Finance Corporation ("CCHFC") was incorporated in 1979 and approved by the Cameron County Commissioners Court. According to its website, CCHFC's "housing initiatives are aimed at helping low-income families and other underrepresented groups *in Cameron County* who lack suitable homes through traditional financial avenues." (emphasis added.)

18. The website also states that "[CCHFC's] goal is to provide just the right amount of incentives to meet the needs of businesses looking to locate *in Cameron County* promoting job creation for our residents within our county while still adding to our tax base to support the governmental functions of our county." (emphasis added.)

C. The Williamson County Properties At Issue.

19. This case involves two properties located in Williamson County. One was

# EXHIBIT 3

acquired by CCHFC in February 2025 and is legally described as Lot 1, Siena Section 30, according to the map or plat thereof recorded as Document No. 2020037410 in the Official Public Records of Williamson County, Texas, located at 6531 CR 110, Round Rock, Texas, 78655. That property is a 13.677-acre tract of land on which a multi-family apartment project known as Siena Round Rock Apartments has been built ("Siena Round Rock").

20. The other property is legally described as Lot 2, Block A, Siena South, according to the map or plat thereof recorded as Document No. 20200099820 in the Official Public Records of Williamson County, Texas, located at 5540 Sofia Place, Round Rock, Texas 78665. That property is a 15.0496-acre tract of land on which a multi-family apartment project known as The Sommery has been built ("The Sommery"). As of the filing of this petition, record title to 5540 Sofia Place is vested in Sommery Lot 2 LP. Upon information and belief, it is anticipated that The Sommery will be conveyed to CCHFC imminently.

D. **CCHFC Seeks Removal of The Properties from the Ad Valorem Tax Rolls.**

21. CCHFC is seeking to immediately remove Siena Round Rock and, upon its acquisition, The Sommery, from Williamson County's tax rolls. It is seeking to remove these properties from the tax rolls as quickly as possible, despite the Act's requirement that, in order to take advantage of the Act's tax relief, "[a] residential development covered by this chapter must be located within the local government." *Id.* at § 394.003. The plain wording of the Act mandates that the residential development must be located "within the local government" that formed the housing finance corporation—in these cases, Cameron County.

# EXHIBIT 3

22. CCHFC has provided Williamson County no justification—legal or otherwise—for its actions. Indeed, CCHFC neglected to contact *any* Williamson County elected officials or staff before seeking to acquire properties located in Williamson County and remove them from the tax rolls.

23. CCFHC's silence is unsurprising, however, as there can be no justification for its scheme. It would be absurd for the Act to allow a housing finance corporation created by one county to own and lease property in another county because, under such a perverse system, the latter county would lose 100% of the ad valorem tax value from the property, but it would have no ability to weigh that significant financial loss against the potential benefits of the project to the local community. Meanwhile, the "traveling" corporation would obtain a pure monetary windfall without any incentive for oversight by its own county (whose tax revenues would be unaffected).

24. Siena Round Rock and The Sommery are currently appraised collectively at a total of $101,565,850.00. Through CCHFC's intended misuse of the Act, Hutto Independent School District ("Hutto ISD") alone would lose at least $1.2 million annually in ad valorem tax revenue from those properties. Additionally, Williamson County would lose at least $360,000 annually in ad valorem tax revenue, and Siena Municipal Utility District No. 1 and Siena Municipal Utility District No. 2 would lose at least $580,000 annually. Other local taxing entities would also suffer significant annual tax revenue losses.

**EXHIBIT 3**

E.     **The scope of CCHFC's tax-exemption scheme.**

25.     Siena Round Rock and The Sommery aren't the only properties that CCHFC has sought to eliminate from another county's tax rolls. CCHFC reportedly owns properties in Dallas, Fort Worth, McKinney, Irving, Lewisville, and Euless, along with a dozen other Texas cities outside of Cameron County.[1]

26.     Moreover, CCHFC's acquisitions aren't just used for new construction. As discussed above, Siena Round Rock and The Sommery are private multi-family developments that were constructed and occupied by tenants before CCHFC acquired them.  And, CCHFC reportedly has acquired two properties in Irving that were constructed in the 1980s.[2]

27.     CCHFC's financial benefits from its misuse of the Act are not limited to the tax exemptions.  Reportedly, CCHFC's lone full-time employee has acknowledged that CCHFC typically collects from a private developer who leases and operates the residential development 15% of what the developer would have otherwise paid in taxes had it owned the property.  That translates to roughly 15 cents for every dollar of tax revenue it deprives the local government. [3]

28.     By way of example, if CCHFC has struck a similar deal for Siena Round Rock, based on the total assessed taxes in 2024 of $869,252.90 for that property, CCHFC would receive $134,437.93.  And based on the total assessed taxes in 2024 of $1,476,422.08

---

[1] *Housing group made millions getting tax breaks for developers, costing cities and schools even more,* CBS News Texas, Dec. 22, 2023, available at https://www.cbsnews.com/texas/news/housing-group-made-millions-getting-tax-breaks-for-developers-costing-cities-and-schools-even-more/.
[2] *Id.*
[3] *Id.*

# EXHIBIT 3

for The Sommery, CCHFC would receive $221,463.31. All of that money, from those Williamson County properties and others owned by CCHFC far outside its jurisdiction, flow into CCHFC's coffers without any monetary benefits to the local governments which are deprived of the significant tax revenues.

## VI.
## CAUSES OF ACTION

**A.    Declaratory Relief Against CCHFC.**

29.    Plaintiffs reallege and incorporate by reference herein the allegations in the paragraphs above.

30.    The Texas Uniform Declaratory Judgments Act ("UDJA") provides that a party "whose rights, status, or other legal relations are affected by a statute…may have determined any question of construction or validity arising under the…statute…and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE § 37.004(a).

31.    Here, Plaintiffs, as taxing entities that depend on ad valorem taxes on real property within their jurisdictions, have rights that are affected by the Act — and, in this case, Cameron County's *misuse* of the Act. Indeed, if CCHFC is able to obtain removal of Siena Round Rock and The Sommery from the WCAD appraisal rolls, Plaintiffs will suffer from significant loss of ad valorem taxes that otherwise would be assessed against those properties.

32.    Accordingly, Plaintiffs seek declaratory relief from the Court pursuant to the UDJA declaring that:

# EXHIBIT 3

a. The Act prohibits CCHFC from acquiring property outside of Cameron County;

b. The Act prohibits CCHFC from seeking or obtaining tax exemptions for property outside of Cameron County;

c. CCHFC is prohibited by the Act from acquiring The Sommery;

d. CCHFC is prohibited by the Act from seeking or obtaining tax exemptions for Siena Round Rock and The Sommery; and

e. To the extent CCHFC has acquired or does acquire property in Williamson County (in contravention of the Act), such property, including Siena Round Rock and The Sommery, is not exempt from ad valorem taxation under the Act.

## B. Alternative Claim: Violation of Texas Constitution.

33. Plaintiffs reallege and incorporate by reference herein the allegations in the paragraphs above.

34. To the extent CCHFC takes the position that, contrary to its plain language, the Act *does not* prohibit it from acquiring and seeking tax exemptions for properties in Williamson County, *and* to the extent CCHFC prevails in such interpretation of the Act, Plaintiffs alternatively request a declaration from the Court that, as applied by CCHFC, the Act violates the Texas Constitution's rules against extra-jurisdictional taxation by seeking to impose a system of taxation on properties located outside of the boundaries of Cameron County.

35. The Texas Constitution requires that all property shall be assessed for

# EXHIBIT 3

taxation in the county where it is located. TEX. CONST. art. VIII, § 11. It further limits counties' ad valorem taxation authority to "property within their respective boundaries." *Id.* § 1-a. If the Act could be read to empower CCHFC to take properties outside of Cameron County off of the tax rolls, this would violate the Texas Constitutions' limits on the scope of Texas counties' taxing authority.

## VII.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

36. Plaintiffs reallege and incorporate by reference herein the allegations in the paragraphs above.

37. CCHFC is prohibited by the Act itself from acquiring and seeking tax exemptions on residential projects outside of Cameron County, and injunctive relief is therefore necessary here to compel CCHFC's compliance with the Act.

38. To obtain injunctive relief, an applicant must show it has a cause of action, that it has a probable right to relief, and that it is faced with imminent irreparable harm. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An applicant has a probable right to relief if it has a cause of action for which relief may be granted. *Universal Health Services, Inc. v. Thompson*, 24 S.W.3d 570, 577-78 (Tex. App.-Austin 2008, no pet.). Among other grounds, "[a] trial court may . . . grant injunctive relief...when a dispute involves real property." *Shor v. Pelican Oil & Gas Mgmt., LLC*, 405 S.W.3d 737, 750 (Tex. App.-Houston [1st Dist.] 2013, no pet.).

39. As detailed above, Plaintiffs have well-supported causes of action against CCHFC to establish and protect their rights in accordance with the Act. Accordingly,

# EXHIBIT 3

Plaintiffs respectfully request that the Court enter a temporary restraining order, temporary injunction, and, upon final trial, a permanent injunction enjoining CCHFC, and each of its employees, agents, and those acting in concert or participation with them, from the following conduct: (i) acquiring property in Williamson County, including, but not limited to, The Sommery, and (ii) seeking or obtaining tax exemptions for property in Williamson County, including, but not limited to, Siena Round Rock.

40. In the absence of such relief, Plaintiffs will suffer irreparable injury for which no remedy at law exists without the protections of a temporary restraining order and injunctive relief. CCHFC is rushing to acquire properties in Williamson County (and elsewhere) in a nefarious attempt to remove as many properties from Williamson County's tax roles as possible before its misuse of the Act is stopped.[4] If its tactics are permitted with respect to the two subject properties identified in this Petition, Plaintiffs — along with Hutto ISD and other local governmental units — will face the dire consequence of losing millions of dollars in ad valorem tax revenue. The removal of these properties from the tax rolls would immediately affect Plaintiffs' budgeting, thereby necessarily preventing Plaintiffs from allocating that lost revenue to be used for public services.

41. Siena Municipal Utility District No. 1 and Siena Municipal Utility District No. 2 would be particularly and severely impacted by the removal of these properties from the tax rolls. In 2024, The Sommery was Siena MUD No. 1's highest appraised

---

[4] *Why Are Distant Texas Agencies Trying to Take San Antonio Apartments Off Tax Rolls?*, San Antonio Express News, Feb. 17, 2025 ("Most of the local deals have occurred in the past few months as developers and corporations rush to execute transactions before the Legislature cracks down, which some lawmakers have vowed to do this session."), available at https://www.expressnews.com/business/real-estate/article/san-antonio-hill-country-housing-tax-breaks-20022805.php.

# EXHIBIT 3

property and Siena Round Rock was Siena MUD No. 2's second highest appraised property. The Sommery is located in Siena MUD No. 1 and Siena Round Rock is located in Siena MUD No. 2. If these properties are removed from the tax rolls, Siena MUD No. 1 will lose approximately $351,813 annually and Siena MUD No. 2 will lose $231,895 annually (based on 2025 valuations).

42.     The impact of this lost revenue on Hutto ISD would be even more devastating. The two properties at issue are Hutto ISD's fifth and twelfth highest appraised properties, and, as described above, removal of these properties from the tax rolls would result in a loss of at least $1.2 million annually in ad valorem tax revenue. As a fast-growing school district that has added more than 600 students this year alone, removal of these properties from the tax rolls would have grave and lasting consequences for Hutto ISD, including by limiting the ability to budget for and therefore fill needed teacher and staff positions.

43.     Plaintiffs are entitled to the relief demanded, and all or part of the relief requires the restraint of some act that is prejudicial to Plaintiffs.

## PRAYER

Based on the foregoing, Plaintiffs respectfully request that after a final trial on the merits, the Court enter a judgment in favor of Plaintiffs and against CCHFC awarding the declaratory and injunctive relief sought herein, attorney's fees, through trial and any appeal, under Section 37.009 of the UDJA, costs of court, and any other and further relief in law or in equity to which Plaintiffs are entitled.

# EXHIBIT 3

Respectfully submitted,

/s/ David A. King
**DAVID A. KING**
State Bar No. 24083310
dking@abaustin.com
**JEFFREY J. HOBBS**
State Bar No. 24012837
hobbs@abaustin.com
**ARMBRUST & BROWN, PLLC**
100 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone (512) 435-2300
Facsimile (512) 435-2360

**ATTORNEYS FOR WILLIAMSON COUNTY**

-and-

/s/ R. Mark Dietz
**R. MARK DIETZ**
State Bar ID No. 05857200
mdietz@lawdietz.com
**DOUGLAS G. CORNWELL**
State Bar ID No. 24009024
dcornwell@lawdietz.com
**DIETZ & JARRARD, P.C.**
106 Fannin Avenue East
Round Rock, Texas 78664
(512) 244-9314

**ATTORNEYS FOR SIENA MUNICIPAL UTIILTY DISTRICT NO. 1 AND SIENA MUNICIPAL UTIILTY DISTRICT NO. 2**

# EXHIBIT 3

CAUSE NO. _____

| | | |
|---|---|---|
| WILLIAMSON COUNTY, SIENA MUNICIPAL UTIILTY DISTRICT NO. 1, and SIENA MUNICIPAL UTIILTY DISTRICT NO. 2, <br>    *Plaintiffs*, <br><br> v. <br><br> THE CAMERON COUNTY HOUSING FINANCE CORPORATION and ALVIN LANKFORD, IN HIS OFFICIAL CAPACITY AS CHIEF APPRAISER OF WILLIAMSON CENTRAL APPRAISAL DISTRICT, <br>    *Defendants*. | § § § § § § § § § § § § § | IN THE DISTRICT COURT <br><br><br> _____ JUDICIAL DISTRICT <br><br><br> WILLIAMSON COUNTY, TEXAS |

## VERIFICATION

1. My name is Russ Boles. My date of birth is \_\_\_\_1/19/1968_____, and my address is 3001 Joe DiMaggio Boulevard, Unit 1300, Round Rock, TX 78665.

2. I have read Plaintiffs' Original Petition and Application for Temporary Restraining Order and Injunctive Relief, the factual statements contained in paragraphs 16-28 and 40-42 are within my personal knowledge based on information provided and made available to me as an elected official of Williamson County, and the factual statements contained therein are true and correct.

3. Pursuant to Section 132.001, Civil Practice and Remedies Code, I declare under penalty of perjury that the foregoing is true and correct.

Executed in Williamson County, Texas, on March 4, 2025.

*Russ Boles*
_____
Russ Boles (Mar 4, 2025 16:29 CST)
The Honorable Russ Boles

# EXHIBIT 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chelsea Coad on behalf of David King
Bar No. 24083310
ccoad@abaustin.com
Envelope ID: 98063219
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition- Filed and signed by atty David King and R. Mark Dietz- Env# 98063219
Status as of 3/4/2025 4:57 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David King | | dking@abaustin.com | 3/4/2025 4:47:40 PM | SENT |
| Jeff Hobbs | | jhobbs@abaustin.com | 3/4/2025 4:47:40 PM | SENT |
| Martha Adams | | madams@abaustin.com | 3/4/2025 4:47:40 PM | SENT |
| Chelsea Coad | | CCoad@abaustin.com | 3/4/2025 4:47:40 PM | SENT |



348-363561-25

Assistant City Attorney
Arlington City Attorney's Office
Phone: 817-459-5357
alexander.lindvall@arlingtontx.gov

April 10, 2025

Clerk of Court – Tarrant County, Texas
Tom Vandergriff Civil Courts Building
100 North Calhoun Street
Fort Worth, Texas 76196

      **Re:**    **Emergency TRO Hearing**
            Case:   *City of Arlington v. Pecos Housing Finance Corp. et al.*, No. _____

To Whom It May Concern:

      Along with this letter, the City of Arlington just filed an Original Petition and Application for a TRO and Injunctive Relief.

      This petition requires immediate attention. As explained in its Petition, Arlington has good reason to believe that, if this TRO is not heard and granted, there is a substantial likelihood that Arlington will irreversibly lose hundreds of thousands of dollars in ad valorem tax revenue.

      **Because of the urgency of this matter, the City of Arlington requests that this matter be assigned to a judge capable of hearing and adjudicating Arlington's TRO by the end of the day.** If not, Arlington will likely suffer irreparable harm.

      If you need anything from me, please feel free to call the number above.

                            Sincerely,

                            Alexander J. Lindvall
                            Assistant City Attorney
                            City of Arlington Attorney's Office

Physical Address: 500 E. Border Street, 11th Floor • Arlington, Texas 76010
Mailing Address: P.O. Box 90231, MS 63-0300 -3231 • Arlington, Texas 76004
Main Phone: 817-459-6878 • Fax: 817-459-6897

41

FILED
TARRANT COUNTY
4/11/2025 10:23 AM
THOMAS A. WILDER
DISTRICT CLERK

No. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 348th JUDICIAL DISTRICT |
| | § | |
| PECOS HOUSING FINANCE | § | TARRANT COUNTY, TEXAS |
| CORPORATION, a Texas nonprofit | § | |
| corporation; JOE DON BOBBITT, in his | § | |
| official capacity as Chief Appraiser of the | § | |
| Tarrant Appraisal District, | § | |
| | § | |
| *Defendants.* | § | |

## TEMPORARY RESTRAINING ORDER

After considering Plaintiff's application for a temporary restraining order ("TRO"), the pleadings, and the evidence presented, and with good cause appearing, the Court finds that —

1.      There is a current, live cause of action against Defendant Pecos Housing Finance Corporation ("Pecos HFC") and Defendant Joe Don Bobbitt regarding Defendant Pecos HFC's alleged efforts to bestow unlawful tax exemptions to properties located in the City of Arlington. Specifically, Plaintiff has brought an action against Defendants seeking a declaratory judgment and injunctive relief based on Defendant Pecos HFC's alleged violations of the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*

2.      Based on the petition, application, allegations, affidavits, and other evidence, it appears that Plaintiff has a probable right to the relief sought in that action.

3.      As alleged in Plaintiff's petition, and as supported by affidavits, Plaintiff has good reason to believe Defendant Pecos HFC is about to close on at least one large multifamily dwelling in Arlington in the coming days or weeks, and Pecos HFC intends to remove that property from the tax rolls.

4.      Plaintiff will suffer imminent and irreparable harm if Defendant Pecos HFC is allowed to remove any further Arlington-based properties from the local tax rolls. Specifically, if a TRO is not entered, Plaintiff will suffer imminent and irreparable harm because, if Defendant

Pecos HFC is allowed to remove further Arlington-based properties from the tax rolls, this will immediately and drastically impact Plaintiff's fiscal budgeting and decrease the ad valorem taxes it otherwise could have collected from these properties.

5. There is no adequate remedy at law because Plaintiff's losses are continuing in perpetuity, they are not readily calculable, and there is no clear legal mechanism by which Plaintiff could recoup these tax losses in a court of law.

6. An *ex parte* order, without notice to Defendants, is necessary because (i) Plaintiff has shown there is a good reason to believe that, if notice is given, Defendant Pecos HFC will rush to close on these disputed properties before a restraining order is issued; and (ii) there is insufficient time to give notice to Defendants, hold a hearing, and issue a TRO before imminent and irreparable harm occurs.

7. Accordingly, in light of the foregoing, the COURT ORDERS THE FOLLOWING:

a. Defendant Pecos HFC, its officers, agents, employees, servants, and attorneys, and those in active concert or participation with them who receive actual notice of this order, are prohibited from (i) acquiring title to real property in the City of Arlington, Texas; or (ii) obtaining, seeking to obtain, or receiving tax exemptions for any properties located in the City of Arlington, Texas.

b. The Clerk shall issue notice to Defendant Pecos HFC that a hearing for Plaintiff's request for a temporary injunction is set for **April 25, 2025, at 1:00 p.m.**, in this Court. The purpose of this hearing shall be to determine whether this TRO should be made into a temporary injunction pending a full trial on the merits.

c. Plaintiff is exempt from posting a bond pursuant to § 6.001 of the Texas Civil Practice and Remedies Code.

43

8.      This order expires in 14 days or further order, whichever occurs first.


Signed: April 11, 2025, at 10:14 a.m.

_Megan Fahey_
Presiding Judge

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99557417
Filing Code Description: No Fee Documents
Filing Description: TRO
Status as of 4/11/2025 10:24 AM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 4/11/2025 10:23:22 AM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 4/11/2025 10:23:22 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 4/11/2025 10:23:22 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 4/11/2025 10:23:22 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 4/11/2025 10:23:22 AM | SENT |



FILED
TARRANT COUNTY
4/24/2025 4:25 PM
THOMAS A. WILDER
DISTRICT CLERK

**Alexander J. Lindvall**
Assistant City Attorney
Arlington City Attorney's Office
Phone: 817-459-5357
alexander.lindvall@arlingtontx.gov

April 24, 2025

Kassi Yukevich
TILLOTSON, JOHNSON & PATTON
1201 Main St., Ste. 1300
Dallas, Texas 75202
kyukevich@tillotsonlaw.com

> **Re:** **Rule 11 Agreement—Extending TRO and Temporary Injunction Hearing**
>
> Your client: Pecos Housing Finance Corporation
> My client: City of Arlington
> Case: *City of Arlington v. Pecos Housing Finance Corp. et al.*
> No. 348-363561-25

Kassi:

On April 11, 2025, in the above-captioned case, the Court issued a temporary restraining order ("TRO") against your client, Pecos Housing Finance Corporation. That TRO is set to expire on April 25, but there is currently a hearing set for April 25 at 1:00 p.m. to "determine whether this TRO should be made into a temporary injunction pending a full trial on the merits."

Please allow this letter to serve as a Rule 11 agreement, confirming that **the parties agree to extend this TRO's effective date to May 7, 2025, and to reschedule the parties' temporary injunction hearing for May 7, 2025, at 2:30 p.m.**

This extension of the existing TRO and the rescheduling of this case's temporary injunction hearing applies to **all parties**, including the City of Arlington, the Pecos Housing Finance Corporation, and the Tarrant County Appraisal District's Chief Appraiser, Joe Don Bobbitt.

Please sign in the space provided below, return to me via email, and we will file this Rule 11 Agreement pursuant to the Texas Rules of Civil Procedure. Thank you for your professional courtesy in this matter.

Sincerely,

Alexander J. Lindvall
Assistant City Attorney
City of Arlington Attorney's Office

**AGREED:**

/s/ Kassi Yukevich (w/permission)
Kassi Yukevich
TILLOTSON, JOHNSON & PATTON
Attorney for Defendant Pecos HFC

Physical Address: 500 E. Border Street, 11th Floor • Arlington, Texas 76010
Mailing Address: P.O. Box 90231, MS 63-0300 -3231 • Arlington, Texas 76004
Phone: 817-459-6878 • Fax: 817-459-6897

46

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100064618
Filing Code Description: No Fee Documents
Filing Description: Rule 11
Status as of 4/24/2025 4:28 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 4/24/2025 4:25:34 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 4/24/2025 4:25:34 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 4/24/2025 4:25:34 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 4/24/2025 4:25:34 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 4/24/2025 4:25:34 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 4/24/2025 4:25:34 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 4/24/2025 4:25:34 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 4/24/2025 4:25:34 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 4/24/2025 4:25:34 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 4/24/2025 4:25:34 PM | SENT |
| Joe DonBobbitt | | jdbobbitt@tad.org | 4/24/2025 4:25:34 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 4/24/2025 4:25:34 PM | SENT |

FILED
TARRANT COUNTY
4/30/2025 2:23 PM
THOMAS A. WILDER
DISTRICT CLERK

No. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 348TH JUDICIAL DISTRICT |
| | § | |
| PECOS HOUSING FINANCE | § | TARRANT COUNTY, TEXAS |
| CORPORATION, a Texas nonprofit | § | |
| corporation; JOE DON BOBBITT, in his | § | |
| official capacity as Chief Appraiser of the | § | |
| Tarrant Appraisal District, | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S FIRST AMENDED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE MEGAN FAHEY:

In support of its First Amended Petition and its Application for a Temporary Restraining Order and Injunctive Relief, Plaintiff City of Arlington ("Arlington") alleges the following:

### I. INTRODUCTION

1. This case concerns a misuse and abuse of the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* Arlington recently learned that the Pecos Housing Finance Corporation ("Pecos HFC"), the Pleasanton Housing Finance Corporation ("Pleasanton HFC"), and the La Villa Housing Finance Corporation ("La Villa HFC") (collectively, "Defendant HFCs") have been unlawfully removing Arlington-based properties from the tax appraisal rolls in exchange for monetary kickbacks, resulting in the loss of millions of dollars in real property value from the local tax base.

2. The Defendant HFCs' scheme seems to work like this: a private developer acquires land for a new multifamily development (or acquires an already-existing development) in a city outside the HFC's local jurisdiction; the private developer then conveys that property to the HFC; the HFC, as the new owner, then applies for and receives a 100% tax exemption, and the property is removed from the tax rolls; the HFC then leases that now-exempt property to a private landlord

(oftentimes the same developer who originally purchased the property), who then shares the profits with the HFC. The upshot of this scheme is that the developer and landlord get a massive tax exemption, the HFC gets to collect fees and a portion of the development's profits, and the other city (in this case, Arlington) bears 100% of the downside.

3. In short, a handful of tiny public corporations, located hundreds of miles away in small towns with no connection to Arlington, have drastically reduced Arlington's yearly tax revenue by millions of dollars while they rake in undeserved fees and profits from Arlington-based rental properties. Arlington now asks this Court to halt the Defendant HFCs' unlawful behavior before they do any further irreversible damage to Arlington's tax base, and to stop the Chief Appraiser of the Tarrant Appraisal District from granting tax exemptions requested by the Defendant HFCs for any Arlington-based properties.

II. PARTIES

4. Plaintiff City of Arlington is a home-rule municipality located in Tarrant County, Texas.

5. Defendant Pecos HFC is a Texas nonprofit corporation. It may be served with citation through its registered agent, John Salcido, at 2320 Teague Dr., Pecos, Texas 79772, or wherever else he may be located.

6. Defendant Pleasanton HFC is a Texas nonprofit corporation. It may be served with citation through its registered agent, Johnny Huizar, at 108 Second St., Pleasanton, Texas 78064, or wherever else he may be located.

7. Defendant La Villa HFC is a Texas nonprofit corporation. It may be served with citation through its registered agent, Rosa Perez, at 916 South Mike Chapa Dr., La Villa, Texas 78562, or wherever else he may be located.

8. Defendant Joe Don Bobbitt is the Chief Appraiser of the Tarrant Appraisal District. He is being sued in his official capacity only.

III. JURISDICTION, VENUE, AND DISCOVERY CONTROL PLAN

9. This Court has jurisdiction over this matter because Plaintiff seeks relief within the

jurisdictional limits of this Court. *See* Tex. Civ. Prac. & Rem. Code §§ 65.001 *et seq.*; Tex. R. Civ. P. 680.

10.     Venue is proper in Tarrant County because all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant County—and by conducting business in Tarrant County, the Defendant HFCs have purposely availed themselves to this venue. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). This suit, moreover, concerns real property located in Tarrant County, making Tarrant County the mandatory venue for this case. *See id.* § 15.011.

11.     Arlington intends to conduct discovery in this case under the Level 3 discovery control plan. *See* Tex. R. Civ. P. 190.4.

## IV.     BACKGROUND & RELEVANT LAW

### A.     The Texas Housing Finance Corporation Act.

12.     This suit concerns the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* ("the Act"). The Act was passed in 1979 to help facilitate the development of low-income housing. *See* Tex. Local Gov't Code § 394.002(a) (the Act's purpose is to "provide a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments").

13.     To help create more low-income housing, the Act empowers local governments to create Housing Finance Corporations, or HFCs—nonprofit organizations, comprised of local officials, that help coordinate and facilitate affordable-housing projects. *See* Tex. Local Gov't Code §§ 394.002, 394.011(a), 394.032. And because HFCs are (at least in theory) furthering a public purpose, the Act provides that HFC-owned properties and the income derived from those properties are tax-exempt. *Id.* § 394.905 ("The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of this state.").

14.     HFCs are commonly a part of public/private real estate partnerships, in which a private developer acquires land for a new development or acquires an existing multifamily project

and then conveys it to an HFC, which then acquires tax-exempt status for the property and leases the property to a private landlord who, in turn, pays fees to the HFC and shares the profits generated by the property with the HFC.

15. But because the Act allows for such an enormous tax benefit, it provides two specific restrictions on what residential developments an HFC can tax-exempt: (1) a residential development can receive tax exemption from an HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income," as defined by the statute, *id.* § 394.004; and (2) the residential development "must be located within the local government," *id.* § 394.903.

16. An HFC, in other words, can tax-exempt a residential development only if the development is located within the HFC's local jurisdiction and is actually used to house low-income individuals. *See id.* §§ 394.004, 394.903.

**B. Several faraway HFCs are unlawfully exempting properties in Arlington that do not house low-income residents.**

17. Arlington recently learned that the Defendant HFCs have been ignoring these statutory restrictions and has been giving tax exemptions to large, multifamily housing developments in Arlington without Arlington's knowledge, input, or approval. [Affidavit of Mindy Cochran, attached hereto as **Exhibit 1**, at ¶¶ 4–10.]

18. The Defendant HFCs' unlawful tax-exemption scheme has removed tens of millions of dollars from Tarrant County taxing units' tax rolls and has caused Arlington to lose millions of dollars in annual tax revenue. [*Id.* at ¶ 10.]

19. To illustrate, several months ago, Defendant Pecos HFC acquired the Zenith North Collins (735 Washington Dr.) apartment complex—an already-built, upscale apartment complex located next to a golf course in Arlington.[1] [*Id.* at ¶ 5.] After acquiring this complex, the Pecos HFC applied for and received a full tax exemption for this property. [*Id.*] And after receiving that exemption, it leased the complex to a private landlord and now collects a share of that complex's

---

[1] At the time of acquisition, this complex was known as the "Jefferson North Collins" apartment complex.

profits. [*Id.*] This property was appraised at $86 million. [*Id.*] So, when it was removed from the tax rolls, that caused the Tarrant County Appraisal District to lose $1.7 million in annual ad valorem tax revenue, and Arlington's share of that revenue was approximately $447,000. [*Id.*]

20. In other words, by exempting just one apartment complex in Arlington, the Pecos HFC caused Arlington to lose roughly $447,000 in annual tax revenue, and there is no clear path for Arlington (or other affected local entities) to recoup that loss. [*See id.*]

21. To make matters worse, the Zenith North Collins doesn't even provide low-income housing. With fees and rent, a three-bedroom apartment in this complex costs well over $3,000 per month, and a two-bedroom is around $2,000 per month.[2] And upon information and belief, this complex does not come close to meeting the 90%-low-income-housing threshold needed to receive an exemption under the Act. *See* Tex. Local Gov't Code § 394.004 (providing that a residential development can receive tax exemption from a HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income").

22. This is a widespread problem across the state. The City of Euless, for example, has seen at least a 2% drop in its overall annual revenue after a *single* apartment complex received tax-exempt status from the Cameron County HFC;[3] and Dallas, Fort Worth, McKinney, Irving, Lewisville, and other north Texas cities have reported millions of dollars in total lost tax revenue.[4] Worse, these out-of-jurisdiction HFCs are often bestowing tax-exempt status to already-built structures (not new projects), and many of the exempted properties aren't even affordable-housing projects; they are typical for-profit apartments and condos, usually located in upmarket neighborhoods, that do not offer reduced rent, housing vouchers, or other benefits to low-income applicants.[5]

---

[2]     https://www.zenitharlington.com/floorplans/.

[3]     Andrea Lucia, *Euless Loses 2 Percent of Revenue to Controversial Tax Break Approved in Faraway County*, CBS News (Feb. 21, 2024).

[4]     Andrea Lucia, *Housing Group Made Millions Getting Tax Breaks for Developers, Costing Cities and Schools Even More*, CBS News (Dec. 22, 2023).

[5]     *Id.* (documenting that an out-of-town HFC purchased an apartment complex in a "luxurious community" in Irving and that the tenants' rents went *up* significantly under the HFC's ownership).

23. Upon information and belief, the Pecos HFC also recently bestowed tax-exempt status to another apartment complex in Arlington called Cedar Point (2020 Cedar Point Dr.). [Exhibit 1 at ¶ 6.] That property is appraised at approximately $27.5 million, and Arlington's lost ad valorem tax revenue because of this tax exemption amounts to about $165,000 per year. [*Id.*] That complex, similarly, does not offer affordable housing as contemplated by the Act.

24. Arlington, moreover, has good reason to believe the Pecos HFC plans to close on several more Arlington-based properties in the coming months, and that it is on the verge of closing on one of those properties in the coming days. [*Id.* at ¶ 10; Affidavit of Molly Shortall, attached hereto as **Exhibit 2**, at ¶ 5.]

25. Arlington also recently learned that the Pleasanton HFC and the La Villa HFC have been engaging in the same sort of unlawful tax-exemption scheme in Arlington. [Exhibit 1 at ¶¶ 4, 8–9.]

26. The Pleasanton HFC has acquired at least two properties in Arlington: The Washington apartment complex (707 Washington Dr.) and Cedars and River Legacy Park (903 Ashford Ln.). [*Id.* at ¶ 8.] Upon information and belief, the Pleasanton HFC has applied for, but has not yet received, tax exemptions for these properties. [*Id.*]

27. The Washington is appraised at approximately $34.5 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $754,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $207,000 per year. [*Id.* at ¶ 8a.] Cedars and River Legacy Park is appraised at approximately $32.5 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $710,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $195,000 per year. [*Id.* at ¶ 8b.]

28. In other words, **if the Pleasanton HFC receives tax exemptions for these properties, it will likely cause Arlington to lose over $400,000 in annual ad valorem tax revenue.** [*Id.* at ¶ 8.]

29. Arlington also recently learned that the La Villa HFC has acquired at least one

property in Arlington: The Carmin apartment complex (711 Brentford Pl.). [*Id.* at ¶ 9.] Upon information and belief, the La Villa HFC has applied for, but has not received, a tax exemption for this property. [*Id.*] The Carmin is appraised at $23.9 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $522,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $143,000 per year. [*Id.*] In other words, **if the La Villa HFC receive a tax exemption for this property, it will likely cause Arlington to lose about $143,000 in annual ad valorem tax revenue.** [*Id.*]

30. Because of the widespread nature of this practice (see ¶ 22 *supra*), there has been a strong legislative push to (even more) explicitly outlaw this sort of tax-exemption scheme. *See*, *e.g.*, 2025 H.B. No. 21 (link). Upon information and belief, because this sort of scheme is about to become indisputably illegal, HFCs have been scrambling to close their out-of-jurisdiction projects and apply for undeserved tax exemptions.

## V. CAUSE OF ACTION: DECLARATORY JUDGMENT

31. Texas's Uniform Declaratory Judgments Act (UDJA) allows trial courts to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Tex. Civ. Prac. & Rem. Code § 37.003. The UDJA further provides that "[a] person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a). The Legislature intended the UDJA to be "remedial" and "liberally construed," and "its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Id.* § 37.002(b).

32. In a declaratory action, like this one, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* § 37.009.

33. Arlington asks for a declaratory judgment from this Court declaring that the Act does not allow the Defendant HFCs to bestow tax exemptions to Arlington-based properties.

## VI. APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

34. To stop the Defendant HFCs from unlawfully removing any more Arlington-based

properties from the tax rolls, Arlington asks this Court for a temporary restraining order ("TRO") that prohibits the Defendant HFCs from (a) closing on any Arlington-based properties or (b) requesting, obtaining, or receiving any tax exemptions for Arlington-based properties.

35.     Arlington further requests a TRO that prohibits Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, from granting tax exemptions requested by the Defendant HFCs regarding any Arlington-based properties

36.     Arlington requests the Court to issue this TRO without notice to Defendants. Rule 680 allows the Court to issue a TRO without notice if it "clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." Tex. R. Civ. P. 680.

37.     Arlington has seen a surge in out-of-jurisdiction HFC activity, with many moving to close on properties and apply for tax exemptions at breakneck speed; and at least one of the Defendant HFCs has averred to the Arlington City Attorney that it is on the verge of closing on at least one Arlington-based property in the coming days [Exhibit 2 at ¶ 5], and Arlington believes these HFCs will rush to close on deals and seek exemptions if they are made aware of this TRO application.

38.     The Pleasanton HFC and the La Villa HFC, moreover, have recently closed on Arlington properties and, upon information and belief, plan to request undeserved tax exemptions for these properties. [Exhibit 1 at ¶¶ 8–9.] **If these HFCs receive these requested exemptions, Arlington will irrevocably lose about $545,000 in annual ad valorem tax revenue.** [*Id.*]

39.     Additionally, as previously noted, this sort of tax-exemption scheme is, in all likelihood, about to become indisputably illegal, and Arlington believes the Defendant HFCs are already in a rush to close on as many out-of-jurisdiction deals as possible in the coming weeks and months. A no-notice TRO will prevent this unlawful behavior from occurring and will not unduly prejudice the Defendant HFCs in the short-term.

40.     Judge Betsy Lambeth, of the 425th District Court in Williamson County, recently

granted a no-notice TRO against the Cameron County HFC on virtually identical grounds. [*See* Plf. Orig. Pet. & TRO, *Williamson Cnty. et al. v. Cameron Cnty. Housing Finance Corp.*, 425th Judicial District Court, No. 25-0488-C425 (March 5, 2025), attached hereto as **Exhibit 3**.]

41.     This Court should follow suit and issue a TRO that prevents the Defendant HFCs from overstepping their jurisdictional bounds and from requesting tax-exempt status for any Arlington-based properties. And out of an abundance of caution, this Court should also issue a TRO against the Defendant Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, that prevents him from granting tax exemptions requested by the Defendant HFCs regarding any Arlington-based properties.

42.     Once that TRO has expired, Arlington asks for a temporary injunction. "To obtain a temporary injunction, [an] applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "Whether to grant or deny a temporary injunction is within the trial court's sound discretion," and an order granting injunctive relief will be reversed on appeal only if "the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Id.*

43.     All these elements are present. Arlington has pled a cause of action against Defendants: a declaratory action under the UDJA. Arlington has shown it will likely be successful in this declaratory action, as the Act's plain language prohibits the Defendant HFCs' complained-of conduct. And, **in the absence of injunctive relief, the Defendant HFCs are likely to close on several more Arlington-based properties and seek 100% tax exemptions, which would lead to an irreversible removal of these properties from the local tax rolls, causing Arlington to forever lose out on hundreds of thousands, if not millions, of much-needed tax revenues.** Simply put, this is precisely the sort of case in which equitable relief is warranted.

### PRAYER FOR RELIEF

Based on the foregoing, Plaintiff City of Arlington respectfully asks this Court for the following relief:

(A)     To issue a TRO against the Defendant HFCs and Defendant Joe Don Bobbitt that (i) prevents the Defendant HFCs from requesting tax exemptions for any Arlington-based properties, and (ii) prevents Mr. Bobbitt from granting tax exemptions requested by the Defendant HFCs regarding any Arlington-based properties. A proposed TRO was filed contemporaneously herewith.

(B)     After the expiration of this TRO, and after a hearing, to issue a temporary injunction against the same Defendants that enjoins the same unlawful conduct pending trial.

(C)     After the expiration of this temporary injunction, and after a final trial on the merits, to issue (i) a declaratory judgment declaring that the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*, does not allow the Defendants HFCs to bestow tax-exempt status to properties located in Arlington; and (ii) a permanent injunction that prevents the Defendant HFCs from requesting tax exemptions for Arlington-based properties.

(D)     To award Plaintiff its attorney's fees and costs.

(E)     To award any other relief this Court deems appropriate.

Respectfully submitted,

By: */s/ Alexander J. Lindvall*
    Galen G. Gatten
      State Bar No. 24032226
      galen.gatten@arlingtontx.gov
    Alexander J. Lindvall
      State Bar No. 24139409
      alexander.lindvall@arlingtontx.gov
    Jonathan M. Moss
      State Bar No. 24084934
      jonathan.moss@arlingtontx.gov
    Joseph N. Nguyen
      State Bar No. 24058021
      joseph.nguyen@arlingtontx.gov
    Nena Chima-Tetteh
      State Bar No. 24113691
      nena.chima-tetteh@arlingtontx.gov

**City of Arlington City Attorney's Office**
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

Phone:  817-459-6878
Fax:     817-459-6897

**ATTORNEYS FOR PLAINTIFF**
**CITY OF ARLINGTON**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 100282044
Filing Code Description: Amended Filing
Filing Description: Plaintiff's Amended Petition and Request for TRO and Injunctive Relief
Status as of 4/30/2025 2:38 PM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 4/30/2025 2:23:34 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 4/30/2025 2:23:34 PM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 4/30/2025 2:23:34 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 4/30/2025 2:23:34 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 4/30/2025 2:23:34 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 4/30/2025 2:23:34 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 4/30/2025 2:23:34 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 4/30/2025 2:23:34 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 4/30/2025 2:23:34 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 4/30/2025 2:23:34 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 4/30/2025 2:23:34 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 100282044
Filing Code Description: Amended Filing
Filing Description: Plaintiff's Amended Petition and Request for TRO and Injunctive Relief
Status as of 4/30/2025 2:38 PM CST

Case Contacts

| Erica Salas | | erica.salas@arlingtontx.gov | 4/30/2025 2:23:34 PM | SENT |
|---|---|---|---|---|
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 4/30/2025 2:23:34 PM | SENT |

## AFFIDAVIT OF MINDY COCHRAN

STATE OF TEXAS      )
                       ) ss.

TARRANT COUNTY    )

I, Mindy Cochran, declare under penalty of perjury that the following statements are based on my personal knowledge and are true and correct.

1.      I am the Executive Director of the City of Arlington's Housing Department.

2.      In my role as Housing Executive Director, I often work with the Arlington Housing Finance Corporation, and I am familiar with Housing Finance Corporations ("HFCs") and Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*

3.      It is well-accepted that HFCs are allowed to partake in real estate projects only if the project is within the HFC's local jurisdiction. *See* Tex. Local Gov't Code § 394.903. The Arlington HFC, for instance, does not do business in any jurisdiction except the City of Arlington. It is also well-accepted that HFCs can bestow tax exemptions only to properties that are primarily used to house low-income individuals, *see id.* § 394.004, as the stated statutory purpose of HFCs is to create affordable housing for low-income individuals, *id.* § 394.002(a), and the Texas HFC Act specifically states that a residential development can receive an HFC tax exemption only if at least 90% of that development "is for use by or is intended to be occupied by persons of low and moderate income," *id.* § 394.004.

4.      The City of Arlington, however, recently learned that HFCs based out of Pecos, Pleasanton, and La Villa, Texas, have been bestowing tax exemptions to large, multifamily housing developments in Arlington without the City's knowledge.

5.      Several months ago, for example, the Pecos HFC acquired the Jefferson North Collins apartment complex (currently doing business as the Zenith apartment complex)—an already-built, upscale apartment complex located near an Arlington golf course at 735 Washington Drive. After acquiring this property, the Pecos HFC applied for and received a full tax exemption for this property. After receiving that exemption and removing the property from the tax rolls, the Pecos HFC then leased the complex to a private landlord and, upon information and belief, the Pecos HFC now collects a portion of that complex's profits. That property was appraised at $86 million—and when it was taken off the tax rolls, that caused the Tarrant County Appraisal District to lose $1.7 million in annual ad valorem tax revenue, and Arlington's share of that lost revenue was approximately $447,000.

6.      Upon information and belief, the Pecos HFC also recently acquired tax-exempt status for another Arlington apartment complex: Cedar Point (2020 Cedar Point Drive). Cedar Point is appraised at approximately $27.5 million, and Arlington's share of that lost ad valorem tax revenue amounts to about $165,000 per year.

7.      The Pecos HFC also recently acquired title to the Westley Apartments (2612 Cinnamon Park Circle). Upon information and belief, the Pecos HFC has requested, but has not received, a tax exemption for this property.

61

8.    Arlington also recently learned that the Pleasanton HFC has acquired at least two properties in Arlington: The Washington apartment complex (707 Washington Dr.) and Cedars at River Legacy Park (903 Ashford Ln.). Upon information and belief, the Pleasanton HFC has applied for, but has not received, tax exemptions for these properties.

      a.    The Washington is appraised at approximately $34.5 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $754,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $207,000 per year.

      b.    Cedars at River Legacy Park is appraised at approximately $32.5 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $710,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $195,000 per year.

In other words, if the Pleasanton HFC receives tax exemptions for these properties, it will likely cause Arlington to irrevocably lose over $400,000 in annual ad valorem tax revenue.

9.    Arlington also recently learned that the La Villa HFC has acquired at least one property in Arlington: The Carmin apartment complex (711 Brentford Pl.). Upon information and belief, the La Villa HFC has applied for, but has not received, a tax exemption for this property. The Carmin is appraised at $23.9 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $522,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $143,000 per year. In other words, if the La Villa HFC receives a tax exemption for this property, it will likely cause Arlington to irrevocably lose about $143,000 in annual ad valorem tax revenue.

10.    This unlawful tax-exemption scheme has already removed tens of millions of dollars from Tarrant County taxing units' tax rolls and has caused Arlington to lose hundreds of thousands, if not millions, of dollars in annual tax revenue. Upon information and belief, these HFCs currently have several more pending real estate deals and have requested tax exemptions regarding Arlington-based properties. If these HFCs acquire any further Arlington-based multifamily properties and remove them from the tax rolls, they could decimate Arlington's budget.

Date: 4/30/25

Mindy Cochran
Executive Director, Housing Department
City of Arlington, Texas

\*  \*  \*  \*

Subscribed to and sworn to before me on this ___30___ day of _____April_____ 2025.



ERICA NICOLE SALAS
Notary Public, State of Texas
Comm. Expires 02-26-2028
Notary ID 132150321

Notary Public,
State of Texas

62

## AFFIDAVIT OF MOLLY SHORTALL

STATE OF TEXAS )
)
) ss.
TARRANT COUNTY )

I, Molly Shortall, declare under penalty of perjury that the following statements are based on my personal knowledge and are true and correct.

1. I am the City Attorney for the City of Arlington, Texas. This affidavit concerns my personal knowledge related to the soon-to-be-filed lawsuit *City of Arlington v. Pecos Housing Corporation et al.*, No. _____, in Tarrant County District Court.

2. In early 2025, the City of Arlington learned that a large, multifamily apartment complex located in Arlington had been unexpectedly removed from the tax rolls, causing Arlington to lose hundreds of thousands of dollars in expected property tax revenue. Arlington later learned that this property received tax-exempt status because it was acquired by the Pecos Housing Finance Corporation ("Pecos HFC").

3. To learn more about why the Pecos HFC was acquiring and tax-exempting properties in Arlington—which is more than 400 miles outside its local jurisdiction—Arlington sent multiple open records requests to the Pecos HFC, and Arlington's mayor sent the Pecos HFC a letter inquiring about its unusual, out-of-jurisdiction business practices.

4. Not long after Arlington sent this letter and these open records request, I received an email from Kassi Yukevich, an attorney at Tillotson, Johnson & Patton, who purported to represent the Pecos HFC, asking to schedule a call to discuss Arlington's records requests and concerns.

5. On March 28, 2025, I spoke with Ms. Yukevich on the phone. She told me that the Pecos HFC was involved in multiple projects in Arlington, that it had already closed on several of those projects, that one project was currently on the verge of closing, and that the Pecos HFC was "contemplating" several other projects in Arlington. Given Arlington's concerns (i.e., the drastic reduction in its tax revenue every time the Pecos HFC tax-exempts a large apartment complexes), Ms. Yukevich suggested that the Pecos HFC could hold off on closing on any more Arlington-based properties "except for one," because the real estate transaction was "too far along," and the Pecos HFC was on the verge of closing on this property.

Date: 4/10/25

_____
Molly Shortall
City Attorney, City of Arlington, Texas

\* \* \* \*

Subscribed to and sworn to before me on this 10th day of April 2025.

_____
Notary Public,
State of Texas

ERICA NICOLE SALAS
Notary Public, State of Texas
Comm. Expires 02-26-2028
Notary ID 132150321

1

63

FILED
9:39 o'clock A.M
C.G.

MAR 0 5 2025

Lisa David
District Clerk, Williamson Co., TX

CAUSE NO. 25-0488-C425

| | |
|---|---|
| WILLIAMSON COUNTY, SIENA MUNICIPAL UTIILTY DISTRICT NO. 1, and SIENA MUNICIPAL UTIILTY DISTRICT NO. 2, *Plaintiffs,* <br><br> v. <br><br> THE CAMERON COUNTY HOUSING FINANCE CORPORATION, *Defendant.* | § § § § § § § § § § § |

IN THE DISTRICT COURT

425 JUDICIAL DISTRICT

WILLIAMSON COUNTY, TEXAS

## TEMPORARY RESTRAINING ORDER

After considering the application for a temporary restraining order filed by Plaintiffs in the above-styled matter, the pleadings, and the evidence, the Court finds that —

1.      There is a current controversy over Defendant Cameron County Housing Finance Corporation's ("CCHFC") efforts to seek exemption from ad valorem taxes for properties located in Williamson County, including the following real properties:

a.      Lot 1, Siena Section 30, according to the map or plat thereof recorded as Document No. 2020037410 in the Official Public Records of Williamson County, Texas, located at 6531 CR 110, Round Rock, Texas, 78655. That property is a 13.677-acre tract of land on which a multi-family apartment project known as Siena Round Rock Apartments has been built ("Siena Round Rock").

b.      Lot 2, Block A, Siena South, according to the map or plat thereof recorded as Document No. 20200099820 in the Official Public Records of Williamson County, Texas, located at 5540 Sofia Place, Round Rock, Texas 78665. That Property is a

Temporary Restraining Order – Page 1 of 3

15.0496-acre tract of land on which a multi-family apartment project known as The Sommery has been built ("The Sommery").

2. As alleged in the Plaintiffs' petition and supporting verification, CCHFC currently owns Sienna Round Rock, and intends to acquire The Sommery, and seeks to remove both properties from the Williamson Central Appraisal District ad valorem tax rolls, purportedly under Section 394.905 of the Texas Local Government Code.

3. Imminent harm and irreparable harm will result if CCHFC is permitted to acquire The Sommery and seek and obtain exemptions of Sienna Round Rock and The Sommery from the William Central Appraisal District ad valorem tax rolls. Specifically, if a temporary restraining order is not granted, imminent and irreparable harm will result to Plaintiffs since those properties within their jurisdictions will be removed from the tax rolls, which will immediately impact their fiscal budgeting and decrease the ad valorem taxes they otherwise could collect for these properties.

4. There is no adequate remedy at law because such damages or harm to Plaintiffs cannot be calculated.

5. An *ex parte* order, without notice to CCHFC, is necessary because there is not enough time to give notice to CCHFC, hold a hearing, and issue a restraining order before the imminent and irreparable injury, loss or damage occurs.

6. Therefore, the Court ORDERS that—

    a. CCHFC, as well as its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with CCHFC, are prohibited from (i) acquiring real property in

Temporary Restraining Order – Page 2 of 3

65

Williamson County, including The Sommery; (ii) seeking or obtaining exemptions from ad valorem taxes for real property in Williamson County, including Siena Round Rock and The Sommery.

b. The clerk shall issue notice to CCHFC that the hearing on Plaintiffs' request for temporary injunction is set for **March 13**, 2025 at **9:00** a.m./~~p.m.~~ The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

c. Plaintiffs are exempt from posting a bond pursuant to Section 6.001 of the Texas Civil Practice and Remedies Code and Section 49.066(f) of the Texas Water Code.

7. This order expires on **March 14**, 2025 at **9:00**, **A** .m.

Signed: March **5**, 2025

_(signature)_
Presiding Judge

CAUSE NO. ___25-0488-C425___

| | | |
|---|---|---|
| WILLIAMSON COUNTY, SIENA MUNICIPAL UTIILTY DISTRICT NO. 1, and SIENA MUNICIPAL UTIILTY DISTRICT NO. 2, *Plaintiffs*, | § § § § § § | IN THE DISTRICT COURT |
| | | Williamson County - 425th Judicial District Court |
| v. | § § | _____ JUDICIAL DISTRICT |
| THE CAMERON COUNTY HOUSING FINANCE CORPORATION, *Defendant*. | § § § § § § | WILLIAMSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

Plaintiffs Williamson County, Siena Municipal Utility District No. 1, and Siena Municipal Utility District No. 2 file this Original Petition against Defendant The Cameron County Housing Finance Corporation, and would respectfully show the Court the following:

### I.
### INTRODUCTION AND NATURE OF THE CASE

1. This case involves an abuse of the Texas Housing Finance Corporation Act ("Act"), by which The Cameron County Housing Finance Corporation ("CCHFC") — a housing corporation located in and created by a county halfway across the state — seeks to remove two multifamily developments in Williamson County from the tax appraisal rolls, resulting in the loss of millions of dollars in real property value from the local tax base.

2. CCHFC's strategy, which is in direct contravention of the Act, would allow

this entity — located over 300 miles away — to take advantage of tax and other monetary incentives for a multi-family housing project in Williamson County, all without Williamson County's participation and consent. Through this strategy, CCHFC seeks to benefit from fees and a portion of cash flow from the projects by the developers, while Williamson County receives no such benefits, and instead is left to suffer from the removal of those properties from the tax appraisal rolls.

3. To be sure, creation of affordable housing opportunities is a worthy mission, one that Williamson County has supported and will continue to support (including through its own locally-operating housing finance corporation). But CCHFC improperly seeks to deprive the elected officials of Williamson County — where these projects are located — from engaging in the critical cost-benefit analysis necessary to determine whether the public benefits of these multi-family housing projects are worth the elimination of tax revenues that are otherwise due to the local community.

4. The Act does not authorize CCHFC's actions. Indeed, on its face, the Act prohibits them. Accordingly, Plaintiffs seek a declaration that the Act does not permit CCHFC to acquire and remove property in Williamson County, including the two properties at issue, from the tax appraisal rolls, and an injunction prohibiting such actions.

## II.
### DISCOVERY CONTROL PLAN AND STATEMENT OF RELIEF

5. Plaintiffs intend to conduct discovery under the Level 3 discovery rules of Rule 190 of the Texas Rules of Civil Procedure and will submit a proposed scheduling

order with a discovery control plan tailored to the circumstances of the specific suit. Plaintiffs seeks nonmonetary relief in the form of declaratory and injunctive relief.

## III.
## PARTIES

6. Plaintiff Williamson County is a Texas county.

7. Plaintiff Siena Municipal Utility District No. 1 is a municipal utility district whose boundaries are located within Williamson County.

8. Plaintiff Siena Municipal Utility District No. 2 is a municipal utility district whose boundaries are located within Williamson County.

9. Defendant The Cameron County Housing Finance Corporation is a Texas nonprofit corporation and may be served with citation by serving its registered agent David C. Petruska at 11264 Russwood Circle, Dallas, Texas 75229, or wherever he may be found.

## IV.
## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter because the relief Plaintiffs seek is within the jurisdictional limits of the Court.

11. Venue is proper in Williamson County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Williamson County, Texas.

## V.
## BACKGROUND

A.   The Texas Housing Finance Corporations Act.

12.   This lawsuit involves The Texas Housing Finance Corporations Act in Chapter 394 of the Texas Local Government Code. The Act was created in 1987 for the stated purpose of "provid[ing] a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments." TEX. LOCAL GOV'T CODE § 394.002(a). To accomplish that purpose, the Act authorizes cities and counties to create public nonprofit corporations known as housing finance corporations. *Id.* at §§ 394.002(d), 394.003(8).

13.   Housing finance corporations are used to finance the acquisition, development, ownership, and operation of private residential developments. The Act only applies to residential developments at least 90% of which are occupied or intended to be occupied by persons who meet a certain lower income classification. *Id.* at § 394.004. It authorizes housing finance corporations to purchase and lease property, and to issue bonds to finance the costs of a residential development. *Id.* at §§ 394.037, 394.9025.

14.   The Act creates a significant tax incentive for these residential developments, providing—

> The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of the state.

*Id.* at § 394.905.

15.     As a common-sense geographic requirement for these projects, the Act further requires that "[a] residential development covered by this chapter must be located *within the local government." Id.* at § 394.003 (emphasis added).

16.     Housing finance corporations are commonly a component of a public/private partnership in which a private developer acquires land for development or an existing multifamily project, and conveys it to a housing finance corporation, which will then lease it to a private entity or a subsidiary of the housing finance corporation. The housing finance corporation will often receive fees paid by the developer or project owner and a portion of cash flow generated by the project. The common feature of this structure is the ability to claim a 100% exemption from local and state taxation.

B.     The Cameron County Housing Finance Corporation.

17.     Pursuant to the Act, The Cameron County Housing Finance Corporation ("CCHFC") was incorporated in 1979 and approved by the Cameron County Commissioners Court. According to its website, CCHFC's "housing initiatives are aimed at helping low-income families and other underrepresented groups *in Cameron County* who lack suitable homes through traditional financial avenues." (emphasis added.)

18.     The website also states that "[CCHFC's] goal is to provide just the right amount of incentives to meet the needs of businesses looking to locate *in Cameron County* promoting job creation for our residents within our county while still adding to our tax base to support the governmental functions of our county." (emphasis added.)

C.     The Williamson County Properties At Issue.

19.     This case involves two properties located in Williamson County. One was

acquired by CCHFC in February 2025 and is legally described as Lot 1, Siena Section 30, according to the map or plat thereof recorded as Document No. 2020037410 in the Official Public Records of Williamson County, Texas, located at 6531 CR 110, Round Rock, Texas, 78655. That property is a 13.677-acre tract of land on which a multi-family apartment project known as Siena Round Rock Apartments has been built ("Siena Round Rock").

20. The other property is legally described as Lot 2, Block A, Siena South, according to the map or plat thereof recorded as Document No. 20200099820 in the Official Public Records of Williamson County, Texas, located at 5540 Sofia Place, Round Rock, Texas 78665. That property is a 15.0496-acre tract of land on which a multi-family apartment project known as The Sommery has been built ("The Sommery"). As of the filing of this petition, record title to 5540 Sofia Place is vested in Sommery Lot 2 LP. Upon information and belief, it is anticipated that The Sommery will be conveyed to CCHFC imminently.

D. **CCHFC Seeks Removal of The Properties from the Ad Valorem Tax Rolls.**

21. CCHFC is seeking to immediately remove Siena Round Rock and, upon its acquisition, The Sommery, from Williamson County's tax rolls. It is seeking to remove these properties from the tax rolls as quickly as possible, despite the Act's requirement that, in order to take advantage of the Act's tax relief, "[a] residential development covered by this chapter must be located within the local government." *Id.* at § 394.003. The plain wording of the Act mandates that the residential development must be located "within the local government" that formed the housing finance corporation—in these cases, Cameron County.

22. CCHFC has provided Williamson County no justification — legal or otherwise — for its actions. Indeed, CCHFC neglected to contact *any* Williamson County elected officials or staff before seeking to acquire properties located in Williamson County and remove them from the tax rolls.

23. CCFHC's silence is unsurprising, however, as there can be no justification for its scheme. It would be absurd for the Act to allow a housing finance corporation created by one county to own and lease property in another county because, under such a perverse system, the latter county would lose 100% of the ad valorem tax value from the property, but it would have no ability to weigh that significant financial loss against the potential benefits of the project to the local community. Meanwhile, the "traveling" corporation would obtain a pure monetary windfall without any incentive for oversight by its own county (whose tax revenues would be unaffected).

24. Siena Round Rock and The Sommery are currently appraised collectively at a total of $101,565,850.00. Through CCHFC's intended misuse of the Act, Hutto Independent School District ("Hutto ISD") alone would lose at least $1.2 million annually in ad valorem tax revenue from those properties. Additionally, Williamson County would lose at least $360,000 annually in ad valorem tax revenue, and Siena Municipal Utility District No. 1 and Siena Municipal Utility District No. 2 would lose at least $580,000 annually. Other local taxing entities would also suffer significant annual tax revenue losses.

73

E.    The scope of CCHFC's tax-exemption scheme.

25.    Siena Round Rock and The Sommery aren't the only properties that CCHFC has sought to eliminate from another county's tax rolls. CCHFC reportedly owns properties in Dallas, Fort Worth, McKinney, Irving, Lewisville, and Euless, along with a dozen other Texas cities outside of Cameron County.[1]

26.    Moreover, CCHFC's acquisitions aren't just used for new construction. As discussed above, Siena Round Rock and The Sommery are private multi-family developments that were constructed and occupied by tenants before CCHFC acquired them. And, CCHFC reportedly has acquired two properties in Irving that were constructed in the 1980s.[2]

27.    CCHFC's financial benefits from its misuse of the Act are not limited to the tax exemptions. Reportedly, CCHFC's lone full-time employee has acknowledged that CCHFC typically collects from a private developer who leases and operates the residential development 15% of what the developer would have otherwise paid in taxes had it owned the property. That translates to roughly 15 cents for every dollar of tax revenue it deprives the local government. [3]

28.    By way of example, if CCHFC has struck a similar deal for Siena Round Rock, based on the total assessed taxes in 2024 of $869,252.90 for that property, CCHFC would receive $134,437.93. And based on the total assessed taxes in 2024 of $1,476,422.08

[1] *Housing group made millions getting tax breaks for developers, costing cities and schools even more,* CBS News Texas, Dec. 22, 2023, available at https://www.cbsnews.com/texas/news/housing-group-made-millions-getting-tax-breaks-for-developers-costing-cities-and-schools-even-more/.
[2] *Id.*
[3] *Id.*

for The Sommery, CCHFC would receive $221,463.31. All of that money, from those Williamson County properties and others owned by CCHFC far outside its jurisdiction, flow into CCHFC's coffers without any monetary benefits to the local governments which are deprived of the significant tax revenues.

## VI.
## CAUSES OF ACTION

**A.    Declaratory Relief Against CCHFC.**

29.    Plaintiffs reallege and incorporate by reference herein the allegations in the paragraphs above.

30.    The Texas Uniform Declaratory Judgments Act ("UDJA") provides that a party "whose rights, status, or other legal relations are affected by a statute...may have determined any question of construction or validity arising under the...statute...and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE § 37.004(a).

31.    Here, Plaintiffs, as taxing entities that depend on ad valorem taxes on real property within their jurisdictions, have rights that are affected by the Act—and, in this case, Cameron County's *misuse* of the Act. Indeed, if CCHFC is able to obtain removal of Siena Round Rock and The Sommery from the WCAD appraisal rolls, Plaintiffs will suffer from significant loss of ad valorem taxes that otherwise would be assessed against those properties.

32.    Accordingly, Plaintiffs seek declaratory relief from the Court pursuant to the UDJA declaring that:

a. The Act prohibits CCHFC from acquiring property outside of Cameron County;

b. The Act prohibits CCHFC from seeking or obtaining tax exemptions for property outside of Cameron County;

c. CCHFC is prohibited by the Act from acquiring The Sommery;

d. CCHFC is prohibited by the Act from seeking or obtaining tax exemptions for Siena Round Rock and The Sommery; and

e. To the extent CCHFC has acquired or does acquire property in Williamson County (in contravention of the Act), such property, including Siena Round Rock and The Sommery, is not exempt from ad valorem taxation under the Act.

**B. Alternative Claim: Violation of Texas Constitution.**

33. Plaintiffs reallege and incorporate by reference herein the allegations in the paragraphs above.

34. To the extent CCHFC takes the position that, contrary to its plain language, the Act *does not* prohibit it from acquiring and seeking tax exemptions for properties in Williamson County, *and* to the extent CCHFC prevails in such interpretation of the Act, Plaintiffs alternatively request a declaration from the Court that, as applied by CCHFC, the Act violates the Texas Constitution's rules against extra-jurisdictional taxation by seeking to impose a system of taxation on properties located outside of the boundaries of Cameron County.

35. The Texas Constitution requires that all property shall be assessed for

76

taxation in the county where it is located. TEX. CONST. art. VIII, § 11. It further limits counties' ad valorem taxation authority to "property within their respective boundaries." *Id.* § 1-a. If the Act could be read to empower CCHFC to take properties outside of Cameron County off of the tax rolls, this would violate the Texas Constitutions' limits on the scope of Texas counties' taxing authority.

## VII.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

36. Plaintiffs reallege and incorporate by reference herein the allegations in the paragraphs above.

37. CCHFC is prohibited by the Act itself from acquiring and seeking tax exemptions on residential projects outside of Cameron County, and injunctive relief is therefore necessary here to compel CCHFC's compliance with the Act.

38. To obtain injunctive relief, an applicant must show it has a cause of action, that it has a probable right to relief, and that it is faced with imminent irreparable harm. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An applicant has a probable right to relief if it has a cause of action for which relief may be granted. *Universal Health Services, Inc. v. Thompson*, 24 S.W.3d 570, 577-78 (Tex. App.-Austin 2008, no pet.). Among other grounds, "[a] trial court may . . . grant injunctive relief…when a dispute involves real property." *Shor v. Pelican Oil & Gas Mgmt., LLC*, 405 S.W.3d 737, 750 (Tex. App.-Houston [1st Dist.] 2013, no pet.).

39. As detailed above, Plaintiffs have well-supported causes of action against CCHFC to establish and protect their rights in accordance with the Act. Accordingly,

Plaintiffs respectfully request that the Court enter a temporary restraining order, temporary injunction, and, upon final trial, a permanent injunction enjoining CCHFC, and each of its employees, agents, and those acting in concert or participation with them, from the following conduct: (i) acquiring property in Williamson County, including, but not limited to, The Sommery, and (ii) seeking or obtaining tax exemptions for property in Williamson County, including, but not limited to, Siena Round Rock.

40.     In the absence of such relief, Plaintiffs will suffer irreparable injury for which no remedy at law exists without the protections of a temporary restraining order and injunctive relief. CCHFC is rushing to acquire properties in Williamson County (and elsewhere) in a nefarious attempt to remove as many properties from Williamson County's tax roles as possible before its misuse of the Act is stopped.[4] If its tactics are permitted with respect to the two subject properties identified in this Petition, Plaintiffs — along with Hutto ISD and other local governmental units — will face the dire consequence of losing millions of dollars in ad valorem tax revenue. The removal of these properties from the tax rolls would immediately affect Plaintiffs' budgeting, thereby necessarily preventing Plaintiffs from allocating that lost revenue to be used for public services.

41.     Siena Municipal Utility District No. 1 and Siena Municipal Utility District No. 2 would be particularly and severely impacted by the removal of these properties from the tax rolls. In 2024, The Sommery was Siena MUD No. 1's highest appraised

---

[4] *Why Are Distant Texas Agencies Trying to Take San Antonio Apartments Off Tax Rolls?*, San Antonio Express News, Feb. 17, 2025 ("Most of the local deals have occurred in the past few months as developers and corporations rush to execute transactions before the Legislature cracks down, which some lawmakers have vowed to do this session."), available at https://www.expressnews.com/business/real-estate/article/san-antonio-hill-country-housing-tax-breaks-20022805.php.

property and Siena Round Rock was Siena MUD No. 2's second highest appraised property. The Sommery is located in Siena MUD No. 1 and Siena Round Rock is located in Siena MUD No. 2. If these properties are removed from the tax rolls, Siena MUD No. 1 will lose approximately $351,813 annually and Siena MUD No. 2 will lose $231,895 annually (based on 2025 valuations).

42.     The impact of this lost revenue on Hutto ISD would be even more devastating. The two properties at issue are Hutto ISD's fifth and twelfth highest appraised properties, and, as described above, removal of these properties from the tax rolls would result in a loss of at least $1.2 million annually in ad valorem tax revenue. As a fast-growing school district that has added more than 600 students this year alone, removal of these properties from the tax rolls would have grave and lasting consequences for Hutto ISD, including by limiting the ability to budget for and therefore fill needed teacher and staff positions.

43.     Plaintiffs are entitled to the relief demanded, and all or part of the relief requires the restraint of some act that is prejudicial to Plaintiffs.

### PRAYER

Based on the foregoing, Plaintiffs respectfully request that after a final trial on the merits, the Court enter a judgment in favor of Plaintiffs and against CCHFC awarding the declaratory and injunctive relief sought herein, attorney's fees, through trial and any appeal, under Section 37.009 of the UDJA, costs of court, and any other and further relief in law or in equity to which Plaintiffs are entitled.

Respectfully submitted,

/s/ David A. King
**DAVID A. KING**
State Bar No. 24083310
dking@abaustin.com
**JEFFREY J. HOBBS**
State Bar No. 24012837
hobbs@abaustin.com
**ARMBRUST & BROWN, PLLC**
100 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone (512) 435-2300
Facsimile (512) 435-2360

**ATTORNEYS FOR WILLIAMSON COUNTY**

-and-

/s/ R. Mark Dietz
**R. MARK DIETZ**
State Bar ID No. 05857200
mdietz@lawdietz.com
**DOUGLAS G. CORNWELL**
State Bar ID No. 24009024
dcornwell@lawdietz.com
**DIETZ & JARRARD, P.C.**
106 Fannin Avenue East
Round Rock, Texas 78664
(512) 244-9314

**ATTORNEYS FOR SIENA MUNICIPAL UTIILTY DISTRICT NO. 1 AND SIENA MUNICIPAL UTIILTY DISTRICT NO. 2**

CAUSE NO. _____

| | | |
|---|---|---|
| WILLIAMSON COUNTY, SIENA MUNICIPAL UTIILTY DISTRICT NO. 1, and SIENA MUNICIPAL UTIILTY DISTRICT NO. 2, *Plaintiffs,* | § § § § § § § | IN THE DISTRICT COURT |
| v. | § § | _____ JUDICIAL DISTRICT |
| THE CAMERON COUNTY HOUSING FINANCE CORPORATION and ALVIN LANKFORD, IN HIS OFFICIAL CAPACITY AS CHIEF APPRAISER OF WILLIAMSON CENTRAL APPRAISAL DISTRICT, *Defendants.* | § § § § § § § | WILLIAMSON COUNTY, TEXAS |

## VERIFICATION

1.      My name is Russ Boles.  My date of birth is ____1/19/1968_____, and my address is 3001 Joe DiMaggio Boulevard, Unit 1300, Round Rock, TX 78665.

2.      I have read Plaintiffs' Original Petition and Application for Temporary Restraining Order and Injunctive Relief, the factual statements contained in paragraphs 16-28 and 40-42 are within my personal knowledge based on information provided and made available to me as an elected official of Williamson County, and the factual statements contained therein are true and correct.

3.      Pursuant to Section 132.001, Civil Practice and Remedies Code, I declare under penalty of perjury that the foregoing is true and correct.

Executed in Williamson County, Texas, on March 4, 2025.

*Russ Boles*
_____
Russ Boles (Mar 4, 2025 16:29 CST)
The Honorable Russ Boles

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chelsea Coad on behalf of David King
Bar No. 24083310
ccoad@abaustin.com
Envelope ID: 98063219
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition- Filed and signed by atty David King and R. Mark Dietz- Env# 98063219
Status as of 3/4/2025 4:57 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David King | | dking@abaustin.com | 3/4/2025 4:47:40 PM | SENT |
| Jeff Hobbs | | jhobbs@abaustin.com | 3/4/2025 4:47:40 PM | SENT |
| Martha Adams | | madams@abaustin.com | 3/4/2025 4:47:40 PM | SENT |
| Chelsea Coad | | CCoad@abaustin.com | 3/4/2025 4:47:40 PM | SENT |

82

CAUSE NO. 348-362839-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | | |
| Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| PECOS HOUSING FINANCE | § | 348TH JUDICIAL DISTRICT |
| CORPORATION, a Texas nonprofit | | |

PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District,

## CERTIFICATE OF COMPLIANCE

Comes now, _____Alexander Lindvall_____, attorney of record for Plaintiff in the above-entitled and numbered cause, and pursuant to Tarrant County Local Rule 3.30(c) states as follows (check applicable box[es]):

[ ] "The party against whom ex parte relief is sought is represented by _____. Said counsel has been notified of the application and has stated that he/she does/does not wish to be heard."

[ ] "The party against whom ex parte relief is sought is represented by _____. Diligent attempts to notify the counsel have been unsuccessful, and the circumstances do not permit any additional efforts to give notice because _____."

[ ] "Diligent attempts to notify counsel for the party against whom ex parte relief is sought have been unsuccessful, and the circumstances do not permit additional efforts to give notice."

[ ] "To the best of my knowledge, the party against whom ex parte relief is sought is not represented by counsel in the matter made the basis of the relief sought and I have notified him/her of the application for ex parte relief and he/she does/does not wish to be heard."

[x] "To the best of my knowledge, the party against whom ex parte relief is sought is not represented by counsel in the matter made the basis of the relief sought, but I believe they should not be informed of this application for ex parte relief until after it is heard by the court because: I have notified Defendant Bobbitt of this action. He understands the nature of this action and did not express a desire to be heard; he simply asked that I forward him a copy of the TRO if granted. I have not notified Defendant Pleasanton HFC or Defendant La Villa HFC of this action. As explained in Arlington's petition, Arlington has good reason to believe these HFCs will rush to close on properties and acquire irreversible tax exemptions if they are made aware of this potential TRO.

Dated: _April 30, 2025_____.

Respectfully submitted,

_____
Signature
State Bar No.: _24139409_
Firm: _City of Arlington Attorney's Office_
Address _500 E. Border St., 11th Floor_
City: _Arlington, TX_

83

FILED
TARRANT COUNTY
5/1/2025 10:17 AM
THOMAS A. WILDER
DISTRICT CLERK

No. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 348ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| PECOS HOUSING FINANCE | § | TARRANT COUNTY, TEXAS |
| CORPORATION, a Texas nonprofit | § | |
| corporation; JOE DON BOBBITT, in his | § | |
| official capacity as Chief Appraiser of the | § | |
| Tarrant Appraisal District, | § | |
| | § | |
| *Defendants*. | § | |

## TEMPORARY RESTRAINING ORDER

After considering Plaintiff's application for a temporary restraining order ("TRO"), the pleadings, and the evidence presented, and with good cause appearing, the Court finds that —

1.      There is a current, live cause of action against Defendants Pecos Housing Finance Corporation ("Pecos HFC"), Pleasanton Housing Finance Corporation ("Pleasanton HFC"), La Villa Housing Finance Corporation ("La Villa HFC") (collectively "Defendant HFCs"), and Joe Don Bobbitt regarding Defendant HFCs' alleged efforts to bestow unlawful tax exemptions to properties located in the City of Arlington.  Specifically, Plaintiff has brought an action against Defendants seeking a declaratory judgment and injunctive relief based on Defendant HFCs' alleged violations of the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*

2.      Based on the petition, application, allegations, affidavits, and other evidence, it appears that Plaintiff has a probable right to the relief sought in that action.

3.      As alleged in Plaintiff's petition, and as supported by affidavits, Plaintiff has good reason to believe Defendant HFCs are about to close on at least one, perhaps several, multifamily dwellings in Arlington in the coming days or weeks, and at least two of Defendant HFCs have applied for tax exemptions and intend to remove that property from the tax rolls.

4.      Plaintiff will suffer imminent and irreparable harm if Defendant HFCs are allowed

to remove any further Arlington-based properties from the local tax rolls.  Specifically, if a TRO is not entered, Plaintiff will suffering imminent and irreparable harm because, if Defendant HFCs are allowed to remove further Arlington-based properties from the tax rolls, this will immediately and drastically impact Plaintiff's fiscal budgeting and decrease or eliminate the ad valorem taxes it otherwise could have collected from these properties.

5. There is no adequate remedy at law because Plaintiff's losses are continuing in perpetuity, they are not readily calculable, and there is no clear legal mechanism by which Plaintiff could recoup these tax losses in a court of law.

6. An *ex parte* order, without notice to Defendants, is necessary because (i) Plaintiff has shown there is a good reason to believe that, if notice is given, Defendant HFCs will rush to close on the disputed properties before a restraining order is issued; and (ii) there is insufficient time to give notice to Defendants, hold a hearing, and issue a TRO before imminent and irreparable harm occurs.

7. Accordingly, in light of the foregoing, the COURT ORDERS THE FOLLOWING:

   a. Defendant Pleasanton HFC, its officers, agents, employees, servants, and attorneys, and those in active concert or participation with them who receive actual notice of this order, are prohibited from (i) acquiring title to real property in the City of Arlington, Texas; or (ii) obtaining, seeking to obtain, or receiving tax exemptions for any properties located in the City of Arlington, Texas.

   b. Defendant La Villa HFC, its officers, agents, employees, servants, and attorneys, and those in active concert or participation with them who receive actual notice of this order, are prohibited from (i) acquiring title to real property in the City of Arlington, Texas; or (ii) obtaining, seeking to obtain, or receiving tax exemptions for any properties located in the City of Arlington, Texas.

   c. The Clerk shall issue notice to Defendant Pleasanton HFC and Defendant

La Villa HFC and that a hearing for Plaintiff's request for a temporary injunction is set for **May 15, 2025, at 1:30 p.m.**, in this Court. The purpose of this hearing shall be to determine whether this TRO should be made into a temporary injunction pending a full trial on the merits.

d.      Plaintiff is exempt from posting a bond pursuant to § 6.001 of the Texas Civil Practices and Remedies Code.

8.      This order in 14 days of further order, whichever occurs first.


Signed: May 1, 2025, at 10:05 a.m.


_____
Hon. Megan Fahey
Judge, 348th Judicial District Court
Tarrant County, Texas

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100317907
Filing Code Description: No Fee Documents
Filing Description: TRO
Status as of 5/1/2025 10:39 AM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/1/2025 10:17:36 AM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/1/2025 10:17:36 AM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/1/2025 10:17:36 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/1/2025 10:17:36 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/1/2025 10:17:36 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/1/2025 10:17:36 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/1/2025 10:17:36 AM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joe DonBobbitt | | jdbobbitt@tad.org | 5/1/2025 10:17:36 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/1/2025 10:17:36 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/1/2025 10:17:36 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/1/2025 10:17:36 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/1/2025 10:17:36 AM | SENT |

348-363561-25

FILED
TARRANT COUNTY
5/1/2025 12:52 PM
THOMAS A. WILDER
DISTRICT CLERK

**Alexander J. Lindvall**
Assistant City Attorney
Arlington City Attorney's Office
Phone: 817-459-5357
alexander.lindvall@arlingtontx.gov

ARLINGTON
THE AMERICAN DREAM CITY

May 1, 2025

Kassi Yukevich
TILLOTSON, JOHNSON & PATTON
1201 Main St., Ste. 1300
Dallas, Texas 75202
kyukevich@tillotsonlaw.com

> **Re:** **Rule 11 Agreement—Extending TRO and Temporary Injunction Hearing**
>
> Your client: Pecos Housing Finance Corporation
> My client: City of Arlington
> Case: *City of Arlington v. Pecos Housing Finance Corp. et al.*
> No. 348-363561-25

Kassi:

On April 11, 2025, in the above-captioned case, the Court issued a temporary restraining order ("TRO") against your client, Pecos Housing Finance Corporation. We previously agreed to extend that TRO's effective date to May 7 and to reschedule the parties' temporary injunction hearing for the same day.

Please allow this letter to serve as a Rule 11 agreement, confirming that **the parties agree to extend this TRO's effective date to May 15, 2025, and to reschedule the parties' temporary injunction hearing for May 15, 2025, at 1:30 p.m.** This extension of the existing TRO and the rescheduling of this case's temporary injunction hearing applies to **all parties**, including the City of Arlington, the Pecos Housing Finance Corporation, and the Tarrant County Appraisal District's Chief Appraiser, Joe Don Bobbitt.

Please sign in the space provided below, return to me via email, and we will file this Rule 11 Agreement pursuant to the Texas Rules of Civil Procedure. Thank you for your professional courtesy in this matter.

Sincerely,

Alexander J. Lindvall
Assistant City Attorney
City of Arlington Attorney's Office

**AGREED:**

*/s/ Kassi Yukevich* (w/ permission)
Kassi Yukevich
TILLOTSON, JOHNSON & PATTON
Attorney for Defendant Pecos HFC

Physical Address: 500 E. Border Street, 11th Floor • Arlington, Texas 76010
Mailing Address: P.O. Box 90231, MS 63-0300 -3231 • Arlington, Texas 76004
Phone: 817-459-6878 • Fax: 817-459-6897

88

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 100329943
Filing Code Description: Notice
Filing Description: Rule 11 Agreement re: Pecos HFC TRO
Status as of 5/1/2025 12:57 PM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/1/2025 12:52:51 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/1/2025 12:52:51 PM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/1/2025 12:52:51 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/1/2025 12:52:51 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/1/2025 12:52:51 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/1/2025 12:52:51 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/1/2025 12:52:51 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 5/1/2025 12:52:51 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/1/2025 12:52:51 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/1/2025 12:52:51 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/1/2025 12:52:51 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/1/2025 12:52:51 PM | SENT |

FILED
TARRANT COUNTY
5/5/2025 7:28 AM
THOMAS A. WILDER
DISTRICT CLERK

**No. 348-363561-25**

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE | § | 348th JUDICIAL DISTRICT |
| CORPORATION, a Texas nonprofit corporation; | § | |
| JOE DON BOBBITT, in his official capacity as | § | |
| Chief Appraiser of the Tarrant Appraisal District, | § | |
| | § | |
| | § | |
| *Defendants.* | § | TARRANT COUNTY, TEXAS |

<u>**ANSWER OF DEFENDANT JOE DON BOBBITT**</u>

NOW COMES Defendant, Joe Don Bobbitt, and files this answer to the Plaintiff's First Amended Petition. This Defendant would show the Court the following:

**PLEA TO THE JURISDICTION**

Plaintiff's decision to bring this case under the Declaratory Judgments Act rather than the administrative provisions of the Texas Property Tax Code means that this Court is deprived of jurisdiction over Mr. Bobbitt, and this case should be dismissed as to Mr. Bobbitt. Because of the pervasive regulatory scheme contained in the Texas Property Tax Code that provides the exclusive means for parties to resolve disputes in connection with the Texas Property Tax Code, there is no jurisdiction over Plaintiff's claim. *See* Tex. Tax Code 42.09 ("Remedies Exclusive"); *In re ExxonMobil Corp.*, 153 S.W.3d 605, 617 (Tex. App. – Amarillo 2004, orig. proceeding). Plaintiff's claims fit within the statutory framework of the Property Tax Code; the Declaratory Judgment Act cannot be used as a vehicle to avoid or evade the exclusive administrative process and remedies in the Tax Code. *Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 370-371 (Tex. App.—Fort Worth 2001, no pet.).

90

Additionally, Mr. Bobbitt, as Chief Appraiser for the Tarrant Appraisal District, is immune from the present action under the Declaratory Judgments Act ("DJA") because governmental immunity bars DJA actions against the state and its political divisions, and its employees, absent a legislative waiver. *See* TEX. TAX CODE § 6.01(c); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009); *Stiefer v. Moers*, No. 14-14-00617-CV, 2015 WL 6950104, at *3 (Tex. App.—Houston [14th Dist. Nov. 10, 2015, no pet.) (mem. op.). ("In sum, we conclude that the Moerses' declaratory judgment action does not state a waiver of governmental immunity.")

The DJA, in pertinent part, allows a person whose rights are affected by a statute to "have determined any question of construction or validity arising under the [statute] and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE § 37.004(a). As the courts have recognized, the DJA does not contain a general waiver of immunity, it only provides a limited waiver for challenges to the validity of an ordinance or statute. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552–53 (Tex. 2019) (emphasis added.). The DJA does not waive sovereign immunity when the plaintiff seeks a declaration of rights under a statute or other law. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011).

Plaintiff is not challenging the validity of any statute; rather, Plaintiff seeks to use the DJA to prohibit Mr. Bobbit and his employer, the Tarrant Appraisal District, from granting exemptions Plaintiff disagrees with. However, Plaintiff's remedies lie not in the DJA but in the exclusive remedies contained in the Property Tax Code. Specifically, as a taxing unit, the City's remedy is to bring a taxing-unit challenge under Texas Tax Code section 41.03. Such a remedy is part of the pervasive scheme known as the Property Tax Code. See, *In re ExxonMobil Corp.*at 617. ("Our review of the entire Tax Code leads us to conclude it is no less comprehensive with respect to the rights and duties of taxing units than those of property owners[.]"

The City of Arlington has failed to exhaust its administrative remedies. To properly invoke the subject-matter jurisdiction of the district court, the taxing unit must exhaust its administrative remedies before filing its suit for judicial review. *City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 618 (Tex. App.—Austin 2016, no pet.). Its failure deprives this Court of jurisdiction.

## DEFENDANT'S GENERAL DENIAL

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's First Amended Petition and demand strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that 1) this Court dismiss all claims against Defendant Joe Don Bobbitt, 2) Plaintiff take nothing by this action, 3) all costs be taxed against the Plaintiff, and 4) the Defendant have such other and further relief to which it may be justly entitled.

Respectfully submitted,

Low Swinney Evans & James, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735
(512) 379-5800
(512) 476-6685 (fax)
jevans@lsejlaw.com

By: /s/ James R. Evans, Jr
    James R. Evans, Jr.
    State Bar No. 06721500
    jevans@lsejlaw.com
    Eric Ruiz
    State Bar No. 24125845
    eruiz@lsejlaw.com

ATTORNEYS FOR DEFENDANT
JOE DON BOBBITT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the following counsel of record on this 5th day of May, 2025.

Mr. Alexander J. Lindvall
City of Arlington City Attorney's Office
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Evans, Jr. on behalf of James Evans, Jr.
Bar No. 6721500
jevans@lsejlaw.com
Envelope ID: 100415620
Filing Code Description: Answer/Response
Filing Description: Answer and Plea to the Jurisdiction of Defendant Bobbitt
Status as of 5/5/2025 8:17 AM CST

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/5/2025 7:28:22 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/5/2025 7:28:22 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/5/2025 7:28:22 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/5/2025 7:28:22 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/5/2025 7:28:22 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/5/2025 7:28:22 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/5/2025 7:28:22 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/5/2025 7:28:22 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/5/2025 7:28:22 AM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 5/5/2025 7:28:22 AM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 5/5/2025 7:28:22 AM | SENT |

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/5/2025 7:28:22 AM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/5/2025 7:28:22 AM | SENT |

Associated Case Party: JOEDONBOBBITT

94

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Evans, Jr. on behalf of James Evans, Jr.
Bar No. 6721500
jevans@lsejlaw.com
Envelope ID: 100415620
Filing Code Description: Answer/Response
Filing Description: Answer and Plea to the Jurisdiction of Defendant Bobbitt
Status as of 5/5/2025 8:17 AM CST

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joe DonBobbitt | | jdbobbitt@tad.org | 5/5/2025 7:28:22 AM | SENT |

348-363561-25

## CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| **CITY OF ARLINGTON** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PECOS HOUSING FINANCE** | § | |
| **CORPORATION, a Texas Nonprofit** | § | **348TH JUDICIAL DISTRICT** |
| **Corporation; JOE DON BOBBITT, in** | § | |
| **his official capacity as Chief Appraiser** | § | |
| **of the Tarrant Appraisal District** | § | |
| | § | |
| *Defendants.* | § | **TARRANT COUNTY, TEXAS** |

## DEFENDANT PECOS HFC'S PLEA TO THE JURISDICTION, MOTION TO TRANSFER VENUE, AND ORIGINAL ANSWER

NOW COMES Defendant Pecos Housing Finance Corporation ("Pecos HFC"), Defendant in the above-entitled and numbered cause, and file this, its Motion to Transfer Venue And, Subject Thereto, Original Answer and Affirmative Defenses to Plaintiffs' First Amended Petition ("Petition"). In support thereof, Defendant Pecos HFC respectfully shows the Court as follows:

### PLEA TO THE JURISDICTION

1. The gravamen of Plaintiff's complaint is that Pecos HFC has been "removing Arlington-based properties from the tax appraisal rolls[.]" Pet. at ¶ 1.

2. Rather than bring its case under the Property Tax Code, the City of Arlington ("Plaintiff" or "City"), Plaintiff brought suit under the Declaratory Judgment Act.

3. But the Texas Property Tax Code that provides the exclusive means for parties to resolve disputes in connection with the Texas Property Tax Code, there is no jurisdiction

**PECOS HFC'S PLEA TO THE JURISDICTION, MOTION TO TRANSFER VENUE,**
**AND ANSWER** **PAGE 1 OF 8**

over Plaintiff's claim. *See* Tex. Tax Code 42.09 ("Remedies Exclusive"); *In re ExxonMobil Corp.*, 153 S.W.3d 605, 617 (Tex. App.—Amarillo 2004, orig. proceeding).

4.      Plaintiff's claims related to any properties "removed" from the tax rolls plainly fall within the statutory framework of the Tax Code. As a result, the Declaratory Judgment Act cannot be used as a vehicle to avoid or evade the exclusive administrative process and remedies in the Tax Code. *Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 370-371 (Tex. App.—Fort Worth 2001, no pet.).

5.      Section 41.01 of the Tax Code sets out the duties of the appraisal review board, which, as relevant here, include the duties to determine protests initiated by property owners, determine challenges initiated by taxing units and "take any other action or make any other determination that this title specifically authorizes or requires." Tex. Tax Code § 41.41. Taxing units are entitled to bring challenges of designated actions before the appraisal review board, among them, challenges to the level of appraisals of any category of property in the district and challenges to an exclusion of property from the appraisal records. *Id.* § 41.03.

6.      Plaintiff's Petition does not allege that it has exhausted its administrative remedies prior to filing this suit because Plaintiff has not done so. Accordingly, this Court is deprived of jurisdiction over Pecos HFC. To properly invoke the subject-matter jurisdiction of the district court, the taxing unit must exhaust its administrative remedies before filing its suit for judicial review. *See, e.g.*, *City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 618 (Tex. App.—Austin 2016, no pet.).

7.      For these reasons, Pecos HFC respectfully requests that the Court dismiss this case in full.

## MOTION TO TRANSFER VENUE

8.      Pecos HFC respectfully requests that the Court transfer this action to Reeves County, pursuant to Section 15.063 of the Civil Practice and Remedies Code and Texas Rule of Civil Procedure 86.

9.      A motion to transfer venue is proper if (1) the County where the action is pending is not a proper county or (2) mandatory venue of the action in another county is prescribed by one or more specific statutory provisions. *See* Tex. R. Civ. P. 86.

10.     Section 15.063 of the Civil Practice and Remedies Code provides that "the court, on motion filed and served concurrently with or before the filing of the answer, shall transfer an action to another county of proper venue if […] the county in which the action is pending is not a proper county as provided by [Chapter 15 of the Civil Practice and Remedies Code]." Tex. Civ. Prac. & Rem. Code § 15.063(1). "In all venue hearings, no factual proof concerning the merits of the case shall be required to establish venue" and "[t]he court shall determine venue questions from the pleadings and affidavits." *Id.* § 15.064(a).

11.     Section 65.023(a) of the Civil Practice and Remedies Code mandates venue in a defendant's county of domicile for cases purely or primarily seeking injunctive relief. *Id.* § 65.023(a) ("[A] writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled."); *In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding) ("The statute placing venue for injunction suits in the county of the defendant's domicile is mandatory.").

12.     Section 65.023(a) is operative when a plaintiff's pleading in the underlying suit establishes the relief sought is "purely or primarily injunctive." *Cont'l Airlines*, 988 S.W.2d at

736; *Ex parte Coffee*, 328 S.W.2d 283, 287 (Tex. 1959) (orig. proceeding) (holding same regarding Section 65.023(a)'s predecessor statute); *Brown v. Gulf Television Co.*, 306 S.W.2d 706 (Tex. 1957) (holding that the injunction statute controlled venue, not the location of the real property at issue, in a dispute where an airport owner sought an injunction ordering removal of a television antenna allegedly interfering with an airport runway).

13. Plaintiff's goal here is clear: "a permanent injunction that prevents [Pecos HFC] from requesting tax exemptions for Arlington-based properties." 1st Am. Pet at Prayer ¶ C. Plaintiff's declaratory relief is functionally identical, asking the Court to declare Pecos HFC cannot "bestow tax exemptions to Arlington-based properties." 1st Am. Pet. at ¶ 33.

14. Courts in nearly identical contexts have consistently held that transfer is required, emphasizing that when the plaintiff is "seeking to stop [a defendant] from taking actions," then "the primary purpose of the lawsuit is injunctive." *In re FPWP GP LLC*, No. 05-16-01145-CV, 2017 WL 461355, at *4 (Tex. App.—Dallas Jan. 25, 2017, no pet.); *see also In re Daniel*, 12–06–00232–CV, 2006 WL 2361350, at *2 (Tex. App.—Tyler Aug. 16, 2006, orig. proceeding) (mem. op.).

15. There can be no doubt that Section 65.023(a) applies, and this matter should be transferred to Pecos HFC's domicile: Reeves County, Texas. Plaintiff's Petition indisputably reflects that Pecos HFC is not at home in Tarrant County, acknowledging it is at home "hundreds of miles away" from the City of Arlington in Reeves County, Texas. 1st Am. Pet. at ¶¶ 3, 5.

16. Plaintiff alleges that venue is proper in Tarrant County because (1) "all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant

County,:" (2) Pecos HFC "purposely availed [itself] to this venue," and (3) the suit "concerns real property located in Tarrant County," making Tarrant County the mandatory venue for this case pursuant to Texas Civil Practice and Remedies Code § 15.011. 1st Am. Pet. at ¶ 10. None of these allegations are sufficient to overcome the mandatory venue provision encompassed within Section 65.023 of the Civil Practice and Remedies Code.

17.     Section 15.002(a)(3) of the Civil Practice and Remedies Code provides that **"[e]xcept as otherwise provided by this subchapter or Subchapter B or C,** all lawsuits shall be brought […] (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; [or] (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person[.]" Tex. Civ. Prac. & Rem. Code § 15.002(a) (emphasis added).

18.     Section 15.016 of the Civil Practice and Remedies Code, codified within Subchapter B of Chapter 15 of the Civil Practice and Remedies, states that **"[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute."** *Id.* § 15.016 (emphasis added); *see also id.* § 15.001 (defining "proper venue" to mean "the venue required by the mandatory provisions of Subchapter B or another statute prescribing mandatory venue[.]").

19.     Because Section 65.023 of the Civil Practice and Remedies Code mandates venue in a defendant's county of domicile for cases purely or primarily seeking injunctive relief, it controls over the venue selection provisions encompassed within Section 15.002. *See id.* § 65.023(a).

20. In addition, Plaintiff's attempted invocation of Section 15.011 of the Civil Practice and Remedies Code is unavailing. Section 15.011 of the Civil Practice and Remedies Code states that only "[a]ctions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or part of the property is located." *Id.* § 65.023(a). Plaintiff has not pled any of the causes of action enumerated in section 15.011 and, therefore, this Court need not engage in an analysis of conflicting mandatory venue provisions under Subchapter B of Chapter 15 of the Civil Practice and Remedies Code.

## GENERAL DENIAL

21. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Pecos HFC generally denies the allegations contained in Plaintiff's Petition and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

22. Plaintiff's claims are barred in, whole or in part, because Plaintiff has failed to exhaust its administrative remedies.

23. Plaintiff's claims are barred in, whole or in part, by the doctrine of mootness/ripeness.

24. Plaintiff's claims are barred, in whole or in part, because by estoppel, laches, and/or waiver.

25. Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

26. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring the claims it asserts.

## PRAYER

WHEREFORE, Defendant Pecos HFC respectfully requests (i) dismiss all claims against Defendant Pecos HFC; or in the alternative, (ii) that this Court grant its Motion to Transfer Venue and transfer this suit to Reeves County, Texas; and, in the alternative and subject to Defendant's Motion to Transfer Venue, (iii) that Plaintiff takes nothing; and (iii) Defendant be awarded such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Dated: May 5, 2025                    Respectfully submitted,

/s/ *Kathryn E. Yukevich*
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Kathryn E. Yukevich
State Bar No. 24133390
kyukevich@tillotsonlaw.com
**TILLOTSON JOHNSON & PATTON**
1201 Main Street, Suite 1300
Dallas, TX 75202
Telephone: (214) 382-3041
Facsimile: (214) 292-6564


Blake W. Stribling
Texas Bar No. 24070691
Daniel J. Lecavalier
Texas Bar No. 24129028
**CHASNOFF | STRIBLING, LLP**
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: 210-469-4155
Email: bstribling@chasnoffstribling.com
Email: dlecavalier@chasnoffstribling.com

**ATTORNEYS FOR DEFENDANT
PECOS HOUSING FINANCE
CORPORATION**


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was e-filed with the Clerk of the Court and will be served via email upon all counsel of record and on this 5th day of May 2025.


/s/ *Kathryn E. Yukevich*
Kathryn E. Yukevich

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kathryn Yukevich
Bar No. 24133390
kyukevich@tillotsonlaw.com
Envelope ID: 100423717
Filing Code Description: Answer/Response
Filing Description: Defendant Pecos HFC's Plea to the Jurisdiction, Motion to Transfer, and Answer
Status as of 5/5/2025 10:21 AM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/5/2025 10:12:43 AM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/5/2025 10:12:43 AM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/5/2025 10:12:43 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/5/2025 10:12:43 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/5/2025 10:12:43 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/5/2025 10:12:43 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/5/2025 10:12:43 AM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joe DonBobbitt | | jdbobbitt@tad.org | 5/5/2025 10:12:43 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Liz Hansen | | lhansen@lsejlaw.com | 5/5/2025 10:12:43 AM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/5/2025 10:12:43 AM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 5/5/2025 10:12:43 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kathryn Yukevich
Bar No. 24133390
kyukevich@tillotsonlaw.com
Envelope ID: 100423717
Filing Code Description: Answer/Response
Filing Description: Defendant Pecos HFC's Plea to the Jurisdiction, Motion to Transfer, and Answer
Status as of 5/5/2025 10:21 AM CST

Case Contacts

| Eric Ruiz | | eruiz@lsejlaw.com | 5/5/2025 10:12:43 AM | SENT |
|---|---|---|---|---|
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/5/2025 10:12:43 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/5/2025 10:12:43 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/5/2025 10:12:43 AM | SENT |

FILED
TARRANT COUNTY
5/7/2025 1:34 PM
THOMAS A. WILDER
DISTRICT CLERK

No. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § | |
| v. | § § | 348TH JUDICIAL DISTRICT |
| | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District, | § § § § § | TARRANT COUNTY, TEXAS |
| *Defendants*. | § § § | |

---

## PLAINTIFF'S SECOND AMENDED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

---

TO THE HONORABLE JUDGE MEGAN FAHEY:

In support of its Second Amended Petition and Application for a Temporary Restraining Order and Injunctive Relief, Plaintiff City of Arlington ("Arlington") alleges the following:

### I. INTRODUCTION

1. This case concerns a misuse and abuse of the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* Arlington recently learned that the Pecos Housing Finance Corporation ("Pecos HFC"), the Pleasanton Housing Finance Corporation ("Pleasanton HFC"), and the La Villa Housing Finance Corporation ("La Villa HFC") (collectively, "Defendant HFCs") have been unlawfully removing Arlington-based properties from the tax appraisal rolls in exchange for monetary kickbacks, resulting in the loss of millions of dollars in real property value from the local tax base.

2. The Defendant HFCs' scheme seems to work like this: a private developer acquires land for a new multifamily development (or acquires an already-existing development) in a city outside the HFC's local jurisdiction; the private developer then conveys that property to the HFC; the HFC, as the new owner, then applies for and receives a 100% tax exemption, and the property is removed from the tax rolls; the HFC then leases that now-exempt property to a private landlord

PLAINTIFF'S SECOND AMENDED PETITION AND
APPLICATION FOR TRO AND INJUNCTIVE RELIEF

(oftentimes the same developer who originally purchased the property), who then shares the profits with the HFC. The upshot of this scheme is that the developer and landlord get a massive tax exemption, the HFC gets to collect fees and a portion of the development's profits, and the other city (in this case, Arlington) bears 100% of the downside.

3. In short, a handful of tiny public corporations, located hundreds of miles away in small towns with no connection to Arlington, have drastically reduced Arlington's yearly tax revenue by millions of dollars while they rake in undeserved fees and profits from Arlington-based rental properties. Arlington now asks this Court to halt the Defendant HFCs' unlawful behavior before they do any further irreversible damage to Arlington's tax base, and to stop the Chief Appraiser of the Tarrant Appraisal District from granting tax exemptions requested by the Defendant HFCs for any Arlington-based properties.

## II. PARTIES

4. Plaintiff City of Arlington is a home-rule municipality located in Tarrant County, Texas.

5. Defendant Pecos HFC is a Texas nonprofit corporation. It may be served with citation through its registered agent, John Salcido, at 2320 Teague Dr., Pecos, Texas 79772, or wherever else he may be located.

6. Defendant Pleasanton HFC is a Texas nonprofit corporation. It may be served with citation through its registered agent, Johnny Huizar, at 108 Second St., Pleasanton, Texas 78064, or wherever else he may be located.

7. Defendant La Villa HFC is a Texas nonprofit corporation. It may be served with citation through its registered agent, Rosa Perez, at 916 South Mike Chapa Dr., La Villa, Texas 78562, or wherever else he may be located.

8. Defendant Joe Don Bobbitt is the Chief Appraiser of the Tarrant Appraisal District. He is being sued in his official capacity only.

## III. JURISDICTION, VENUE, AND DISCOVERY CONTROL PLAN

9. This Court has jurisdiction over this matter because Plaintiff seeks relief within the

jurisdictional limits of this Court. *See* Tex. Civ. Prac. & Rem. Code §§ 65.001 *et seq.*; Tex. Tax Code §§ 43.01, 43.03; Tex. R. Civ. P. 680.

10.     Venue is proper in Tarrant County because all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant County—and by conducting business in Tarrant County, the Defendant HFCs have purposely availed themselves to this venue. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). This suit, moreover, concerns real property located in Tarrant County, making Tarrant County the mandatory venue for this case. *See id.* § 15.011.

11.     Venue is also proper pursuant to the Tax Code. The Tax Code provides that "[a] taxing unit," like Arlington, "may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with . . . applicable law." Tex. Tax Code § 43.01. And it further provides that, in such a suit, "[v]enue is in the county in which the appraisal district is established." *Id.* § 43.02. As such, because Arlington (a taxing unit) is suing the Tarrant Appraisal District, Tarrant County is the mandatory venue for this case. *Id.* Sections 43.01 and 43.03 of the Tax Code, moreover, waive any governmental immunity Defendant Bobbitt might have.

12.     Arlington intends to conduct discovery in this case under the Level 3 discovery control plan. *See* Tex. R. Civ. P. 190.4.

IV.     **BACKGROUND & RELEVANT LAW**

    A.     **The Texas Housing Finance Corporation Act.**

13.     This suit concerns the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* ("the Act"). The Act was passed in 1979 to help facilitate the development of low-income housing. *See* Tex. Local Gov't Code § 394.002(a) (the Act's purpose is to "provide a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments").

14.     To help create more low-income housing, the Act empowers local governments to create Housing Finance Corporations, or HFCs—nonprofit organizations, comprised of local officials, that help coordinate and facilitate affordable-housing projects. *See* Tex. Local Gov't Code §§ 394.002, 394.011(a), 394.032. And because HFCs are (at least in theory) furthering a

public purpose, the Act provides that HFC-owned properties and the income derived from those properties are tax-exempt. *Id.* § 394.905 ("The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of this state.").

15. HFCs are commonly a part of public/private real estate partnerships, in which a private developer acquires land for a new development or acquires an existing multifamily project and then conveys it to an HFC, which then acquires tax-exempt status for the property and leases the property to a private landlord who, in turn, pays fees to the HFC and shares the profits generated by the property with the HFC.

16. But because the Act allows for such an enormous tax benefit, it provides two specific restrictions on what residential developments an HFC can tax-exempt: (1) a residential development can receive tax exemption from an HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income," as defined by the statute, *id.* § 394.004; and (2) the residential development "must be located within the local government," *id.* § 394.903.

17. An HFC, in other words, can tax-exempt a residential development only if the development is located within the HFC's local jurisdiction and is actually used to house low-income individuals. *See id.* §§ 394.004, 394.903.

**B. Several faraway HFCs are unlawfully exempting properties in Arlington that do not house low-income residents.**

18. Arlington recently learned that the Defendant HFCs have been ignoring these statutory restrictions and has been giving tax exemptions to large, multifamily housing developments in Arlington without Arlington's knowledge, input, or approval. [Affidavit of Mindy Cochran, attached hereto as **Exhibit 1**, at ¶¶ 4–10.]

19. The Defendant HFCs' unlawful tax-exemption scheme has removed tens of millions of dollars from Tarrant County taxing units' tax rolls and has caused Arlington to lose

millions of dollars in annual tax revenue. [*Id.* at ¶ 10.]

20.  To illustrate, several months ago, Defendant Pecos HFC acquired the Zenith North Collins (735 Washington Dr.) apartment complex—an already-built, upscale apartment complex located next to a golf course in Arlington.[1]  [*Id.* at ¶ 5.]  After acquiring this complex, the Pecos HFC applied for and received a full tax exemption for this property.  [*Id.*]  And after receiving that exemption, it leased the complex to a private landlord and now collects a share of that complex's profits.  [*Id.*]  This property was appraised at $86 million.  [*Id.*]  So, when it was removed from the tax rolls, that caused the Tarrant County Appraisal District to lose $1.7 million in annual ad valorem tax revenue, and Arlington's share of that revenue was approximately $447,000.  [*Id.*]

21.  In other words, by exempting just one apartment complex in Arlington, the Pecos HFC caused Arlington to lose roughly $447,000 in annual tax revenue, and there is no clear path for Arlington (or other affected local entities) to recoup that loss.  [*See id.*]

22.  To make matters worse, the Zenith North Collins doesn't even provide low-income housing.  With fees and rent, a three-bedroom apartment in this complex costs well over $3,000 per month, and a two-bedroom is around $2,000 per month.[2]  And upon information and belief, this complex does not come close to meeting the 90%-low-income-housing threshold needed to receive an exemption under the Act.  *See* Tex. Local Gov't Code § 394.004 (providing that a residential development can receive tax exemption from a HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income").

23.  This is a widespread problem across the state.  The City of Euless, for example, has seen at least a 2% drop in its overall annual revenue after a *single* apartment complex received tax-exempt status from the Cameron County HFC;[3] and Dallas, Fort Worth, McKinney, Irving, Lewisville, and other north Texas cities have reported millions of dollars in total lost tax revenue.[4]

---

[1]  At the time of acquisition, this complex was known as the "Jefferson North Collins" apartment complex.

[2]  https://www.zenitharlington.com/floorplans/.

[3]  Andrea Lucia, *Euless Loses 2 Percent of Revenue to Controversial Tax Break Approved in Faraway County*, CBS News (Feb. 21, 2024).

[4]  Andrea Lucia, *Housing Group Made Millions Getting Tax Breaks for Developers, Costing Cities and Schools Even More*, CBS News (Dec. 22, 2023).

Worse, these out-of-jurisdiction HFCs are often bestowing tax-exempt status to already-built structures (not new projects), and many of the exempted properties aren't even affordable-housing projects; they are typical for-profit apartments and condos, usually located in upmarket neighborhoods, that do not offer reduced rent, housing vouchers, or other benefits to low-income applicants.[5]

24. Upon information and belief, the Pecos HFC also recently bestowed tax-exempt status to another apartment complex in Arlington called Cedar Point (2020 Cedar Point Dr.). [Exhibit 1 at ¶ 6.] That property is appraised at approximately $27.5 million, and Arlington's lost ad valorem tax revenue because of this tax exemption amounts to about $165,000 per year. [*Id.*] That complex, similarly, does not offer affordable housing as contemplated by the Act.

25. Arlington, moreover, has good reason to believe the Pecos HFC plans to close on several more Arlington-based properties in the coming months, and that it is on the verge of closing on one of those properties in the coming days. [*Id.* at ¶ 10; Affidavit of Molly Shortall, attached hereto as **Exhibit 2**, at ¶ 5.]

26. Arlington also recently learned that the Pleasanton HFC and the La Villa HFC have been engaging in the same sort of unlawful tax-exemption scheme in Arlington. [Exhibit 1 at ¶¶ 4, 8–9.]

27. The Pleasanton HFC has acquired at least two properties in Arlington: The Washington apartment complex (707 Washington Dr.) and Cedars and River Legacy Park (903 Ashford Ln.). [*Id.* at ¶ 8.] Upon information and belief, the Pleasanton HFC has applied for, but has not yet received, tax exemptions for these properties. [*Id.*]

28. The Washington is appraised at approximately $34.5 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $754,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $207,000 per year. [*Id.* at ¶ 8a.] Cedars and River Legacy Park is appraised at approximately $32.5 million;

---

[5] *Id.* (documenting that an out-of-town HFC purchased an apartment complex in a "luxurious community" in Irving and that the tenants' rents went *up* significantly under the HFC's ownership).

if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $710,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $195,000 per year. [*Id.* at ¶ 8b.]

29.     In other words, if the Pleasanton HFC receives tax exemptions for these properties, it will likely cause Arlington to lose over $400,000 in annual ad valorem tax revenue. [*Id.* at ¶ 8.]

30.     Arlington also recently learned that the La Villa HFC has acquired at least one property in Arlington: The Carmin apartment complex (711 Brentford Pl.). [*Id.* at ¶ 9.] Upon information and belief, the La Villa HFC has applied for, but has not received, a tax exemption for this property. [*Id.*] The Carmin is appraised at $23.9 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $522,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $143,000 per year. [*Id.*] In other words, if the La Villa HFC receive a tax exemption for this property, it will likely cause Arlington to lose about $143,000 in annual ad valorem tax revenue. [*Id.*]

31.     Because of the widespread nature of this practice (see ¶ 22 *supra*), there has been a strong legislative push to (even more) explicitly outlaw this sort of tax-exemption scheme. *See*, *e.g.*, 2025 H.B. No. 21 (link). Upon information and belief, because this sort of scheme is about to become indisputably illegal, HFCs have been scrambling to close their out-of-jurisdiction projects and apply for undeserved tax exemptions.

## V.     CAUSE OF ACTION: DECLARATORY JUDGMENT & TAX CODE

32.     Texas's Uniform Declaratory Judgments Act (UDJA) allows trial courts to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Tex. Civ. Prac. & Rem. Code § 37.003. The UDJA further provides that "[a] person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a). The Legislature intended the UDJA to be "remedial" and "liberally construed," and "its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Id.* § 37.002(b).

33. In a declaratory action, like this one, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* § 37.009.

34. Arlington asks for a declaratory judgment from this Court declaring that the Act does not allow the Defendant HFCs to bestow tax exemptions to Arlington-based properties.

35. The Tax Code, moreover, provides that "[a] taxing unit," like Arlington, "may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with . . . applicable law." Tex. Tax Code § 43.01. And it further empowers this Court to "enter . . . orders necessary to compel compliance by the appraisal office." *Id.* § 43.03.

36. Pursuant to these laws, Arlington asks for this Court to prevent Defendant Bobbitt from unlawfully awarding any further tax exemptions to the Defendant HFCs. *See id.* §§ 43.01, 43.03; Tex. Civ. Prac. & Rem. Code §§ 37.001 *et seq.*

## VI. APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

37. To stop the Defendant HFCs from unlawfully removing any more Arlington-based properties from the tax rolls, Arlington asks this Court for a temporary restraining order ("TRO") that prohibits the Defendant HFCs from (a) closing on any Arlington-based properties or (b) requesting, obtaining, or receiving any tax exemptions for Arlington-based properties.

38. Arlington further requests a TRO that prohibits Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, from granting tax exemptions requested by the Defendant HFCs regarding any Arlington-based properties.

39. Arlington requests the Court to issue this TRO without notice to Defendants. Rule 680 allows the Court to issue a TRO without notice if it "clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." Tex. R. Civ. P. 680.

40. Arlington has seen a surge in out-of-jurisdiction HFC activity, with many moving to close on properties and apply for tax exemptions at breakneck speed; and at least one of the Defendant HFCs has averred to the Arlington City Attorney that it is on the verge of closing on at

least one Arlington-based property in the coming days [Exhibit 2 at ¶ 5], and Arlington believes these HFCs will rush to close on deals and seek exemptions if they are made aware of this TRO application.

43. The Pleasanton HFC and the La Villa HFC, moreover, have recently closed on Arlington properties and, upon information and belief, plan to request undeserved tax exemptions for these properties. [Exhibit 1 at ¶¶ 8–9.] If these HFCs receive these requested exemptions, Arlington will irrevocably lose about $545,000 in annual ad valorem tax revenue. [*Id.*]

42. Additionally, as previously noted, this sort of tax-exemption scheme is, in all likelihood, about to become indisputably illegal, and Arlington believes the Defendant HFCs are already in a rush to close on as many out-of-jurisdiction deals as possible in the coming weeks and months. A no-notice TRO will prevent this unlawful behavior from occurring and will not unduly prejudice the Defendant HFCs in the short-term.

43. Judge Betsy Lambeth, of the 425th District Court in Williamson County, recently granted a no-notice TRO against the Cameron County HFC on virtually identical grounds. [*See* Plf. Orig. Pet. & TRO, *Williamson Cnty. et al. v. Cameron Cnty. Housing Finance Corp.*, 425th Judicial District Court, No. 25-0488-C425 (March 5, 2025), attached hereto as **Exhibit 3**.]

44. This Court should follow suit and issue a TRO that prevents the Defendant HFCs from overstepping their jurisdictional bounds and from requesting tax-exempt status for any Arlington-based properties. And out of an abundance of caution, this Court should also issue a TRO against the Defendant Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, that prevents him from granting tax exemptions requested by the Defendant HFCs regarding any Arlington-based properties.

45. Once that TRO has expired, Arlington asks for a temporary injunction. "To obtain a temporary injunction, [an] applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "Whether to grant or deny a temporary injunction is within the trial court's sound

discretion," and an order granting injunctive relief will be reversed on appeal only if "the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Id.*

46.     All these elements are present.  Arlington has pled two causes of action against Defendants: a declaratory action under the UDJA and an action pursuant to Chapter 43 of the Tax Code.  Tex. Civ. Prac. & Rem. Code §§ 37.001 *et seq.*; Tex. Tax Code §§ 43.01 *et seq.*  Arlington has shown it will likely be successful in these actions, as the Act's plain language prohibits the Defendant HFCs' complained-of conduct.  And, in the absence of injunctive relief, the Defendant HFCs are likely to close on several more Arlington-based properties and seek 100% tax exemptions, which would lead to an irreversible removal of these properties from the local tax rolls, causing Arlington to forever lose out on hundreds of thousands, if not millions, of much-needed tax revenues.  Simply put, this is precisely the sort of case in which equitable relief is warranted.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff City of Arlington respectfully asks this Court for the following relief:

(A)     To issue a TRO against the Defendant HFCs and Defendant Joe Don Bobbitt that (i) prevents the Defendant HFCs from requesting tax exemptions for any Arlington-based properties, and (ii) prevents Mr. Bobbitt from granting tax exemptions requested by the Defendant HFCs regarding any Arlington-based properties.  A proposed TRO was filed contemporaneously herewith.

(B)     After the expiration of this TRO, and after a hearing, to issue a temporary injunction against the same Defendants that enjoins the same unlawful conduct pending trial.

(C)     After the expiration of this temporary injunction, and after a final trial on the merits, to issue (i) a declaratory judgment declaring that the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*, does not allow the Defendants HFCs to bestow tax-exempt status to properties located in Arlington; and (ii) a permanent injunction that prevents the Defendant HFCs from requesting

tax exemptions for Arlington-based properties.

(D)     To award Plaintiff its attorney's fees and costs.

(E)     To award any other relief this Court deems appropriate.

Respectfully submitted,

By:   */s/  Alexander J. Lindvall*
        Galen G. Gatten
            State Bar No. 24032226
            galen.gatten@arlingtontx.gov
        Alexander J. Lindvall
            State Bar No. 24139409
            alexander.lindvall@arlingtontx.gov
        Jonathan M. Moss
            State Bar No. 24084934
            jonathan.moss@arlingtontx.gov
        Joseph N. Nguyen
            State Bar No. 24058021
            joseph.nguyen@arlingtontx.gov
        Nena Chima-Tetteh
            State Bar No. 24113691
            nena.chima-tetteh@arlingtontx.gov

**City of Arlington City Attorney's Office**
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004
Phone:  817-459-6878
Fax:     817-459-6897

**ATTORNEYS FOR PLAINTIFF**
**CITY OF ARLINGTON**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 100550809
Filing Code Description: Amended Filing
Filing Description: Plaintiff's Second Amended Petition
Status as of 5/7/2025 1:56 PM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/7/2025 1:34:42 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/7/2025 1:34:42 PM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/7/2025 1:34:42 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/7/2025 1:34:42 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/7/2025 1:34:42 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/7/2025 1:34:42 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/7/2025 1:34:42 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 5/7/2025 1:34:42 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/7/2025 1:34:42 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 5/7/2025 1:34:42 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/7/2025 1:34:42 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 5/7/2025 1:34:42 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/7/2025 1:34:42 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/7/2025 1:34:42 PM | SENT |

## AFFIDAVIT OF MINDY COCHRAN

STATE OF TEXAS        )
                         ) ss.

TARRANT COUNTY     )

I, Mindy Cochran, declare under penalty of perjury that the following statements are based on my personal knowledge and are true and correct.

1. I am the Executive Director of the City of Arlington's Housing Department.

2. In my role as Housing Executive Director, I often work with the Arlington Housing Finance Corporation, and I am familiar with Housing Finance Corporations ("HFCs") and Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*

3. It is well-accepted that HFCs are allowed to partake in real estate projects only if the project is within the HFC's local jurisdiction. *See* Tex. Local Gov't Code § 394.903. The Arlington HFC, for instance, does not do business in any jurisdiction except the City of Arlington. It is also well-accepted that HFCs can bestow tax exemptions only to properties that are primarily used to house low-income individuals, *see id.* § 394.004, as the stated statutory purpose of HFCs is to create affordable housing for low-income individuals, *id.* § 394.002(a), and the Texas HFC Act specifically states that a residential development can receive an HFC tax exemption only if at least 90% of that development "is for use by or is intended to be occupied by persons of low and moderate income," *id.* § 394.004.

4. The City of Arlington, however, recently learned that HFCs based out of Pecos, Pleasanton, and La Villa, Texas, have been bestowing tax exemptions to large, multifamily housing developments in Arlington without the City's knowledge.

5. Several months ago, for example, the Pecos HFC acquired the Jefferson North Collins apartment complex (currently doing business as the Zenith apartment complex)—an already-built, upscale apartment complex located near an Arlington golf course at 735 Washington Drive. After acquiring this property, the Pecos HFC applied for and received a full tax exemption for this property. After receiving that exemption and removing the property from the tax rolls, the Pecos HFC then leased the complex to a private landlord and, upon information and belief, the Pecos HFC now collects a portion of that complex's profits. That property was appraised at $86 million—and when it was taken off the tax rolls, that caused the Tarrant County Appraisal District to lose $1.7 million in annual ad valorem tax revenue, and Arlington's share of that lost revenue was approximately $447,000.

6. Upon information and belief, the Pecos HFC also recently acquired tax-exempt status for another Arlington apartment complex: Cedar Point (2020 Cedar Point Drive). Cedar Point is appraised at approximately $27.5 million, and Arlington's share of that lost ad valorem tax revenue amounts to about $165,000 per year.

7. The Pecos HFC also recently acquired title to the Westley Apartments (2612 Cinnamon Park Circle). Upon information and belief, the Pecos HFC has requested, but has not received, a tax exemption for this property.

8.     Arlington also recently learned that the Pleasanton HFC has acquired at least two properties in Arlington: The Washington apartment complex (707 Washington Dr.) and Cedars at River Legacy Park (903 Ashford Ln.). Upon information and belief, the Pleasanton HFC has applied for, but has not received, tax exemptions for these properties.

    a.     The Washington is appraised at approximately $34.5 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $754,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $207,000 per year.

    b.     Cedars at River Legacy Park is appraised at approximately $32.5 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $710,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $195,000 per year.

In other words, if the Pleasanton HFC receives tax exemptions for these properties, it will likely cause Arlington to irrevocably lose over $400,000 in annual ad valorem tax revenue.

9.     Arlington also recently learned that the La Villa HFC has acquired at least one property in Arlington: The Carmin apartment complex (711 Brentford Pl.). Upon information and belief, the La Villa HFC has applied for, but has not received, a tax exemption for this property. The Carmin is appraised at $23.9 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $522,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $143,000 per year. In other words, if the La Villa HFC receives a tax exemption for this property, it will likely cause Arlington to irrevocably lose about $143,000 in annual ad valorem tax revenue.

10.     This unlawful tax-exemption scheme has already removed tens of millions of dollars from Tarrant County taxing units' tax rolls and has caused Arlington to lose hundreds of thousands, if not millions, of dollars in annual tax revenue. Upon information and belief, these HFCs currently have several more pending real estate deals and have requested tax exemptions regarding Arlington-based properties. If these HFCs acquire any further Arlington-based multifamily properties and remove them from the tax rolls, they could decimate Arlington's budget.

Date: 4/30/25

Mindy Cochran
Executive Director, Housing Department
City of Arlington, Texas

\*    \*    \*    \*

Subscribed to and sworn to before me on this ___30___ day of _____April_____ 2025.



ERICA NICOLE SALAS
Notary Public, State of Texas
Comm. Expires 02-26-2028
Notary ID 132150321

Notary Public,
State of Texas

2

119

## AFFIDAVIT OF MOLLY SHORTALL

| | |
|---|---|
| **STATE OF TEXAS** | ) |
| | ) ss. |
| **TARRANT COUNTY** | ) |

I, Molly Shortall, declare under penalty of perjury that the following statements are based on my personal knowledge and are true and correct.

1.      I am the City Attorney for the City of Arlington, Texas.  This affidavit concerns my personal knowledge related to the soon-to-be-filed lawsuit *City of Arlington v. Pecos Housing Corporation et al.*, No. _____, in Tarrant County District Court.

2.      In early 2025, the City of Arlington learned that a large, multifamily apartment complex located in Arlington had been unexpectedly removed from the tax rolls, causing Arlington to lose hundreds of thousands of dollars in expected property tax revenue.  Arlington later learned that this property received tax-exempt status because it was acquired by the Pecos Housing Finance Corporation ("Pecos HFC").

3.      To learn more about why the Pecos HFC was acquiring and tax-exempting properties in Arlington—which is more than 400 miles outside its local jurisdiction—Arlington sent multiple open records requests to the Pecos HFC, and Arlington's mayor sent the Pecos HFC a letter inquiring about its unusual, out-of-jurisdiction business practices.

4.      Not long after Arlington sent this letter and these open records request, I received an email from Kassi Yukevich, an attorney at Tillotson, Johnson & Patton, who purported to represent the Pecos HFC, asking to schedule a call to discuss Arlington's records requests and concerns.

5.      On March 28, 2025, I spoke with Ms. Yukevich on the phone.  She told me that the Pecos HFC was involved in multiple projects in Arlington, that it had already closed on several of those projects, that one project was currently on the verge of closing, and that the Pecos HFC was "contemplating" several other projects in Arlington.  Given Arlington's concerns (i.e., the drastic reduction in its tax revenue every time the Pecos HFC tax-exempts a large apartment complexes), Ms. Yukevich suggested that the Pecos HFC could hold off on closing on any more Arlington-based properties "except for one," because the real estate transaction was "too far along," and the Pecos HFC was on the verge of closing on this property.

Date: 4/10/25

_____
Molly Shortall
City Attorney, City of Arlington, Texas

\*   \*   \*   \*

Subscribed to and sworn to before me on this 10th day of April _____ 2025.



ERICA NICOLE SALAS
Notary Public, State of Texas
Comm. Expires 02-26-2028
Notary ID 132150321

_____
Notary Public,
State of Texas

1

**120**

348-363561-25

FILED
9:39 o'clock A M
C.G.

MAR 0 5 2025

Lisa David
District Clerk, Williamson Co., TX

CAUSE NO. 25-0488-C425

WILLIAMSON COUNTY, SIENA       §
MUNICIPAL UTIILTY DISTRICT NO. 1,  §
and SIENA MUNICIPAL UTIILTY     §
DISTRICT NO. 2,                 §
    *Plaintiffs,*              §
                §
    v.                         §
                §
THE CAMERON COUNTY HOUSING      §
FINANCE CORPORATION,            §
    *Defendant.*               §

IN THE DISTRICT COURT

**425** JUDICIAL DISTRICT

WILLIAMSON COUNTY, TEXAS

## TEMPORARY RESTRAINING ORDER

After considering the application for a temporary restraining order filed by Plaintiffs in the above-styled matter, the pleadings, and the evidence, the Court finds that —

1. There is a current controversy over Defendant Cameron County Housing Finance Corporation's ("CCHFC") efforts to seek exemption from ad valorem taxes for properties located in Williamson County, including the following real properties:

    a. Lot 1, Siena Section 30, according to the map or plat thereof recorded as Document No. 2020037410 in the Official Public Records of Williamson County, Texas, located at 6531 CR 110, Round Rock, Texas, 78655. That property is a 13.677-acre tract of land on which a multi-family apartment project known as Siena Round Rock Apartments has been built ("Siena Round Rock").

    b. Lot 2, Block A, Siena South, according to the map or plat thereof recorded as Document No. 20200099820 in the Official Public Records of Williamson County, Texas, located at 5540 Sofia Place, Round Rock, Texas 78665. That Property is a

Temporary Restraining Order – Page 1 of 3

15.0496-acre tract of land on which a multi-family apartment project known as The Sommery has been built ("The Sommery").

2.      As alleged in the Plaintiffs' petition and supporting verification, CCHFC currently owns Sienna Round Rock, and intends to acquire The Sommery, and seeks to remove both properties from the Williamson Central Appraisal District ad valorem tax rolls, purportedly under Section 394.905 of the Texas Local Government Code.

3.      Imminent harm and irreparable harm will result if CCHFC is permitted to acquire The Sommery and seek and obtain exemptions of Sienna Round Rock and The Sommery from the William Central Appraisal District ad valorem tax rolls. Specifically, if a temporary restraining order is not granted, imminent and irreparable harm will result to Plaintiffs since those properties within their jurisdictions will be removed from the tax rolls, which will immediately impact their fiscal budgeting and decrease the ad valorem taxes they otherwise could collect for these properties.

4.      There is no adequate remedy at law because such damages or harm to Plaintiffs cannot be calculated.

5.      An *ex parte* order, without notice to CCHFC, is necessary because there is not enough time to give notice to CCHFC, hold a hearing, and issue a restraining order before the imminent and irreparable injury, loss or damage occurs.

6.      Therefore, the Court ORDERS that—

   a.      CCHFC, as well as its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with CCHFC, are prohibited from (i) acquiring real property in

Temporary Restraining Order – Page 2 of 3

122

Williamson County, including The Sommery; (ii) seeking or obtaining exemptions from ad valorem taxes for real property in Williamson County, including Siena Round Rock and The Sommery.

b. The clerk shall issue notice to CCHFC that the hearing on Plaintiffs' request for temporary injunction is set for **March 13**, 2025 at **9:00** a.m./p.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

c. Plaintiffs are exempt from posting a bond pursuant to Section 6.001 of the Texas Civil Practice and Remedies Code and Section 49.066(f) of the Texas Water Code.

7. This order expires on **March 14**, 2025 at **9:00**, **A**.m.

Signed: March **5**, 2025

_____
Presiding Judge

Filed: 3/4/2025 4:47 PM
Lisa David, District Clerk
Williamson County, Texas
Jennifer Sims

CAUSE NO. _25-0488-C425_____

| | | |
|---|---|---|
| WILLIAMSON COUNTY, SIENA MUNICIPAL UTIILTY DISTRICT NO. 1, and SIENA MUNICIPAL UTIILTY DISTRICT NO. 2,<br>    *Plaintiffs,*<br><br>    v.<br><br>THE CAMERON COUNTY HOUSING FINANCE CORPORATION,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>Williamson County - 425th Judicial District Court<br><br><br>_____ JUDICIAL DISTRICT<br><br><br><br>WILLIAMSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

Plaintiffs Williamson County, Siena Municipal Utility District No. 1, and Siena Municipal Utility District No. 2 file this Original Petition against Defendant The Cameron County Housing Finance Corporation, and would respectfully show the Court the following:

### I.
### INTRODUCTION AND NATURE OF THE CASE

1. This case involves an abuse of the Texas Housing Finance Corporation Act ("Act"), by which The Cameron County Housing Finance Corporation ("CCHFC") — a housing corporation located in and created by a county halfway across the state — seeks to remove two multifamily developments in Williamson County from the tax appraisal rolls, resulting in the loss of millions of dollars in real property value from the local tax base.

2. CCHFC's strategy, which is in direct contravention of the Act, would allow

this entity — located over 300 miles away — to take advantage of tax and other monetary incentives for a multi-family housing project in Williamson County, all without Williamson County's participation and consent. Through this strategy, CCHFC seeks to benefit from fees and a portion of cash flow from the projects by the developers, while Williamson County receives no such benefits, and instead is left to suffer from the removal of those properties from the tax appraisal rolls.

3. To be sure, creation of affordable housing opportunities is a worthy mission, one that Williamson County has supported and will continue to support (including through its own locally-operating housing finance corporation). But CCHFC improperly seeks to deprive the elected officials of Williamson County — where these projects are located — from engaging in the critical cost-benefit analysis necessary to determine whether the public benefits of these multi-family housing projects are worth the elimination of tax revenues that are otherwise due to the local community.

4. The Act does not authorize CCHFC's actions. Indeed, on its face, the Act prohibits them. Accordingly, Plaintiffs seek a declaration that the Act does not permit CCHFC to acquire and remove property in Williamson County, including the two properties at issue, from the tax appraisal rolls, and an injunction prohibiting such actions.

## II.
## DISCOVERY CONTROL PLAN AND STATEMENT OF RELIEF

5. Plaintiffs intend to conduct discovery under the Level 3 discovery rules of Rule 190 of the Texas Rules of Civil Procedure and will submit a proposed scheduling

order with a discovery control plan tailored to the circumstances of the specific suit. Plaintiffs seeks nonmonetary relief in the form of declaratory and injunctive relief.

## III.
## PARTIES

6. Plaintiff Williamson County is a Texas county.

7. Plaintiff Siena Municipal Utility District No. 1 is a municipal utility district whose boundaries are located within Williamson County.

8. Plaintiff Siena Municipal Utility District No. 2 is a municipal utility district whose boundaries are located within Williamson County.

9. Defendant The Cameron County Housing Finance Corporation is a Texas nonprofit corporation and may be served with citation by serving its registered agent David C. Petruska at 11264 Russwood Circle, Dallas, Texas 75229, or wherever he may be found.

## IV.
## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter because the relief Plaintiffs seek is within the jurisdictional limits of the Court.

11. Venue is proper in Williamson County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Williamson County, Texas.

# V.
# BACKGROUND

**A.    The Texas Housing Finance Corporations Act.**

12.    This lawsuit involves The Texas Housing Finance Corporations Act in Chapter 394 of the Texas Local Government Code. The Act was created in 1987 for the stated purpose of "provid[ing] a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments." TEX. LOCAL GOV'T CODE § 394.002(a). To accomplish that purpose, the Act authorizes cities and counties to create public nonprofit corporations known as housing finance corporations. *Id.* at §§ 394.002(d), 394.003(8).

13.    Housing finance corporations are used to finance the acquisition, development, ownership, and operation of private residential developments. The Act only applies to residential developments at least 90% of which are occupied or intended to be occupied by persons who meet a certain lower income classification. *Id.* at § 394.004. It authorizes housing finance corporations to purchase and lease property, and to issue bonds to finance the costs of a residential development. *Id.* at §§ 394.037, 394.9025.

14.    The Act creates a significant tax incentive for these residential developments, providing—

> The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of the state.

*Id.* at § 394.905.

15. As a common-sense geographic requirement for these projects, the Act further requires that "[a] residential development covered by this chapter must be located *within the local government.*" *Id.* at § 394.003 (emphasis added).

16. Housing finance corporations are commonly a component of a public/private partnership in which a private developer acquires land for development or an existing multifamily project, and conveys it to a housing finance corporation, which will then lease it to a private entity or a subsidiary of the housing finance corporation. The housing finance corporation will often receive fees paid by the developer or project owner and a portion of cash flow generated by the project. The common feature of this structure is the ability to claim a 100% exemption from local and state taxation.

B.  **The Cameron County Housing Finance Corporation.**

17. Pursuant to the Act, The Cameron County Housing Finance Corporation ("CCHFC") was incorporated in 1979 and approved by the Cameron County Commissioners Court. According to its website, CCHFC's "housing initiatives are aimed at helping low-income families and other underrepresented groups *in Cameron County* who lack suitable homes through traditional financial avenues." (emphasis added.)

18. The website also states that "[CCHFC's] goal is to provide just the right amount of incentives to meet the needs of businesses looking to locate *in Cameron County* promoting job creation for our residents within our county while still adding to our tax base to support the governmental functions of our county." (emphasis added.)

C.  **The Williamson County Properties At Issue.**

19. This case involves two properties located in Williamson County. One was

acquired by CCHFC in February 2025 and is legally described as Lot 1, Siena Section 30, according to the map or plat thereof recorded as Document No. 2020037410 in the Official Public Records of Williamson County, Texas, located at 6531 CR 110, Round Rock, Texas, 78655. That property is a 13.677-acre tract of land on which a multi-family apartment project known as Siena Round Rock Apartments has been built ("Siena Round Rock").

20. The other property is legally described as Lot 2, Block A, Siena South, according to the map or plat thereof recorded as Document No. 20200099820 in the Official Public Records of Williamson County, Texas, located at 5540 Sofia Place, Round Rock, Texas 78665. That property is a 15.0496-acre tract of land on which a multi-family apartment project known as The Sommery has been built ("The Sommery"). As of the filing of this petition, record title to 5540 Sofia Place is vested in Sommery Lot 2 LP. Upon information and belief, it is anticipated that The Sommery will be conveyed to CCHFC imminently.

D. **CCHFC Seeks Removal of The Properties from the Ad Valorem Tax Rolls.**

21. CCHFC is seeking to immediately remove Siena Round Rock and, upon its acquisition, The Sommery, from Williamson County's tax rolls. It is seeking to remove these properties from the tax rolls as quickly as possible, despite the Act's requirement that, in order to take advantage of the Act's tax relief, "[a] residential development covered by this chapter must be located within the local government." *Id.* at § 394.003. The plain wording of the Act mandates that the residential development must be located "within the local government" that formed the housing finance corporation—in these cases, Cameron County.

22. CCHFC has provided Williamson County no justification—legal or otherwise—for its actions. Indeed, CCHFC neglected to contact *any* Williamson County elected officials or staff before seeking to acquire properties located in Williamson County and remove them from the tax rolls.

23. CCFHC's silence is unsurprising, however, as there can be no justification for its scheme. It would be absurd for the Act to allow a housing finance corporation created by one county to own and lease property in another county because, under such a perverse system, the latter county would lose 100% of the ad valorem tax value from the property, but it would have no ability to weigh that significant financial loss against the potential benefits of the project to the local community. Meanwhile, the "traveling" corporation would obtain a pure monetary windfall without any incentive for oversight by its own county (whose tax revenues would be unaffected).

24. Siena Round Rock and The Sommery are currently appraised collectively at a total of $101,565,850.00. Through CCHFC's intended misuse of the Act, Hutto Independent School District ("Hutto ISD") alone would lose at least $1.2 million annually in ad valorem tax revenue from those properties. Additionally, Williamson County would lose at least $360,000 annually in ad valorem tax revenue, and Siena Municipal Utility District No. 1 and Siena Municipal Utility District No. 2 would lose at least $580,000 annually. Other local taxing entities would also suffer significant annual tax revenue losses.

## E. The scope of CCHFC's tax-exemption scheme.

25. Siena Round Rock and The Sommery aren't the only properties that CCHFC has sought to eliminate from another county's tax rolls. CCHFC reportedly owns properties in Dallas, Fort Worth, McKinney, Irving, Lewisville, and Euless, along with a dozen other Texas cities outside of Cameron County.[1]

26. Moreover, CCHFC's acquisitions aren't just used for new construction. As discussed above, Siena Round Rock and The Sommery are private multi-family developments that were constructed and occupied by tenants before CCHFC acquired them. And, CCHFC reportedly has acquired two properties in Irving that were constructed in the 1980s.[2]

27. CCHFC's financial benefits from its misuse of the Act are not limited to the tax exemptions. Reportedly, CCHFC's lone full-time employee has acknowledged that CCHFC typically collects from a private developer who leases and operates the residential development 15% of what the developer would have otherwise paid in taxes had it owned the property. That translates to roughly 15 cents for every dollar of tax revenue it deprives the local government. [3]

28. By way of example, if CCHFC has struck a similar deal for Siena Round Rock, based on the total assessed taxes in 2024 of $869,252.90 for that property, CCHFC would receive $134,437.93. And based on the total assessed taxes in 2024 of $1,476,422.08

---

[1] *Housing group made millions getting tax breaks for developers, costing cities and schools even more*, CBS News Texas, Dec. 22, 2023, available at https://www.cbsnews.com/texas/news/housing-group-made-millions-getting-tax-breaks-for-developers-costing-cities-and-schools-even-more/.
[2] *Id.*
[3] *Id.*

for The Sommery, CCHFC would receive $221,463.31. All of that money, from those Williamson County properties and others owned by CCHFC far outside its jurisdiction, flow into CCHFC's coffers without any monetary benefits to the local governments which are deprived of the significant tax revenues.

## VI.
## CAUSES OF ACTION

**A.    Declaratory Relief Against CCHFC.**

29.    Plaintiffs reallege and incorporate by reference herein the allegations in the paragraphs above.

30.    The Texas Uniform Declaratory Judgments Act ("UDJA") provides that a party "whose rights, status, or other legal relations are affected by a statute…may have determined any question of construction or validity arising under the…statute…and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE § 37.004(a).

31.    Here, Plaintiffs, as taxing entities that depend on ad valorem taxes on real property within their jurisdictions, have rights that are affected by the Act—and, in this case, Cameron County's *misuse* of the Act. Indeed, if CCHFC is able to obtain removal of Siena Round Rock and The Sommery from the WCAD appraisal rolls, Plaintiffs will suffer from significant loss of ad valorem taxes that otherwise would be assessed against those properties.

32.    Accordingly, Plaintiffs seek declaratory relief from the Court pursuant to the UDJA declaring that:

a. The Act prohibits CCHFC from acquiring property outside of Cameron County;

b. The Act prohibits CCHFC from seeking or obtaining tax exemptions for property outside of Cameron County;

c. CCHFC is prohibited by the Act from acquiring The Sommery;

d. CCHFC is prohibited by the Act from seeking or obtaining tax exemptions for Siena Round Rock and The Sommery; and

e. To the extent CCHFC has acquired or does acquire property in Williamson County (in contravention of the Act), such property, including Siena Round Rock and The Sommery, is not exempt from ad valorem taxation under the Act.

B. **Alternative Claim: Violation of Texas Constitution.**

33. Plaintiffs reallege and incorporate by reference herein the allegations in the paragraphs above.

34. To the extent CCHFC takes the position that, contrary to its plain language, the Act *does not* prohibit it from acquiring and seeking tax exemptions for properties in Williamson County, *and* to the extent CCHFC prevails in such interpretation of the Act, Plaintiffs alternatively request a declaration from the Court that, as applied by CCHFC, the Act violates the Texas Constitution's rules against extra-jurisdictional taxation by seeking to impose a system of taxation on properties located outside of the boundaries of Cameron County.

35. The Texas Constitution requires that all property shall be assessed for

133

taxation in the county where it is located. TEX. CONST. art. VIII, § 11. It further limits counties' ad valorem taxation authority to "property within their respective boundaries." *Id.* § 1-a. If the Act could be read to empower CCHFC to take properties outside of Cameron County off of the tax rolls, this would violate the Texas Constitutions' limits on the scope of Texas counties' taxing authority.

## VII.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

36.     Plaintiffs reallege and incorporate by reference herein the allegations in the paragraphs above.

37.     CCHFC is prohibited by the Act itself from acquiring and seeking tax exemptions on residential projects outside of Cameron County, and injunctive relief is therefore necessary here to compel CCHFC's compliance with the Act.

38.     To obtain injunctive relief, an applicant must show it has a cause of action, that it has a probable right to relief, and that it is faced with imminent irreparable harm. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An applicant has a probable right to relief if it has a cause of action for which relief may be granted. *Universal Health Services, Inc. v. Thompson*, 24 S.W.3d 570, 577-78 (Tex. App.-Austin 2008, no pet.). Among other grounds, "[a] trial court may . . . grant injunctive relief...when a dispute involves real property." *Shor v. Pelican Oil & Gas Mgmt., LLC*, 405 S.W.3d 737, 750 (Tex. App.-Houston [1st Dist.] 2013, no pet.).

39.     As detailed above, Plaintiffs have well-supported causes of action against CCHFC to establish and protect their rights in accordance with the Act. Accordingly,

Plaintiffs respectfully request that the Court enter a temporary restraining order, temporary injunction, and, upon final trial, a permanent injunction enjoining CCHFC, and each of its employees, agents, and those acting in concert or participation with them, from the following conduct: (i) acquiring property in Williamson County, including, but not limited to, The Sommery, and (ii) seeking or obtaining tax exemptions for property in Williamson County, including, but not limited to, Siena Round Rock.

40. In the absence of such relief, Plaintiffs will suffer irreparable injury for which no remedy at law exists without the protections of a temporary restraining order and injunctive relief. CCHFC is rushing to acquire properties in Williamson County (and elsewhere) in a nefarious attempt to remove as many properties from Williamson County's tax roles as possible before its misuse of the Act is stopped.[4] If its tactics are permitted with respect to the two subject properties identified in this Petition, Plaintiffs — along with Hutto ISD and other local governmental units — will face the dire consequence of losing millions of dollars in ad valorem tax revenue. The removal of these properties from the tax rolls would immediately affect Plaintiffs' budgeting, thereby necessarily preventing Plaintiffs from allocating that lost revenue to be used for public services.

41. Siena Municipal Utility District No. 1 and Siena Municipal Utility District No. 2 would be particularly and severely impacted by the removal of these properties from the tax rolls. In 2024, The Sommery was Siena MUD No. 1's highest appraised

---

[4] *Why Are Distant Texas Agencies Trying to Take San Antonio Apartments Off Tax Rolls?*, San Antonio Express News, Feb. 17, 2025 ("Most of the local deals have occurred in the past few months as developers and corporations rush to execute transactions before the Legislature cracks down, which some lawmakers have vowed to do this session."), available at https://www.expressnews.com/business/real-estate/article/san-antonio-hill-country-housing-tax-breaks-20022805.php.

property and Siena Round Rock was Siena MUD No. 2's second highest appraised property. The Sommery is located in Siena MUD No. 1 and Siena Round Rock is located in Siena MUD No. 2. If these properties are removed from the tax rolls, Siena MUD No. 1 will lose approximately $351,813 annually and Siena MUD No. 2 will lose $231,895 annually (based on 2025 valuations).

42.     The impact of this lost revenue on Hutto ISD would be even more devastating. The two properties at issue are Hutto ISD's fifth and twelfth highest appraised properties, and, as described above, removal of these properties from the tax rolls would result in a loss of at least $1.2 million annually in ad valorem tax revenue. As a fast-growing school district that has added more than 600 students this year alone, removal of these properties from the tax rolls would have grave and lasting consequences for Hutto ISD, including by limiting the ability to budget for and therefore fill needed teacher and staff positions.

43.     Plaintiffs are entitled to the relief demanded, and all or part of the relief requires the restraint of some act that is prejudicial to Plaintiffs.

## PRAYER

Based on the foregoing, Plaintiffs respectfully request that after a final trial on the merits, the Court enter a judgment in favor of Plaintiffs and against CCHFC awarding the declaratory and injunctive relief sought herein, attorney's fees, through trial and any appeal, under Section 37.009 of the UDJA, costs of court, and any other and further relief in law or in equity to which Plaintiffs are entitled.

Respectfully submitted,

/s/ David A. King

DAVID A. KING
State Bar No. 24083310
dking@abaustin.com
JEFFREY J. HOBBS
State Bar No. 24012837
hobbs@abaustin.com
ARMBRUST & BROWN, PLLC
100 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone (512) 435-2300
Facsimile (512) 435-2360

ATTORNEYS FOR WILLIAMSON COUNTY

-and-

/s/ R. Mark Dietz

R. MARK DIETZ
State Bar ID No. 05857200
mdietz@lawdietz.com
DOUGLAS G. CORNWELL
State Bar ID No. 24009024
dcornwell@lawdietz.com
DIETZ & JARRARD, P.C.
106 Fannin Avenue East
Round Rock, Texas 78664
(512) 244-9314

ATTORNEYS FOR SIENA
MUNICIPAL UTIILTY DISTRICT NO.
1 AND SIENA MUNICIPAL UTIILTY
DISTRICT NO. 2

CAUSE NO. _____

| | | |
|---|---|---|
| WILLIAMSON COUNTY, SIENA MUNICIPAL UTIILTY DISTRICT NO. 1, and SIENA MUNICIPAL UTIILTY DISTRICT NO. 2,<br> *Plaintiffs,*<br><br>v.<br><br>THE CAMERON COUNTY HOUSING FINANCE CORPORATION and ALVIN LANKFORD, IN HIS OFFICIAL CAPACITY AS CHIEF APPRAISER OF WILLIAMSON CENTRAL APPRAISAL DISTRICT,<br> *Defendants.* | § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br>_____ JUDICIAL DISTRICT<br><br><br>WILLIAMSON COUNTY, TEXAS |

## VERIFICATION

1. My name is Russ Boles. My date of birth is \_\_\_\_1/19/1968_____, and my address is 3001 Joe DiMaggio Boulevard, Unit 1300, Round Rock, TX 78665.

2. I have read Plaintiffs' Original Petition and Application for Temporary Restraining Order and Injunctive Relief, the factual statements contained in paragraphs 16-28 and 40-42 are within my personal knowledge based on information provided and made available to me as an elected official of Williamson County, and the factual statements contained therein are true and correct.

3. Pursuant to Section 132.001, Civil Practice and Remedies Code, I declare under penalty of perjury that the foregoing is true and correct.

Executed in Williamson County, Texas, on March 4, 2025.

*Russ Boles*
Russ Boles (Mar 4, 2025 16:29 CST)

The Honorable Russ Boles

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chelsea Coad on behalf of David King
Bar No. 24083310
ccoad@abaustin.com
Envelope ID: 98063219
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition- Filed and signed by atty David King and R. Mark Dietz- Env# 98063219
Status as of 3/4/2025 4:57 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David King | | dking@abaustin.com | 3/4/2025 4:47:40 PM | SENT |
| Jeff Hobbs | | jhobbs@abaustin.com | 3/4/2025 4:47:40 PM | SENT |
| Martha Adams | | madams@abaustin.com | 3/4/2025 4:47:40 PM | SENT |
| Chelsea Coad | | CCoad@abaustin.com | 3/4/2025 4:47:40 PM | SENT |

FILED
TARRANT COUNTY
5/13/2025 4:49 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| **CITY OF ARLINGTON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PECOS HOUSING FINANCE** | § | |
| **CORPORATION, a Texas nonprofit** | § | |
| **corporation; JOE DON BOBBITT, in his** | § | |
| **official capacity as Chief Appraiser of the** | § | **348th JUDICIAL DISTRICT** |
| **Tarrant Appraisal District,** | § | |
| | § | |
| *Defendants*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF FORT WORTH** | § | |
| | § | |
| *Intervenor-Plaintiff* | § | **TARRANT COUNTY, TEXAS** |

---

**CITY OF FORT WORTH'S PETITION IN INTERVENTION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**

---

TO THE HONORABLE JUDGE OF THIS COURT:

In support of its Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief, Plaintiff-Intervenor City of Fort Worth ("Fort Worth") alleges the following:

## I.    INTRODUCTION

1.    This case concerns a misuse and abuse of the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* Fort Worth recently learned that the Pecos Housing Finance Corporation ("Pecos HFC"), the Pleasanton Housing Finance Corporation ("Pleasanton HFC") the La Villa Housing Finance Corporation ("La Villa HFC"), and the Maverick County Housing Finance Corporation ("Maverick County HFC") have been unlawfully removing Fort

140

Worth-based properties from Tarrant County tax appraisal rolls in exchange for monetary kickbacks resulting in the loss of millions of dollars in real property value from the local tax base.

2.      Defendant HFCs' scheme seems to work like this: a private developer acquires land for a new multifamily development (or acquires an already-existing multifamily development) in a city or county other than where the HFC is located; the private developer then conveys that property to the HFC; the HFC, as the new owner, then applies for and receives a 100% tax exemption from the Tarrant Appraisal District, and the property is removed from the tax rolls; the HFC then leases that now-exempt property back to a private landlord (oftentimes the same developer who originally purchased the property), who then shares the profits with the HFC. The upshot of this scheme is that the developer and landlord get a massive tax exemption, the HFC gets to collect fees and a portion of the development's profits, and the other city (in this case, Fort Worth) bears 100% of the downside.

3.      In short, a handful of tiny public corporations, located hundreds of miles away in towns with no connection to Fort Worth, have drastically reduced Fort Worth's yearly tax revenue by millions of dollars while they rake in undeserved fees and profits from Fort Worth-based rental properties. Fort Worth now intervenes to ask this Court to halt the Defendant HFCs' unlawful behavior before they do any further irreversible damage to Fort Worth's tax base, and to stop the Chief Appraiser of the Tarrant Appraisal District from granting tax exemptions requested by the Defendant HFCs for any Fort Worth- based properties.

## II.      PARTIES

4.      Plaintiff City of Arlington is a home-rule municipality located in Tarrant County, Texas.

5.      Intervenor-Plaintiff City of Fort Worth is a home-rule municipality located in Tarrant County, Texas.

6.      Defendant Pecos HFC is a Texas nonprofit corporation.  It has already been served and appeared.

City of Fort Worth's Petition in Intervention and its Application for a Temporary
Restraining Order and Injunctive Relief                                    Page 2

141

7.     Defendant Pleasanton HFC is a Texas nonprofit corporation. It can be served with citation through its registered agent, Johnny Huizar, at 108 Second Street, Pleasanton, Texas 78064, or wherever else he may be located.

8.     Defendant La Villa HFC is a Texas nonprofit corporation. It can be served with citation through its registered agent, Rosa Perez, at 916 South Mike Chapa Drive, La Villa, Texas 78562, or wherever else she may be located.

9.     Defendant Maverick County HFC is a Texas nonprofit corporation. It can be served with citation through its registered agent, the Honorable Ramsey English Cantu, at 500 Quarry Street, Suite 3, Eagle Pass, Texas 78852, or wherever else he may be located.

10.    Defendant Joe Don Bobbitt is the Chief Appraiser of the Tarrant Appraisal District. He is being sued in his official capacity only and has already been served and appeared.

### III.    JURISDICTION, VENUE, AND DISCOVERY CONTROL PLAN

11.    This Court has jurisdiction over this matter because Plaintiffs seek relief within the jurisdictional limits of this Court. *See* Tex. Civ. Prac. & Rem. Code §§ 65.001 *et seq.*; Tex. R. Civ. P. 680.

12.    Venue is proper in Tarrant County because all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant County—and by conducting business in Tarrant County, Defendants have purposely availed themselves to this venue. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). This suit, moreover, concerns real property located in Tarrant County, making Tarrant County the mandatory venue for this case. *See id.* § 15.011.

13.    Venue is also proper pursuant to the Tax Code, which provides that "[a] taxing unit," like Fort Worth, "may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with…applicable law." Tex. Tax Code § 43.01. It further provides

City of Fort Worth's Petition in Intervention and its Application for a Temporary
Restraining Order and Injunctive Relief                                    Page 3

142

that, in such a suit, "[v]enue is in the county in which the appraisal district is established." *Id*. § 43.02. As such, because Fort Worth (a taxing unit) is suing the Tarrant Appraisal District, Tarrant County is the mandatory venue for this case. *Id*. Sections 43.01 and 4303 of the Tax Code, moreover, waive any governmental immunity Defendant Bobbitt might have.

14. Plaintiffs intend to conduct discovery in this case under the Level 3 discovery control plan. *See* Tex. R. Civ. P. 190.4.

## IV. BACKGROUND & RELEVANT LAW

### A. The Texas Housing Finance Corporation Act.

15. This suit concerns the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* ("the Act"). The Act was passed in 1979 to help facilitate the development of low-income housing. *See* Tex. Local Gov't Code § 394.002(a) (the Act's purpose is to "provide a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments").

16. To help create more low-income housing, the Act empowers local governments to create Housing Finance Corporations ("HFCs")—nonprofit organizations, comprised of local officials, that help coordinate and facilitate affordable-housing projects. *See* Tex. Local Gov't Code §§ 394.002, 394.011(a), 394.032. And because HFCs are (at least in theory) furthering a public purpose, the Act provides that HFC-owned properties and the income derived from those properties are tax-exempt. *Id.* § 394.905 ("The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of this state.").

17. HFCs are commonly a part of public/private real estate partnerships, in which a

City of Fort Worth's Petition in Intervention and its Application for a Temporary
Restraining Order and Injunctive Relief                                        Page 4

143

private developer acquires land for a new development or acquires an existing multifamily project and then conveys it to an HFC, which then acquires tax-exempt status for the property and leases the property to a private landlord who, in turn, pays fees to the HFC and shares the profits generated by the property with the HFC.

18.     But because the Act allows for such an enormous tax benefit, it provides two specific restrictions on what residential developments an HFC can tax-exempt: (1) a residential development can receive tax exemption from an HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income," as defined by the statute, *id.* § 394.004; and (2) the residential development "must be located within the local government," *id.* § 394.903.

19.     An HFC, in other words, can tax-exempt a residential development only if the development is located within the HFC's local jurisdiction and is actually used to house low-income individuals. *See id.* §§ 394.004, 394.903.

**B.     Defendant HFCs are unlawfully exempting properties in Fort Worth that do not house low-income residents.**

20.     Fort Worth has learned that the Defendant HFCs have been ignoring these statutory restrictions and have been seeking and acquiring tax exemptions for large, multifamily housing developments in Fort Worth.

21.     As described in further detail below, the Defendant HFCs' unlawful tax-exemption scheme has already removed hundreds of millions of dollars from Tarrant County taxing units' tax rolls and have caused Fort Worth to lose millions of dollars in annual tax revenue.

22.     To illustrate, in October of 2024, Defendant Maverick County HFC acquired The

City of Fort Worth's Petition in Intervention and its Application for a Temporary
Restraining Order and Injunctive Relief                                                      Page 5

144

Sovereign (5301 North Tarrant Parkway)[1]—an already-built, self-described "luxury apartment community" located in far north Fort Worth.[2] After acquiring this complex, Maverick County HFC applied for and received a full tax exemption for this property.[3] This property is appraised at $80,369,852.[4] So, when it was removed from the tax rolls, it caused the Tarrant County Appraisal District to lose over $1.8 million in annual ad valorem tax revenue, and Fort Worth's share of that revenue is over $540,000.[5]

23. In other words, by exempting just one apartment complex in Fort Worth, the Maverick County HFC caused the City of Fort Worth to lose over a half million dollars in annual tax revenue, and there is no clear path for Fort Worth (or other affected local entities) to recoup that loss.

24. To make matters worse, it appears that The Sovereign doesn't even provide low-income housing. Its smallest unit, a 660 square foot one-bedroom apartment, rents for $1,379 per month.[6] Upon information and belief, this complex does not come close to meeting the 90%-low-to moderate- income housing threshold needed to receive an exemption under the Act. *See* Tex. Local Gov't Code § 394.004 (providing that a residential development can receive tax exemption from a HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income").

25. In another example, on January 24, 2025, Defendant Pleasanton HFC acquired the Rocklyn Fort Worth apartment complex, located at 637 Samuels Avenue in the Rocklyn Trinity Uptown neighborhood on the bluffs overlooking the west fork of the Trinity River just north of

---

[1] https://www.tad.org/property?account=41652207
[2] https://www.sovereignkeller.com
[3] https://www.tad.org/property?account=41652207
[4] *Id*.
[5] Calculated from information found at https://taxonline.tarrantcounty.com/TaxWeb/ratesExemptions.asp
[6] https://www.sovereignkeller.com/floor-plans

Downtown Fort Worth.[7] Pleasanton HFC promptly secured a tax exemption for this property, removing its assessed value of over $70 million from the Tarrant County tax rolls.[8] This upscale apartment complex currently offers one- to three-bedroom apartments for monthly rents ranging from $1,464 to $2,976,[9] and upon information and belief, also does not satisfy the low- to moderate-income housing threshold required for an exemption under the Act. In fact, there appears to be no reason to believe renter demographics for this property have in any way changed since the complex opened in 2018. If true, Pleasanton HFC's acquisition of this property has done nothing to increase access to affordable housing as required by statute. Meanwhile, its exemption from property taxes provides the complex with a windfall savings of over $1.5 million annually.[10] Fort Worth loses approximately $474,000 in yearly tax revenue, yet still bears the costs of providing city services to the property.[11]

26. This is a widespread problem across the state. The City of Euless, for example, has seen at least a 2% drop in its overall annual revenue after a *single* apartment complex received tax-exempt status from the Cameron County HFC;[12] and Dallas, McKinney, Irving, Lewisville, and other north Texas cities have reported millions of dollars in total lost tax revenue.[13] Worse, these out-of-jurisdiction HFCs are often bestowing tax-exempt status to already-built structures (not new projects), and many of the exempted properties aren't even affordable-housing projects; they are typical for-profit apartments and condos, usually located in upmarket neighborhoods, that do not

---

[7] https://www.tad.org/property?account=42402920, https://www.tad.org/property?account=42402938, and https://www.tad.org/property?account=42402946
[8] *Id*.
[9] https://www.rocklynfortworth.com/floorplans
[10] Calculated from information found at https://taxonline.tarrantcounty.com/TaxWeb/ratesExemptions.asp
[11] *Id*.
[12] Andrea Lucia, *Euless Loses 2 Percent of Revenue to Controversial Tax Break Approved in Faraway County*, CBS News (Feb. 21, 2024).
[13] Andrea Lucia, *Housing Group Made Millions Getting Tax Breaks for Developers, Costing Cities and Schools Even More*, CBS News (Dec. 22, 2023).

City of Fort Worth's Petition in Intervention and its Application for a Temporary
Restraining Order and Injunctive Relief                                      Page 7

146

offer reduced rent, housing vouchers, or other benefits to low-income applicants.[14]

27.     According to information available on the Tarrant Appraisal District website, Defendant HFCs currently own a total of 26 properties located in Fort Worth [See the spreadsheet attached hereto as **Exhibit 1**].  For 13 of these properties, Defendants have already been granted a 2025 tax exemption by the Tarrant Appraisal District.  These 13 exempt properties have a combined assessed value of $529,632,697 for the current tax year.  The removal of this *over half a billion dollars* of taxable value from Tarrant County tax rolls will cost the City of Fort Worth alone over $3 million in 2025 tax revenue, and will similarly affect the tax revenues of Tarrant County, Tarrant Regional Water District, Tarrant County Hospital District, Tarrant County College, and the Fort Worth, Keller, Eagle Mountain-Saginaw, Crowley and Northwest Independent School Districts.

28.     Defendant HFCs currently own another 13 properties in Fort Worth for which they have not yet acquired a tax exemption.  These 13 properties have a combined assessed 2025 value of $486,878,261. These properties are the focus of Fort Worth's claims in this lawsuit.  Fort Worth intervenes to enjoin Defendants from acquiring tax-exempt status on these properties and to prevent this additional half a billion dollars of taxable value from being removed from the tax rolls, which otherwise would cost the City an additional $3 million in tax revenue.

29.     Because of the widespread nature of this practice, there has been a strong bipartisan legislative push to remove any doubt about the illegality of this sort of tax-exemption scheme. *See*, *e.g.*, 2025 H.B. No. 21.[15]  A similar bill recently passed the House with overwhelming support and has moved to the Senate for consideration.[16]  Upon information and belief, because this sort of

---

[14] *Id*. (documenting that an out-of-town HFC purchased an apartment complex in a "luxurious community" in Irving and that the tenants' rents went *up* significantly under the HFC's ownership).
[15] https://legiscan.com/TX/text/HB21/id/3053018
[16] *See, e.g.*, *Texas House Moves to Rein in "Traveling" Housing Finance Corporations, But Broader Reforms Still*

City of Fort Worth's Petition in Intervention and its Application for a Temporary
Restraining Order and Injunctive Relief                                                    Page 8

147

scheme is about to become indisputably illegal, HFCs have been scrambling to close their out-of-jurisdiction projects and obtain exemptions.

## C. Texas Constitution

30. Tex. Const. art. VIII Section 11 limits counties' ad valorem taxation authority to property within their prospective boundaries. Any law that purports to allow a local government to take properties off the tax rolls outside jurisdiction of that local government violates this constitutional principle.

## V. CAUSE OF ACTION: DECLARATORY JUDGMENT

31. Texas's Uniform Declaratory Judgments Act (UDJA) allows trial courts to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Tex. Civ. Prac. & Rem. Code § 37.003. The UDJA further provides that "[a] person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a). The Legislature intended the UDJA to be "remedial" and "liberally construed," and "its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Id.* § 37.002(b).

32. In a declaratory action, like this one, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* § 37.009.

33. Fort Worth asks for a declaratory judgment from this Court declaring that the Act does not allow Defendants to bestow tax exemptions to Fort Worth-based properties.

34. Fort Worth further asks for a declaratory judgment that Article VIII, Section 11 of the Texas Constitution limits counties' ad valorem taxation authority to "property within their

---

*Pending*, High Plains Pundit (April 30, 2025).

City of Fort Worth's Petition in Intervention and its Application for a Temporary
Restraining Order and Injunctive Relief                                     Page 9

148

respective boundaries" and that the Defendants' scheme violates Constitutional limits on the scope of Texas counties' taxing authority.

## VI. APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

35. To stop the Defendant HFCs from closing on any more Fort Worth-based properties, Fort Worth asks this Court for a temporary restraining order ("TRO") that prohibits the Defendant HFCs from (a) closing on any Fort Worth-based properties or (b) requesting or receiving any tax exemptions for Fort Worth-based properties.

36. Fort Worth further requests a TRO that prohibits Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, from granting tax exemptions requested by the Defendant HFCs regarding any Fort Worth-based properties.

37. Fort Worth requests that this Court issue this TRO without notice to Defendants. Rule 680 allows the Court to issue a TRO without notice if it "clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." Tex. R. Civ. P. 680. Additionally, as previously noted, this sort of tax-exemption scheme is, in all likelihood, about to become indisputably illegal, and Fort Worth believes the Defendant HFCs are already in a rush to close on as many out-of-jurisdiction deals as possible in the coming weeks and months. A no-notice TRO will prevent this unlawful behavior from occurring and will not unduly prejudice the Defendant HFCs in the short-term.

38. Judge Betsy Lambeth, of the 425th District Court in Williamson County, recently granted a no-notice TRO against the Cameron County HFC on virtually identical grounds. [*See* Plf. Orig. Pet. & TRO, *Williamson Cnty. et al. v. Cameron Cnty. Housing Finance Corp.*, 425th Judicial District Court, No. 25-0488-C425 (March 5, 2025), attached hereto as **Exhibit 2**.]

City of Fort Worth's Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief                                                          Page 10

149

39. This Court should follow suit and issue a TRO that prevents Defendant HFCs from overstepping jurisdictional bounds and from requesting tax-exempt status for any Fort Worth-based properties. And out of an abundance of caution, this Court should also issue a TRO against the Defendant Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, that prevents him from granting tax exemptions requested by a Defendant HFC regarding any Fort Worth-based property.

40. Once that TRO has expired, Fort Worth asks for a temporary injunction. "To obtain a temporary injunction, [an] applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "Whether to grant or deny a temporary injunction is within the trial court's sound discretion," and an order granting injunctive relief will be reversed on appeal only if "the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Id.*

41. All these elements are present. Fort Worth has pleaded a cause of action against Defendants: a declaratory action under the UDJA. Fort Worth has shown it will likely be successful in this declaratory action, as the Act's plain language prohibits Defendant HFCs' complained-of conduct. And, in the absence of injunctive relief, Defendant HFCs are likely to close on additional Fort Worth-based properties and/or apply for a tax exemptions, which would lead to an irreversible removal of this property from the local tax rolls. Simply put, this is precisely the sort of case in which equitable relief is warranted.

## PRAYER FOR RELIEF

Based on the foregoing, Intervenor-Plaintiff City of Fort Worth respectfully asks this Court for the following relief:

City of Fort Worth's Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief

Page 11

150

(A)     To issue a TRO against Defendant HFCs and Defendant Joe Don Bobbitt that (i) prevents Defendant HFCs from requesting or receiving tax exemptions for any Fort Worth-based properties, and (ii) prevents Mr. Bobbitt from granting tax exemptions requested by Defendant HFCs regarding any Fort Worth-based properties.  A proposed TRO was filed contemporaneously herewith.

(B)     After the expiration of this TRO, and after a hearing, to issue a temporary injunction against the same Defendants that enjoins the same unlawful conduct pending trial.

(C)     After the expiration of this temporary injunction, and after a final trial on the merits, to issue (i) a declaratory judgment declaring that the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*, does not allow Defendant HFCs to bestow tax-exempt status to properties located in Fort Worth; and (ii) a permanent injunction that prevents Defendant HFCs from requesting or receiving tax exemptions for Fort Worth-based properties.

(D)     To award Fort Worth its attorney's fees and costs.

(E)     To award any other relief this Court deems appropriate.

Respectfully submitted,

*/s/ Stephen A. Cumbie*
STEPHEN A. CUMBIE
Senior Assistant City Attorney
State Bar No. 24056724
*stephen.cumbie@fortworthtexas.gov*

CHRISTOPHER B. MOSLEY
Senior Assistant City Attorney
State Bar No. 00789505
*chris.mosley@fortworthtexas.gov*

OLYN POOLE
Senior Assistant City Attorney
State Bar No. 24037292
*olyn.poole@fortworthtexas.gov*

City of Fort Worth's Petition in Intervention and its Application for a Temporary
Restraining Order and Injunctive Relief                                    Page 12

151

CITY OF FORT WORTH
Office of the City Attorney
100 Fort Worth Trail
Fort Worth, Texas 76102
P: (817) 392-7600

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 13th day of May 2025 a true and correct copy of the foregoing document was e-filed with the Clerk of the Court and electronically served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Stephen A. Cumbie*
STEPHEN A. CUMBIE

City of Fort Worth's Petition in Intervention and its Application for a Temporary
Restraining Order and Injunctive Relief                                                    Page 13

152

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; JOE DON BOBBITT, in his | § | |
| official capacity as Chief Appraiser of the | § | 348th JUDICIAL DISTRICT |
| Tarrant Appraisal District, | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH | § | |
| | § | |
| *Plaintiff-Intervenor* | § | TARRANT COUNTY, TEXAS |

---

## VERIFICATION

---

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas on this day personally appeared Stephen A. Cumbie, Senior Assistant City Attorney for the City of Fort Worth, who, after being duly sworn, stated under oath that he has read the above Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief; and that every

statement contained therein is within his personal knowledge and is true and correct.

_____
Stephen A. Cumbie, Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 13th day of May 2025.

LAURA GREGORY
Notary Public, State of Texas
Comm. Expires 03-08-2028
Notary ID 4463814

_____
Notary Public in and for
The State of Texas

154

## TRAVELING HFCs IN THE CITY OF FORT WORTH

| PROPERTY ADDRESS | HOUSING FINANCE CORPORATION | DATE OF ACQUISITION | EXEMPTION STATUS | PROPERTY VALUE | FORT WORTH'S LOST REVENUE | TARRANT APPRAISAL DISTRICT WEBSITE LINK |
|---|---|---|---|---|---|---|
| 8901 S NORMANDALE ST | PECOS HOUSING FINANCE CORPORATION | 2025-02-15 | EXEMPT | $30,773,181.00 | $206,949.64 | https://www.tad.org/property?account=03435024 |
| 9051 S NORMANDALE ST | PECOS HOUSING FINANCE CORPORATION | 2025-02-15 | EXEMPT | $13,921,653.00 | $93,623.12 | https://www.tad.org/property?account=03435076 |
| 3391 WESTERN CENTER BLVD | PECOS HOUSING FINANCE CORPORATION | 2025-02-27 | EXEMPT | $41,184,002.00 | $276,962.41 | https://www.tad.org/property?account=07008937 |
| 5301 NORTH TARRANT PKWY | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2024-10-09 | EXEMPT | $80,369,852.00 | $540,487.25 | https://www.tad.org/property?account=41652207 |
| 8100 N RIVERSIDE DR | PLEASANTON HOUSING FINANCE CORPORATION | 2024-10-31 | EXEMPT | $58,188,517.00 | $391,317.78 | https://www.tad.org/property?account=41410475 |
| 2188 E LOOP 820 | PLEASANTON HOUSING FINANCE CORPORATION | 2024-11-15 | EXEMPT | $29,852,508.00 | $200,758.12 | https://www.tad.org/property?account=01184954 |
| 5801 BRIDGE ST | PECOS HOUSING FINANCE CORPORATION | 2025-01-15 | EXEMPT | $28,579,464.00 | $192,196.90 | https://www.tad.org/property?account=04972759 |
| 6051 BRIDGE ST | PECOS HOUSING FINANCE CORPORATION | 2025-01-15 | EXEMPT | $22,355,436.00 | $150,340.31 | https://www.tad.org/property?account=04972848 |
| 6776 WESTCREEK DR | PECOS HOUSING FINANCE CORPORATION | 2024-12-19 | EXEMPT | $33,857,834.00 | $227,693.93 | https://www.tad.org/property?account=05628954 |
| 637 SAMUELS AVE | PLEASANTON HOUSING FINANCE CORPORATION | 2025-01-24 | EXEMPT | $70,526,952.00 | $474,293.75 | https://www.tad.org/property?account=42402920 |
| | | | | | | https://www.tad.org/property?account=42402938 |
| | | | | | | https://www.tad.org/property?account=42402946 |
| 9632 BERKSHIRE LAKE BLVD | PLEASANTON HOUSING FINANCE CORPORATION | 2025-03-18 | EXEMPT | $69,600,728.00 | $468,064.90 | https://www.tad.org/property?account=42729627 |
| BLUE MOUND RD | PLEASANTON HOUSING FINANCE CORPORATION | 2025-01-27 | EXEMPT | $451,037.00 | $3,033.22 | https://www.tad.org/property?account=42721201 |
| 300 E. MORPHY ST | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2022-09-30 | EXEMPT | $49,971,533.00 | $336,058.56 | https://www.tad.org/property?account=42332301 |
| 14301 CENTRE STATION DR | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2025-02-03 | NO EXEMPTIONS | $101,117,467.00 | $680,014.97 | https://www.tad.org/property?account=41424360 |
| 1505 HOMEDALE DR | PECOS HOUSING FINANCE CORPORATION | 2025-03-19 | NO EXEMPTIONS | $25,793,728.00 | $173,462.82 | https://www.tad.org/property?account=04402324 |
| 500 E LOOP 820 | LA VILLA HOUSING FINANCE CORPORATION | 2025-04-04 | NO EXEMPTIONS | $24,554,971.00 | $165,132.18 | https://www.tad.org/property?account=04325893 |
| 5600 COTSWOLD HILLS DR | PECOS HOUSING FINANCE CORPORATION | 2025-03-24 | NO EXEMPTIONS | $27,759,851.00 | $186,685.00 | https://www.tad.org/property?account=00538744 |
| 6500 BOCA RATON BLVD | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2025-01-17 | NO EXEMPTIONS | $12,398,461.00 | $83,379.65 | https://www.tad.org/property?account=05661846 |
| 6501 BOCA RATON BLVD | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2025-01-17 | NO EXEMPTIONS | $23,082,702.00 | $155,231.17 | https://www.tad.org/property?account=05662486 |
| 6991 ANDERSON BLVD | PECOS HOUSING FINANCE CORPORATION | 2025-03-19 | NO EXEMPTIONS | $228,690.00 | $1,537.94 | https://www.tad.org/property?account=06468071 |
| 7040 JOHN T WHITE | PECOS HOUSING FINANCE CORPORATION | 2025-03-19 | NO EXEMPTIONS | $25,851,059.00 | $173,848.37 | https://www.tad.org/property?account=05654395 |
| 8900 COTTONWOOD VILLAGE DR | PLEASANTON HOUSING FINANCE CORPORATION | 2025-02-06 | NO EXEMPTIONS | $24,929,564.00 | $167,651.32 | https://www.tad.org/property?account=06493777 |
| 8900 RANDOL MILL RD | PECOS HOUSING FINANCE CORPORATION | 2025-03-24 | NO EXEMPTIONS | $45,043,125.00 | $302,915.02 | https://www.tad.org/property?account=05682045 |
| 6250 GRANBURY CUT OFF RD | PECOS HOUSING FINANCE CORPORATION | 2025-04-09 | NO EXEMPTIONS | $24,791,114.00 | $166,720.24 | https://www.tad.org/property?account=05503396 |
| 113 WESTERN SWING WAY | PECOS HOUSING FINANCE CORPORATION | 2025-04-09 | NO EXEMPTIONS | $78,184,484.00 | $525,790.65 | https://www.tad.org/property?account=42699604 |
| 6032 TRAVERTINE LN | PLEASANTON HOUSING FINANCE CORPORATION | 2025-03-07 | NO EXEMPTIONS | $73,143,045.00 | $491,886.98 | https://www.tad.org/property?account=42220783 |
| | | | | | | https://www.tad.org/property?account=42220791 |

155



CAUSE NO. 25-0488-C425

| | | |
|---|---|---|
| WILLIAMSON COUNTY, SIENA MUNICIPAL UTIILTY DISTRICT NO. 1, and SIENA MUNICIPAL UTIILTY DISTRICT NO. 2, *Plaintiffs,* | § § § § § § § § § § § § | IN THE DISTRICT COURT, Williamson Co., TX |
| v. | | 425 JUDICIAL DISTRICT |
| THE CAMERON COUNTY HOUSING FINANCE CORPORATION, *Defendant.* | | WILLIAMSON COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

After considering the application for a temporary restraining order filed by Plaintiffs in the above-styled matter, the pleadings, and the evidence, the Court finds that—

1.  There is a current controversy over Defendant Cameron County Housing Finance Corporation's ("CCHFC") efforts to seek exemption from ad valorem taxes for properties located in Williamson County, including the following real properties:

    a.  Lot 1, Siena Section 30, according to the map or plat thereof recorded as Document No. 2020037410 in the Official Public Records of Williamson County, Texas, located at 6531 CR 110, Round Rock, Texas, 78655. That property is a 13.677-acre tract of land on which a multi-family apartment project known as Siena Round Rock Apartments has been built ("Siena Round Rock").

    b.  Lot 2, Block A, Siena South, according to the map or plat thereof recorded as Document No. 20200099820 in the Official Public Records of Williamson County, Texas, located at 5540 Sofia Place, Round Rock, Texas 78665. That Property is a

Temporary Restraining Order – Page 1 of 3

Exhibit 1

15.0496-acre tract of land on which a multi-family apartment project known as The Sommery has been built ("The Sommery").

2. As alleged in the Plaintiffs' petition and supporting verification, CCHFC currently owns Sienna Round Rock, and intends to acquire The Sommery, and seeks to remove both properties from the Williamson Central Appraisal District ad valorem tax rolls, purportedly under Section 394.905 of the Texas Local Government Code.

3. Imminent harm and irreparable harm will result if CCHFC is permitted to acquire The Sommery and seek and obtain exemptions of Sienna Round Rock and The Sommery from the William Central Appraisal District ad valorem tax rolls. Specifically, if a temporary restraining order is not granted, imminent and irreparable harm will result to Plaintiffs since those properties within their jurisdictions will be removed from the tax rolls, which will immediately impact their fiscal budgeting and decrease the ad valorem taxes they otherwise could collect for these properties.

4. There is no adequate remedy at law because such damages or harm to Plaintiffs cannot be calculated.

5. An *ex parte* order, without notice to CCHFC, is necessary because there is not enough time to give notice to CCHFC, hold a hearing, and issue a restraining order before the imminent and irreparable injury, loss or damage occurs.

6. Therefore, the Court ORDERS that—

   a.   CCHFC, as well as its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with CCHFC, are prohibited from (i) acquiring real property in

Temporary Restraining Order – Page 2 of 3

Exhibit 1

157

Williamson County, including The Sommery; (ii) seeking or obtaining exemptions from ad valorem taxes for real property in Williamson County, including Siena Round Rock and The Sommery.

b. The clerk shall issue notice to CCHFC that the hearing on Plaintiffs' request for temporary injunction is set for **March 13**, 2025 at **9:00** a.m./~~p.m.~~ The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

c. Plaintiffs are exempt from posting a bond pursuant to Section 6.001 of the Texas Civil Practice and Remedies Code and Section 49.066(f) of the Texas Water Code.

7. This order expires on **March 14**, 2025 at **9:00**, **A**.m.

Signed:     March **5**, 2025

_____
Presiding Judge

Temporary Restraining Order – Page 3 of 3

Exhibit 1

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Gregory on behalf of Stephen Cumbie
Bar No. 24056724
Laura.Gregory@fortworthtexas.gov
Envelope ID: 100791739
Filing Code Description: Counter Claim/Cross Action/Interpleader/Intervention/Third Party
Filing Description: Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief
Status as of 5/13/2025 4:56 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/13/2025 4:49:50 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/13/2025 4:49:50 PM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 5/13/2025 4:49:50 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/13/2025 4:49:50 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/13/2025 4:49:50 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/13/2025 4:49:50 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/13/2025 4:49:50 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 5/13/2025 4:49:50 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/13/2025 4:49:50 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 5/13/2025 4:49:50 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/13/2025 4:49:50 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/13/2025 4:49:50 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/13/2025 4:49:50 PM | SENT |
| Joe DonBobbitt | | jdbobbitt@tad.org | 5/13/2025 4:49:50 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/13/2025 4:49:50 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 5/13/2025 4:49:50 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 5/13/2025 4:49:50 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 5/13/2025 4:49:50 PM | SENT |



FILED
TARRANT COUNTY
5/14/2025 9:25 AM
THOMAS A. WILDER
DISTRICT CLERK



May 14, 2025

Kassi Yukevich
TILLOTSON, JOHNSON & PATTON
1201 Main St., Ste. 1300
Dallas, Texas 75202
kyukevich@tillotsonlaw.com

Dan Lecavalier
CHASNOFF STRIBLING, LLP
1020 Loop 410, Ste. 150
San Antonio, Texas 78209
dlecavalier@chasnoffstribling.com

James Evans
LOW, SWINNEY, EVANS & JAMES, PLLC
4425 S. Mopac Expwy., Building 3, Ste. 400
Austin, Texas 78735
jevans@lsejlaw.com

|  | **Re:** | **Rule 11 Agreement—Extending TRO and Temporary Injunction Hearing** |
|---|---|---|
|  | Plaintiff: | City of Arlington |
|  | Defendants: | Pecos HFC; Pleasanton HFC; La Villa HFC; Joe Don Bobbitt |
|  | Case No.: | 348-363561-25 |

Kassi, Dan, and James:

In the above-mentioned case, the Court issued a temporary restraining order ("TRO") against the Pecos HFC on April 11 and issued another TRO against the Pleasanton HFC and La Villa HFC on May 1. Those TROs are set to expire on May 15, and there is currently a hearing set for May 15 to determine whether these TROs "should be made into a temporary injunction pending a full trial on the merits."

Please allow this letter to serve as a Rule 11 agreement, confirming that **the parties agree to extend these TROs' effective date to May 30, 2025, and to request rescheduling of the parties' temporary injunction hearing for May 30, 2025.** This extension of the existing TRO and the rescheduling of this case's temporary injunction hearing applies to **all parties**, including the City of Arlington, the Pecos HFC, the Pleasanton HFC, the La Villa HFC, and the Tarrant County Appraisal District's Chief Appraiser, Joe Don Bobbitt.

Counsel for each party has no objection to the scheduling of hearing on any pleas to the jurisdiction on May 30, 2025.

Please sign in the space provided below, return to me via email, and I will file this Rule 11 Agreement pursuant to the Texas Rules of Civil Procedure. Thank you for your professional courtesy in this matter.

160

Sincerely,

Alexander J. Lindvall
Assistant City Attorney
City of Arlington Attorney's Office

**AGREED:**


*/s/ Kassi Yukevich* (w/ permission)
Kassi Yukevich
TILLOTSON, JOHNSON & PATTON
Attorney for Defendant Pecos HFC


*/s/ Dan Lecavalier* (w/ permission)
Dan Lecavalier
CHASNOFF STRIBLING, LLP
Attorney for Defendants Pleasanton HFC and La Villa HFC


*/s/ James Evans* (w/ permission)
James Evans
LOW, SWINNEY, EVANS & JAMES, PLLC
Attorney for Defendant Joe Don Bobbitt

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 100807162
Filing Code Description: Notice
Filing Description: Rule 11 Agreement - Extending TRO and Postponing TI Hearing
Status as of 5/14/2025 9:31 AM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/14/2025 9:25:07 AM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/14/2025 9:25:07 AM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/14/2025 9:25:07 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/14/2025 9:25:07 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/14/2025 9:25:07 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/14/2025 9:25:07 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/14/2025 9:25:07 AM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joe DonBobbitt | | jdbobbitt@tad.org | 5/14/2025 9:25:07 AM | SENT |

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 5/14/2025 9:25:07 AM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 5/14/2025 9:25:07 AM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 5/14/2025 9:25:07 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 100807162
Filing Code Description: Notice
Filing Description: Rule 11 Agreement - Extending TRO and Postponing TI Hearing
Status as of 5/14/2025 9:31 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 5/14/2025 9:25:07 AM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/14/2025 9:25:07 AM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 5/14/2025 9:25:07 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/14/2025 9:25:07 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/14/2025 9:25:07 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/14/2025 9:25:07 AM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 5/14/2025 9:25:07 AM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 5/14/2025 9:25:07 AM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 5/14/2025 9:25:07 AM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 5/14/2025 9:25:07 AM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 5/14/2025 9:25:07 AM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 5/14/2025 9:25:07 AM | SENT |

163

FILED
TARRANT COUNTY
5/21/2025 4:20 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| **CITY OF ARLINGTON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PECOS HOUSING FINANCE** | § | |
| **CORPORATION, a Texas nonprofit** | § | |
| **corporation; JOE DON BOBBITT, in his** | § | |
| **official capacity as Chief Appraiser of the** | § | **348th JUDICIAL DISTRICT** |
| **Tarrant Appraisal District,** | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF FORT WORTH,** | § | |
| | § | |
| *Intervenor-Plaintiff.* | § | **TARRANT COUNTY, TEXAS** |

---

### TEMPORARY RESTRAINING ORDER

---

On this day came to be heard Intervenor-Plaintiff City of Fort Worth's Petition in Intervention and Application for a Temporary Restraining Order and Injunctive Relief. After reviewing the filing and noting that Intervenor-Plaintiff City of Fort Worth informed the Court that Defendant Joe Don Bobbitt is unopposed to this Temporary Restraining Order, the Court finds that:

1. There is a current, live cause of action against Defendant Pecos Housing Finance Corporation ("Pecos HFC"), Defendant Pleasanton Housing Finance Corporation ("Pleasanton HFC"), Defendant La Villa Housing Finance Corporation ("La Villa HFC"), Defendant Maverick

**Temporary Restraining Order – Page 1**

164

County Housing Finance Corporation ("Maverick County HFC") and Joe Don Bobbitt regarding Defendant HFCs' alleged efforts to bestow unlawful tax exemptions to properties located in the City of Fort Worth. Specifically, Intervenor-Plaintiff has brought an action against Defendants seeking a declaratory judgment and injunctive relief based on Defendant HFCs' alleged violations of the Texas Housing Finance Corporation Act, TEX. LOC. GOV'T CODE §§ 394.001 et seq. and the Texas Constitution.

2. It appears that Plaintiff-Intervenor has a probable right to the relief sought in this action.

3. As alleged in Plaintiff-Intervenor's petition, Defendant HFCs own 13 not-yet-tax-exempt properties in Fort Worth for which the City has reason to believe they are presently seeking exemptions to remove each such property from the tax rolls.

4. Plaintiff-Intervenor will suffer imminent and irreparable harm if Defendants are allowed to remove any further Fort Worth-based properties from the local tax rolls. Such removals would immediately and drastically impact Plaintiff-Intervenor's fiscal budgeting and decrease the ad valorem taxes it otherwise could have collected from these properties.

5. There is no adequate remedy at law because Plaintiff-Intervenor's losses are continuing in perpetuity, they are not readily calculable, and there is no clear legal mechanism by which Plaintiff-Intervenor could recoup these tax losses in a court of law.

6. IT IS THEREFORE ORDERED that:

   a. Defendant Joe Don Bobbitt, his officers, agents, employees, and any others working on his behalf, are prohibited from granting tax exemptions requested by the Defendant HFCs regarding any Fort Worth-based properties.

   b. The Clerk shall issue notice to Defendant HFCs that a hearing for Intervenor-Plaintiff's request for a Temporary Injunction is set for **June 3, 2025, at 9:00 a.m.** in the 348th District Court, Tarrant County, Texas. The purpose of this hearing shall be to determine whether this TRO should be made into a Temporary Injunction pending a full

Temporary Restraining Order – Page 2

165

trial on the merits.

    c.       Plaintiff is exempt from posting a bond pursuant to § 6.001 of the Texas Civil Practice and Remedies Code.

7. This order expires within 14 days or further order, whichever occurs first.

SIGNED May 21, 2025, at 4:01 p.m.

                                    _Megan Fahey_____
                                JUDGE PRESIDING

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101127373
Filing Code Description: No Fee Documents
Filing Description: TRO
Status as of 5/21/2025 4:25 PM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/21/2025 4:20:53 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/21/2025 4:20:53 PM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/21/2025 4:20:53 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/21/2025 4:20:53 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/21/2025 4:20:53 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/21/2025 4:20:53 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/21/2025 4:20:53 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 5/21/2025 4:20:53 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 5/21/2025 4:20:53 PM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 5/21/2025 4:20:53 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 5/21/2025 4:20:53 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 5/21/2025 4:20:53 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101127373
Filing Code Description: No Fee Documents
Filing Description: TRO
Status as of 5/21/2025 4:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 5/21/2025 4:20:53 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/21/2025 4:20:53 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/21/2025 4:20:53 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 5/21/2025 4:20:53 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 5/21/2025 4:20:53 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/21/2025 4:20:53 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 5/21/2025 4:20:53 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/21/2025 4:20:53 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 5/21/2025 4:20:53 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 5/21/2025 4:20:53 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 5/21/2025 4:20:53 PM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 5/21/2025 4:20:53 PM | SENT |

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 5/21/2025 4:20:53 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 5/21/2025 4:20:53 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 5/21/2025 4:20:53 PM | SENT |

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District, | § | 348th JUDICIAL DISTRICT |
| *Defendants,* | § | |
| v. | § | |
| CITY OF FORT WORTH | § | |
| *Intervenor-Plaintiff* | § | TARRANT COUNTY, TEXAS |

---

**CITY OF FORT WORTH'S FIRST AMENDED PETITION IN INTERVENTION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**

---

TO THE HONORABLE JUDGE OF THIS COURT:

In support of its Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief, Plaintiff-Intervenor City of Fort Worth ("Fort Worth") alleges the following:

## I.      INTRODUCTION

1.      This case concerns a misuse and abuse of the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* Fort Worth recently learned that the Pecos Housing Finance Corporation ("Pecos HFC"), the Pleasanton Housing Finance Corporation ("Pleasanton HFC") the La Villa Housing Finance Corporation ("La Villa HFC"), and the Maverick County Housing Finance Corporation ("Maverick County HFC") have been unlawfully removing Fort

169

Worth-based properties from Tarrant County tax appraisal rolls in exchange for monetary kickbacks resulting in the loss of millions of dollars in real property value from the local tax base.

2. Defendant HFCs' scheme seems to work like this: a private developer acquires land for a new multifamily development (or acquires an already-existing multifamily development) in a city or county other than where the HFC is located; the private developer then conveys that property to the HFC; the HFC, as the new owner, then applies for and receives a 100% tax exemption from the Tarrant Appraisal District, and the property is removed from the tax rolls; the HFC then leases that now-exempt property back to a private landlord (oftentimes the same developer who originally purchased the property), who then shares the profits with the HFC. The upshot of this scheme is that the developer and landlord get a massive tax exemption, the HFC gets to collect fees and a portion of the development's profits, and the other city (in this case, Fort Worth) bears 100% of the downside.

3. In short, a handful of tiny public corporations, located hundreds of miles away in towns with no connection to Fort Worth, have drastically reduced Fort Worth's yearly tax revenue by millions of dollars while they rake in undeserved fees and profits from Fort Worth-based rental properties. Fort Worth now intervenes to ask this Court to halt the Defendant HFCs' unlawful behavior before they do any further irreversible damage to Fort Worth's tax base, and to stop the Chief Appraiser of the Tarrant Appraisal District from granting tax exemptions requested by the Defendant HFCs for any Fort Worth- based properties.

## II. PARTIES

4. Plaintiff City of Arlington is a home-rule municipality located in Tarrant County, Texas.

5. Intervenor-Plaintiff City of Fort Worth is a home-rule municipality located in Tarrant County, Texas.

6. Defendant Pecos HFC is a Texas nonprofit corporation. It has already been served and appeared.

City of Fort Worth's First Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief      Page 2

170

7.      Defendant Pleasanton HFC is a Texas nonprofit corporation. It can be served with citation through its registered agent, Johnny Huizar, at 108 Second Street, Pleasanton, Texas 78064, or wherever else he may be located.

8.      Defendant La Villa HFC is a Texas nonprofit corporation. It can be served with citation through its registered agent, Rosa Perez, at 916 South Mike Chapa Drive, La Villa, Texas 78562, or wherever else she may be located.

9.      Defendant Maverick County HFC is a Texas nonprofit corporation. It can be served with citation through its registered agent, the Honorable Ramsey English Cantu, at 500 Quarry Street, Suite 3, Eagle Pass, Texas 78852, or wherever else he may be located.

10.      Defendant Joe Don Bobbitt is the Chief Appraiser of the Tarrant Appraisal District. He is being sued in his official capacity only and has already been served and appeared.

## III.      JURISDICTION, VENUE, AND DISCOVERY CONTROL PLAN

11.      This Court has jurisdiction over this matter because Plaintiffs seek relief within the jurisdictional limits of this Court. *See* Tex. Civ. Prac. & Rem. Code §§ 65.001 *et seq.*; Tex. R. Civ. P. 680.

12.      Venue is proper in Tarrant County because all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant County—and by conducting business in Tarrant County, Defendants have purposely availed themselves to this venue. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). This suit, moreover, concerns real property located in Tarrant County, making Tarrant County the mandatory venue for this case. *See id.* § 15.011.

13.      Venue is also proper pursuant to the Tax Code, which provides that "[a] taxing unit," like Fort Worth, "may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with...applicable law." Tex. Tax Code § 43.01. It further provides

City of Fort Worth's First Amended Petition in Intervention and its Application for a Temporary
Restraining Order and Injunctive Relief                                                        Page 3

171

that, in such a suit, "[v]enue is in the county in which the appraisal district is established." *Id.* § 43.02. As such, because Fort Worth (a taxing unit) is suing the Tarrant Appraisal District, Tarrant County is the mandatory venue for this case. *Id.* Sections 43.01 and 4303 of the Tax Code, moreover, waive any governmental immunity Defendant Bobbitt might have.

14. Plaintiffs intend to conduct discovery in this case under the Level 3 discovery control plan. *See* Tex. R. Civ. P. 190.4.

## IV. BACKGROUND & RELEVANT LAW

### A. The Texas Housing Finance Corporation Act.

15. This suit concerns the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* ("the Act"). The Act was passed in 1979 to help facilitate the development of low-income housing. *See* Tex. Local Gov't Code § 394.002(a) (the Act's purpose is to "provide a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments").

16. To help create more low-income housing, the Act empowers local governments to create Housing Finance Corporations ("HFCs")—nonprofit organizations, comprised of local officials, that help coordinate and facilitate affordable-housing projects. *See* Tex. Local Gov't Code §§ 394.002, 394.011(a), 394.032. And because HFCs are (at least in theory) furthering a public purpose, the Act provides that HFC-owned properties and the income derived from those properties are tax-exempt. *Id.* § 394.905 ("The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of this state.").

17. HFCs are commonly a part of public/private real estate partnerships, in which a

City of Fort Worth's First Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief                                             Page 4

172

private developer acquires land for a new development or acquires an existing multifamily project and then conveys it to an HFC, which then acquires tax-exempt status for the property and leases the property to a private landlord who, in turn, pays fees to the HFC and shares the profits generated by the property with the HFC.

18. But because the Act allows for such an enormous tax benefit, it provides two specific restrictions on what residential developments an HFC can tax-exempt: (1) a residential development can receive tax exemption from an HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income," as defined by the statute, *id.* § 394.004; and (2) the residential development "must be located within the local government," *id.* § 394.903.

19. An HFC, in other words, can tax-exempt a residential development only if the development is located within the HFC's local jurisdiction and is actually used to house low-income individuals. *See id.* §§ 394.004, 394.903.

**B.      Defendant HFCs are unlawfully exempting properties in Fort Worth that do not house low-income residents.**

20. Fort Worth has learned that the Defendant HFCs have been ignoring these statutory restrictions and have been seeking and acquiring tax exemptions for large, multifamily housing developments in Fort Worth.

21. As described in further detail below, the Defendant HFCs' unlawful tax-exemption scheme has already removed hundreds of millions of dollars from Tarrant County taxing units' tax rolls and have caused Fort Worth to lose millions of dollars in annual tax revenue.

22. To illustrate, in October of 2024, Defendant Maverick County HFC acquired The

City of Fort Worth's First Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief                                          Page 5

173

Sovereign (5301 North Tarrant Parkway)[1]—an already-built, self-described "luxury apartment community" located in far north Fort Worth.[2] After acquiring this complex, Maverick County HFC applied for and received a full tax exemption for this property.[3] This property is appraised at $80,369,852.[4] So, when it was removed from the tax rolls, it caused the Tarrant County Appraisal District to lose over $1.8 million in annual ad valorem tax revenue, and Fort Worth's share of that revenue is over $540,000.[5]

23.    In other words, by exempting just one apartment complex in Fort Worth, the Maverick County HFC caused the City of Fort Worth to lose over a half million dollars in annual tax revenue, and there is no clear path for Fort Worth (or other affected local entities) to recoup that loss.

24.    To make matters worse, it appears that The Sovereign doesn't even provide low-income housing. Its smallest unit, a 660 square foot one-bedroom apartment, rents for $1,379 per month.[6] Upon information and belief, this complex does not come close to meeting the 90%-low-to moderate- income housing threshold needed to receive an exemption under the Act. *See* Tex. Local Gov't Code § 394.004 (providing that a residential development can receive tax exemption from a HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income").

25.    In another example, on January 24, 2025, Defendant Pleasanton HFC acquired the Rocklyn Fort Worth apartment complex, located at 637 Samuels Avenue in the Rocklyn Trinity Uptown neighborhood on the bluffs overlooking the west fork of the Trinity River just north of

---

[1] https://www.tad.org/property?account=41652207
[2] https://www.sovereignkeller.com
[3] https://www.tad.org/property?account=41652207
[4] *Id.*
[5] Calculated from information found at https://taxonline.tarrantcounty.com/TaxWeb/ratesExemptions.asp
[6] https://www.sovereignkeller.com/floor-plans

City of Fort Worth's First Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief                                                    Page 6

174

Downtown Fort Worth.[7] Pleasanton HFC promptly secured a tax exemption for this property, removing its assessed value of over $70 million from the Tarrant County tax rolls.[8] This upscale apartment complex currently offers one- to three-bedroom apartments for monthly rents ranging from $1,464 to $2,976,[9] and upon information and belief, also does not satisfy the low- to moderate-income housing threshold required for an exemption under the Act. In fact, there appears to be no reason to believe renter demographics for this property have in any way changed since the complex opened in 2018. If true, Pleasanton HFC's acquisition of this property has done nothing to increase access to affordable housing as required by statute. Meanwhile, its exemption from property taxes provides the complex with a windfall savings of over $1.5 million annually.[10] Fort Worth loses approximately $474,000 in yearly tax revenue, yet still bears the costs of providing city services to the property.[11]

26.     This is a widespread problem across the state. The City of Euless, for example, has seen at least a 2% drop in its overall annual revenue after a *single* apartment complex received tax-exempt status from the Cameron County HFC;[12] and Dallas, McKinney, Irving, Lewisville, and other north Texas cities have reported millions of dollars in total lost tax revenue.[13] Worse, these out-of-jurisdiction HFCs are often bestowing tax-exempt status to already-built structures (not new projects), and many of the exempted properties aren't even affordable-housing projects; they are typical for-profit apartments and condos, usually located in upmarket neighborhoods, that do not

---

[7] https://www.tad.org/property?account=42402920, https://www.tad.org/property?account=42402938, and https://www.tad.org/property?account=42402946
[8] *Id.*
[9] https://www.rocklynfortworth.com/floorplans
[10] Calculated from information found at https://taxonline.tarrantcounty.com/TaxWeb/ratesExemptions.asp
[11] *Id.*
[12] Andrea Lucia, *Euless Loses 2 Percent of Revenue to Controversial Tax Break Approved in Faraway County*, CBS News (Feb. 21, 2024).
[13] Andrea Lucia, *Housing Group Made Millions Getting Tax Breaks for Developers, Costing Cities and Schools Even More*, CBS News (Dec. 22, 2023).

175

offer reduced rent, housing vouchers, or other benefits to low-income applicants.[14]

27.    According to information available on the Tarrant Appraisal District website, Defendant HFCs currently own a total of 26 properties located in Fort Worth [See the spreadsheet attached hereto as **Exhibit 1**]. For 13 of these properties, Defendants have already been granted a 2025 tax exemption by the Tarrant Appraisal District. These 13 exempt properties have a combined assessed value of $529,632,697 for the current tax year. The removal of this *over half a billion dollars* of taxable value from Tarrant County tax rolls will cost the City of Fort Worth alone over $3 million in 2025 tax revenue, and will similarly affect the tax revenues of Tarrant County, Tarrant Regional Water District, Tarrant County Hospital District, Tarrant County College, and the Fort Worth, Keller, Eagle Mountain-Saginaw, Crowley and Northwest Independent School Districts.

28.    Defendant HFCs currently own another 13 properties in Fort Worth for which they have not yet acquired a tax exemption. These 13 properties have a combined assessed 2025 value of $486,878,261. These properties are the focus of Fort Worth's claims in this lawsuit. Fort Worth intervenes to enjoin Defendants from acquiring tax-exempt status on these properties and to prevent this additional half a billion dollars of taxable value from being removed from the tax rolls, which otherwise would cost the City an additional $3 million in tax revenue.

29.    Because of the widespread nature of this practice, there has been a strong bipartisan legislative push to remove any doubt about the illegality of this sort of tax-exemption scheme. *See, e.g.*, 2025 H.B. No. 21.[15] A similar bill recently passed the House with overwhelming support and has moved to the Senate for consideration.[16] Upon information and belief, because this sort of

---

[14] *Id*. (documenting that an out-of-town HFC purchased an apartment complex in a "luxurious community" in Irving and that the tenants' rents went *up* significantly under the HFC's ownership).

[15] https://legiscan.com/TX/text/HB21/id/3053018

[16] *See, e.g.*, *Texas House Moves to Rein in "Traveling" Housing Finance Corporations, But Broader Reforms Still*

City of Fort Worth's First Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief                                    Page 8

176

scheme is about to become indisputably illegal, HFCs have been scrambling to close their out-of-jurisdiction projects and obtain exemptions.

### C.     Texas Constitution

30.     Tex. Const. art. VIII Section 11 limits counties' ad valorem taxation authority to property within their prospective boundaries.  Any law that purports to allow a local government to take properties off the tax rolls outside jurisdiction of that local government violates this constitutional principle.

### V.     CAUSE OF ACTION: DECLARATORY JUDGMENT & TAX CODE

31.     Texas's Uniform Declaratory Judgments Act (UDJA) allows trial courts to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Tex. Civ. Prac. & Rem. Code § 37.003.  The UDJA further provides that "[a] person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a).  The Legislature intended the UDJA to be "remedial" and "liberally construed," and "its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Id.* § 37.002(b).

32.     In a declaratory action, like this one, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* § 37.009.

33.     Fort Worth asks for a declaratory judgment from this Court declaring that the Act does not allow Defendants to bestow tax exemptions to Fort Worth-based properties.

34.     Fort Worth further asks for a declaratory judgment that Article VIII, Section 11 of the Texas Constitution limits counties' ad valorem taxation authority to "property within their

---

*Pending*, High Plains Pundit (April 30, 2025).

City of Fort Worth's First Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief                                                  Page 9

177

respective boundaries" and that the Defendants' scheme violates Constitutional limits on the scope of Texas counties' taxing authority.

35.     The Tax Code, moreover, provides that "[a] taxing unit may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with …applicable law." Tx. Tax Code § 43.01. It further empowers this Court to "enter…orders necessary to compel compliance by the appraisal office." *Id.* § 43.03.

36.     Pursuant to these laws, Fort Worth asks this Court to prevent Defendant Bobbitt from unlawfully awarding any further tax exemptions to the Defendant HFCs. *See id.* § 43.01, 43.03; TEX. CIV. PRAC. & REM. CODE §§ 37.001 *et seq.*

## VI.     APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

37.     To stop the Defendant HFCs from closing on any more Fort Worth-based properties, Fort Worth asks this Court for a temporary restraining order ("TRO") that prohibits the Defendant HFCs from (a) closing on any Fort Worth-based properties or (b) requesting or receiving any tax exemptions for Fort Worth-based properties.

38.     Fort Worth further requests a TRO that prohibits Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, from granting tax exemptions requested by the Defendant HFCs regarding any Fort Worth-based properties.

39.     Fort Worth requests that this Court issue this TRO without notice to Defendants. Rule 680 allows the Court to issue a TRO without notice if it "clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." Tex. R. Civ. P. 680. Additionally, as previously noted, this sort of tax-exemption scheme is, in all likelihood, about to become indisputably illegal, and Fort Worth believes the Defendant HFCs are

City of Fort Worth's First Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief                                                                 Page 10

178

already in a rush to close on as many out-of-jurisdiction deals as possible in the coming weeks and months. A no-notice TRO will prevent this unlawful behavior from occurring and will not unduly prejudice the Defendant HFCs in the short-term.

40. Judge Betsy Lambeth, of the 425th District Court in Williamson County, recently granted a no-notice TRO against the Cameron County HFC on virtually identical grounds. [*See* Plf. Orig. Pet. & TRO, *Williamson Cnty. et al. v. Cameron Cnty. Housing Finance Corp.*, 425th Judicial District Court, No. 25-0488-C425 (March 5, 2025), attached hereto as **Exhibit 2**.]

41. This Court should follow suit and issue a TRO that prevents Defendant HFCs from overstepping jurisdictional bounds and from requesting tax-exempt status for any Fort Worth-based properties. And out of an abundance of caution, this Court should also issue a TRO against the Defendant Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, that prevents him from granting tax exemptions requested by a Defendant HFC regarding any Fort Worth-based property.

42. Once that TRO has expired, Fort Worth asks for a temporary injunction. "To obtain a temporary injunction, [an] applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "Whether to grant or deny a temporary injunction is within the trial court's sound discretion," and an order granting injunctive relief will be reversed on appeal only if "the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Id.*

43. All these elements are present. Fort Worth has pleaded a cause of action against Defendants: a declaratory action under the UDJA. Fort Worth has shown it will likely be successful in this declaratory action, as the Act's plain language prohibits Defendant HFCs' complained-of

City of Fort Worth's First Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief
Page 11

179

conduct. And, in the absence of injunctive relief, Defendant HFCs are likely to close on additional Fort Worth-based properties and/or apply for a tax exemptions, which would lead to an irreversible removal of this property from the local tax rolls. Simply put, this is precisely the sort of case in which equitable relief is warranted.

## PRAYER FOR RELIEF

Based on the foregoing, Intervenor-Plaintiff City of Fort Worth respectfully asks this Court for the following relief:

(A)    To issue a TRO against Defendant HFCs and Defendant Joe Don Bobbitt that (i) prevents Defendant HFCs from requesting or receiving tax exemptions for any Fort Worth-based properties, and (ii) prevents Mr. Bobbitt from granting tax exemptions requested by Defendant HFCs regarding any Fort Worth-based properties. A proposed TRO was filed contemporaneously herewith.

(B)    After the expiration of this TRO, and after a hearing, to issue a temporary injunction against the same Defendants that enjoins the same unlawful conduct pending trial.

(C)    After the expiration of this temporary injunction, and after a final trial on the merits, to issue (i) a declaratory judgment declaring that the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*, does not allow Defendant HFCs to bestow tax-exempt status to properties located in Fort Worth; and (ii) a permanent injunction that prevents Defendant HFCs from requesting or receiving tax exemptions for Fort Worth-based properties.

(D)    To award Fort Worth its attorney's fees and costs.

(E)    To award any other relief this Court deems appropriate.

Respectfully submitted,

*/s/ Stephen A. Cumbie*
STEPHEN A. CUMBIE

City of Fort Worth's First Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief                                          Page 12

180

Senior Assistant City Attorney
State Bar No. 24056724
*stephen.cumbie@fortworthtexas.gov*

CHRISTOPHER B. MOSLEY
Senior Assistant City Attorney
State Bar No. 00789505
*chris.mosley@fortworthtexas.gov*

OLYN POOLE
Senior Assistant City Attorney
State Bar No. 24037292
*olyn.poole@fortworthtexas.gov*

CITY OF FORT WORTH
Office of the City Attorney
100 Fort Worth Trail
Fort Worth, Texas 76102
P: (817) 392-7600

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of May 2025 a true and correct copy of the foregoing document was e-filed with the Clerk of the Court and electronically served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Stephen A. Cumbie*
STEPHEN A. CUMBIE

City of Fort Worth's First Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief

Page 13

181

CAUSE NO. 348-363561-25

| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
|---|---|---|
| *Plaintiff*, | § § § | |
| v. | § § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District, | § § § § § § | 348th JUDICIAL DISTRICT |
| *Defendants,* | § § § | |
| v. | § § | |
| CITY OF FORT WORTH | § § | |
| *Plaintiff-Intervenor* | § | TARRANT COUNTY, TEXAS |

---

## VERIFICATION

---

| THE STATE OF TEXAS | § | |
| COUNTY OF TARRANT | § § | |

BEFORE ME, the undersigned Notary Public in and for the State of Texas on this day personally appeared Stephen A. Cumbie, Senior Assistant City Attorney for the City of Fort Worth, who, after being duly sworn, stated under oath that he has read the above First Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief; and that every

182

statement contained therein is within his personal knowledge and is true and correct.

_____
Stephen A. Cumbie, Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 22nd day of May 2025.

LAURA GREGORY
Notary Public, State of Texas
Comm. Expires 03-08-2028
Notary ID 4463814

_____
Notary Public in and for
The State of Texas

183



# TRAVELING HFCs IN THE CITY OF FORT WORTH

| PROPERTY ADDRESS | HOUSING FINANCE CORPORATION | DATE OF ACQUISITION | EXEMPTION STATUS | PROPERTY VALUE | FORT WORTH'S LOST REVENUE | TARRANT APPRAISAL DISTRICT WEBSITE LINK |
|---|---|---|---|---|---|---|
| 8901 S NORMANDALE ST | PECOS HOUSING FINANCE CORPORATION | 2025-02-15 | EXEMPT | $30,773,181.00 | $206,949.64 | https://www.tad.org/property?account=03435024 |
| 9051 S NORMANDALE ST | PECOS HOUSING FINANCE CORPORATION | 2025-02-15 | EXEMPT | $13,921,653.00 | $93,623.12 | https://www.tad.org/property?account=03435076 |
| 3391 WESTERN CENTER BLVD | PECOS HOUSING FINANCE CORPORATION | 2025-02-27 | EXEMPT | $41,184,002.00 | $276,962.41 | https://www.tad.org/property?account=07008937 |
| 5301 NORTH TARRANT PKWY | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2024-10-09 | EXEMPT | $80,369,852.00 | $540,487.25 | https://www.tad.org/property?account=41652207 |
| 8100 N RIVERSIDE DR | PLEASANTON HOUSING FINANCE CORPORATION | 2024-10-31 | EXEMPT | $58,188,517.00 | $391,317.78 | https://www.tad.org/property?account=41410475 |
| 2188 E LOOP 820 | PLEASANTON HOUSING FINANCE CORPORATION | 2024-11-15 | EXEMPT | $29,852,508.00 | $200,758.12 | https://www.tad.org/property?account=01184954 |
| 5801 BRIDGE ST | PECOS HOUSING FINANCE CORPORATION | 2025-01-15 | EXEMPT | $28,579,464.00 | $192,196.90 | https://www.tad.org/property?account=04972759 |
| 6051 BRIDGE ST | PECOS HOUSING FINANCE CORPORATION | 2025-01-15 | EXEMPT | $22,355,436.00 | $150,340.31 | https://www.tad.org/property?account=04972848 |
| 6776 WESTCREEK DR | PECOS HOUSING FINANCE CORPORATION | 2024-12-19 | EXEMPT | $33,857,834.00 | $227,693.93 | https://www.tad.org/property?account=05628954 |
| 637 SAMUELS AVE | PLEASANTON HOUSING FINANCE CORPORATION | 2025-01-24 | EXEMPT | $70,526,952.00 | $474,293.75 | https://www.tad.org/property?account=42402920 |
|  |  |  |  |  |  | https://www.tad.org/property?account=42402938 |
|  |  |  |  |  |  | https://www.tad.org/property?account=42402946 |
| 9632 BERKSHIRE LAKE BLVD | PLEASANTON HOUSING FINANCE CORPORATION | 2025-03-18 | EXEMPT | $69,600,728.00 | $468,064.90 | https://www.tad.org/property?account=42729627 |
| BLUE MOUND RD | PLEASANTON HOUSING FINANCE CORPORATION | 2025-01-27 | EXEMPT | $451,037.00 | $3,033.22 | https://www.tad.org/property?account=42721201 |
| 300 E. MORPHY ST | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2022-09-30 | EXEMPT | $49,971,533.00 | $336,058.56 | https://www.tad.org/property?account=42332301 |
| 14301 CENTRE STATION DR | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2025-02-03 | NO EXEMPTIONS | $101,117,467.00 | $680,014.97 | https://www.tad.org/property?account=41424360 |
| 1505 HOMEDALE DR | PECOS HOUSING FINANCE CORPORATION | 2025-03-19 | NO EXEMPTIONS | $25,793,728.00 | $173,462.82 | https://www.tad.org/property?account=04402324 |
| 500 E LOOP 820 | LA VILLA HOUSING FINANCE CORPORATION | 2025-04-04 | NO EXEMPTIONS | $24,554,971.00 | $165,132.18 | https://www.tad.org/property?account=04325893 |
| 5600 COTSWOLD HILLS DR | PECOS HOUSING FINANCE CORPORATION | 2025-03-24 | NO EXEMPTIONS | $27,759,851.00 | $186,685.00 | https://www.tad.org/property?account=00538744 |
| 6500 BOCA RATON BLVD | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2025-01-17 | NO EXEMPTIONS | $12,398,461.00 | $83,379.65 | https://www.tad.org/property?account=05661846 |
| 6501 BOCA RATON BLVD | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2025-01-17 | NO EXEMPTIONS | $23,082,702.00 | $155,231.17 | https://www.tad.org/property?account=05662486 |
| 6991 ANDERSON BLVD | PECOS HOUSING FINANCE CORPORATION | 2025-03-19 | NO EXEMPTIONS | $228,690.00 | $1,537.94 | https://www.tad.org/property?account=06468071 |
| 7040 JOHN T WHITE | PECOS HOUSING FINANCE CORPORATION | 2025-03-19 | NO EXEMPTIONS | $25,851,059.00 | $173,848.37 | https://www.tad.org/property?account=05654395 |
| 8900 COTTONWOOD VILLAGE DR | PLEASANTON HOUSING FINANCE CORPORATION | 2025-02-06 | NO EXEMPTIONS | $24,929,564.00 | $167,651.32 | https://www.tad.org/property?account=06493777 |
| 8900 RANDOL MILL RD | PECOS HOUSING FINANCE CORPORATION | 2025-03-24 | NO EXEMPTIONS | $45,043,125.00 | $302,915.02 | https://www.tad.org/property?account=05682045 |
| 6250 GRANBURY CUT OFF RD | PECOS HOUSING FINANCE CORPORATION | 2025-04-09 | NO EXEMPTIONS | $24,791,114.00 | $166,720.24 | https://www.tad.org/property?account=05503396 |
| 113 WESTERN SWING WAY | PECOS HOUSING FINANCE CORPORATION | 2025-04-09 | NO EXEMPTIONS | $78,184,484.00 | $525,790.65 | https://www.tad.org/property?account=42699604 |
| 6032 TRAVERTINE LN | PLEASANTON HOUSING FINANCE CORPORATION | 2025-03-07 | NO EXEMPTIONS | $73,143,045.00 | $491,886.98 | https://www.tad.org/property?account=42220783 |
|  |  |  |  |  |  | https://www.tad.org/property?account=42220791 |



City of
Fort Worth

EXHIBIT
2

at 9:39 o'clock A. M  FILED  C.G.

MAR 0 5 2025

CAUSE NO. 25-0488-C425

*Lisa David*

WILLIAMSON COUNTY, SIENA
MUNICIPAL UTIILTY DISTRICT NO. 1,
and SIENA MUNICIPAL UTIILTY
DISTRICT NO. 2,
    *Plaintiffs,*

v.

THE CAMERON COUNTY HOUSING
FINANCE CORPORATION,
    *Defendant.*

§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT CLERK, Williamson Co., TX

425 JUDICIAL DISTRICT

WILLIAMSON COUNTY, TEXAS

## TEMPORARY RESTRAINING ORDER

After considering the application for a temporary restraining order filed by Plaintiffs in the above-styled matter, the pleadings, and the evidence, the Court finds that—

1. There is a current controversy over Defendant Cameron County Housing Finance Corporation's ("CCHFC") efforts to seek exemption from ad valorem taxes for properties located in Williamson County, including the following real properties:

    a. Lot 1, Siena Section 30, according to the map or plat thereof recorded as Document No. 2020037410 in the Official Public Records of Williamson County, Texas, located at 6531 CR 110, Round Rock, Texas, 78655. That property is a 13.677-acre tract of land on which a multi-family apartment project known as Siena Round Rock Apartments has been built ("Siena Round Rock").

    b. Lot 2, Block A, Siena South, according to the map or plat thereof recorded as Document No. 20200099820 in the Official Public Records of Williamson County, Texas, located at 5540 Sofia Place, Round Rock, Texas 78665. That Property is a

Temporary Restraining Order – Page 1 of 3

Exhibit 1

185

15.0496-acre tract of land on which a multi-family apartment project known as The Sommery has been built ("The Sommery").

2.    As alleged in the Plaintiffs' petition and supporting verification, CCHFC currently owns Sienna Round Rock, and intends to acquire The Sommery, and seeks to remove both properties from the Williamson Central Appraisal District ad valorem tax rolls, purportedly under Section 394.905 of the Texas Local Government Code.

3.    Imminent harm and irreparable harm will result if CCHFC is permitted to acquire The Sommery and seek and obtain exemptions of Sienna Round Rock and The Sommery from the William Central Appraisal District ad valorem tax rolls. Specifically, if a temporary restraining order is not granted, imminent and irreparable harm will result to Plaintiffs since those properties within their jurisdictions will be removed from the tax rolls, which will immediately impact their fiscal budgeting and decrease the ad valorem taxes they otherwise could collect for these properties.

4.    There is no adequate remedy at law because such damages or harm to Plaintiffs cannot be calculated.

5.    An *ex parte* order, without notice to CCHFC, is necessary because there is not enough time to give notice to CCHFC, hold a hearing, and issue a restraining order before the imminent and irreparable injury, loss or damage occurs.

6.    Therefore, the Court ORDERS that—

    a.    CCHFC, as well as its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with CCHFC, are prohibited from (i) acquiring real property in

Temporary Restraining Order – Page 2 of 3

Exhibit 1

186

Williamson County, including The Sommery; (ii) seeking or obtaining exemptions from ad valorem taxes for real property in Williamson County, including Siena Round Rock and The Sommery.

b.  The clerk shall issue notice to CCHFC that the hearing on Plaintiffs' request for temporary injunction is set for **March 13**, 2025 at **9:00** (a.m.)/p.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

c.  Plaintiffs are exempt from posting a bond pursuant to Section 6.001 of the Texas Civil Practice and Remedies Code and Section 49.066(f) of the Texas Water Code.

7.  This order expires on **March 14**, 2025 at **9:00**, **A**.m.

Signed:     March **5**, 2025

_____
Presiding Judge

Temporary Restraining Order – Page 3 of 3

Exhibit 1

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chandra Jackson on behalf of Stephen Cumbie
Bar No. 24056724
Chandra.Jackson@fortworthtexas.gov
Envelope ID: 101182231
Filing Code Description: Amended Filing
Filing Description: CFW-1st Amnd Pet in Intervention and Application for TRO and Injunctive Relief
Status as of 5/22/2025 4:57 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/22/2025 4:42:15 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/22/2025 4:42:15 PM | SENT |
| Blake Stribling | | bstribling@chasnoffstribling.com | 5/22/2025 4:42:15 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 5/22/2025 4:42:15 PM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 5/22/2025 4:42:15 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/22/2025 4:42:15 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/22/2025 4:42:15 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 5/22/2025 4:42:15 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/22/2025 4:42:15 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/22/2025 4:42:15 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 5/22/2025 4:42:15 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/22/2025 4:42:15 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/22/2025 4:42:15 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 5/22/2025 4:42:15 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/22/2025 4:42:15 PM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 5/22/2025 4:42:15 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 5/22/2025 4:42:15 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/22/2025 4:42:15 PM | SENT |
| Joe DonBobbitt | | jdbobbitt@tad.org | 5/22/2025 4:42:15 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/22/2025 4:42:15 PM | SENT |
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 5/22/2025 4:42:15 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 5/22/2025 4:42:15 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chandra Jackson on behalf of Stephen Cumbie
Bar No. 24056724
Chandra.Jackson@fortworthtexas.gov
Envelope ID: 101182231
Filing Code Description: Amended Filing
Filing Description: CFW-1st Amnd Pet in Intervention and Application for TRO and Injunctive Relief
Status as of 5/22/2025 4:57 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 5/22/2025 4:42:15 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 5/22/2025 4:42:15 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 5/22/2025 4:42:15 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 5/22/2025 4:42:15 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 5/22/2025 4:42:15 PM | SENT |

FILED
TARRANT COUNTY
5/27/2025 9:24 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| PECOS HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; PLEASANTON HOUSING | § | |
| FINANCE CORPORATION, a Texas | § | |
| nonprofit corporation; LA VILLA | § | |
| HOUSING FINANCE CORPORATION, a | § | 348TH JUDICIAL DISTRICT |
| Texas nonprofit corporation; MAVERICK | § | |
| COUNTY HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; and JOE DON BOBBITT, in | § | |
| his official capacity as Chief Appraiser of | § | |
| the Tarrant Appraisal District, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH, | § | |
| | § | |
| Intervenor-Plaintiff. | § | TARRANT COUNTY, TEXAS |

**DEFENDANT PLEASANTON HFC'S PLEA TO THE JURISDICTION, MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER TO CITY OF ARLINGTON'S SECOND AMENDED PETITION**

NOW COMES Defendant Pleasanton Housing Finance Corporation ("**Pleasanton HFC**"), Defendant in the above-entitled and numbered cause, and files this, its Plea to the Jurisdiction, Motion to Transfer Venue And, Subject Thereto, Original Answer to Plaintiff City of Arlington's Second Amended Petition and Application for Temporary Restraining Order and Injunctive Relief ("**Second Amended Petition**") and would respectfully show the Court as follows:

190

## I. PLEA TO THE JURISDICTION

1. The gravamen of Plaintiff's Second Amended Petition is that Pleasanton HFC has been "removing Arlington-based properties from the tax appraisal roll[.]"  2nd Am. Pet. at ¶ 1.

2. Rather than bring its case under the Property Tax Code, Plaintiff brought suit under the Declaratory Judgment Act.

3. Plaintiff is a "taxing unit" under the Property Tax Code. *See* Tex. Tax Code § 1.04(12). The exclusive means for a "taxing unit" to resolve the types of disputes raised in Plaintiff's Petition is to seek relief under the Property Tax Code through a taxing unit challenge. Accordingly, the Court has no jurisdiction over Plaintiff's claims. *See* Tex. Tax Code § 42.09 ("Remedies Exclusive"); *In re ExxonMobil Corp.*, 153 S.W.3d 605, 617 (Tex. App.—Amarillo 2004, orig. proceeding).

4. Plaintiff's claims related to any properties "removed" from the tax rolls fall within the statutory framework of the Property Tax Code. Indeed, the true nature of Plaintiff's Petition is laid bare in its request for injunctive relief which asks the Court to "stop the Chief Appraiser of the Tarrant Appraisal District from granting tax exemptions requested by Defendant HFCs for any Arlington-based properties." 2nd Am. Pet. at ¶ 3.

5. As a result, the Declaratory Judgment Act cannot be used as a vehicle to avoid the Property Tax Code's exclusive administrative process and remedies. *See Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 370-371 (Tex. App.—Fort Worth 2001, no pet.); *see also* Tex. Att'y Gen. Op. No. GA-0537 (2007) at 3 ("whether any specific property is exempt from taxation depends on the facts and circumstances and is initially determined by the chief appraiser of the appraisal district").

6. Moreover, Plaintiff's reference to Section 43.01 of the Property Tax Code does not excuse Plaintiff's failure to exhaust administrative remedies. Plaintiff does not raise Section 43.01

2

191

as an independent basis for relief and the statute is referenced and incorporated into a single cause of action labelled "V. CAUSE OF ACTION: DECLARATORY JUDGMENT & TAX CODE." *See* 2ⁿᵈ Am. Pet. at ¶¶ 32-36. However Plaintiff cares to craft its Petition, the relief sought is the same—denial of ad valorem exemptions—and Plaintiff has therefore failed to satisfy a jurisdictional prerequisite to filing suit before this Court.

7.      Section 41.01 of the Property Tax Code sets out the duties of the appraisal review board, which, as relevant here, include the duties to determine protests initiated by property owners, determine challenges initiated by taxing units and "take any other action or make any other determination that this title specifically authorizes or requires." Tex. Tax Code § 41.41. Taxing units are entitled to bring challenges of designated actions before the appraisal review board, among them, challenges to the level of appraisals of any category of property in the district and challenges to an exclusion of property from the appraisal records. *Id.* § 41.03.[1] Insofar as Plaintiff contests the exemption status of the subject properties referenced in its Petition, Plaintiff's lawsuit should have been preceded by a taxing unit challenge pursuant to the Property Tax Code.

8.      Plaintiff's Petition does not allege that Plaintiff has exhausted its administrative remedies prior to filing suit because Plaintiff has not done so. Accordingly, this Court is deprived of jurisdiction over Pleasanton HFC (as well as the other HFCs named in the Second Amended Petition). To properly invoke the district court's subject-matter jurisdiction, the taxing unit must exhaust its administrative remedies before seeking judicial review. *See, e.g., City of Austin v.*

---

[1] In the context of exemptions, the chief appraiser makes the initial determination of whether an exemption applies to a particular property in the appraisal district. Tex. Tax Code §§ 11.45(a) ("The chief appraiser shall determine separately each applicant's right to an exemption"), (c) (The chief appraiser "shall determine the validity of each application for exemption filed with him before he submits the appraisal records for review and determination of protests as provided by Chapter 41 of [the Property Tax Code].").

*Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 618 (Tex. App.—Austin 2016, no pet.). For these reasons, Pleasanton HFC respectfully requests that the Court dismiss this case in full.

## II. MOTION TO TRANSFER VENUE

9. Pleasanton HFC respectfully requests that the Court transfer the above-entitled and numbered cause to Atascosa County, Texas pursuant to Section 15.063 of the Civil Practice and Remedies Code and Texas Rule of Civil Procedure 86.

10. Texas Rule of Civil Procedure 86 provides that a motion to transfer venue "shall state that the action should be transferred to another specified county of proper venue because: (a) [t]he County where the action is pending is not a proper county; or (b) [m]andatory venue of the action in another county is prescribed by one or more specific statutory provisions which shall be clearly designated or indicated." The rules further provide that a motion to transfer venue "shall be made promptly by the court and such determination must be made in a reasonable time prior to commencement of the trial on the merits." Tex. R. Civ. P. 87.

11. Section 15.063 of the Civil Practice and Remedies Code provides that "the court, on motion filed and served concurrently with or before the filing of the answer, shall transfer an action to another county of proper venue if […] the county in which the action is pending is not a proper county as provided by [Chapter 15 of the Civil Practice and Remedies Code]." Tex. Civ. Prac. & Rem. Code § 15.063(1). "In all venue hearings, no factual proof concerning the merits of the case shall be required to establish venue" and "[t]he court shall determine venue questions from the pleadings and affidavits." *Id.* § 15.064(a).

12. The Civil Practice and Remedies Code defines "proper venue" as "(1) the venue required by the mandatory provisions of Subchapter B [Mandatory Venue] or another statute prescribing mandatory venue; or (2) if Subdivision (1) does not apply, the venue provided by this subchapter [General Venue] or Subchapter C [Permissive Venue]"). Section 15.016 of the Civil

4

Practice and Remedies Code, encompassed within Subchapter B [Mandatory Venue] of Chapter 15, states that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." *Id.* § 15.016.

13. Section 65.023(a) of the Civil Practice and Remedies Code mandates venue in a defendant's county of domicile for cases purely or primarily seeking injunctive relief. *Id.* § 65.023(a) ("[A] writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled."); *see In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding) ("The statute placing venue for injunction suits in the county of the defendant's domicile is mandatory."). Section 65.023(a) is operative only when a plaintiff's pleading in the underlying suit establishes the relief sought is "purely or primarily injunctive." *Cont'l Airlines*, 988 S.W.2d at 736; *Ex parte Coffee*, 328 S.W.2d 283, 287 (Tex. 1959) (orig. proceeding) ("It is settled that [section 65.023(a)'s predecessor] only applies to and governs the issuance and return of writs and trial in cases in which the relief sought is purely or primarily injunctive."); *Brown v. Gulf Television Co.,* 306 S.W.2d 706 (Tex. 1957) (holding that the injunction statute controlled venue over the situs of the real property in a dispute where an airport owner sought an injunction ordering removal of a television antenna that was allegedly interfering with an airport runway).

14. In *In re FPWP GP LLC,* the real parties filed a declaratory judgment and injunction action in Dallas County to resolve a dispute among partners to a limited partnership concerning "(1) their rights in and obligations to the partnership, (2) which partnership agreement govern[ed] their relationship, and (3) which entity [was] the partnership's general partner." *See* No. 05-16-01145-CV, 2017 Tex. App. LEXIS 633, 2017 WL 461355, at *1 (Tex. App.—Dallas Jan. 25, 2017, no pet.) (mem. op.). Relying on Section 65.023(a) of the Civil Practice and Remedies Code, the

5

194

relators filed a motion to transfer venue from Dallas County to Harris County, as all parties subject to the potential injunction were domiciled in Harris County.

15. After the trial court denied the motion, the court of appeals granted mandamus relief and determined that the real parties' declaratory judgment action and plea for an injunction were a different means to the same end. Specifically, the court opined as follows:

> By granting the requested declaratory relief, the trial court would enjoin FPWP from acting as general partner by naming Briarwood general partner and declaring relators' prior acts ineffective, void, and invalid. An injunction is another means to that same end. In either event, the real parties in interest were seeking to stop relators from taking actions on behalf of the partnership. Therefore, we conclude the primary purpose of the lawsuit is injunctive.

*Id.* at *15-16 (Tex. App.—Dallas Jan. 25, 2017, no pet.)

16. Here, the Plaintiff's requested relief is analogous to the pleadings the Dallas Court of Appeals considered in *In re FPWP GP LLC* to determine that section 65.023(a) established venue in Harris County. Plaintiff's requested relief is "purely or primarily injunctive" consisting of "(i) a declaratory judgment declaring that the Texas Housing Finance Act […] does not allow the Defendant HFCs to bestow tax-exempt status to properties located in Arlington; and (ii) a permanent injunction that prevents the Defendant HFCs from requesting tax exemptions for Arlington-based properties." 2nd Am. Pet. at p. 10.

17. Insofar as Plaintiff's sought-after after relief is "purely or primarily" injunctive, this proceeding is subject to the mandatory venue provision of Section 65.023 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 15.001(b) (defining "proper venue" to mean "the venue required by the mandatory provisions of Subchapter B or another statute prescribing mandatory venue."). Accordingly, the Court must grant Defendant's Motion to Transfer Venue

6

and transfer the present proceedings to Atascosa, Texas (Defendant Pleasanton HFC's county of domicile).

18.     Plaintiff alleges that venue is proper in Tarrant County because "all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant County" and Pleasanton HFC "purposely availed [itself] of the venue[.]" 2nd Am. Pet. at ¶ 11 (citing Tex. Civ. Prac. & Rem. Code § 15.002(a)(1)).

19.     Contrary to Plaintiff's suggestion, Section 15.002(a)(3) of the Civil Practice and Remedies Code provides that *"[e]xcept as otherwise provided by this subchapter or Subchapter B or C*, all lawsuits shall be brought […] (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; [or] (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person[.]" (emphasis added). Section 15.016 of the Civil Practice and Remedies Code, *codified within Subchapter B of Chapter 15 of the Civil Practice and Remedies*, states that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." *See also id.* § 15.001 (defining "proper venue" to mean "the venue required by the mandatory provisions of Subchapter B or another statute prescribing mandatory venue[.]"). Thus, insofar as Section 65.023 mandates venue in a defendant's county of domicile for cases purely or primarily seeking injunctive relief, it controls over the venue selection provisions encompassed within Section 15.002.

20.     Plaintiff further alleges that venue in Tarrant County is proper because "this suit concerns real property located in Tarrant County[.]" 2nd Am. Pet. at ¶ 11 (citing Tex. Civ. Prac. & Rem. Code § 15.011). Plaintiff's allegation ignores the fact that the Civil Practice and Remedies Code's mandatory venue provision concerning land does not apply based on the causes of action asserted in Plaintiff's Second Amended Petition. Specifically, Section 15.011 of the Civil Practice

7

196

and Remedies Code states that only "[a]ctions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or part of the property is located." Plaintiff has not pled any of the causes of action enumerated in section 15.011 and, therefore, this Court need not engage in an analysis of conflicting mandatory venue provisions under Subchapter B of Chapter 15 of the Civil Practice and Remedies Code.

21. Finally, Plaintiff alleges that the Property Tax Code mandates venue in Tarrant County. *See* 2nd Am. Pet. at ¶ 11 (citing Tex. Tax Code §§ 43.01-43.03). As explained above, Plaintiff's Second Amended Petition does not raise an independent cause of action under the Texas Property Tax Code separate and apart from its request for declaratory judgment and injunctive relief. Accordingly, the Property Tax Code does not control venue in this circumstance.

### III. GENERAL DENIAL

22. Subject to Defendant Pleasanton HFC's Motion to Transfer Venue, and pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Pleasanton HFC denies each and every allegation in Plaintiff's Second Amended Petition, as well as any amended or supplemental petition, and demands that Plaintiff proves their allegations by the appropriate standard of proof under the laws of the State of Texas.

### IV. AFFIRMATIVE DEFENSES

23. Plaintiff's claims are barred in, whole or in part, because Plaintiff has failed to exhaust their administrative remedies.

24. Plaintiff's claims are barred in, whole or in part, by the doctrine of mootness/ripeness.

197

25. Plaintiff's claims are barred, in whole or in part, because by estoppel, laches, and/or waiver.

26. Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

27. Plaintiff's claims are barred, in whole or in part, because Plaintiffs lack standing to bring the claims they assert.

28. Plaintiff's claims are barred, in whole or in part, because they are not cognizable under the Texas Constitution.

## V.    PRAYER

WHEREFORE, Defendant Pleasanton Housing Finance Corporation respectfully requests that this court (i) dismiss all claims against Defendants; or in the alternative, (ii) grant its Motion to Transfer Venue and transfer this suit to Atascosa County, Texas; and, in the alternative and subject to Defendant's Motion to Transfer Venue, (iii) that Plaintiffs take nothing; and (iv) Defendant be awarded such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Dated: May 27, 2025                    Respectfully submitted,

*/s/ Danie J. Lecavalier*
Blake W. Stribling
Texas Bar No. 24070691
Daniel J. Lecavalier
Texas Bar No. 24129028
CHASNOFF STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: 210-469-4155
Email: bstribling@chasnoffstribling.com
Email: dlecavalier@chasnoffstribling.com

*Counsel for Defendant Pleasanton HFC*

9

198

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served in compliance with the Texas Rules of Civil Procedure on this 27th day of May, 2025, to the following counsel of record:

Galen G. Gatten
galen.gatten@arlingtontx.gov
Alexander J. Lindvall
alexander.lindvall@arlingtontx.gov
Jonathan M. Moss
jonathan.moss@arlingtontx.gov
Joseph N. Nguyen
joseph.nguyen@arlingtontx.gov
Nena Chima-Tetteh
nena.chima-tetteh@arlingtontx.gov
CITY OF ARLINGTON
CITY ATTORNEY'S OFFICE
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

*Counsel for Plaintiff City of Arlington*

Stephen A. Cumbie
Senior Assistant City Attorney
Stephen.cumbie@fortworthtexas.gov
Christopher B. Mosley
Senior Assistant City Attorney
Chris.mosley@forthworthtexas.gov
Olyn Poole
Senior Assistant City Attorney
Olyn.poole@forthworthtexas.gov
CITY OF FORTH WORTH
OFFICE OF THE CITY ATTORNEY
100 Forth Worth Trail
Fort Worth, Texas 76102

*Counsel for Intervenor-Plaintiff City of Forth Worth*

James R. Evans, Jr.
jevans@lsejlaw.com
Eric Ruiz
eruiz@lsejlaw.com
LOW SWINNEY EVANS & JAMES, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735

*Counsel for Defendant Joe Don Bobbitt*

Jeffrey M. Tillotson
jtillotson@tillotsonlaw.com
Kathryn E. Yukevich
kyukevich@tillotsonlaw.com
TILLOTSON JOHNSON & PATTON
1201 Main Street, Ste 1300
Dallas, TX 75202

*Counsel for Defendant Pecos HFC*

/s/ Daniel J. Cavalier
Daniel J. Cavalier

10

199

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim Decker on behalf of Daniel Lecavalier
Bar No. 24129028
kdecker@chasnoffstribling.com
Envelope ID: 101259117
Filing Code Description: Answer/Response
Filing Description: Defendant Pleasanton Housing Finance Corporation's Plea to the Jurisdiction, Motion to Transfer Venue and Subject Thereto Original Answer to City of Arlington's Second Amended Petition
Status as of 5/27/2025 9:41 AM CST

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/27/2025 9:24:50 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/27/2025 9:24:50 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/27/2025 9:24:50 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/27/2025 9:24:50 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/27/2025 9:24:50 AM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 5/27/2025 9:24:50 AM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 5/27/2025 9:24:50 AM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 5/27/2025 9:24:50 AM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 5/27/2025 9:24:50 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 5/27/2025 9:24:50 AM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/27/2025 9:24:50 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/27/2025 9:24:50 AM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 5/27/2025 9:24:50 AM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 5/27/2025 9:24:50 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim Decker on behalf of Daniel Lecavalier
Bar No. 24129028
kdecker@chasnoffstribling.com
Envelope ID: 101259117
Filing Code Description: Answer/Response
Filing Description: Defendant Pleasanton Housing Finance Corporation's Plea to the Jurisdiction, Motion to Transfer Venue and Subject Thereto Original Answer to City of Arlington's Second Amended Petition
Status as of 5/27/2025 9:41 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 5/27/2025 9:24:50 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/27/2025 9:24:50 AM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 5/27/2025 9:24:50 AM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 5/27/2025 9:24:50 AM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 5/27/2025 9:24:50 AM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 5/27/2025 9:24:50 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/27/2025 9:24:50 AM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 5/27/2025 9:24:50 AM | SENT |

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/27/2025 9:24:50 AM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/27/2025 9:24:50 AM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 5/27/2025 9:24:50 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim Decker on behalf of Daniel Lecavalier
Bar No. 24129028
kdecker@chasnoffstribling.com
Envelope ID: 101259117
Filing Code Description: Answer/Response
Filing Description: Defendant Pleasanton Housing Finance Corporation's Plea to the Jurisdiction, Motion to Transfer Venue and Subject Thereto Original Answer to City of Arlington's Second Amended Petition
Status as of 5/27/2025 9:41 AM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chandra Jackson | | chandra.jackson@fortworthtexas.gov | 5/27/2025 9:24:50 AM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 5/27/2025 9:24:50 AM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 5/27/2025 9:24:50 AM | SENT |

202

FILED
TARRANT COUNTY
5/28/2025 9:40 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; PLEASANTON HOUSING | § | |
| FINANCE CORPORATION, a Texas | § | |
| nonprofit corporation; LA VILLA | § | |
| HOUSING FINANCE CORPORATION, a | § | 348TH JUDICIAL DISTRICT |
| Texas nonprofit corporation; MAVERICK | § | |
| COUNTY HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; and JOE DON BOBBITT, in | § | |
| his official capacity as Chief Appraiser of | § | |
| the Tarrant Appraisal District, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH, | § | |
| | § | |
| Intervenor-Plaintiff. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT PLEASANTON HFC'S SPECIAL EXCEPTIONS TO THE CITY OF ARLINGTON'S SECOND AMENDED PETITION

NOW COMES Defendant Pleasanton Housing Finance Corporation ("**Pleasanton HFC**"), Defendant in the above-entitled and numbered cause, and files this, its Special Exception to the City of Arlington's ("**Arlington**" or "**Plaintiff**") Second Amended Petition and Application for Temporary Restraining Order and Injunctive Relief, and would respectfully show the Court as follows:

203

## I.  INTRODUCTION

1.     This case concerns the City of Arlington's misguided attempt to use the Property Tax Code to circumvent established legal procedures for challenging tax exemption determinations. Arlington seeks to invoke Texas Tax Code Sections 43.01 and 43.03 to compel the Tarrant Appraisal District to deny tax exemptions to various Housing Finance Corporations, fundamentally misunderstanding both the scope and purpose of Chapter 43.

2.     Arlington's Second Amended Petition suffers from a fatal legal defect: it attempts to use Chapter 43 of the Property Tax Code as a vehicle to challenge discretionary appraisal determinations, when that chapter is expressly limited to compelling compliance with non-discretionary policies and operating procedures. As Texas courts have consistently held, Chapter 43 applies only to procedural and administrative matters—not to substantive determinations regarding individual property exemptions.

3.     Arlington has failed to identify any specific policy, procedure, or non-discretionary duty under the Property Tax Code, Comptroller rules, or applicable law that the appraisal district has violated. Instead, the City seeks to use Chapter 43 as an improper end-run around the established procedures for challenging tax exemption decisions (presumably to evade Defendant's plea to the jurisdiction and motion to transfer venue). This fundamental pleading deficiency renders Arlington's petition legally insufficient and subject to dismissal.

4.     Pleasanton Housing Finance Corporation respectfully submits that Arlington's Second Amended Petition fails to state a cognizable claim under Chapter 43 and should be dismissed with leave to replead.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

5.     In its Second Amended Petition, Arlington alleges that that "[t]he [Property] Tax Code […] provides that '[a] taxing unit,' like Arlington, 'may sue the appraisal district that

2

204

appraises property for the unit to compel the appraisal district to comply with … applicable law.'"

Arlington's 2ⁿᵈ Am. Pet., ¶ 35 (citing Tex. Tax Code § 43.01). Without further explanation, Arlington concludes that the Tex. Tax Code §§ 43.01 and 43.03 empowers the Court to "prevent Defendant [Joe Don] Bobbit[, his official capacity as Chief Appraiser of the Tarrant Appraisal District ("**TAD**"),]from unlawfully awarding any further tax exemptions to the Defendant HFCs." *Id.* at ¶ 36.

### III.    LEGAL STANDARD

6.      A special exception is the proper vehicle through which to raise disputes concerning the sufficiency of a party's allegations and claims. *See Ortiz v. Patterson*, 378 S.W.3d 667, 2012 Tex. App. LEXIS 7679 (Tex. App. Dallas Sept. 5, 2012, no pet.). The Texas Rules of Civil Procedure provide that "a special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." Tex. R. Civ. P. 91.

### IV.    LAW AND ARGUMENT

**A.    Chapter 43 of the Property Tax Code Applies Only to Taxing Unit Actions Requesting Relief With Respect to an Appraisal District's Policies and Operating Procedures**

7.      Arlington's invocation of Tex. Tax Code §§ 43.01 and 43.03 is defective on its face. Section 43.01 of the Property Tax Code provides that "[a] taxing unit may sue the appraisal district that appraises property for the unit to compel the appraisal district to ***comply with*** the provisions of this title, rules of the comptroller, or other applicable law." (emphasis added). Section 43.03 of the Property Tax Code further provides that the Court "as the evidence warrants shall enter those orders necessary to ***compel compliance*** by the appraisal office." (emphasis added).

3

205

8.    In raising Chapter 43 in its Second Amended Petition, Arlington conspicuously glosses over reference to Section 43.04 of the Property Tax Code. That provision, titled "Suit to Compel Compliance Deadlines," clarifies that Chapter 43 of the Property Tax Code is intended to address lawsuits by taxing units aimed at ***compelling compliance*** with the appraisal district's ***non-discretionary functions***:

> The governing body of a taxing unit may sue the chief appraiser or members of the appraisal review board, as applicable, for failure to comply with the deadlines imposed by Section 25.22(a), 26.01(a), or 41.12. If the court finds that the chief appraiser or appraisal review board failed to comply for good cause shown, the court shall enter an order fixing a reasonable deadline for compliance. If the court finds that the chief appraiser or appraisal review board failed to comply without good cause, the court shall enter an order requiring the chief appraiser or appraisal review board to comply with the deadline not later than the 10th day after the date the judgment is signed. In a suit brought under this section, the court may enter any other order the court considers necessary to ensure compliance with the court's deadline or the applicable statutory requirements. Failure to obey an order of the court is punishable as contempt.

9.    Courts interpreting Chapter 43 of the Property Tax Code have held that the chapter applies only to actions for relief with respect to ***policies and operating procedures***—again, non-discretionary duties as opposed to discretionary determinations covered by challenges under Chapter 41. *See Joaquin Indep. Sch. Dist. v. Shelby Cty. Appraisal Dist.*, No. 12-13-00038-CV, 2014 Tex. App. LEXIS 9792 (Tex. App.—Tyler Aug. 29, 2014, pet. denied).

10.    In *Joaquin Indep. Sch. Dist.*, Joaquin Independent School District ("**JISD**") and Shelbyville Independent School District ("**SISD**") had a disputed boundary line that affected property tax apportionment. From 2008 to 2011, JISD filed annual challenges to Shelby County Appraisal District's ("**SCAD**") appraisal rolls, claiming 164 tracts were taxed in the wrong district and that properties within JISD's boundaries were incorrectly attributed to SISD. The appraisal review board denied all challenges, determining that boundaries should remain unchanged until a court ordered modifications. Thereafter, JISD filed suit raising claims under Chapters 42 and 43

4

of the Property Tax Code and the Declaratory Judgments Act. The trial court denied JISD's requested relief.

11.     On appeal, JISD re-urged its Chapter 42 and 43 claims. JISD asserted under Chapter 42 that "SCAD assessed property on a percentage less than one hundred percent of its appraised value and SCAD was prevented from obtaining correct assessments due to incorrect records in violation of the law." *Id.* at \*9-10; *compare* Tex. Tax Code § 41.03. The appellate court held against JISD because it failed to present any evidence to prove what percentage basis SCAD used to assess the property. *Id.* at \*10. JISD also requested that the court order SCAD to correct the appraisal rolls for prior tax years and refund tax revenue to JISD. Since "JISD did not prove as a matter of law that it [was] entitled to have the requested corrections and refunds[,]" the appellate court held that the trial court did not err. *Id.*

12.     For its Chapter 43 claims, JISD argued that the trial court should have ordered SCAD to take "certain corrective measures needed due to inaccurate school district boundary records" under Chapter 43 of the Property Tax Code. *Id.* at \*9. Without entertaining the merits of JISD's claim, the court summarily held that "Chapter 43 *is not the appropriate vehicle for the relief in this case*" and that "Chapter 43 applies to actions for relief *with respect to policies and operating procedures*." *Id.* at \*9 (holding that "[t]he trial court did not err in denying JISD's motion for summary judgment on its Chapter 43 complaints or in granting SISD's motion for partial summary judgment on that issue.") (citing *Carr v. Bell Sav. & Loan Ass'n*, 786 S.W.2d 761, 765 (Tex. App.—Texarkana 1990, writ denied) (op. on reh'g)) (emphasis added).

13.     In finding that Chapter 43 was limited to actions for relief with respect to "policies and operating procedures," the court in *Joaquin* cited to *Carr v. Bell Sav. & Loan Ass'n*, 786 S.W.2d 761, 765 (Tex. App.—Texarkana 1990, writ denied) (op. on reh'g)) (emphasis added).

There, the Texarkana Court of Appeals held in an opinion on a motion for rehearing by a taxing unit that Section 43.01 of the Texas Tax Code did not authorize a taxing units' collateral attack on an appraisal review board's reduce appraisal determination. Specifically, the *Carr* court held that Section 43.01 "applies to actions for declaratory or injunctive relief **with respect to policies and operating procedures**" and "cannot refer to a suit to challenge the appraisal of a single taxpayer's property." *Carr v. Bell Sav. & Loan Ass'n*, Case No. 06-89-09783-CV, 1990 Tex. App. LEXIS 463, at *1 (Tex. App.—Texarkana Feb. 27, 1990, no writ).[1]

**B.      Arlington's Has Failed to Allege a Policy or Procedure That the Appraisal District Must Comply With**

14.      *Joaquin* should control the Court's review of Arlington's Second Amended Petition. Nowhere in its Second Amended Petition does Arlington allege that TAD has failed to comply with its own policies or procedures under the Property Tax Code or the Comptroller rules. Instead, Arlington has alleged that a suit is necessary to compel TAD to "comply with" Chapter 394 of the Local Government Code, otherwise known as the Housing Finance Corporation Act (the "Act").

15.      Arlington does not allege any provisions of the Act that TAD can come into compliance with. *See* Tex. Tax Code § 43.01. Likewise, the Act does not *compel* TAD to do anything. With respect to remedies, the Second Amended Petition is similarly defective. Section 43.03 of the Property Tax Code, titled "Action by Court," states that the Court "as the evidence warrants shall enter those orders necessary to **compel compliance** by the appraisal office." (emphasis added). Without any reference to what policies or procedures under the Property Tax Code, Comptroller rules, or HFC Act that TAD is currently out of compliance with, the pleading

---

[1] In the appellate briefing for *Joaquin* there is discussion among the parties that *Joaquin* was miscited. This cite has been verified through Lexis Nexis, as of May 28, 2025, for the excerpts relied upon by the *Joaquin* court (as evidenced by appellee's briefing).

is defective on its face and, therefore, a special exception striking the Second Amended Petition is appropriate.

## V. PRAYER

WHEREFORE, Defendant Pleasanton Housing Finance Corporation respectfully requests (i) that this court grant Defendant's Special Exception; (ii) that Arlington's Second Amended Petition be dismissed with leave to replead; and (iii) all further relief, special or general, legal or equitable, to which Defendant is justly entitled.

Dated: May 28, 2025

Respectfully submitted,

*/s/ Daniel J. Lecavalier*
Blake W. Stribling
Texas Bar No. 24070691
Daniel J. Lecavalier
Texas Bar No. 24129028
CHASNOFF STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: 210-469-4155
Email: bstribling@chasnoffstribling.com
Email: dlecavalier@chasnoffstribling.com

*Counsel for Defendant Pleasanton HFC*

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served in compliance with the Texas Rules of Civil Procedure on this 28th day of May, 2025, to the following counsel of record:

Galen G. Gatten
galen.gatten@arlingtontx.gov
Alexander J. Lindvall
alexander.lindvall@arlingtontx.gov
Jonathan M. Moss
jonathan.moss@arlingtontx.gov
Joseph N. Nguyen
joseph.nguyen@arlingtontx.gov
Nena Chima-Tetteh
nena.chima-tetteh@arlingtontx.gov
CITY OF ARLINGTON
CITY ATTORNEY'S OFFICE
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

*Counsel for Plaintiff City of Arlington*

Stephen A. Cumbie
Senior Assistant City Attorney
Stephen.cumbie@fortworthtexas.gov
Christopher B. Mosley
Senior Assistant City Attorney
Chris.mosley@forthworthtexas.gov
Olyn Poole
Senior Assistant City Attorney
Olyn.poole@forthworthtexas.gov
CITY OF FORTH WORTH
OFFICE OF THE CITY ATTORNEY
100 Forth Worth Trail
Fort Worth, Texas 76102

*Counsel for Intervenor-Plaintiff City of Forth Worth*

James R. Evans, Jr.
jevans@lsejlaw.com
Eric Ruiz
eruiz@lsejlaw.com
LOW SWINNEY EVANS & JAMES, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735

*Counsel for Defendant Joe Don Bobbitt*

Jeffrey M. Tillotson
jtillotson@tillotsonlaw.com
Kathryn E. Yukevich
kyukevich@tillotsonlaw.com
TILLOTSON JOHNSON & PATTON
1201 Main Street, Ste 1300
Dallas, TX 75202

*Counsel for Defendant Pecos HFC*

*/s/ Daniel J. Lecavalier*
Daniel J. Lecavalier

8

210

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa O'Sullivan on behalf of Daniel Lecavalier
Bar No. 24129028
losullivan@chasnoffstribling.com
Envelope ID: 101359863
Filing Code Description: No Fee Documents
Filing Description: No Fee Documents
Status as of 5/29/2025 8:44 AM CST

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/28/2025 9:40:35 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/28/2025 9:40:35 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/28/2025 9:40:35 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/28/2025 9:40:35 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/28/2025 9:40:35 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Blake Stribling | | bstribling@chasnoffstribling.com | 5/28/2025 9:40:35 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 5/28/2025 9:40:35 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 5/28/2025 9:40:35 PM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 5/28/2025 9:40:35 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Liz Hansen | | lhansen@lsejlaw.com | 5/28/2025 9:40:35 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/28/2025 9:40:35 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/28/2025 9:40:35 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 5/28/2025 9:40:35 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 5/28/2025 9:40:35 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/28/2025 9:40:35 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa O'Sullivan on behalf of Daniel Lecavalier
Bar No. 24129028
losullivan@chasnoffstribling.com
Envelope ID: 101359863
Filing Code Description: No Fee Documents
Filing Description: No Fee Documents
Status as of 5/29/2025 8:44 AM CST

Case Contacts

| Erica Salas | | erica.salas@arlingtontx.gov | 5/28/2025 9:40:35 PM | SENT |
|---|---|---|---|---|
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 5/28/2025 9:40:35 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 5/28/2025 9:40:35 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 5/28/2025 9:40:35 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 5/28/2025 9:40:35 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/28/2025 9:40:35 PM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 5/28/2025 9:40:35 PM | SENT |

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/28/2025 9:40:35 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/28/2025 9:40:35 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 5/28/2025 9:40:35 PM | SENT |

Associated Case Party: THECITY OF FORT WORTH

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa O'Sullivan on behalf of Daniel Lecavalier
Bar No. 24129028
losullivan@chasnoffstribling.com
Envelope ID: 101359863
Filing Code Description: No Fee Documents
Filing Description: No Fee Documents
Status as of 5/29/2025 8:44 AM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra Jackson | | chandra.jackson@fortworthtexas.gov | 5/28/2025 9:40:35 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 5/28/2025 9:40:35 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 5/28/2025 9:40:35 PM | SENT |

213

FILED
TARRANT COUNTY
5/29/2025 2:20 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 348-363561-25**

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE | § | 348TH JUDICIAL DISTRICT |
| CORPORATION, A TEXAS NONPROFIT | § | |
| CORPORATION; JOE DON BOBBITT, | § | |
| IN HIS OFFICIAL CAPACITY AS CHIEF | § | |
| APPRAISER OF THE TARRANT | § | |
| APPRAISAL DISTRICT, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH, | § | |
| | § | |
| Intervenor-Plaintiff | § | TARRANT COUNTY, TEXAS |

**FIRST AMENDED PLEA TO THE JURISDICTION AND ANSWER OF
DEFENDANT JOE DON BOBBITT**

NOW COMES Defendant Joe Don Bobbitt, and files this First Amended Plea to the Jurisdiction and Answer to the Plaintiffs' petitions and applications for temporary restraining orders and injunctive relief. This Defendant would show the Court as follows.

**PLEA TO THE JURISDICTION**

1. Plaintiffs' decision to bring their cases under the Declaratory Judgments Act against Mr. Bobbitt rather than the administrative provisions of the Texas Property Tax Code means that this Court is deprived of jurisdiction over Mr. Bobbitt, and this case should be dismissed as to Mr. Bobbitt. Because of the pervasive regulatory scheme contained in the Texas Property Tax Code that provides the exclusive means for parties to resolve disputes in connection with the Texas Property

214

Tax Code, there is no jurisdiction over Plaintiffs' claims against Mr. Bobbitt. *In re ExxonMobil Corp.*, 153 S.W.3d 605, 617 (Tex. App. – Amarillo 2004, orig. proceeding). Plaintiffs' claims fit within the statutory framework of the Property Tax Code, so neither the Declaratory Judgments Act nor injunctive relief, the remedies asserted against Mr. Bobbitt, may be used to avoid or evade the exclusive administrative process and remedies in the Tax Code. *Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 370-371 (Tex. App.—Fort Worth 2001, no pet.). The remedial scheme available to Plaintiffs is in Chapter 41 of the Property Tax Code and not in the Declaratory Judgments Act and not through injunction. *Vexler v. Spencer*, No. 02-24-00305-CV, 2025 WL 1271691, at \*8-9 (Tex. App.—Fort Worth May 1, 2025, no pet. h.) (mem. op.).[1]

2.    Plaintiffs seek to use the DJA and injunctive relief to prohibit Mr. Bobbitt from granting exemptions Plaintiffs disagree with. However, as stated above, Plaintiffs' remedies lie not in the DJA but in the exclusive remedies contained in the Property Tax Code. Specifically, as a taxing unit, the City's remedy is to bring a taxing-unit challenge under Texas Tax Code section 41.03. Such a remedy is part of the pervasive scheme known as the Property Tax Code. See, *In re ExxonMobil Corp.* at 617. ("Our review of the entire Tax Code leads us to conclude it is no less comprehensive with respect to the rights and duties of taxing units than those of property owners[.]"

---

[1] In its in its decision dated May 1, 2025, the Second Court of Appeals held that the statutory framework in the Texas Tax Code precluded injunctive and declaratory relief and affirmed the District Court's dismissal of claims against the Denton County Appraisal District:

> In sum, the Property Owners' first three appellate issues complain about the trial court's dismissing their claims for injunctive relief, for declaratory relief…and for a tax refund. Because the tax code jurisdictionally bars the Property Owners from raising these three claims outside of the Texas Tax Code's exclusive remedial scheme, and because the Property Owners otherwise failed to affirmatively demonstrate the trial court's subject-matter jurisdiction by alleging a valid waiver of immunity, the trial court properly granted DCAD's and Spencer's pleas to the jurisdiction on these claims[.]

Id at \*8.

3. The City of Arlington and City of Fort Worth have failed to exhaust their administrative remedies. To properly invoke the subject-matter jurisdiction of the district court, the taxing unit must exhaust its administrative remedies before filing its suit for judicial review. *City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 618 (Tex. App.—Austin 2016, no pet.). Plaintiffs have failed to obtain any orders from the appraisal review board regarding any taxing unit challenge, their remedy under the Tax Code. Their failure deprives this Court of jurisdiction, and Mr. Bobbitt should be dismissed.

4. Mr. Bobbitt is immune from the present action under the Declaratory Judgments Act ("DJA") because governmental immunity bars DJA actions against the state and its political divisions, and its employees, absent a legislative waiver. *See* TEX. TAX CODE § 6.01(c); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009); *Stiefer v. Moers*, No. 14-14-00617-CV, 2015 WL 6950104, at *3 (Tex. App.—Houston [14th Dist. Nov. 10, 2015, no pet.) (mem. op.). ("In sum, we conclude that the Moerses' declaratory judgment action does not state a waiver of governmental immunity.")

**DEFENDANT'S GENERAL DENIAL**

5. Defendant Joe Don Bobbitt denies each and every, all and singular, the allegations contained in Plaintiffs' Petitions and demand strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that 1) this Court dismiss all claims against Defendant Joe Don Bobbitt, 2) Plaintiffs take nothing by this action, 3) all costs be taxed against the Plaintiffs, and 4) the Defendant have such other and further relief to which it may be justly entitled.

216

Respectfully submitted,

LOW SWINNEY EVANS & JAMES, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735
(512) 379-5800
(512) 476-6685 (fax)
jevans@lsejlaw.com

By:  /s/ James R. Evans, Jr
     James R. Evans, Jr.
     State Bar No. 06721500
     jevans@lsejlaw.com
     Eric Ruiz
     State Bar No. 24125845
     eruiz@lsejlaw.com

ATTORNEYS FOR DEFENDANT
JOE DON BOBBITT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record on this 29th day of May, 2025 by electronic service.

By:  /s/ James R. Evans, Jr.
     James R. Evans, Jr.

4

217

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Evans, Jr. on behalf of James Evans, Jr.
Bar No. 6721500
jevans@lsejlaw.com
Envelope ID: 101391168
Filing Code Description: Amended Filing
Filing Description: First Amended Plea to the Jurisdiction and Answer
Status as of 5/29/2025 2:33 PM CST

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/29/2025 2:20:13 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/29/2025 2:20:13 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/29/2025 2:20:13 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/29/2025 2:20:13 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/29/2025 2:20:13 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 5/29/2025 2:20:13 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 5/29/2025 2:20:13 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 5/29/2025 2:20:13 PM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 5/29/2025 2:20:13 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 5/29/2025 2:20:13 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/29/2025 2:20:13 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/29/2025 2:20:13 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 5/29/2025 2:20:13 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 5/29/2025 2:20:13 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/29/2025 2:20:13 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Evans, Jr. on behalf of James Evans, Jr.
Bar No. 6721500
jevans@lsejlaw.com
Envelope ID: 101391168
Filing Code Description: Amended Filing
Filing Description: First Amended Plea to the Jurisdiction and Answer
Status as of 5/29/2025 2:33 PM CST

Case Contacts

| Erica Salas | | erica.salas@arlingtontx.gov | 5/29/2025 2:20:13 PM | SENT |
|---|---|---|---|---|
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 5/29/2025 2:20:13 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 5/29/2025 2:20:13 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 5/29/2025 2:20:13 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 5/29/2025 2:20:13 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/29/2025 2:20:13 PM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 5/29/2025 2:20:13 PM | SENT |

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/29/2025 2:20:13 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/29/2025 2:20:13 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 5/29/2025 2:20:13 PM | SENT |

Associated Case Party: THECITY OF FORT WORTH

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Evans, Jr. on behalf of James Evans, Jr.
Bar No. 6721500
jevans@lsejlaw.com
Envelope ID: 101391168
Filing Code Description: Amended Filing
Filing Description: First Amended Plea to the Jurisdiction and Answer
Status as of 5/29/2025 2:33 PM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chandra Jackson | | chandra.jackson@fortworthtexas.gov | 5/29/2025 2:20:13 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 5/29/2025 2:20:13 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 5/29/2025 2:20:13 PM | SENT |

<u>CAUSE NO. 348-363561-25</u>

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE JUDICIAL DISTRICT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE CORPORATION, | § | |
| a Texas nonprofit corporation; PLEASANTON | § | |
| HOUSING FINANCE CORPORATION, a Texas | § | |
| nonprofit corporation; LA VILLA HOUSING | § | |
| FINANCE CORPORATION, a Texas nonprofit | § | **348TH** DISTRICT COURT |
| corporation; JOE DON BOBBITT, in his official | § | |
| capacity as Chief Appraiser of the Tarrant Appraisal | § | |
| District, | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH, | § | |
| Intervenor-Plaintiff | § | TARRANT COUNTY, TEXAS |

<u>DEFENDANT LA VILLA HFC'S PLEA TO THE JURISDICTION, MOTION TO
TRANSFER VENUE, AND ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant La Villa Housing Finance Corporation ("La Villa HFC"), Defendant in the above-entitled and numbered cause, and files this, its Plea to the Jurisdiction, Motion to Transfer Venue, and Original Answer to Plaintiff City of Arlington's First Amended Petition ("Petition"), and in support thereof respectfully shows the Court as follows:

## I.    PLEA TO THE JURISDICTION

1.    The gravamen of Plaintiff's complaint is that La Villa HFC has been "removing Arlington-based properties from the tax appraisal rolls." Plaintiff's First Amended Petition at ¶ 1.

2.    Rather than bring its case under the Property Tax Code, the City of Arlington ("Plaintiff" or "City"), Plaintiff brought suit under the Declaratory Judgment Act.

221

3.    The Texas Property Tax Code provides the exclusive means for parties to resolve disputes in connection with property taxation; therefore, this Court lacks jurisdiction over Plaintiff's claim. See Tex. Tax Code § 42.09; In re Exxon Mobil Corp., 153 S.W.3d 605, 617 (Tex. App.—Amarillo 2004, orig. proceeding).

4.    Plaintiff's claims related to any properties "removed" from the tax rolls plainly fall within the statutory framework of the Tax Code. As a result, the Declaratory Judgment Act cannot be used as a vehicle to avoid or evade the exclusive administrative process and remedies in the Tax Code. Fort Worth v. Pastusek Indus., Inc., 48 S.W.3d 366, 370-371 (Tex. App.—Fort Worth 2001, no pet.).

5.    Section 41.01 of the Tax Code sets out the duties of the appraisal review board, which, as relevant here, include the duties to determine protests initiated by property owners, determine challenges initiated by taxing units and "take any other action or make any other determination that this title specifically authorizes or requires." Tex. Tax Code § 41.41. Taxing units are entitled to bring challenges of designated actions before the appraisal review board, among them, challenges to the level of appraisals of any category of property in the district and challenges to an exclusion of property from the appraisal records. Id. § 41.03.

6.    Plaintiff's Petition does not allege that it has exhausted its administrative remedies prior to filing this suit because Plaintiff has not done so. Accordingly, this Court is deprived of jurisdiction over La Villa HFC. To properly invoke the subject-matter jurisdiction of the district court, the taxing unit must exhaust its administrative remedies before filing its suit for judicial review. See, e.g., City of Austin v. Travis Cent. Appraisal Dist., 506 S.W.3d 607, 618 (Tex. App.—Austin 2016, no pet.).

7.    For these reasons, La Villa HFC respectfully requests that the Court dismiss this case in full.

## II.    MOTION TO TRANSFER VENUE

222

8. La Villa HFC respectfully requests that the Court transfer this action to Hidalgo County, pursuant to Section 15.063 of the Civil Practice and Remedies Code and Texas Rule of Civil Procedure 86.

9. A motion to transfer venue is proper if (1) the County where the action is pending is not a proper county or (2) mandatory venue of the action in another county is prescribed by one or more specific statutory provisions. *See* Tex. R. Civ. P. 86.

10. Section 15.063 of the Civil Practice and Remedies Code provides that "the court, on motion filed and served concurrently with or before the filing of the answer, shall transfer an action to another county of proper venue if […] the county in which the action is pending is not a proper county as provided by [Chapter 15 of the Civil Practice and Remedies Code]." Tex. Civ. Prac. & Rem. Code § 15.063(1). "In all venue hearings, no factual proof concerning the merits of the case shall be required to establish venue" and "[t]he court shall determine venue questions from the pleadings and affidavits." *Id.* § 15.064(a).

11. Section 65.023(a) of the Civil Practice and Remedies Code mandates venue in a defendant's county of domicile for cases purely or primarily seeking injunctive relief. *Id.* § 65.023(a) ("[A] writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled."); *In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding) ("The statute placing venue for injunction suits in the county of the defendant's domicile is mandatory.").

12. Section 65.023(a) is operative when a plaintiff's pleading in the underlying suit establishes the relief sought is "purely or primarily injunctive." Cont'l Airlines, 988 S.W.2d at 736; Ex parte Coffee, 328 S.W.2d 283, 287 (Tex. 1959) (orig. proceeding) (holding same regarding Section 65.023(a)'s predecessor statute); Brown v. Gulf Television Co., 306 S.W.2d 706 (Tex.

223

1957) (holding that the injunction statute controlled venue, not the location of the real property at issue, in a dispute where an airport owner sought an injunction ordering removal of a television antenna allegedly interfering with an airport runway).

13. Plaintiff's goal here is clear: "a permanent injunction that prevents [La Villa HFC] from requesting tax exemptions for Arlington-based properties." 1st Am. Pet at Prayer ¶ C. Plaintiff's declaratory relief is functionally identical, asking the Court to declare La Villa HFC cannot "bestow tax exemptions to Arlington-based properties." 1st Am. Pet. at ¶ 33.

14. Courts in nearly identical contexts have consistently held that transfer is required, emphasizing that when the plaintiff is "seeking to stop [a defendant] from taking actions," then "the primary purpose of the lawsuit is injunctive." In re FPWP GP LLC, No. 05-16-01145-CV, 2017 WL 461355, at *4 (Tex. App.—Dallas Jan. 25, 2017, no pet.); see also In re Daniel, 12–06–00232–CV, 2006 WL 2361350, at *2 (Tex. App.—Tyler Aug. 16, 2006, orig. proceeding) (mem. op.).

15. There can be no doubt that Section 65.023(a) applies, and this matter should be transferred to La Villa HFC's domicile: Hidalgo County, Texas. Plaintiff's Petition indisputably reflects that La Villa HFC is not at home in Tarrant County, acknowledging it is at home "hundreds of miles away" from the City of Arlington in Hidalgo County, Texas. 1st Am. Pet. at ¶¶ 3, 5.

16. Plaintiff alleges that venue is proper in Tarrant County because (1) "all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant (2) La Villa HFC "purposely availed [itself] to this venue," and (3) the suit "concerns real property located in Tarrant County," making Tarrant County the mandatory venue for this case pursuant to

224

Texas Civil Practice and Remedies Code § 15.011. 1st Am. Pet. at ¶ 10. None of these allegations are sufficient to overcome the mandatory venue provision encompassed within Section 65.023 of the Civil Practice and Remedies Code.

17. Section 15.002(a)(3) of the Civil Practice and Remedies Code provides that "[e]xcept as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought […] (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; [or] (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person[.]" Tex. Civ. Prac. & Rem. Code § 15.002(a) (emphasis added).

18. Section 15.016 of the Civil Practice and Remedies Code, codified within Subchapter B of Chapter 15 of the Civil Practice and Remedies, states that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." Id. § 15.016 (emphasis added); see also id. § 15.001 (defining "proper venue" to mean "the venue required by the mandatory provisions of Subchapter B or another statute prescribing mandatory venue[.]").

19. Because Section 65.023 of the Civil Practice and Remedies Code mandates venue in a defendant's county of domicile for cases purely or primarily seeking injunctive relief, it controls over the venue selection provisions encompassed within Section 15.002. See id. § 65.023(a).

20. In addition, Plaintiff's attempted invocation of Section 15.011 of the Civil Practice and Remedies Code is unavailing. Section 15.011 of the Civil Practice and Remedies Code states that only "[a]ctions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall

225

be brought in the county in which all or part of the property is located." Id. § 65.023(a). Plaintiff has not pled any of the causes of action enumerated in section 15.011 and, therefore, this Court need not engage in an analysis of conflicting mandatory venue provisions under Subchapter B of Chapter 15 of the Civil Practice and Remedies Code.

### III.   GENERAL DENIAL

21. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, La Villa HFC generally denies each and every allegation contained in Plaintiff's First Amended Petition and demands strict proof thereof as required by law.

### IV.   AFFIRMATIVE DEFENSES

22. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to exhaust administrative remedies provided by the Texas Property Tax Code, specifically those remedies under Tex. Tax Code §§ 41.01, 41.03, and 42.09.

23. Plaintiff's claims are barred, in whole or in part, by the doctrine of mootness/ripeness.

24. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, and/or waiver, and/or laches.

25. Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

26. Plaintiff lacks standing to bring the claims asserted because Plaintiff has failed to allege or demonstrate particularized harm distinct from that shared by the general public.

27. Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

28. Plaintiff's claims are barred by the doctrine of governmental immunity, as La Villa HFC operates within its statutory authority under the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 et seq.

29. Plaintiff's request for injunctive relief is barred because Plaintiff has an adequate remedy at law and has failed to demonstrate irreparable harm.

226

WHEREFORE, Defendant La Villa Housing Finance Corporation respectfully requests that (i) the Court dismiss all claims against Defendant La Villa HFC for lack of jurisdiction; or in the alternative, (ii) transfer venue to Hidalgo County, Texas; and subject thereto, that Plaintiff takes nothing by its suit, that all relief requested by Plaintiff be denied, and that Defendant recover its costs incurred herein, along with any other and further relief, general or special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

Roel Gutierrez
State Bar No. 24069842
Law Office of Roel Gutierrez, PLLC.
4415 N. McColl Rd.
Mcallen, TX 78504
(956) 278-3529 Phone / (956) 278-3530 Fax
roelgutierrezlaw@gmail.com
and
ROBERT J. SALINAS
SBN   17536000
2101 Wood Ave.
Donna, Texas   78537
Tel. 956.464.2460
Email:  rjslawoffice@hotmail.com
ATTORNEYS FOR LA VILLA HOUSING
FINANCE CORPORATION


CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was served on all parties via E-FILE on the 30th day of May, 2025.


/s/ Roel Gutierrez
ROEL GUTIERREZ

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Roel Gutierrez
Bar No. 24069842
roelgutierrezlaw@gmail.com
Envelope ID: 101459249
Filing Code Description: Answer/Response
Filing Description: Defendant La Villa HFC's Plea to the Jurisdiction,
Motion to Transfer Venue, and Original Answer
Status as of 5/30/2025 4:55 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 5/30/2025 4:42:16 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 5/30/2025 4:42:16 PM | SENT |
| Blake Stribling | | bstribling@chasnoffstribling.com | 5/30/2025 4:42:16 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 5/30/2025 4:42:16 PM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 5/30/2025 4:42:16 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 5/30/2025 4:42:16 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 5/30/2025 4:42:16 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 5/30/2025 4:42:16 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 5/30/2025 4:42:16 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 5/30/2025 4:42:16 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 5/30/2025 4:42:16 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 5/30/2025 4:42:16 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 5/30/2025 4:42:16 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 5/30/2025 4:42:16 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 5/30/2025 4:42:16 PM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 5/30/2025 4:42:16 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 5/30/2025 4:42:16 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 5/30/2025 4:42:16 PM | SENT |
| Joe DonBobbitt | | jdbobbitt@tad.org | 5/30/2025 4:42:16 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 5/30/2025 4:42:16 PM | SENT |
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 5/30/2025 4:42:16 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 5/30/2025 4:42:16 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Roel Gutierrez
Bar No. 24069842
roelgutierrezlaw@gmail.com
Envelope ID: 101459249
Filing Code Description: Answer/Response
Filing Description: Defendant La Villa HFC's Plea to the Jurisdiction, Motion to Transfer Venue, and Original Answer
Status as of 5/30/2025 4:55 PM CST

Case Contacts

| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 5/30/2025 4:42:16 PM | SENT |
|---|---|---|---|---|
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 5/30/2025 4:42:16 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 5/30/2025 4:42:16 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 5/30/2025 4:42:16 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 5/30/2025 4:42:16 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 5/30/2025 4:42:16 PM | SENT |

229

FILED
TARRANT COUNTY
6/2/2025 8:08 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; PLEASANTON HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; LA VILLA HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; MAVERICK COUNTY HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; and JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District, | § | 348TH JUDICIAL DISTRICT |
| *Defendants*, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH, | § | |
| | § | |
| *Intervenor-Plaintiff.* | § | TARRANT COUNTY, TEXAS |

**DEFENDANT MAVERICK HOUSING FINANCE CORPORATION SPECIAL EXCEPTIONS TO THE CITY OF FORT WORTH'S FIRST AMENDED PETITION IN INTERVENTION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF, PLEA TO THE JURISDICTION, MOTION TO TRANSFER VENUE, AND ORIGINAL ANSWER**

NOW COMES Defendant Maverick Housing Finance Corporation and the Board Members (as named in the above caption in their official capacities) (collectively, "**Maverick HFC**"), in the above-entitled and numbered cause, and files this, its Special Exceptions to the City of Fort Worth's ("**Intervenor Plaintiff Fort Worth**")'s First Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief, Plea to the Jurisdiction,

230

Motion to Transfer Venue and, Subject Thereto, Original Answer ("**Intervenor-Plaintiff's First Amended Petition**"), and, in support thereof, respectfully shows the Court as follows:

## I. SPECIAL EXCEPTIONS

### A. INTRODUCTION

1. This case concerns the Intervenor Plaintiff Fort Worth's misguided attempt to use the Property Tax Code to circumvent established legal procedures for challenging tax exemption determinations. Intervenor Plaintiff Fort Worth seeks to invoke Texas Tax Code Sections 43.01 and 43.03 to compel the Tarrant Appraisal District to deny tax exemptions to the Defendant and fundamentally misunderstanding both the scope and purpose of Chapter 43.

2. Intervenor Plaintiff Fort Worth's First Amended Petition suffers from a fatal legal defect: it attempts to use Chapter 43 of the Property Tax Code as a vehicle to challenge discretionary appraisal determinations, when that chapter is expressly limited to compelling compliance with non-discretionary policies and operating procedures. As Texas courts have consistently held, Chapter 43 applies only to procedural and administrative matters—not to substantive determinations regarding individual property exemptions.

3. Intervenor Plaintiff Fort Worth has failed to identify any specific policy, procedure, or non-discretionary duty under the Property Tax Code, Comptroller rules, or applicable law that the appraisal district has violated. Instead, the City seeks to use Chapter 43 as an improper end-run around the established procedures for challenging tax exemption decisions (presumably to evade Defendant's plea to the jurisdiction and motion to transfer venue). This fundamental pleading deficiency renders Intervenor Plaintiff Fort Worth's petition legally insufficient and subject to dismissal.

2

231

4. Maverick Housing Finance Corporation respectfully submits that Intervenor Plaintiff Fort Worth's First Amended Petition fails to state a cognizable claim under Chapter 43 and should be dismissed with leave to replead.

5. In its First Amended Petition, Intervenor Plaintiff Fort Worth alleges that that "[t]he [Property] Tax Code […] provides that '[a] taxing unit [may] sue an appraisal district that appraises property for the unit to compel the appraisal district to comply with … applicable law.'" First Am. Pet., ¶ 35 (citing Tex. Tax Code § 43.01).

6. A special exception is the proper vehicle through which to raise disputes concerning the sufficiency of a party's allegations and claims. *See Ortiz v. Patterson*, 378 S.W.3d 667, 2012 Tex. App. LEXIS 7679 (Tex. App. Dallas Sept. 5, 2012, no pet.). The Texas Rules of Civil Procedure provide that "a special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." Tex. R. Civ. P. 91.

**B.     CHAPTER 43 OF THE PROPERTY TAX CODE APPLIES ONLY TO TAXING UNIT ACTIONS REQUESTING RELIEF WITH RESPECT TO AN APPRAISAL DISTRICT'S POLICIES AND OPERATING PROCEDURES**

7. Intervenor Plaintiff Fort Worth's invocation of Tex. Tax Code §§ 43.01 and 43.03 is defective on its face. Section 43.01 of the Property Tax Code provides that "[a] taxing unit may sue the appraisal district that appraises property for the unit to compel the appraisal district to *comply with* the provisions of this title, rules of the comptroller, or other applicable law." (emphasis added). Section 43.03 of the Property Tax Code further provides that the Court "as the evidence warrants shall enter those orders necessary to *compel compliance* by the appraisal office." (emphasis added).

3

232

8.      In raising Chapter 43 in its First Amended Petition, Intervenor Plaintiff Fort Worth conspicuously glosses over reference to Section 43.04 of the Property Tax Code. That provision, titled "Suit to Compel Compliance Deadlines," clarifies that Chapter 43 of the Property Tax Code is intended to address lawsuits by taxing units aimed at *compelling compliance* with the appraisal district's *non-discretionary functions*:

> The governing body of a taxing unit may sue the chief appraiser or members of the appraisal review board, as applicable, for failure to comply with the deadlines imposed by Section 25.22(a), 26.01(a), or 41.12. If the court finds that the chief appraiser or appraisal review board failed to comply for good cause shown, the court shall enter an order fixing a reasonable deadline for compliance. If the court finds that the chief appraiser or appraisal review board failed to comply without good cause, the court shall enter an order requiring the chief appraiser or appraisal review board to comply with the deadline not later than the 10th day after the date the judgment is signed. In a suit brought under this section, the court may enter any other order the court considers necessary to ensure compliance with the court's deadline or the applicable statutory requirements. Failure to obey an order of the court is punishable as contempt.

9.      Courts interpreting Chapter 43 of the Property Tax Code have held that the chapter applies only to actions for relief with respect to *policies and operating procedures*—again, non-discretionary duties as opposed to discretionary determinations covered by challenges under Chapter 41. *See Joaquin Indep. Sch. Dist. v. Shelby Cty. Appraisal Dist.*, No. 12-13-00038-CV, 2014 Tex. App. LEXIS 9792 (Tex. App.—Tyler Aug. 29, 2014, pet. denied).

10.     In *Joaquin Indep. Sch. Dist.*, Joaquin Independent School District ("**JISD**") and Shelbyville Independent School District ("**SISD**") had a disputed boundary line that affected property tax apportionment. From 2008 to 2011, JISD filed annual challenges to Shelby County Appraisal District's ("**SCAD**") appraisal rolls, claiming 164 tracts were taxed in the wrong district and that properties within JISD's boundaries were incorrectly attributed to SISD. The appraisal review board denied all challenges, determining that boundaries should remain unchanged until a court ordered modifications. Thereafter, JISD filed suit raising claims under Chapters 42 and 43

4

233

of the Property Tax Code and the Declaratory Judgments Act. The trial court denied JISD's requested relief.

11. On appeal, JISD re-urged its Chapter 42 and 43 claims. JISD asserted under Chapter 42 that "SCAD assessed property on a percentage less than one hundred percent of its appraised value and SCAD was prevented from obtaining correct assessments due to incorrect records in violation of the law." *Id.* at *9-10; *compare* Tex. Tax Code § 41.03. The appellate court held against JISD because it failed to present any evidence to prove what percentage basis SCAD used to assess the property. *Id.* at *10. JISD also requested that the court order SCAD to correct the appraisal rolls for prior tax years and refund tax revenue to JISD. Since "JISD did not prove as a matter of law that it [was] entitled to have the requested corrections and refunds[,]" the appellate court held that the trial court did not err. *Id.*

12. For its Chapter 43 claims, JISD argued that the trial court should have ordered SCAD to take "certain corrective measures needed due to inaccurate school district boundary records" under Chapter 43 of the Property Tax Code. *Id.* at *9. Without entertaining the merits of JISD's claim, the court summarily held that "Chapter 43 *is not the appropriate vehicle for the relief in this case*" and that "Chapter 43 applies to actions for relief *with respect to policies and operating procedures.*" *Id.* at *9 (holding that "[t]he trial court did not err in denying JISD's motion for summary judgment on its Chapter 43 complaints or in granting SISD's motion for partial summary judgment on that issue.") (citing *Carr v. Bell Sav. & Loan Ass'n*, 786 S.W.2d 761, 765 (Tex. App.—Texarkana 1990, writ denied) (op. on reh'g)) (emphasis added).

13. In finding that Chapter 43 was limited to actions for relief with respect to "policies and operating procedures," the court in *Joaquin* cited to *Carr v. Bell Sav. & Loan Ass'n*, 786 S.W.2d 761, 765 (Tex. App.—Texarkana 1990, writ denied) (op. on reh'g)) (emphasis added).

5

234

There, the Texarkana Court of Appeals held in an opinion on a motion for rehearing by a taxing unit that Section 43.01 of the Texas Tax Code did not authorize a taxing units' collateral attack on an appraisal review board's reduce appraisal determination. Specifically, the *Carr* court held that Section 43.01 "applies to actions for declaratory or injunctive relief **with respect to policies and operating procedures**" and "cannot refer to a suit to challenge the appraisal of a single taxpayer's property." *Carr v. Bell Sav. & Loan Ass'n*, Case No. 06-89-09783-CV, 1990 Tex. App. LEXIS 463, at *1 (Tex. App.—Texarkana Feb. 27, 1990, no writ).[1]

## C. INTERVENOR PLAINTIFF FORT WORTH HAS FAILED TO ALLEGE A POLICY OR PROCEDURE THAT THE APPRAISAL DISTRICT MUST COMPLY WITH

14. *Joaquin* should control the Court's review of Intervenor Plaintiff Fort Worth's First Amended Petition. Nowhere in its First Amended Petition does Intervenor Plaintiff Fort Worth allege that TAD has failed to comply with its own policies or procedures under the Property Tax Code or the Comptroller rules. Instead, Intervenor Plaintiff Fort Worth has alleged that a suit is necessary to compel TAD to "comply with" Chapter 394 of the Local Government Code, otherwise known as the Housing Finance Corporation Act (the "Act").

15. Intervenor Plaintiff Fort Worth does not allege any provisions of the Act that TAD can come into compliance with. *See* Tex. Tax Code § 43.01. Likewise, the Act does not *compel* TAD to do anything. With respect to remedies, the First Amended Petition is similarly defective. Section 43.03 of the Property Tax Code, titled "Action by Court," states that the Court "as the evidence warrants shall enter those orders necessary to **compel compliance** by the appraisal office." (emphasis added). Without any reference to what policies or procedures under the Property

---

[1] In the appellate briefing for *Joaquin* there is discussion among the parties that *Joaquin* was miscited. This cite has been verified through Lexis Nexis, as of May 28, 2025, for the excerpts relied upon by the *Joaquin* court (as evidenced by appellee's briefing).

6

Tax Code, Comptroller rules, or HFC Act that TAD is currently out of compliance with, the pleading is defective on its face and, therefore, a special exception striking the First Amended Petition is appropriate.

## II.     PLEA TO THE JURISDICTION

16.     The gravamen of Intervenor Plaintiff's Petition is that Maverick HFC has been removing Tarrant County-based properties from the tax appraisal roll.  First Am. Pet. at ¶ 1.

17.     Rather than bring its case under the Property Tax Code, Intervenor Plaintiff brought suit under the Declaratory Judgment Act.

18.     Intervenor Plaintiff is a "taxing unit" under the Property Tax Code. *See* Tex. Tax Code § 1.04(12). The exclusive means for a "taxing unit" to resolve the types of disputes raised in Intervenor Plaintiff's Petition is to seek relief under the Property Tax Code through a taxing unit challenge. Accordingly, the Court has no jurisdiction over Intervenor Plaintiff's claims. *See* Tex. Tax Code § 42.09 ("Remedies Exclusive"); *In re ExxonMobil Corp.*, 153 S.W.3d 605, 617 (Tex. App.—Amarillo 2004, orig. proceeding).

19.     Intervenor Plaintiff's claims related to any properties "removed" from the tax rolls fall within the statutory framework of the Property Tax Code. Indeed, the true nature of Intervenor Plaintiff's Petition is laid bare in its request for injunctive relief which asks the Court to "stop the … Tarrant Appraisal District ("TAD") from granting tax exemptions requested by Defendant HFCs for any Fort Worth-based properties." First Am. Pet. at ¶ 3.

20.     As a result, the Declaratory Judgment Act cannot be used as a vehicle to avoid the Property Tax Code's exclusive administrative process and remedies. *See Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 370-371 (Tex. App.—Fort Worth 2001, no pet.); *see also* Tex. Att'y Gen. Op. No. GA-0537 (2007) at 3 ("whether any specific property is exempt from taxation

7

236

depends on the facts and circumstances and is initially determined by the chief appraiser of the appraisal district").

21.    Moreover, Intervenor Plaintiff's reference to Section 43.01 of the Property Tax Code does not excuse Intervenor Plaintiff's failure to exhaust administrative remedies. Intervenor Plaintiff does not raise Section 43.01 as an independent basis for relief and the statute is referenced and incorporated into a single cause of action labelled "Cause of Action: Declaratory Judgment & Tax Code." *See* First Am. Pet. at ¶¶ 31-36. However Intervenor Plaintiff cares to craft its Petition, the relief sought is the same—denial of ad valorem exemptions—and Intervenor Plaintiff has therefore failed to satisfy a jurisdictional prerequisite to filing suit before this Court.

22.    Section 41.01 of the Property Tax Code sets out the duties of the appraisal review board, which, as relevant here, include the duties to determine protests initiated by property owners, determine challenges initiated by taxing units and "take any other action or make any other determination that this title specifically authorizes or requires." Tex. Tax Code § 41.41. Taxing units are entitled to bring challenges of designated actions before the appraisal review board, among them, challenges to the level of appraisals of any category of property in the district and challenges to an exclusion of property from the appraisal records. *Id.* § 41.03.[2] Insofar as Intervenor Plaintiff contests the exemption status of the subject properties referenced in its Petition, Intervenor Plaintiff's lawsuit should have been preceded by a taxing unit challenge pursuant to the Property Tax Code.

---

[2] In the context of exemptions, the chief appraiser makes the initial determination of whether an exemption applies to a particular property in the appraisal district. Tex. Tax Code §§ 11.45(a) ("The chief appraiser shall determine separately each applicant's right to an exemption"), (c) (The chief appraiser "shall determine the validity of each application for exemption filed with him before he submits the appraisal records for review and determination of protests as provided by Chapter 41 of [the Property Tax Code].").

23.     Intervenor Plaintiff's Petition does not allege that Intervenor Plaintiff has exhausted its administrative remedies prior to filing suit because Intervenor Plaintiff has not done so. Accordingly, this Court is deprived of jurisdiction over Maverick HFC. To properly invoke the district court's subject-matter jurisdiction, the taxing unit must exhaust its administrative remedies before seeking judicial review. *See, e.g.*, *City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 618 (Tex. App.—Austin 2016, no pet.). For these reasons, Maverick HFC respectfully requests that the Court dismiss this case in full.

### III.     MOTION TO TRANSFER VENUE

24.     Maverick HFC respectfully requests that the Court transfer the above-entitled and numbered cause to Maverick County, Texas pursuant to Section 15.063 of the Civil Practice and Remedies Code and Texas Rule of Civil Procedure 86.

25.     Texas Rule of Civil Procedure 86 provides that a motion to transfer venue "shall state that the action should be transferred to another specified county of proper venue because: (a) [t]he County where the action is pending is not a proper county; or (b) [m]andatory venue of the action in another county is prescribed by one or more specific statutory provisions which shall be clearly designated or indicated." The rules further provide that a motion to transfer venue "shall be made promptly by the court and such determination must be made in a reasonable time prior to commencement of the trial on the merits." Tex. R. Civ. P. 87.

26.     Section 15.063 of the Civil Practice and Remedies Code provides that "the court, on motion filed and served concurrently with or before the filing of the answer, shall transfer an action to another county of proper venue if […] the county in which the action is pending is not a proper county as provided by [Chapter 15 of the Civil Practice and Remedies Code]." Tex. Civ. Prac. & Rem. Code § 15.063(1). "In all venue hearings, no factual proof concerning the merits of

9

the case shall be required to establish venue" and "[t]he court shall determine venue questions from the pleadings and affidavits." *Id.* § 15.064(a).

27.     The Civil Practice and Remedies Code defines "proper venue" as "(1) the venue required by the mandatory provisions of Subchapter B [Mandatory Venue] or another statute prescribing mandatory venue; or (2) if Subdivision (1) does not apply, the venue provided by this subchapter [General Venue] or Subchapter C [Permissive Venue]"). Section 15.016 of the Civil Practice and Remedies Code, encompassed within Subchapter B [Mandatory Venue] of Chapter 15, states that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." *Id.* § 15.016.

28.     Section 65.023(a) of the Civil Practice and Remedies Code mandates venue in a defendant's county of domicile for cases purely or primarily seeking injunctive relief. *Id.* § 65.023(a) ("[A] writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled."); *see In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding) ("The statute placing venue for injunction suits in the county of the defendant's domicile is mandatory."). Section 65.023(a) is operative only when a plaintiff's pleading in the underlying suit establishes the relief sought is "purely or primarily injunctive." *Cont'l Airlines*, 988 S.W.2d at 736; *Ex parte Coffee*, 328 S.W.2d 283, 287 (Tex. 1959) (orig. proceeding) ("It is settled that [section 65.023(a)'s predecessor] only applies to and governs the issuance and return of writs and trial in cases in which the relief sought is purely or primarily injunctive."); *Brown v. Gulf Television Co.,* 306 S.W.2d 706 (Tex. 1957) (holding that the injunction statute controlled venue over the situs of the real property in a dispute where an airport owner sought an injunction ordering removal of a television antenna that was allegedly interfering with an airport runway).

10

239

29. In *In re FPWP GP LLC,* the real parties filed a declaratory judgment and injunction action in Dallas County to resolve a dispute among partners to a limited partnership concerning "(1) their rights in and obligations to the partnership, (2) which partnership agreement govern[ed] their relationship, and (3) which entity [was] the partnership's general partner." *See* No. 05-16-01145-CV, 2017 Tex. App. LEXIS 633, 2017 WL 461355, at *1 (Tex. App.—Dallas Jan. 25, 2017, no pet.) (mem. op.). Relying on Section 65.023(a) of the Civil Practice and Remedies Code, the relators filed a motion to transfer venue from Dallas County to Harris County, as all parties subject to the potential injunction were domiciled in Harris County.

30. After the trial court denied the motion, the court of appeals granted mandamus relief and determined that the real parties' declaratory judgment action and plea for an injunction were a different means to the same end. Specifically, the court opined as follows:

> By granting the requested declaratory relief, the trial court would enjoin FPWP from acting as general partner by naming Briarwood general partner and declaring relators' prior acts ineffective, void, and invalid. An injunction is another means to that same end. In either event, the real parties in interest were seeking to stop relators from taking actions on behalf of the partnership. Therefore, we conclude the primary purpose of the lawsuit is injunctive.

*Id.* at *15-16 (Tex. App.—Dallas Jan. 25, 2017, no pet.)

31. Here, the Plaintiff's requested relief is analogous to the pleadings the Dallas Court of Appeals considered in *In re FPWP GP LLC* to determine that section 65.023(a) established venue in Harris County. Plaintiff's requested relief is "purely or primarily injunctive" consisting of a declaratory judgment "that prevents [TAD] from … awarding any further tax exemptions to the Defendant HFCs." First Am. Pet. at ¶ 36.

32. Insofar as Intervenor Plaintiff's sought-after after relief is "purely or primarily" injunctive, this proceeding is subject to the mandatory venue provision of Section 65.023 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 15.001(b) (defining "proper

11

240

venue" to mean "the venue required by the mandatory provisions of Subchapter B or another statute prescribing mandatory venue."). Accordingly, the Court must grant Defendant's Motion to Transfer Venue and transfer the present proceedings to Maverick County, Texas (Defendant Maverick HFC's county of domicile).

33.    Intervenor Plaintiff alleges that venue is proper in Tarrant County because "all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant County" and Maverick HFC "purposely availed [itself] to this venue[.]" First Am. Pet. at ¶ 12 (citing Tex. Civ. Prac. & Rem. Code § 15.002(a)(1)).

34.    Contrary to Intervenor Plaintiff's suggestion, Section 15.002(a)(3) of the Civil Practice and Remedies Code provides that *"[e]xcept as otherwise provided by this subchapter or Subchapter B or C*, all lawsuits shall be brought […] (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; [or] (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person[.]" (emphasis added). Section 15.016 of the Civil Practice and Remedies Code, *codified within Subchapter B of Chapter 15 of the Civil Practice and Remedies*, states that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." *See also id.* § 15.001 (defining "proper venue" to mean "the venue required by the mandatory provisions of Subchapter B or another statute prescribing mandatory venue[.]"). Thus, insofar as Section 65.023 mandates venue in a defendant's county of domicile for cases purely or primarily seeking injunctive relief, it controls over the venue selection provisions encompassed within Section 15.002.

35.    Intervenor Plaintiff further alleges that venue in Tarrant County is proper because this suit "concerns real property located in Tarrant County[.]" First Am. Pet. at ¶ 12 (citing Tex.

241

Civ. Prac. & Rem. Code § 15.011). Intervenor Plaintiff's allegation ignores the fact that the Civil Practice and Remedies Code's mandatory venue provision concerning land does not apply based on the causes of action asserted in Intervenor Plaintiff's First Amended Petition. Specifically, Section 15.011 of the Civil Practice and Remedies Code states that only "[a]ctions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or part of the property is located." Intervenor Plaintiff has not pled any of the causes of action enumerated in section 15.011 and, therefore, this Court need not engage in an analysis of conflicting mandatory venue provisions under Subchapter B of Chapter 15 of the Civil Practice and Remedies Code.

36. Finally, Intervenor Plaintiff alleges that the Property Tax Code mandates venue in Tarrant County. *See* First Am. Pet. at ¶ 13 (citing Tex. Tax Code §§ 43.01-43.03). As explained above, Intervenor Plaintiff's First Amended Petition does not raise an independent cause of action under the Texas Property Tax Code separate and apart from its request for declaratory judgment and injunctive relief. Accordingly, the Property Tax Code does not control venue in this circumstance.

## IV.    GENERAL DENIAL

37. Subject to Defendant Maverick HFC's Special Exceptions, Plea to the Jurisdiction and Motion to Transfer Venue, and pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Maverick HFC denies each and every allegation in Intervenor Plaintiff's Petition, as well as any amended or supplemental petition, and demands that Intervenor Plaintiff prove their allegations by the appropriate standard of proof under the laws of the State of Texas.

13

242

## V. AFFIRMATIVE DEFENSES

38.     Subject to Defendant Maverick HFC's Special Exceptions, Plea to the Jurisdiction and Motion to Transfer Venue, Defendant Maverick HFC asserts the following affirmative defenses.

39.     Intervenor Plaintiff's claims are barred in, whole or in part, because Intervenor Plaintiff has failed to exhaust their administrative remedies.

40.     Intervenor Plaintiff's claims are barred in, whole or in part, by the doctrine of mootness/ripeness.

41.     Intervenor Plaintiff's claims are barred, in whole or in part, because by estoppel, laches, and/or waiver.

42.     Intervenor Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

43.     Intervenor Plaintiff's claims are barred, in whole or in part, because Intervenor Plaintiff lack standing to bring the claims they assert.

44.     Intervenor Plaintiff's claims are barred, in whole or in part, because they are not cognizable under the Texas Constitution.

## VI. PRAYER

WHEREFORE, Defendant Maverick Housing Finance Corporation respectfully requests that this court (i) dismiss all claims against Defendant based on lack of subject matter jurisdiction for failure to exhaust administrative remedies; or in the alternative, (ii) grant Defendant's Special Exception and dismiss Intervenor Plaintiff Fort Worth's First Amended Petition with leave to replead; (iii) grant its Motion to Transfer Venue and transfer this suit to Maverick County, Texas; and, in the alternative and subject to Defendant's Motion to Transfer Venue, (iv) that Intervenor

14

Plaintiff take nothing; and (v) Defendant be awarded such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Dated: June 2, 2025

Respectfully submitted,

/s/ Daniel J. Lecavalier
Blake W. Stribling
Texas Bar No. 24070691
Daniel J. Lecavalier
Texas Bar No. 24129028
CHASNOFF | STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: 210-469-4155
Email: bstribling@chasnoffstribling.com
Email: dlecavalier@chasnoffstribling.com

*Counsel for Defendants Maverick Housing Finance Corporation*

244

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served in compliance with the Texas Rules of Civil Procedure on this 2nd day of June, 2025, to the following counsel of record:

Galen G. Gatten
galen.gatten@arlingtontx.gov
Alexander J. Lindvall
alexander.lindvall@arlingtontx.gov
Jonathan M. Moss
jonathan.moss@arlingtontx.gov
Joseph N. Nguyen
joseph.nguyen@arlingtontx.gov
Nena Chima-Tetteh
nena.chima-tetteh@arlingtontx.gov
City of Arlington
City Attorney's Office
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

*Counsel for Plaintiff City of Arlington*

James R. Evans, Jr.
jevans@lsejlaw.com
Eric Ruiz
eruiz@lsejlaw.com
Low Swinney Evans & James, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735

*Counsel for Defendant Joe Don Bobbitt*

Stephen A. Cumbie
stephen.cumbie@fortworthtexas.gov
Christopher B. Mosley
chris.mosley@fortworthtexas.gov
Olyn Poole
olyn.poole@fortworthtexas.gov
CITY OF FORT WORTH
Office of the City Attorney
100 Fort Wo1th Trail
Fort Worth, Texas 76102
(817) 392-7600 Telephone

*Attorneys for Intervenor Plaintiff City of Fort Worth*

Jeffrey M. Tillotson
jtillotson@tillotsonlaw.com
Kathryn E. Yukevich
kyukevich@tillotsonlaw.com
Tillotson Johnson & Patton
1201 Main Street, Ste 1300
Dallas, TX 75202

*Counsel for Defendant Pecos HFC*

245

Roel Gutierrez
Law Office of Roel Gutierrez, PLLC
4415 N. McColl Rd.
McCallen, TX 78504
(956) 278-3529 Phone / (956) 278-3530 Fax
roelgutierrezlaw@gmail.com
and
Robert J. Salinas
State Bar No. 17536000
2101 Wood Ave.
Donna, Texas 78537
Tel: 956-464-2460
Email: rjslawoffice@hotmail.com

*Attorneys for La Villa Housing Finance Corporation*

/s/ Daniel J. Lecavalier
Daniel J. Lecavalier

17

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa O'Sullivan on behalf of Daniel Lecavalier
Bar No. 24129028
losullivan@chasnoffstribling.com
Envelope ID: 101477807
Filing Code Description: Answer/Response
Filing Description: Answer/Response
Status as of 6/2/2025 8:23 AM CST

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/2/2025 8:08:19 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/2/2025 8:08:19 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/2/2025 8:08:19 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/2/2025 8:08:19 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/2/2025 8:08:19 AM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/2/2025 8:08:19 AM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/2/2025 8:08:19 AM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 8:08:19 AM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/2/2025 8:08:19 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 6/2/2025 8:08:19 AM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/2/2025 8:08:19 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/2/2025 8:08:19 AM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/2/2025 8:08:19 AM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/2/2025 8:08:19 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 8:08:19 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa O'Sullivan on behalf of Daniel Lecavalier
Bar No. 24129028
losullivan@chasnoffstribling.com
Envelope ID: 101477807
Filing Code Description: Answer/Response
Filing Description: Answer/Response
Status as of 6/2/2025 8:23 AM CST

Case Contacts

| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 8:08:19 AM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/2/2025 8:08:19 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/2/2025 8:08:19 AM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 8:08:19 AM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/2/2025 8:08:19 AM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/2/2025 8:08:19 AM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 8:08:19 AM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/2/2025 8:08:19 AM | SENT |

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/2/2025 8:08:19 AM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/2/2025 8:08:19 AM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/2/2025 8:08:19 AM | SENT |

Associated Case Party: THECITY OF FORT WORTH

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa O'Sullivan on behalf of Daniel Lecavalier
Bar No. 24129028
losullivan@chasnoffstribling.com
Envelope ID: 101477807
Filing Code Description: Answer/Response
Filing Description: Answer/Response
Status as of 6/2/2025 8:23 AM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 8:08:19 AM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/2/2025 8:08:19 AM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 8:08:19 AM | SENT |

FILED
TARRANT COUNTY
6/2/2025 8:23 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; PLEASANTON HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; LA VILLA HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; MAVERICK COUNTY HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; and JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District, | § | 348TH JUDICIAL DISTRICT |
| *Defendants,* | § | |
| v. | § | |
| CITY OF FORT WORTH, | § | |
| *Intervenor-Plaintiff.* | § | TARRANT COUNTY, TEXAS |

**DEFENDANT PLEASANTON HOUSING FINANCE CORPORATION SPECIAL EXCEPTIONS TO THE CITY OF FORT WORTH'S FIRST AMENDED PETITION IN INTERVENTION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF, PLEA TO THE JURISDICTION, MOTION TO TRANSFER VENUE, AND ORIGINAL ANSWER**

NOW COMES Defendant Pleasanton Housing Finance Corporation and the Board Members (as named in the above caption in their official capacities) (collectively, "**Pleasanton HFC**"), in the above-entitled and numbered cause, and files this, its Special Exceptions to the City of Fort Worth's ("**Fort Worth**")'s First Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief, Plea to the Jurisdiction, Motion to Transfer

Venue and, Subject Thereto, Original Answer ("**Fort Worth's First Amended Petition**"), and, in support thereof, respectfully shows the Court as follows:

## I. SPECIAL EXCEPTIONS

### A. INTRODUCTION

1. This case concerns the Intervenor Plaintiff Fort Worth's misguided attempt to use the Property Tax Code to circumvent established legal procedures for challenging tax exemption determinations. Intervenor Plaintiff Fort Worth seeks to invoke Texas Tax Code Sections 43.01 and 43.03 to compel the Tarrant Appraisal District to deny tax exemptions to the Defendant and fundamentally misunderstanding both the scope and purpose of Chapter 43.

2. Fort Worth's First Amended Petition suffers from a fatal legal defect: it attempts to use Chapter 43 of the Property Tax Code as a vehicle to challenge discretionary appraisal determinations, when that chapter is expressly limited to compelling compliance with non-discretionary policies and operating procedures. As Texas courts have consistently held, Chapter 43 applies only to procedural and administrative matters—not to substantive determinations regarding individual property exemptions.

3. Fort Worth has failed to identify any specific policy, procedure, or non-discretionary duty under the Property Tax Code, Comptroller rules, or applicable law that the appraisal district has violated. Instead, the City seeks to use Chapter 43 as an improper end-run around the established procedures for challenging tax exemption decisions (presumably to evade Defendant's plea to the jurisdiction and motion to transfer venue). This fundamental pleading deficiency renders Fort Worth's petition legally insufficient and subject to dismissal.

4. Pleasanton Housing Finance Corporation respectfully submits that Fort Worth's First Amended Petition fails to state a cognizable claim under Chapter 43 and should be dismissed with leave to replead.

2

251

**B.     FACTUAL AND PROCEDURAL BACKGROUND**

5.     In its First Amended Petition, Fort Worth alleges that that "[t]he [Property] Tax Code […] provides that '[a] taxing unit [may] sue an appraisal district that appraises property for the unit to compel the appraisal district to comply with … applicable law.'" First Am. Pet., ¶ 35 (citing Tex. Tax Code § 43.01).

**C.     LEGAL STANDARD**

6.     A special exception is the proper vehicle through which to raise disputes concerning the sufficiency of a party's allegations and claims. *See Ortiz v. Patterson*, 378 S.W.3d 667, 2012 Tex. App. LEXIS 7679 (Tex. App. Dallas Sept. 5, 2012, no pet.). The Texas Rules of Civil Procedure provide that "a special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." Tex. R. Civ. P. 91.

**D.     LAW AND ARGUMENT**

   i.     *Chapter 43 of the Property Tax Code Applies Only to Taxing Unit Actions Requesting Relief With Respect to an Appraisal District's Policies and Operating Procedures*

7.     Fort Worth's invocation of Tex. Tax Code §§ 43.01 and 43.03 is defective on its face. Section 43.01 of the Property Tax Code provides that "[a] taxing unit may sue the appraisal district that appraises property for the unit to compel the appraisal district to ***comply with*** the provisions of this title, rules of the comptroller, or other applicable law." (emphasis added). Section 43.03 of the Property Tax Code further provides that the Court "as the evidence warrants shall enter those orders necessary to ***compel compliance*** by the appraisal office." (emphasis added).

8.     In raising Chapter 43 in its First Amended Petition, Fort Worth conspicuously glosses over reference to Section 43.04 of the Property Tax Code. That provision, titled "Suit to

Compel Compliance Deadlines," clarifies that Chapter 43 of the Property Tax Code is intended to address lawsuits by taxing units aimed at *compelling compliance* with the appraisal district's *non-discretionary functions*:

> The governing body of a taxing unit may sue the chief appraiser or members of the appraisal review board, as applicable, for failure to comply with the deadlines imposed by Section 25.22(a), 26.01(a), or 41.12. If the court finds that the chief appraiser or appraisal review board failed to comply for good cause shown, the court shall enter an order fixing a reasonable deadline for compliance. If the court finds that the chief appraiser or appraisal review board failed to comply without good cause, the court shall enter an order requiring the chief appraiser or appraisal review board to comply with the deadline not later than the 10th day after the date the judgment is signed. In a suit brought under this section, the court may enter any other order the court considers necessary to ensure compliance with the court's deadline or the applicable statutory requirements. Failure to obey an order of the court is punishable as contempt.

9.      Courts interpreting Chapter 43 of the Property Tax Code have held that the chapter applies only to actions for relief with respect to *policies and operating procedures*—again, non-discretionary duties as opposed to discretionary determinations covered by challenges under Chapter 41. *See Joaquin Indep. Sch. Dist. v. Shelby Cty. Appraisal Dist.*, No. 12-13-00038-CV, 2014 Tex. App. LEXIS 9792 (Tex. App.—Tyler Aug. 29, 2014, pet. denied).

10.     In *Joaquin Indep. Sch. Dist.*, Joaquin Independent School District ("**JISD**") and Shelbyville Independent School District ("**SISD**") had a disputed boundary line that affected property tax apportionment. From 2008 to 2011, JISD filed annual challenges to Shelby County Appraisal District's ("**SCAD**") appraisal rolls, claiming 164 tracts were taxed in the wrong district and that properties within JISD's boundaries were incorrectly attributed to SISD. The appraisal review board denied all challenges, determining that boundaries should remain unchanged until a court ordered modifications. Thereafter, JISD filed suit raising claims under Chapters 42 and 43 of the Property Tax Code and the Declaratory Judgments Act. The trial court denied JISD's requested relief.

11.     On appeal, JISD re-urged its Chapter 42 and 43 claims. JISD asserted under Chapter 42 that "SCAD assessed property on a percentage less than one hundred percent of its appraised value and SCAD was prevented from obtaining correct assessments due to incorrect records in violation of the law." *Id.* at *9-10; *compare* Tex. Tax Code § 41.03. The appellate court held against JISD because it failed to present any evidence to prove what percentage basis SCAD used to assess the property. *Id.* at *10. JISD also requested that the court order SCAD to correct the appraisal rolls for prior tax years and refund tax revenue to JISD. Since "JISD did not prove as a matter of law that it [was] entitled to have the requested corrections and refunds[,]" the appellate court held that the trial court did not err. *Id.*

12.     For its Chapter 43 claims, JISD argued that the trial court should have ordered SCAD to take "certain corrective measures needed due to inaccurate school district boundary records" under Chapter 43 of the Property Tax Code. *Id.* at *9. Without entertaining the merits of JISD's claim, the court summarily held that "Chapter 43 ***is not the appropriate vehicle for the relief in this case***" and that "Chapter 43 applies to actions for relief ***with respect to policies and operating procedures***." *Id.* at *9 (holding that "[t]he trial court did not err in denying JISD's motion for summary judgment on its Chapter 43 complaints or in granting SISD's motion for partial summary judgment on that issue.") (citing *Carr v. Bell Sav. & Loan Ass'n*, 786 S.W.2d 761, 765 (Tex. App.—Texarkana 1990, writ denied) (op. on reh'g)) (emphasis added).

13.     In finding that Chapter 43 was limited to actions for relief with respect to "policies and operating procedures," the court in *Joaquin* cited to *Carr v. Bell Sav. & Loan Ass'n*, 786 S.W.2d 761, 765 (Tex. App.—Texarkana 1990, writ denied) (op. on reh'g)) (emphasis added). There, the Texarkana Court of Appeals held in an opinion on a motion for rehearing by a taxing unit that Section 43.01 of the Texas Tax Code did not authorize a taxing units' collateral attack on

5

254

an appraisal review board's reduce appraisal determination. Specifically, the *Carr* court held that Section 43.01 "applies to actions for declaratory or injunctive relief *with respect to policies and operating procedures*" and "cannot refer to a suit to challenge the appraisal of a single taxpayer's property." *Carr v. Bell Sav. & Loan Ass'n*, Case No. 06-89-09783-CV, 1990 Tex. App. LEXIS 463, at *1 (Tex. App.—Texarkana Feb. 27, 1990, no writ).[1]

### E. INTERVENOR PLAINTIFF FORT WORTH HAS FAILED TO ALLEGE A POLICY OR PROCEDURE THAT THE APPRAISAL DISTRICT MUST COMPLY WITH

14.     *Joaquin* should control the Court's review of Fort Worth's First Amended Petition. Nowhere in its First Amended Petition does Fort Worth allege that TAD has failed to comply with its own policies or procedures under the Property Tax Code or the Comptroller rules. Instead, Fort Worth has alleged that a suit is necessary to compel TAD to "comply with" Chapter 394 of the Local Government Code, otherwise known as the Housing Finance Corporation Act (the "Act").

15.     Fort Worth does not allege any provisions of the Act that TAD can come into compliance with. *See* Tex. Tax Code § 43.01. Likewise, the Act does not *compel* TAD to do anything. With respect to remedies, the First Amended Petition is similarly defective. Section 43.03 of the Property Tax Code, titled "Action by Court," states that the Court "as the evidence warrants shall enter those orders necessary to *compel compliance* by the appraisal office." (emphasis added). Without any reference to what policies or procedures under the Property Tax Code, Comptroller rules, or HFC Act that TAD is currently out of compliance with, the pleading is defective on its face and, therefore, a special exception striking the First Amended Petition is appropriate.

---

[1] In the appellate briefing for *Joaquin* there is discussion among the parties that *Joaquin* was miscited. This cite has been verified through Lexis Nexis, as of May 28, 2025, for the excerpts relied upon by the *Joaquin* court (as evidenced by appellee's briefing).

255

## II.   PLEA TO THE JURISDICTION

16.     The gravamen of Fort Worth's Petition is that Pleasanton HFC has been removing Tarrant County-based properties from the tax appraisal roll.  First Am. Pet. at ¶ 1.

17.     Rather than bring its case under the Property Tax Code, Intervenor Plaintiff brought suit under the Declaratory Judgment Act.

18.     Intervenor Plaintiff is a "taxing unit" under the Property Tax Code. *See* Tex. Tax Code § 1.04(12). The exclusive means for a "taxing unit" to resolve the types of disputes raised in Intervenor Plaintiff's Petition is to seek relief under the Property Tax Code through a taxing unit challenge. Accordingly, the Court has no jurisdiction over Intervenor Plaintiff's claims. *See* Tex. Tax Code § 42.09 ("Remedies Exclusive"); *In re ExxonMobil Corp.*, 153 S.W.3d 605, 617 (Tex. App.—Amarillo 2004, orig. proceeding).

19.     Intervenor Plaintiff's claims related to any properties "removed" from the tax rolls fall within the statutory framework of the Property Tax Code. Indeed, the true nature of Intervenor Plaintiff's Petition is laid bare in its request for injunctive relief which asks the Court to "stop the … Tarrant Appraisal District ("TAD") from granting tax exemptions requested by Defendant HFCs for any Fort Worth-based properties." First Am. Pet. at ¶ 3.

20.     As a result, the Declaratory Judgment Act cannot be used as a vehicle to avoid the Property Tax Code's exclusive administrative process and remedies. *See Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 370-371 (Tex. App.—Fort Worth 2001, no pet.); *see also* Tex. Att'y Gen. Op. No. GA-0537 (2007) at 3 ("whether any specific property is exempt from taxation depends on the facts and circumstances and is initially determined by the chief appraiser of the appraisal district").

21.     Moreover, Intervenor Plaintiff's reference to Section 43.01 of the Property Tax Code does not excuse Intervenor Plaintiff's failure to exhaust administrative remedies. Intervenor

7

256

Plaintiff does not raise Section 43.01 as an independent basis for relief and the statute is referenced and incorporated into a single cause of action labelled "Cause of Action: Declaratory Judgment & Tax Code." *See* First Am. Pet. at ¶¶ 31-36. However Intervenor Plaintiff cares to craft its Petition, the relief sought is the same—denial of ad valorem exemptions—and Intervenor Plaintiff has therefore failed to satisfy a jurisdictional prerequisite to filing suit before this Court.

22.	Section 41.01 of the Property Tax Code sets out the duties of the appraisal review board, which, as relevant here, include the duties to determine protests initiated by property owners, determine challenges initiated by taxing units and "take any other action or make any other determination that this title specifically authorizes or requires." Tex. Tax Code § 41.41. Taxing units are entitled to bring challenges of designated actions before the appraisal review board, among them, challenges to the level of appraisals of any category of property in the district and challenges to an exclusion of property from the appraisal records. *Id.* § 41.03.[2] Insofar as Intervenor Plaintiff contests the exemption status of the subject properties referenced in its Petition, Intervenor Plaintiff's lawsuit should have been preceded by a taxing unit challenge pursuant to the Property Tax Code.

23.	Intervenor Plaintiff's Petition does not allege that Intervenor Plaintiff has exhausted its administrative remedies prior to filing suit because Intervenor Plaintiff has not done so. Accordingly, this Court is deprived of jurisdiction over Pleasanton HFC. To properly invoke the district court's subject-matter jurisdiction, the taxing unit must exhaust its administrative remedies before seeking judicial review. *See, e.g.*, *City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d

---

[2] In the context of exemptions, the chief appraiser makes the initial determination of whether an exemption applies to a particular property in the appraisal district. Tex. Tax Code §§ 11.45(a) ("The chief appraiser shall determine separately each applicant's right to an exemption"), (c) (The chief appraiser "shall determine the validity of each application for exemption filed with him before he submits the appraisal records for review and determination of protests as provided by Chapter 41 of [the Property Tax Code].").

607, 618 (Tex. App.—Austin 2016, no pet.). For these reasons, Pleasanton HFC respectfully requests that the Court dismiss this case in full.

<h3 style="text-align:center">III.    <u>MOTION TO TRANSFER VENUE</u></h3>

24. Pleasanton HFC respectfully requests that the Court transfer the above-entitled and numbered cause to Atascosa County, Texas pursuant to Section 15.063 of the Civil Practice and Remedies Code and Texas Rule of Civil Procedure 86.

25. Texas Rule of Civil Procedure 86 provides that a motion to transfer venue "shall state that the action should be transferred to another specified county of proper venue because: (a) [t]he County where the action is pending is not a proper county; or (b) [m]andatory venue of the action in another county is prescribed by one or more specific statutory provisions which shall be clearly designated or indicated." The rules further provide that a motion to transfer venue "shall be made promptly by the court and such determination must be made in a reasonable time prior to commencement of the trial on the merits." Tex. R. Civ. P. 87.

26. Section 15.063 of the Civil Practice and Remedies Code provides that "the court, on motion filed and served concurrently with or before the filing of the answer, shall transfer an action to another county of proper venue if […] the county in which the action is pending is not a proper county as provided by [Chapter 15 of the Civil Practice and Remedies Code]." Tex. Civ. Prac. & Rem. Code § 15.063(1). "In all venue hearings, no factual proof concerning the merits of the case shall be required to establish venue" and "[t]he court shall determine venue questions from the pleadings and affidavits." *Id.* § 15.064(a).

27. The Civil Practice and Remedies Code defines "proper venue" as "(1) the venue required by the mandatory provisions of Subchapter B [Mandatory Venue] or another statute prescribing mandatory venue; or (2) if Subdivision (1) does not apply, the venue provided by this subchapter [General Venue] or Subchapter C [Permissive Venue]"). Section 15.016 of the Civil

Practice and Remedies Code, encompassed within Subchapter B [Mandatory Venue] of Chapter 15, states that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." *Id.* § 15.016.

28. Section 65.023(a) of the Civil Practice and Remedies Code mandates venue in a defendant's county of domicile for cases purely or primarily seeking injunctive relief. *Id.* § 65.023(a) ("[A] writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled."); *see In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding) ("The statute placing venue for injunction suits in the county of the defendant's domicile is mandatory."). Section 65.023(a) is operative only when a plaintiff's pleading in the underlying suit establishes the relief sought is "purely or primarily injunctive." *Cont'l Airlines*, 988 S.W.2d at 736; *Ex parte Coffee*, 328 S.W.2d 283, 287 (Tex. 1959) (orig. proceeding) ("It is settled that [section 65.023(a)'s predecessor] only applies to and governs the issuance and return of writs and trial in cases in which the relief sought is purely or primarily injunctive."); *Brown v. Gulf Television Co.,* 306 S.W.2d 706 (Tex. 1957) (holding that the injunction statute controlled venue over the situs of the real property in a dispute where an airport owner sought an injunction ordering removal of a television antenna that was allegedly interfering with an airport runway).

29. In *In re FPWP GP LLC,* the real parties filed a declaratory judgment and injunction action in Dallas County to resolve a dispute among partners to a limited partnership concerning "(1) their rights in and obligations to the partnership, (2) which partnership agreement govern[ed] their relationship, and (3) which entity [was] the partnership's general partner." *See* No. 05-16-01145-CV, 2017 Tex. App. LEXIS 633, 2017 WL 461355, at *1 (Tex. App.—Dallas Jan. 25, 2017, no pet.) (mem. op.). Relying on Section 65.023(a) of the Civil Practice and Remedies Code, the

10

259

relators filed a motion to transfer venue from Dallas County to Harris County, as all parties subject to the potential injunction were domiciled in Harris County.

30.    After the trial court denied the motion, the court of appeals granted mandamus relief and determined that the real parties' declaratory judgment action and plea for an injunction were a different means to the same end. Specifically, the court opined as follows:

> By granting the requested declaratory relief, the trial court would enjoin FPWP from acting as general partner by naming Briarwood general partner and declaring relators' prior acts ineffective, void, and invalid. An injunction is another means to that same end. In either event, the real parties in interest were seeking to stop relators from taking actions on behalf of the partnership. Therefore, we conclude the primary purpose of the lawsuit is injunctive.

*Id.* at *15-16 (Tex. App.—Dallas Jan. 25, 2017, no pet.)

31.    Here, the Plaintiff's requested relief is analogous to the pleadings the Dallas Court of Appeals considered in *In re FPWP GP LLC* to determine that section 65.023(a) established venue in Harris County. Plaintiff's requested relief is "purely or primarily injunctive" consisting of a declaratory judgment "that prevents [TAD] from … awarding any further tax exemptions to the Defendant HFCs." First Am. Pet. at ¶ 36.

32.    Insofar as Intervenor Plaintiff's sought-after after relief is "purely or primarily" injunctive, this proceeding is subject to the mandatory venue provision of Section 65.023 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 15.001(b) (defining "proper venue" to mean "the venue required by the mandatory provisions of Subchapter B or another statute prescribing mandatory venue."). Accordingly, the Court must grant Defendant's Motion to Transfer Venue and transfer the present proceedings to Atascosa County, Texas (Defendant Pleasanton HFC's county of domicile).

33.    Intervenor Plaintiff alleges that venue is proper in Tarrant County because "all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant

11

260

County" and Pleasanton HFC "purposely availed [itself] to this venue[.]" First Am. Pet. at ¶ 12 (citing Tex. Civ. Prac. & Rem. Code § 15.002(a)(1)).

34.     Contrary to Intervenor Plaintiff's suggestion, Section 15.002(a)(3) of the Civil Practice and Remedies Code provides that *"[e]xcept as otherwise provided by this subchapter or Subchapter B or C*, all lawsuits shall be brought […] (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; [or] (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person[.]" (emphasis added). Section 15.016 of the Civil Practice and Remedies Code, *codified within Subchapter B of Chapter 15 of the Civil Practice and Remedies*, states that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." *See also id.* § 15.001 (defining "proper venue" to mean "the venue required by the mandatory provisions of Subchapter B or another statute prescribing mandatory venue[.]"). Thus, insofar as Section 65.023 mandates venue in a defendant's county of domicile for cases purely or primarily seeking injunctive relief, it controls over the venue selection provisions encompassed within Section 15.002.

35.     Intervenor Plaintiff further alleges that venue in Tarrant County is proper because this suit "concerns real property located in Tarrant County[.]" First Am. Pet. at ¶ 12 (citing Tex. Civ. Prac. & Rem. Code § 15.011). Intervenor Plaintiff's allegation ignores the fact that the Civil Practice and Remedies Code's mandatory venue provision concerning land does not apply based on the causes of action asserted in Intervenor Plaintiff's First Amended Petition. Specifically, Section 15.011 of the Civil Practice and Remedies Code states that only "[a]ctions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet

261

title to real property shall be brought in the county in which all or part of the property is located." Intervenor Plaintiff has not pled any of the causes of action enumerated in section 15.011 and, therefore, this Court need not engage in an analysis of conflicting mandatory venue provisions under Subchapter B of Chapter 15 of the Civil Practice and Remedies Code.

36. Finally, Intervenor Plaintiff alleges that the Property Tax Code mandates venue in Tarrant County. *See* First Am. Pet. at ¶ 13 (citing Tex. Tax Code §§ 43.01-43.03). As explained above, Intervenor Plaintiff's First Amended Petition does not raise an independent cause of action under the Texas Property Tax Code separate and apart from its request for declaratory judgment and injunctive relief. Accordingly, the Property Tax Code does not control venue in this circumstance.

## IV. GENERAL DENIAL

37. Subject to Defendant Pleasanton HFC's Special Exceptions, Plea to the Jurisdiction and Motion to Transfer Venue, and pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Pleasanton HFC denies each and every allegation in Intervenor Plaintiff's Petition, as well as any amended or supplemental petition, and demands that Intervenor Plaintiff prove their allegations by the appropriate standard of proof under the laws of the State of Texas.

## V. AFFIRMATIVE DEFENSES

38. Subject to Defendant Pleasanton HFC's Special Exceptions, Plea to the Jurisdiction and Motion to Transfer Venue, Defendant Pleasanton HFC asserts the following affirmative defenses.

39. Intervenor Plaintiff's claims are barred in, whole or in part, because Intervenor Plaintiff has failed to exhaust their administrative remedies.

40. Intervenor Plaintiff's claims are barred in, whole or in part, by the doctrine of mootness/ripeness.

41. Intervenor Plaintiff's claims are barred, in whole or in part, because by estoppel, laches, and/or waiver.

42. Intervenor Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

43. Intervenor Plaintiff's claims are barred, in whole or in part, because Intervenor Plaintiff lack standing to bring the claims they assert.

44. Intervenor Plaintiff's claims are barred, in whole or in part, because they are not cognizable under the Texas Constitution.

## VI. PRAYER

WHEREFORE, Defendant Pleasanton Housing Finance Corporation respectfully requests that this court (i) dismiss all claims against Defendant based on lack of subject matter jurisdiction for failure to exhaust administrative remedies; or in the alternative, (ii) grant Defendant's Special Exception and dismiss Intervenor Plaintiff Fort Worth's First Amended Petition with leave to replead; (iii) grant its Motion to Transfer Venue and transfer this suit to Atascosa County, Texas; and, in the alternative and subject to Defendant's Motion to Transfer Venue, (iv) that Intervenor Plaintiff take nothing; and (v) Defendant be awarded such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

263

Dated: June 2, 2025                                     Respectfully submitted,


                                                        */s/ Daniel J. Lecavalier*
                                                        Blake W. Stribling
                                                        Texas Bar No. 24070691
                                                        Daniel J. Lecavalier
                                                        Texas Bar No. 24129028
                                                        CHASNOFF | STRIBLING, LLP
                                                        1020 N.E. Loop 410, Suite 150
                                                        San Antonio, Texas 78209
                                                        Telephone: 210-469-4155
                                                        Email: bstribling@chasnoffstribling.com
                                                        Email: dlecavalier@chasnoffstribling.com

                                                        *Counsel for Defendant Pleasanton Housing*
                                                        *Finance Corporation*

15

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served in compliance with the Texas Rules of Civil Procedure on this 2nd day of June, 2025, to the following counsel of record:

Galen G. Gatten
galen.gatten@arlingtontx.gov
Alexander J. Lindvall
alexander.lindvall@arlingtontx.gov
Jonathan M. Moss
jonathan.moss@arlingtontx.gov
Joseph N. Nguyen
joseph.nguyen@arlingtontx.gov
Nena Chima-Tetteh
nena.chima-tetteh@arlingtontx.gov
City of Arlington
City Attorney's Office
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

*Counsel for Plaintiff City of Arlington*

James R. Evans, Jr.
jevans@lsejlaw.com
Eric Ruiz
eruiz@lsejlaw.com
Low Swinney Evans & James, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735

*Counsel for Defendant Joe Don Bobbitt*

Stephen A. Cumbie
stephen.cumbie@fortworthtexas.gov
Christopher B. Mosley
chris.mosley@fortworthtexas.gov
Olyn Poole
olyn.poole@fortworthtexas.gov
CITY OF FORT WORTH
Office of the City Attorney
100 Fort Wo1th Trail
Fort Worth, Texas 76102
(817) 392-7600 Telephone

*Attorneys for Intervenor Plaintiff City of Fort Worth*

Jeffrey M. Tillotson
jtillotson@tillotsonlaw.com
Kathryn E. Yukevich
kyukevich@tillotsonlaw.com
Tillotson Johnson & Patton
1201 Main Street, Ste 1300
Dallas, TX 75202

*Counsel for Defendant Pecos HFC*

16

265

Roel Gutierrez
State Bar No. 24069842
Law Office of Roel Gutierrez, PLLC
4415 N. McColl Rd.
McCallen, TX 78504
(956) 278-3529 Phone / (956) 278-3530 Fax
roelgutierrezlaw@gmail.com
and
Robert J. Salinas
State Bar No. 17536000
2101 Wood Ave.
Donna, Texas 78537
Tel: 956-464-2460
Email: rjslawoffice@hotmail.com

*Attorneys for La Villa Housing Finance Corporation*

*/s/ Daniel J. Lecavalier*
Daniel J. Lecavalier

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa O'Sullivan on behalf of Daniel Lecavalier
Bar No. 24129028
losullivan@chasnoffstribling.com
Envelope ID: 101478385
Filing Code Description: Answer/Response
Filing Description: Answer/Response
Status as of 6/2/2025 9:24 AM CST

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/2/2025 8:23:39 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/2/2025 8:23:39 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/2/2025 8:23:39 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/2/2025 8:23:39 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/2/2025 8:23:39 AM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/2/2025 8:23:39 AM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/2/2025 8:23:39 AM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 8:23:39 AM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/2/2025 8:23:39 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 6/2/2025 8:23:39 AM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/2/2025 8:23:39 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/2/2025 8:23:39 AM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/2/2025 8:23:39 AM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/2/2025 8:23:39 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 8:23:39 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa O'Sullivan on behalf of Daniel Lecavalier
Bar No. 24129028
losullivan@chasnoffstribling.com
Envelope ID: 101478385
Filing Code Description: Answer/Response
Filing Description: Answer/Response
Status as of 6/2/2025 9:24 AM CST

Case Contacts

| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 8:23:39 AM | SENT |
|---|---|---|---|---|
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/2/2025 8:23:39 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/2/2025 8:23:39 AM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 8:23:39 AM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/2/2025 8:23:39 AM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/2/2025 8:23:39 AM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 8:23:39 AM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/2/2025 8:23:39 AM | SENT |

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/2/2025 8:23:39 AM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/2/2025 8:23:39 AM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/2/2025 8:23:39 AM | SENT |

Associated Case Party: THECITY OF FORT WORTH

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa O'Sullivan on behalf of Daniel Lecavalier
Bar No. 24129028
losullivan@chasnoffstribling.com
Envelope ID: 101478385
Filing Code Description: Answer/Response
Filing Description: Answer/Response
Status as of 6/2/2025 9:24 AM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 8:23:39 AM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/2/2025 8:23:39 AM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 8:23:39 AM | SENT |

348-363561-25

## CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| **CITY OF ARLINGTON** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PECOS HOUSING FINANCE** | § | |
| **CORPORATION, a Texas nonprofit** | § | |
| **corporation; PLEASANTON HOUSING** | § | |
| **FINANCE CORPORATION, a Texas** | § | |
| **nonprofit corporation; LA VILLA** | § | |
| **HOUSING FINANCE CORPORATION,** | § | **348TH JUDICIAL DISTRICT** |
| **a Texas nonprofit corporation;** | § | |
| **MAVERICK COUNTY HOUSING** | § | |
| **FINANCE CORPORATION, a Texas** | § | |
| **nonprofit corporation; and JOE DON** | § | |
| **BOBBITT, in his official capacity as** | § | |
| **Chief Appraiser of the Tarrant Appraisal** | § | |
| **District,** | § | |
| | § | |
| **Defendants,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF FORT WORTH,** | § | |
| | § | **TARRANT COUNTY** |
| **Intervenor-Plaintiff.** | § | |

## DEFENDANT PECOS HFC'S PLEA TO THE JURISDICTION, MOTION TO TRANSFER VENUE, AND ORIGINAL ANSWER

NOW COMES Defendant Pecos Housing Finance Corporation ("Pecos HFC"), in the above-entitled and numbered cause, and file this, its Plea to the Jurisdiction, Motion to Transfer Venue And, Subject Thereto, Original Answer to Intervenor-Plaintiff City of Fort Worth's Petition ("Petition"). In support thereof, Defendant respectfully shows the Court as follows:

## PLEA TO THE JURISDICTION

1. The gravamen of Intervenor-Plaintiff's complaint is that Pecos HFC has "removing Fort Worth-based properties from Tarrant County tax appraisal rolls[.]" 1st Am. Pet. at ¶ 1.

2. Rather than bring their case under the Property Tax Code, the City of Fort Worth ("City" or "Intervenor-Plaintiff") sued Defendants under the Declaratory Judgment Act.

3. Intervenor-Plaintiff is a "taxing unit" under the Property Tax Code. *See* Tex. Tax Code § 1.04(12). The exclusive means for a "taxing unit" to resolve the types of disputes raised in Intervenor-Plaintiff's Petition is to seek relief under the administrative process laid out in the Property Tax Code. Accordingly, the Court has no jurisdiction over Intervenor-Plaintiff's claims. *See* Tex. Tax Code § 42.09 ("Remedies Exclusive"); *In re ExxonMobil Corp.*, 153 S.W.3d 605, 617 (Tex. App.—Amarillo 2004, orig. proceeding).

4. Intervenor-Plaintiff's claims related to any properties "removed" from the tax rolls plainly fall within the statutory framework of the Property Tax Code. Indeed, the true nature of Intervenor-Plaintiff's claims is laid bare in their request for declaratory relief and injunctive which asks the Court to stop Pecos HFC from "requesting or receiving tax exemptions for Fort Worth-based properties." 1st Am. Pet. at Prayer ¶ (C).

5. As a result, the Declaratory Judgment Act cannot be used as a vehicle to avoid or evade the exclusive administrative process and remedies in the Property Tax Code. *Vexler v. Spencer*, No. 02-24-00305-CV, 2025 WL 1271691, at *8-9 (Tex. App.—Fort Worth May 1, 2025, no pet. h.) (mem. op.) ("the tax code jurisdictionally bars the Property Owners from

raising these three claims outside of the Texas Tax Code's exclusive remedial scheme"); *Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 370-371 (Tex. App.—Fort Worth 2001, no pet.); *see also* Tex. Att'y Gen. Op. No. GA-0537 (2007) at 3 ("whether any specific property is exempt from taxation depends on the facts and circumstances and is initially determined by the chief appraiser of the appraisal district").

6. Intervenor-Plaintiff's "alternative" claim under the Texas Constitution seeks declaratory relief and, as a result, is governed by the Declaratory Judgment Act. *See* 1st Am. Pet. at ¶ 34 ("Fort Worth further asks for a declaratory judgment that Article VIII, Section 11 of the Texas Constitution . . . that the Defendants' scheme violates Constitutional limits on the scope of Texas counties' taxing authority.") (emphasis added).

7. Section 41.01 of the Property Tax Code sets out the duties of the appraisal review board, which, as relevant here, include the duties to determine protests initiated by property owners, determine challenges initiated by taxing units and "take any other action or make any other determination that this title specifically authorizes or requires." Tex. Tax Code § 41.41. Taxing units are entitled to bring challenges of designated actions before the appraisal review board, among them, challenges to the level of appraisals of any category of property in the district and challenges to an exclusion of property from the appraisal records. *Id.* § 41.03.[1] Intervenor-Plaintiff's "alternative" declaratory judgment relief is similarly barred by Intervenor-Plaintiff's failure to exhaust their administrative remedies to challenge the removal

---

[1] In the context of exemptions, the chief appraiser makes the initial determination of whether an exemption applies to a particular property in the appraisal district. Tex. Tax Code §§ 11.45(a) ("The chief appraiser shall determine separately each applicant's right to an exemption"), (c) (The chief appraiser "shall determine the validity of each application for exemption filed with him before he submits the appraisal records for review and determination of protests as provided by Chapter 41 of [the Property Tax Code].").

of any property from the tax rolls. To the extent Intervenor-Plaintiff's complaint is that properties should not have been removed from the tax rolls to begin with, the instant lawsuit is premature. Intervenor-Plaintiff is required to challenge the exemption status of any property under the statutory scheme laid out by the Property Tax Code. Intervenor-Plaintiff's failure to do so dooms their complaints in this case.

8.     Intervenor-Plaintiff does not allege that it has exhausted its administrative remedies prior to filing this suit because they have not done so. Accordingly, this Court is deprived of jurisdiction over Pecos HFC. To properly invoke the subject-matter jurisdiction of the district court, the taxing unit must exhaust its administrative remedies before filing its suit for judicial review. *See, e.g.*, *City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 618 (Tex. App.—Austin 2016, no pet.). For these reasons, Pecos HFC respectfully requests that the Court dismiss this case in full.

## MOTION TO TRANSFER VENUE

9.     Pecos HFC respectfully requests that the Court transfer this action to Reeves County, pursuant to Section 15.063 of the Civil Practice and Remedies Code and Texas Rule of Civil Procedure 86.

10.    A motion to transfer venue is proper if (1) the County where the action is pending is not a proper county or (2) mandatory venue of the action in another county is prescribed by one or more specific statutory provisions. *See* Tex. R. Civ. P. 86.

11.    Section 15.063 of the Civil Practice and Remedies Code provides that "the court, on motion filed and served concurrently with or before the filing of the answer, shall transfer an action to another county of proper venue if […] the county in which the action is

pending is not a proper county as provided by [Chapter 15 of the Civil Practice and Remedies Code]." Tex. Civ. Prac. & Rem. Code § 15.063(1). "In all venue hearings, no factual proof concerning the merits of the case shall be required to establish venue" and "[t]he court shall determine venue questions from the pleadings and affidavits." *Id.* § 15.064(a).

12. Section 65.023(a) of the Civil Practice and Remedies Code mandates venue in a defendant's county of domicile for cases purely or primarily seeking injunctive relief. *Id.* § 65.023(a) ("[A] writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled."); *In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding) ("The statute placing venue for injunction suits in the county of the defendant's domicile is mandatory.").

13. Section 65.023(a) is operative when a plaintiff's pleading in the underlying suit establishes the relief sought is "purely or primarily injunctive." *Cont'l Airlines*, 988 S.W.2d at 736*; Ex parte Coffee*, 328 S.W.2d 283, 287 (Tex. 1959) (orig. proceeding) (holding same regarding Section 65.023(a)'s predecessor statute); *Brown v. Gulf Television Co.*, 306 S.W.2d 706 (Tex. 1957) (holding that the injunction statute controlled venue, not the location of the real property at issue, in a dispute where an airport owner sought an injunction ordering removal of a television antenna allegedly interfering with an airport runway).

14. Intervenor-Plaintiff's goal here is clear: a temporary injunction and declaratory relief that will prevent Pecos HFC from "requesting tax-exempt status for any Fort Worth-based properties." 1st Am. Pet. at ¶ 41. Intervenor-Plaintiff also seeks a permanent injunction that prevents the City of Pecos from "requesting or receiving tax exemptions for Fort Worth-based properties." 1st Am. Pet. at Prayer ¶ (C). There can be no doubt that the relief sought—

although fashioned under the UDJA—is intended to have the same effect as a permanent injunction.

15.     Intervenor-Plaintiff's purported claim under the Texas Constitution fares no better. The goal of the claim, again, is to prohibit the City of Pecos from seeking exemptions for properties owned outside the City of Pecos. *See* 1st Am. Pet. at ¶ 34 ("Fort Worth further asks for a declaratory judgment that Article VIII, Section 11 of the Texas Constitution . . . that the Defendants' scheme violates Constitutional limits on the scope of Texas counties' taxing authority.") (emphasis added). In other words, Intervenor-Plaintiff seeks to prohibit Pecos HFC from seeking the same tax exemptions it seeks to void under their declaratory judgment claim.

16.     Courts in nearly identical contexts have consistently held that transfer is required, emphasizing that when the plaintiff is "seeking to stop [a defendant] from taking actions," then "the primary purpose of the lawsuit is injunctive." *In re FPWP GP LLC*, No. 05-16-01145-CV, 2017 WL 461355, at *4 (Tex. App.—Dallas Jan. 25, 2017, no pet.); *see also In re Daniel*, 12–06–00232–CV, 2006 WL 2361350, at *2 (Tex. App.—Tyler Aug. 16, 2006, orig. proceeding) (mem. op.).

17.     There can be no doubt that Section 65.023(a) applies, and this matter should be transferred to Pecos HFC's domicile: Reeves County, Texas. Intervenor-Plaintiff's Petition indisputably reflects that Pecos HFC is not at home in Tarrant County, acknowledging it is at home "hundreds of miles away" from Tarrant County in Reeves County, Texas. 1st Am. Pet. at ¶ 3.

18. Intervenor-Plaintiff alleges that venue is proper in Tarrant County because (1) "all or a substantial part of the events and actions giving rise to this case occurred in Tarrant County," (2) Pecos HFC "conduct[ed] business in Tarrant County," and (3) the lawsuit "concerns real property located in Tarrant County." 1st Am. Pet. at ¶ 12. This allegation is insufficient to overcome the mandatory venue provision encompassed within Section 65.023 of the Civil Practice and Remedies Code.

19. Section 15.002(a)(3) of the Civil Practice and Remedies Code provides that **"[e]xcept as otherwise provided by this subchapter or Subchapter B or C,** all lawsuits shall be brought […] (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; [or] (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person[.]" Tex. Civ. Prac. & Rem. Code § 15.002(a) (emphasis added).

20. Section 15.016 of the Civil Practice and Remedies Code, codified within Subchapter B of Chapter 15 of the Civil Practice and Remedies, states that **"[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute."** *Id.* § 15.016 (emphasis added); *see also id.* § 15.001 (defining "proper venue" to mean "the venue required by the mandatory provisions of Subchapter B or another statute prescribing mandatory venue[.]").

21. Because Section 65.023 of the Civil Practice and Remedies Code mandates venue in a defendant's county of domicile for cases purely or primarily seeking injunctive relief, it controls over the venue selection provisions encompassed within Section 15.002. *See id.* § 65.023(a).

22. In addition, Intervenor-Plaintiff's attempted invocation of Section 15.011 of the Civil Practice and Remedies Code is unavailing. Section 15.011 of the Civil Practice and Remedies Code states that only "[a]ctions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or part of the property is located." *Id.* § 65.023(a). Intervenor-Plaintiff has not pled any of the causes of action enumerated in section 15.011 and, therefore, this Court need not engage in an analysis of conflicting mandatory venue provisions under Subchapter B of Chapter 15 of the Civil Practice and Remedies Code.

## GENERAL DENIAL

23. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Pecos HFC generally denies the allegations contained in Intervenor-Plaintiff's Petition and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

24. Intervenor-Plaintiff's claims are barred in, whole or in part, because Intervenor-Plaintiff has failed to exhaust its administrative remedies.

25. Intervenor-Plaintiff's claims are barred in, whole or in part, by the doctrine of mootness/ripeness.

26. Intervenor-Plaintiff's claims are barred, in whole or in part, because by estoppel, laches, and/or waiver.

27. Intervenor-Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

28.     Intervenor-Plaintiff's claims are barred, in whole or in part, because Intervenor-Plaintiff lacks standing to bring the claims it assert.

29.     Intervenor-Plaintiff's claims are barred, in whole or in part, because they are not cognizable under the Texas Constitution.

**PRAYER**

WHEREFORE, Pecos HFC respectfully requests (i) dismiss all claims against Pecos HFC; or in the alternative, (ii) that this Court grant its Motion to Transfer Venue and transfer this suit to Reeves County, Texas; and, in the alternative and subject to Defendant's Motion to Transfer Venue, (iii) that Intervenor-Plaintiff takes nothing; and (iv) Pecos HFC be awarded such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Dated: June 2, 2025                    Respectfully submitted,

/s/ *Kathryn E. Yukevich*
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Kathryn E. Yukevich
State Bar No. 24133390
kyukevich@tillotsonlaw.com
**TILLOTSON JOHNSON & PATTON**
1201 Main Street, Suite 1300
Dallas, TX 75202
Telephone: (214) 382-3041
Facsimile: (214) 292-6564


Blake W. Stribling
Texas Bar No. 24070691
Daniel J. Lecavalier
Texas Bar No. 24129028
**CHASNOFF | STRIBLING, LLP**
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: 210-469-4155
Email: bstribling@chasnoffstribling.com
Email: dlecavalier@chasnoffstribling.com

**ATTORNEYS FOR DEFENDANT PECOS HFC**


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was e-filed with the Clerk of the Court and will be served via email upon all counsel of record and on this 27th day of May 2025.


/s/ *Kathryn E. Yukevich*
Kathryn E. Yukevich

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kathryn Yukevich
Bar No. 24133390
kyukevich@tillotsonlaw.com
Envelope ID: 101478786
Filing Code Description: Answer/Response
Filing Description: Pecos HFC Defendants' Plea to the Jurisdiction, Motion to Transfer, and Answer to Intervenor-Plaintiff's Petition
Status as of 6/2/2025 9:59 AM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/2/2025 8:41:12 AM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/2/2025 8:41:12 AM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/2/2025 8:41:12 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/2/2025 8:41:12 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/2/2025 8:41:12 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/2/2025 8:41:12 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/2/2025 8:41:12 AM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/2/2025 8:41:12 AM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/2/2025 8:41:12 AM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/2/2025 8:41:12 AM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 8:41:12 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kathryn Yukevich
Bar No. 24133390
kyukevich@tillotsonlaw.com
Envelope ID: 101478786
Filing Code Description: Answer/Response
Filing Description: Pecos HFC Defendants' Plea to the Jurisdiction, Motion to Transfer, and Answer to Intervenor-Plaintiff's Petition
Status as of 6/2/2025 9:59 AM CST

Associated Case Party: THEPLEASANTON HFC

| | | | | |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 8:41:12 AM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/2/2025 8:41:12 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 6/2/2025 8:41:12 AM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/2/2025 8:41:12 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/2/2025 8:41:12 AM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/2/2025 8:41:12 AM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/2/2025 8:41:12 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 8:41:12 AM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/2/2025 8:41:12 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/2/2025 8:41:12 AM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 8:41:12 AM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/2/2025 8:41:12 AM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/2/2025 8:41:12 AM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 8:41:12 AM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/2/2025 8:41:12 AM | SENT |

Associated Case Party: THECITY OF FORT WORTH

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kathryn Yukevich
Bar No. 24133390
kyukevich@tillotsonlaw.com
Envelope ID: 101478786
Filing Code Description: Answer/Response
Filing Description: Pecos HFC Defendants' Plea to the Jurisdiction, Motion to Transfer, and Answer to Intervenor-Plaintiff's Petition
Status as of 6/2/2025 9:59 AM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 8:41:12 AM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/2/2025 8:41:12 AM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 8:41:12 AM | SENT |

348-363561-25

No. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § | |
| v. | § § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District, | § § § § § § | 348TH JUDICIAL DISTRICT |
| *Defendants*, | § § | |
| v. | § § | |
| CITY OF FORT WORTH, | § § | |
| *Intervenor-Plaintiff*. | § § | TARRANT COUNTY, TEXAS |

**PLAINTIFF CITY OF ARLINGTON'S
THIRD AMENDED PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE MEGAN FAHEY:

In support of its Third Amended Petition and Application for a Temporary Restraining Order and Injunctive Relief, Plaintiff City of Arlington ("Arlington") alleges the following:

## I. INTRODUCTION

1. This case concerns a misuse and abuse of the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* Arlington recently learned that the Pecos Housing Finance Corporation ("Pecos HFC"), the Pleasanton Housing Finance Corporation ("Pleasanton HFC"), and the La Villa Housing Finance Corporation ("La Villa HFC") (collectively, "Defendant HFCs") have been unlawfully removing Arlington-based properties from the tax appraisal rolls in exchange for monetary kickbacks, resulting in the loss of millions of dollars in real property value from the local tax base.

2. The Defendant HFCs' scheme seems to work like this: a private developer acquires

land for a new multifamily development (or acquires an already-existing development) in a city outside the HFC's local jurisdiction; the private developer then conveys that property to the HFC; the HFC, as the new owner, then applies for and receives a 100% tax exemption, and the property is removed from the tax rolls; the HFC then leases that now-exempt property to a private landlord (oftentimes the same developer who originally purchased the property), who then shares the profits with the HFC. The upshot of this scheme is that the developer and landlord get a massive tax exemption, the HFC gets to collect fees and a portion of the development's profits, and the other city (in this case, Arlington) bears 100% of the downside.

3.      In short, a handful of tiny public corporations, located hundreds of miles away in small towns with no connection to Arlington, have drastically reduced Arlington's yearly tax revenue by millions of dollars while they rake in undeserved fees and profits from Arlington-based rental properties. Arlington now asks this Court to halt the Defendant HFCs' unlawful behavior before they do any further irreversible damage to Arlington's tax base, and to stop the Chief Appraiser of the Tarrant Appraisal District from granting tax exemptions requested by the Defendant HFCs for any Arlington-based properties.

## II.    PARTIES

4.      Plaintiff City of Arlington is a home-rule municipality located in Tarrant County, Texas.

5.      Defendant Pecos HFC is a Texas nonprofit corporation. It may be served with citation through its registered agent, John Salcido, at 2320 Teague Dr., Pecos, Texas 79772, or wherever else he may be located.

6.      Defendant Pleasanton HFC is a Texas nonprofit corporation. It may be served with citation through its registered agent, Johnny Huizar, at 108 Second St., Pleasanton, Texas 78064, or wherever else he may be located.

7.       Defendant La Villa HFC is a Texas nonprofit corporation. It may be served with citation through its registered agent, Rosa Perez, at 916 South Mike Chapa Dr., La Villa, Texas 78562, or wherever else he may be located.

8.     Defendant Joe Don Bobbitt is the Chief Appraiser of the Tarrant Appraisal District. He is being sued in his official capacity only.

## III.    JURISDICTION, VENUE, AND DISCOVERY CONTROL PLAN

9.     This Court has jurisdiction over this matter because Plaintiff seeks relief within the jurisdictional limits of this Court.  *See* Tex. Civ. Prac. & Rem. Code §§ 65.001 *et seq.*; Tex. Tax Code §§ 43.01, 43.03; Tex. R. Civ. P. 680.

10.     Venue is proper in Tarrant County because all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant County—and by conducting business in Tarrant County, the Defendant HFCs have purposely availed themselves to this venue.  *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).  This suit, moreover, concerns real property located in Tarrant County, making Tarrant County the mandatory venue for this case.  *See id.* § 15.011.

11.     Venue is also proper pursuant to the Tax Code.  The Tax Code provides that "[a] taxing unit," like Arlington, "may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with . . . applicable law."  Tex. Tax Code § 43.01.  And it further provides that, in such a suit, "[v]enue is in the county in which the appraisal district is established."  *Id.* § 43.02.  As such, because Arlington (a taxing unit) is suing the Tarrant Appraisal District, Tarrant County is the mandatory venue for this case.  *Id.*  Sections 43.01 and 43.03 of the Tax Code, moreover, waive any governmental immunity Defendant Bobbitt might have.

12.     Arlington intends to conduct discovery in this case under the Level 3 discovery control plan.  *See* Tex. R. Civ. P. 190.4.

## IV.    BACKGROUND & RELEVANT LAW

### A.    The Texas Housing Finance Corporation Act.

13.     This suit concerns the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* ("the Act").  The Act was passed in 1979 to help facilitate the development of low-income housing.  *See* Tex. Local Gov't Code § 394.002(a) (the Act's purpose is to "provide a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments").

14.    To help create more low-income housing, the Act empowers local governments to create Housing Finance Corporations, or HFCs—nonprofit organizations, comprised of local officials, that help coordinate and facilitate affordable-housing projects. *See* Tex. Local Gov't Code §§ 394.002, 394.011(a), 394.032.  And because HFCs are (at least in theory) furthering a public purpose, the Act provides that HFC-owned properties and the income derived from those properties are tax-exempt. *Id.* § 394.905 ("The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of this state.").

15.    HFCs are commonly a part of public/private real estate partnerships, in which a private developer acquires land for a new development or acquires an existing multifamily project and then conveys it to an HFC, which then acquires tax-exempt status for the property and leases the property to a private landlord who, in turn, pays fees to the HFC and shares the profits generated by the property with the HFC.

16.    But because the Act allows for such an enormous tax benefit, it provides two specific restrictions on what residential developments an HFC can tax-exempt: (1) a residential development can receive tax exemption from an HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income," as defined by the statute, *id.* § 394.004; and (2) the residential development "must be located within the local government," *id.* § 394.903.

17.    An HFC, in other words, can tax-exempt a residential development only if the development is located within the HFC's local jurisdiction and is actually used to house low-income individuals. *See id.* §§ 394.004, 394.903.

B.    **Several faraway HFCs are unlawfully exempting properties in Arlington that do not house low-income residents.**

18.    Arlington recently learned that the Defendant HFCs have been ignoring these statutory restrictions and has been giving tax exemptions to large, multifamily housing

developments in Arlington without Arlington's knowledge, input, or approval. [Affidavit of Mindy Cochran, attached hereto as **Exhibit 1**, at ¶¶ 4–10.]

19.     The Defendant HFCs' unlawful tax-exemption scheme has removed tens of millions of dollars from Tarrant County taxing units' tax rolls and has caused Arlington to lose millions of dollars in annual tax revenue. [*Id.* at ¶ 10.]

20.     To illustrate, several months ago, Defendant Pecos HFC acquired the Zenith North Collins (735 Washington Dr.) apartment complex—an already-built, upscale apartment complex located next to a golf course in Arlington.[1] [*Id.* at ¶ 5.] After acquiring this complex, the Pecos HFC applied for and received a full tax exemption for this property. [*Id.*] And after receiving that exemption, it leased the complex to a private landlord and now collects a share of that complex's profits. [*Id.*] This property was appraised at $86 million. [*Id.*] So, when it was removed from the tax rolls, that caused the Tarrant County Appraisal District to lose $1.7 million in annual ad valorem tax revenue, and Arlington's share of that revenue was approximately $447,000. [*Id.*]

21.     In other words, by exempting just one apartment complex in Arlington, the Pecos HFC caused Arlington to lose roughly $447,000 in annual tax revenue, and there is no clear path for Arlington (or other affected local entities) to recoup that loss. [*See id.*]

22.     To make matters worse, the Zenith North Collins doesn't even provide low-income housing. With fees and rent, a three-bedroom apartment in this complex costs well over $3,000 per month, and a two-bedroom is around $2,000 per month.[2] And upon information and belief, this complex does not come close to meeting the 90%-low-income-housing threshold needed to receive an exemption under the Act. *See* Tex. Local Gov't Code § 394.004 (providing that a residential development can receive tax exemption from a HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income").

23.     This is a widespread problem across the state. The City of Euless, for example, has

---

[1]     At the time of acquisition, this complex was known as the "Jefferson North Collins" apartment complex.

[2]     https://www.zenitharlington.com/floorplans/.

seen at least a 2% drop in its overall annual revenue after a *single* apartment complex received tax-exempt status from the Cameron County HFC;[3] and Dallas, Fort Worth, McKinney, Irving, Lewisville, and other north Texas cities have reported millions of dollars in total lost tax revenue.[4] Worse, these out-of-jurisdiction HFCs are often bestowing tax-exempt status to already-built structures (not new projects), and many of the exempted properties aren't even affordable-housing projects; they are typical for-profit apartments and condos, usually located in upmarket neighborhoods, that do not offer reduced rent, housing vouchers, or other benefits to low-income applicants.[5]

24. Upon information and belief, the Pecos HFC also recently bestowed tax-exempt status to another apartment complex in Arlington called Cedar Point (2020 Cedar Point Dr.). [Exhibit 1 at ¶ 6.] That property is appraised at approximately $27.5 million, and Arlington's lost ad valorem tax revenue because of this tax exemption amounts to about $165,000 per year. [*Id.*] That complex, similarly, does not offer affordable housing as contemplated by the Act.

25. Arlington, moreover, has good reason to believe the Pecos HFC plans to close on several more Arlington-based properties in the coming months, and that it is on the verge of closing on one of those properties in the coming days. [*Id.* at ¶ 10; Affidavit of Molly Shortall, attached hereto as **Exhibit 2**, at ¶ 5.]

26. Arlington also recently learned that the Pleasanton HFC and the La Villa HFC have been engaging in the same sort of unlawful tax-exemption scheme in Arlington. [Exhibit 1 at ¶¶ 4, 8–9.]

27. The Pleasanton HFC has acquired at least two properties in Arlington: The Washington apartment complex (707 Washington Dr.) and Cedars and River Legacy Park (903 Ashford Ln.). [*Id.* at ¶ 8.] Upon information and belief, the Pleasanton HFC has applied for, but

---

[3] Andrea Lucia, *Euless Loses 2 Percent of Revenue to Controversial Tax Break Approved in Faraway County,* CBS News (Feb. 21, 2024).

[4] Andrea Lucia, *Housing Group Made Millions Getting Tax Breaks for Developers, Costing Cities and Schools Even More,* CBS News (Dec. 22, 2023).

[5] *Id.* (documenting that an out-of-town HFC purchased an apartment complex in a "luxurious community" in Irving and that the tenants' rents went *up* significantly under the HFC's ownership).

has not yet received, tax exemptions for these properties. [*Id.*]

28. The Washington is appraised at approximately $34.5 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $754,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $207,000 per year. [*Id.* at ¶ 8a.] Cedars and River Legacy Park is appraised at approximately $32.5 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $710,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $195,000 per year. [*Id.* at ¶ 8b.]

29. In other words, if the Pleasanton HFC receives tax exemptions for these properties, it will likely cause Arlington to lose over $400,000 in annual ad valorem tax revenue. [*Id.* at ¶ 8.]

30. Arlington also recently learned that the La Villa HFC has acquired at least one property in Arlington: The Carmin apartment complex (711 Brentford Pl.). [*Id.* at ¶ 9.] Upon information and belief, the La Villa HFC has applied for, but has not received, a tax exemption for this property. [*Id.*] The Carmin is appraised at $23.9 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $522,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $143,000 per year. [*Id.*] In other words, if the La Villa HFC receive a tax exemption for this property, it will likely cause Arlington to lose about $143,000 in annual ad valorem tax revenue. [*Id.*]

31. Because of the widespread nature of this practice (see ¶ 22 *supra*), there has been a strong legislative push to (even more) explicitly outlaw this sort of tax-exemption scheme. *See*, *e.g.*, 2025 H.B. No. 21 (link). Upon information and belief, because this sort of scheme is about to become indisputably illegal, HFCs have been scrambling to close their out-of-jurisdiction projects and apply for undeserved tax exemptions.

## V. CAUSE OF ACTION: DECLARATORY JUDGMENT & TAX CODE

32. Texas's Uniform Declaratory Judgments Act (UDJA) allows trial courts to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Tex. Civ. Prac. & Rem. Code § 37.003. The UDJA further provides that "[a] person . . . whose rights,

status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a). The Legislature intended the UDJA to be "remedial" and "liberally construed," and "its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Id.* § 37.002(b).

33. In a declaratory action, like this one, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* § 37.009.

34. Arlington asks for a declaratory judgment from this Court declaring that the Act does not allow the Defendant HFCs acquire real property in Arlington or to bestow tax exemptions to Arlington-based properties.

35. The Tax Code, moreover, provides that "[a] taxing unit," like Arlington, "may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with . . . applicable law." Tex. Tax Code § 43.01. And it further empowers this Court to "enter . . . orders necessary to compel compliance by the appraisal office." *Id.* § 43.03.

36. Pursuant to these laws, Arlington asks for this Court to prevent Defendant Bobbitt from unlawfully awarding any further tax exemptions to the Defendant HFCs. *See id.* §§ 43.01, 43.03; Tex. Civ. Prac. & Rem. Code §§ 37.001 *et seq.*

## VI.  APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

37. To stop the Defendant HFCs from unlawfully removing any more Arlington-based properties from the tax rolls, Arlington asks this Court for a temporary restraining order ("TRO") that prohibits the Defendant HFCs from (a) closing on any Arlington-based properties or (b) requesting, obtaining, or receiving any tax exemptions for Arlington-based properties.

38. Arlington further requests a TRO that prohibits Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, from granting tax exemptions requested by the Defendant HFCs regarding any Arlington-based properties.

39. Arlington requests the Court to issue this TRO without notice to Defendants. Rule 680 allows the Court to issue a TRO without notice if it "clearly appears from specific facts shown

by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." Tex. R. Civ. P. 680.

40.     Arlington has seen a surge in out-of-jurisdiction HFC activity, with many moving to close on properties and apply for tax exemptions at breakneck speed; and at least one of the Defendant HFCs has averred to the Arlington City Attorney that it is on the verge of closing on at least one Arlington-based property in the coming days [Exhibit 2 at ¶ 5], and Arlington believes these HFCs will rush to close on deals and seek exemptions if they are made aware of this TRO application.

41.     The Pleasanton HFC and the La Villa HFC, moreover, have recently closed on Arlington properties and, upon information and belief, plan to request undeserved tax exemptions for these properties.  [Exhibit 1 at ¶¶ 8–9.]  If these HFCs receive these requested exemptions, Arlington will irrevocably lose about $545,000 in annual ad valorem tax revenue.  [*Id.*]

42.     Additionally, as previously noted, this sort of tax-exemption scheme is, in all likelihood, about to become indisputably illegal, and Arlington believes the Defendant HFCs are already in a rush to close on as many out-of-jurisdiction deals as possible in the coming weeks and months.  A no-notice TRO will prevent this unlawful behavior from occurring and will not unduly prejudice the Defendant HFCs in the short-term.

43.     Judge Betsy Lambeth, of the 425th District Court in Williamson County, recently granted a no-notice TRO against the Cameron County HFC on virtually identical grounds.  [*See* Plf. Orig. Pet. & TRO, *Williamson Cnty. et al. v. Cameron Cnty. Housing Finance Corp.*, 425th Judicial District Court, No. 25-0488-C425 (March 5, 2025), attached hereto as **Exhibit 3**.]

44.     This Court should follow suit and issue a TRO that prevents the Defendant HFCs from overstepping their jurisdictional bounds and from requesting tax-exempt status for any Arlington-based properties.  And out of an abundance of caution, this Court should also issue a TRO against the Defendant Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, that prevents him from granting tax exemptions requested by the Defendant HFCs regarding any

Arlington-based properties.

45.     Once that TRO has expired, Arlington asks for a temporary injunction. "To obtain a temporary injunction, [an] applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "Whether to grant or deny a temporary injunction is within the trial court's sound discretion," and an order granting injunctive relief will be reversed on appeal only if "the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Id.*

46.     All these elements are present. Arlington has pled two causes of action against Defendants: a declaratory action under the UDJA and an action pursuant to Chapter 43 of the Tax Code. Tex. Civ. Prac. & Rem. Code §§ 37.001 *et seq.*; Tex. Tax Code §§ 43.01 *et seq.* Arlington has shown it will likely be successful in these actions, as the Act's plain language prohibits the Defendant HFCs' complained-of conduct. And, in the absence of injunctive relief, the Defendant HFCs are likely to close on several more Arlington-based properties and acquire 100% tax exemptions, which would lead to an irreversible removal of these properties from the local tax rolls, causing Arlington to forever lose out on hundreds of thousands, if not millions, of much-needed tax revenues. Simply put, this is precisely the sort of case in which equitable relief is warranted.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff City of Arlington respectfully asks this Court for the following relief:

(A)     To issue a TRO against the Defendant HFCs and Defendant Joe Don Bobbitt that (i) prevents the Defendant HFCs from requesting tax exemptions for any Arlington-based properties, and (ii) prevents Defendant Bobbitt from granting tax exemptions requested by the Defendant HFCs regarding any Arlington-based properties. A proposed TRO was filed contemporaneously herewith.

(B)     After the expiration of this TRO, and after a hearing, to issue a temporary injunction

against the same Defendants that enjoins the same unlawful conduct pending trial.

(C)     After the expiration of this temporary injunction, and after a final trial on the merits, to issue (i) a declaratory judgment declaring that the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*, does not allow the Defendants HFCs to acquire real property in Arlington or bestow tax-exempt status to properties located in Arlington; and (ii) a permanent injunction that prevents the Defendant Bobbitt from granting tax exemptions requested by the Defendant HFCs regarding any Arlington-based properties.

(D)     To award Plaintiff its attorney's fees and costs.

(E)     To award any other relief this Court deems appropriate.

Respectfully submitted,

By:   */s/  Alexander J. Lindvall*
        Galen G. Gatten
            State Bar No. 24032226
            galen.gatten@arlingtontx.gov
        Alexander J. Lindvall
            State Bar No. 24139409
            alexander.lindvall@arlingtontx.gov
        Jonathan M. Moss
            State Bar No. 24084934
            jonathan.moss@arlingtontx.gov
        Joseph N. Nguyen
            State Bar No. 24058021
            joseph.nguyen@arlingtontx.gov
        Nena Chima-Tetteh
            State Bar No. 24113691
            nena.chima-tetteh@arlingtontx.gov

        **CITY OF ARLINGTON**
        **CITY ATTORNEY'S OFFICE**
        P.O. Box 90231, MS 63-0300
        Arlington, Texas 76004
        Phone: 817-459-6878
        ***Attorneys for Plaintiff City of Arlington***

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 101486661
Filing Code Description: Amended Filing
Filing Description: Arlington's Third Amended Petition and Request for TRO and Injunctive Relief
Status as of 6/2/2025 12:00 PM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/2/2025 10:27:14 AM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/2/2025 10:27:14 AM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/2/2025 10:27:14 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/2/2025 10:27:14 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/2/2025 10:27:14 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/2/2025 10:27:14 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/2/2025 10:27:14 AM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/2/2025 10:27:14 AM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/2/2025 10:27:14 AM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/2/2025 10:27:14 AM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 10:27:14 AM | SENT |

294

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 101486661
Filing Code Description: Amended Filing
Filing Description: Arlington's Third Amended Petition and Request for TRO and Injunctive Relief
Status as of 6/2/2025 12:00 PM CST

Associated Case Party: THEPLEASANTON HFC

| | | | | |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 10:27:14 AM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/2/2025 10:27:14 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 6/2/2025 10:27:14 AM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/2/2025 10:27:14 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/2/2025 10:27:14 AM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/2/2025 10:27:14 AM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/2/2025 10:27:14 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 10:27:14 AM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/2/2025 10:27:14 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/2/2025 10:27:14 AM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 10:27:14 AM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/2/2025 10:27:14 AM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/2/2025 10:27:14 AM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 10:27:14 AM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/2/2025 10:27:14 AM | SENT |

Associated Case Party: THECITY OF FORT WORTH

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 101486661
Filing Code Description: Amended Filing
Filing Description: Arlington's Third Amended Petition and Request for TRO and Injunctive Relief
Status as of 6/2/2025 12:00 PM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 10:27:14 AM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/2/2025 10:27:14 AM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 10:27:14 AM | SENT |

## AFFIDAVIT OF MINDY COCHRAN

STATE OF TEXAS ) 
) ss. 
TARRANT COUNTY )

I, Mindy Cochran, declare under penalty of perjury that the following statements are based on my personal knowledge and are true and correct.

1. I am the Executive Director of the City of Arlington's Housing Department.

2. In my role as Housing Executive Director, I often work with the Arlington Housing Finance Corporation, and I am familiar with Housing Finance Corporations ("HFCs") and Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*

3. It is well-accepted that HFCs are allowed to partake in real estate projects only if the project is within the HFC's local jurisdiction. *See* Tex. Local Gov't Code § 394.903. The Arlington HFC, for instance, does not do business in any jurisdiction except the City of Arlington. It is also well-accepted that HFCs can bestow tax exemptions only to properties that are primarily used to house low-income individuals, *see id.* § 394.004, as the stated statutory purpose of HFCs is to create affordable housing for low-income individuals, *id.* § 394.002(a), and the Texas HFC Act specifically states that a residential development can receive an HFC tax exemption only if at least 90% of that development "is for use by or is intended to be occupied by persons of low and moderate income," *id.* § 394.004.

4. The City of Arlington, however, recently learned that HFCs based out of Pecos, Pleasanton, and La Villa, Texas, have been bestowing tax exemptions to large, multifamily housing developments in Arlington without the City's knowledge.

5. Several months ago, for example, the Pecos HFC acquired the Jefferson North Collins apartment complex (currently doing business as the Zenith apartment complex)—an already-built, upscale apartment complex located near an Arlington golf course at 735 Washington Drive. After acquiring this property, the Pecos HFC applied for and received a full tax exemption for this property. After receiving that exemption and removing the property from the tax rolls, the Pecos HFC then leased the complex to a private landlord and, upon information and belief, the Pecos HFC now collects a portion of that complex's profits. That property was appraised at $86 million—and when it was taken off the tax rolls, that caused the Tarrant County Appraisal District to lose $1.7 million in annual ad valorem tax revenue, and Arlington's share of that lost revenue was approximately $447,000.

6. Upon information and belief, the Pecos HFC also recently acquired tax-exempt status for another Arlington apartment complex: Cedar Point (2020 Cedar Point Drive). Cedar Point is appraised at approximately $27.5 million, and Arlington's share of that lost ad valorem tax revenue amounts to about $165,000 per year.

7. The Pecos HFC also recently acquired title to the Westley Apartments (2612 Cinnamon Park Circle). Upon information and belief, the Pecos HFC has requested, but has not received, a tax exemption for this property.

297

8.     Arlington also recently learned that the Pleasanton HFC has acquired at least two properties in Arlington: The Washington apartment complex (707 Washington Dr.) and Cedars at River Legacy Park (903 Ashford Ln.).  Upon information and belief, the Pleasanton HFC has applied for, but has not received, tax exemptions for these properties.

   a.     The Washington is appraised at approximately $34.5 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $754,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $207,000 per year.

   b.     Cedars at River Legacy Park is appraised at approximately $32.5 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $710,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $195,000 per year.

In other words, if the Pleasanton HFC receives tax exemptions for these properties, it will likely cause Arlington to irrevocably lose over $400,000 in annual ad valorem tax revenue.

9.     Arlington also recently learned that the La Villa HFC has acquired at least one property in Arlington: The Carmin apartment complex (711 Brentford Pl.).  Upon information and belief, the La Villa HFC has applied for, but has not received, a tax exemption for this property. The Carmin is appraised at $23.9 million; if taken off the tax rolls, it would cause the Tarrant County Appraisal District to lose about $522,000 in annual ad valorem tax revenue, and Arlington's share of that lost revenue would be approximately $143,000 per year.  In other words, if the La Villa HFC receives a tax exemption for this property, it will likely cause Arlington to irrevocably lose about $143,000 in annual ad valorem tax revenue.

10.     This unlawful tax-exemption scheme has already removed tens of millions of dollars from Tarrant County taxing units' tax rolls and has caused Arlington to lose hundreds of thousands, if not millions, of dollars in annual tax revenue.  Upon information and belief, these HFCs currently have several more pending real estate deals and have requested tax exemptions regarding Arlington-based properties.  If these HFCs acquire any further Arlington-based multifamily properties and remove them from the tax rolls, they could decimate Arlington's budget.

Date: 4/30/25



Mindy Cochran
Executive Director, Housing Department
City of Arlington, Texas

\*     \*     \*     \*

Subscribed to and sworn to before me on this ___30___ day of _____April_____

2025.

ERICA NICOLE SALAS
Notary Public, State of Texas
Comm. Expires 02-26-2028
Notary ID 132150321

Notary Public,
State of Texas

298

## AFFIDAVIT OF MOLLY SHORTALL

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) ss. |
| TARRANT COUNTY | ) |

I, Molly Shortall, declare under penalty of perjury that the following statements are based on my personal knowledge and are true and correct.

1.      I am the City Attorney for the City of Arlington, Texas.  This affidavit concerns my personal knowledge related to the soon-to-be-filed lawsuit *City of Arlington v. Pecos Housing Corporation et al.*, No. _____, in Tarrant County District Court.

2.      In early 2025, the City of Arlington learned that a large, multifamily apartment complex located in Arlington had been unexpectedly removed from the tax rolls, causing Arlington to lose hundreds of thousands of dollars in expected property tax revenue.  Arlington later learned that this property received tax-exempt status because it was acquired by the Pecos Housing Finance Corporation ("Pecos HFC").

3.      To learn more about why the Pecos HFC was acquiring and tax-exempting properties in Arlington—which is more than 400 miles outside its local jurisdiction—Arlington sent multiple open records requests to the Pecos HFC, and Arlington's mayor sent the Pecos HFC a letter inquiring about its unusual, out-of-jurisdiction business practices.

4.      Not long after Arlington sent this letter and these open records request, I received an email from Kassi Yukevich, an attorney at Tillotson, Johnson & Patton, who purported to represent the Pecos HFC, asking to schedule a call to discuss Arlington's records requests and concerns.

5.      On March 28, 2025, I spoke with Ms. Yukevich on the phone.  She told me that the Pecos HFC was involved in multiple projects in Arlington, that it had already closed on several of those projects, that one project was currently on the verge of closing, and that the Pecos HFC was "contemplating" several other projects in Arlington.  Given Arlington's concerns (i.e., the drastic reduction in its tax revenue every time the Pecos HFC tax-exempts a large apartment complexes), Ms. Yukevich suggested that the Pecos HFC could hold off on closing on any more Arlington-based properties "except for one," because the real estate transaction was "too far along," and the Pecos HFC was on the verge of closing on this property.

Date: 4/10/25

_____
Molly Shortall
City Attorney, City of Arlington, Texas

*   *   *   *

Subscribed to and sworn to before me on this 10th day of ____April____ 2025.


ERICA NICOLE SALAS
Notary Public, State of Texas
Comm. Expires 02-26-2028
Notary ID 132150321

_____
Notary Public,
State of Texas

1

299

CAUSE NO. 25-0488-C425

MAR 05 2025

*Lisa David*

IN THE DISTRICT COURT Williamson Co., TX

WILLIAMSON COUNTY, SIENA
MUNICIPAL UTIILTY DISTRICT NO. 1,
and SIENA MUNICIPAL UTIILTY
DISTRICT NO. 2,
    *Plaintiffs,*

v.

THE CAMERON COUNTY HOUSING
FINANCE CORPORATION,
    *Defendant.*

§
§
§
§
§
§
§
§
§
§
§

425 JUDICIAL DISTRICT

WILLIAMSON COUNTY, TEXAS

## TEMPORARY RESTRAINING ORDER

After considering the application for a temporary restraining order filed by Plaintiffs in the above-styled matter, the pleadings, and the evidence, the Court finds that —

1.     There is a current controversy over Defendant Cameron County Housing Finance Corporation's ("CCHFC") efforts to seek exemption from ad valorem taxes for properties located in Williamson County, including the following real properties:

    a.     Lot 1, Siena Section 30, according to the map or plat thereof recorded as Document No. 2020037410 in the Official Public Records of Williamson County, Texas, located at 6531 CR 110, Round Rock, Texas, 78655. That property is a 13.677-acre tract of land on which a multi-family apartment project known as Siena Round Rock Apartments has been built ("Siena Round Rock").

    b.     Lot 2, Block A, Siena South, according to the map or plat thereof recorded as Document No. 20200099820 in the Official Public Records of Williamson County, Texas, located at 5540 Sofia Place, Round Rock, Texas 78665. That Property is a

Temporary Restraining Order – Page 1 of 3

**300**

15.0496-acre tract of land on which a multi-family apartment project known as The Sommery has been built ("The Sommery").

2.      As alleged in the Plaintiffs' petition and supporting verification, CCHFC currently owns Sienna Round Rock, and intends to acquire The Sommery, and seeks to remove both properties from the Williamson Central Appraisal District ad valorem tax rolls, purportedly under Section 394.905 of the Texas Local Government Code.

3.      Imminent harm and irreparable harm will result if CCHFC is permitted to acquire The Sommery and seek and obtain exemptions of Sienna Round Rock and The Sommery from the William Central Appraisal District ad valorem tax rolls.  Specifically, if a temporary restraining order is not granted, imminent and irreparable harm will result to Plaintiffs since those properties within their jurisdictions will be removed from the tax rolls, which will immediately impact their fiscal budgeting and decrease the ad valorem taxes they otherwise could collect for these properties.

4.      There is no adequate remedy at law because such damages or harm to Plaintiffs cannot be calculated.

5.      An *ex parte* order, without notice to CCHFC, is necessary because there is not enough time to give notice to CCHFC, hold a hearing, and issue a restraining order before the imminent and irreparable injury, loss or damage occurs.

6.      Therefore, the Court ORDERS that —

a.      CCHFC, as well as its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with CCHFC, are prohibited from (i) acquiring real property in

Temporary Restraining Order – Page 2 of 3

301

Williamson County, including The Sommery; (ii) seeking or obtaining exemptions from ad valorem taxes for real property in Williamson County, including Siena Round Rock and The Sommery.

b. The clerk shall issue notice to CCHFC that the hearing on Plaintiffs' request for temporary injunction is set for **March 13**, 2025 at **9:00** a.m./p.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

c. Plaintiffs are exempt from posting a bond pursuant to Section 6.001 of the Texas Civil Practice and Remedies Code and Section 49.066(f) of the Texas Water Code.

7. This order expires on **March 14**, 2025 at **9:00**, **A**.m.

Signed: March **5**, 2025

_____
Presiding Judge

CAUSE NO. 25-0488-C425

| | | |
|---|---|---|
| WILLIAMSON COUNTY, SIENA MUNICIPAL UTIILTY DISTRICT NO. 1, and SIENA MUNICIPAL UTIILTY DISTRICT NO. 2, *Plaintiffs*, | § § § § § § | IN THE DISTRICT COURT<br><br>Williamson County - 425th Judicial District Court |
| v. | § § | _____ JUDICIAL DISTRICT |
| THE CAMERON COUNTY HOUSING FINANCE CORPORATION, *Defendant.* | § § § § § § | WILLIAMSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

Plaintiffs Williamson County, Siena Municipal Utility District No. 1, and Siena Municipal Utility District No. 2 file this Original Petition against Defendant The Cameron County Housing Finance Corporation, and would respectfully show the Court the following:

## I.
## INTRODUCTION AND NATURE OF THE CASE

1.       This case involves an abuse of the Texas Housing Finance Corporation Act ("Act"), by which The Cameron County Housing Finance Corporation ("CCHFC") — a housing corporation located in and created by a county halfway across the state — seeks to remove two multifamily developments in Williamson County from the tax appraisal rolls, resulting in the loss of millions of dollars in real property value from the local tax base.

2.       CCHFC's strategy, which is in direct contravention of the Act, would allow

this entity – located over 300 miles away – to take advantage of tax and other monetary incentives for a multi-family housing project in Williamson County, all without Williamson County's participation and consent. Through this strategy, CCHFC seeks to benefit from fees and a portion of cash flow from the projects by the developers, while Williamson County receives no such benefits, and instead is left to suffer from the removal of those properties from the tax appraisal rolls.

3. To be sure, creation of affordable housing opportunities is a worthy mission, one that Williamson County has supported and will continue to support (including through its own locally-operating housing finance corporation). But CCHFC improperly seeks to deprive the elected officials of Williamson County – where these projects are located – from engaging in the critical cost-benefit analysis necessary to determine whether the public benefits of these multi-family housing projects are worth the elimination of tax revenues that are otherwise due to the local community.

4. The Act does not authorize CCHFC's actions. Indeed, on its face, the Act prohibits them. Accordingly, Plaintiffs seek a declaration that the Act does not permit CCHFC to acquire and remove property in Williamson County, including the two properties at issue, from the tax appraisal rolls, and an injunction prohibiting such actions.

## II.
## DISCOVERY CONTROL PLAN AND STATEMENT OF RELIEF

5. Plaintiffs intend to conduct discovery under the Level 3 discovery rules of Rule 190 of the Texas Rules of Civil Procedure and will submit a proposed scheduling

order with a discovery control plan tailored to the circumstances of the specific suit. Plaintiffs seeks nonmonetary relief in the form of declaratory and injunctive relief.

## III.
## PARTIES

6. Plaintiff Williamson County is a Texas county.

7. Plaintiff Siena Municipal Utility District No. 1 is a municipal utility district whose boundaries are located within Williamson County.

8. Plaintiff Siena Municipal Utility District No. 2 is a municipal utility district whose boundaries are located within Williamson County.

9. Defendant The Cameron County Housing Finance Corporation is a Texas nonprofit corporation and may be served with citation by serving its registered agent David C. Petruska at 11264 Russwood Circle, Dallas, Texas 75229, or wherever he may be found.

## IV.
## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter because the relief Plaintiffs seek is within the jurisdictional limits of the Court.

11. Venue is proper in Williamson County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Williamson County, Texas.

## V.
## BACKGROUND

A.   The Texas Housing Finance Corporations Act.

12.   This lawsuit involves The Texas Housing Finance Corporations Act in Chapter 394 of the Texas Local Government Code.  The Act was created in 1987 for the stated purpose of "provid[ing] a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments."  TEX. LOCAL GOV'T CODE § 394.002(a).  To accomplish that purpose, the Act authorizes cities and counties to create public nonprofit corporations known as housing finance corporations.  *Id.* at §§ 394.002(d), 394.003(8).

13.   Housing finance corporations are used to finance the acquisition, development, ownership, and operation of private residential developments.  The Act only applies to residential developments at least 90% of which are occupied or intended to be occupied by persons who meet a certain lower income classification.  *Id.* at § 394.004.  It authorizes housing finance corporations to purchase and lease property, and to issue bonds to finance the costs of a residential development.  *Id.* at §§ 394.037, 394.9025.

14.   The Act creates a significant tax incentive for these residential developments, providing—

> The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of the state.

*Id.* at § 394.905.

15. As a common-sense geographic requirement for these projects, the Act further requires that "[a] residential development covered by this chapter must be located *within the local government.*" *Id.* at § 394.003 (emphasis added).

16. Housing finance corporations are commonly a component of a public/private partnership in which a private developer acquires land for development or an existing multifamily project, and conveys it to a housing finance corporation, which will then lease it to a private entity or a subsidiary of the housing finance corporation. The housing finance corporation will often receive fees paid by the developer or project owner and a portion of cash flow generated by the project. The common feature of this structure is the ability to claim a 100% exemption from local and state taxation.

B. The Cameron County Housing Finance Corporation.

17. Pursuant to the Act, The Cameron County Housing Finance Corporation ("CCHFC") was incorporated in 1979 and approved by the Cameron County Commissioners Court. According to its website, CCHFC's "housing initiatives are aimed at helping low-income families and other underrepresented groups *in Cameron County* who lack suitable homes through traditional financial avenues." (emphasis added.)

18. The website also states that "[CCHFC's] goal is to provide just the right amount of incentives to meet the needs of businesses looking to locate *in Cameron County* promoting job creation for our residents within our county while still adding to our tax base to support the governmental functions of our county." (emphasis added.)

C. The Williamson County Properties At Issue.

19. This case involves two properties located in Williamson County. One was

acquired by CCHFC in February 2025 and is legally described as Lot 1, Siena Section 30, according to the map or plat thereof recorded as Document No. 2020037410 in the Official Public Records of Williamson County, Texas, located at 6531 CR 110, Round Rock, Texas, 78655. That property is a 13.677-acre tract of land on which a multi-family apartment project known as Siena Round Rock Apartments has been built ("Siena Round Rock").

20. The other property is legally described as Lot 2, Block A, Siena South, according to the map or plat thereof recorded as Document No. 20200099820 in the Official Public Records of Williamson County, Texas, located at 5540 Sofia Place, Round Rock, Texas 78665. That property is a 15.0496-acre tract of land on which a multi-family apartment project known as The Sommery has been built ("The Sommery"). As of the filing of this petition, record title to 5540 Sofia Place is vested in Sommery Lot 2 LP. Upon information and belief, it is anticipated that The Sommery will be conveyed to CCHFC imminently.

D.    **CCHFC Seeks Removal of The Properties from the Ad Valorem Tax Rolls.**

21. CCHFC is seeking to immediately remove Siena Round Rock and, upon its acquisition, The Sommery, from Williamson County's tax rolls. It is seeking to remove these properties from the tax rolls as quickly as possible, despite the Act's requirement that, in order to take advantage of the Act's tax relief, "[a] residential development covered by this chapter must be located within the local government." *Id.* at § 394.003. The plain wording of the Act mandates that the residential development must be located "within the local government" that formed the housing finance corporation—in these cases, Cameron County.

308

22. CCHFC has provided Williamson County no justification—legal or otherwise—for its actions. Indeed, CCHFC neglected to contact *any* Williamson County elected officials or staff before seeking to acquire properties located in Williamson County and remove them from the tax rolls.

23. CCFHC's silence is unsurprising, however, as there can be no justification for its scheme. It would be absurd for the Act to allow a housing finance corporation created by one county to own and lease property in another county because, under such a perverse system, the latter county would lose 100% of the ad valorem tax value from the property, but it would have no ability to weigh that significant financial loss against the potential benefits of the project to the local community. Meanwhile, the "traveling" corporation would obtain a pure monetary windfall without any incentive for oversight by its own county (whose tax revenues would be unaffected).

24. Siena Round Rock and The Sommery are currently appraised collectively at a total of $101,565,850.00. Through CCHFC's intended misuse of the Act, Hutto Independent School District ("Hutto ISD") alone would lose at least $1.2 million annually in ad valorem tax revenue from those properties. Additionally, Williamson County would lose at least $360,000 annually in ad valorem tax revenue, and Siena Municipal Utility District No. 1 and Siena Municipal Utility District No. 2 would lose at least $580,000 annually. Other local taxing entities would also suffer significant annual tax revenue losses.

E.     **The scope of CCHFC's tax-exemption scheme.**

25.     Siena Round Rock and The Sommery aren't the only properties that CCHFC has sought to eliminate from another county's tax rolls. CCHFC reportedly owns properties in Dallas, Fort Worth, McKinney, Irving, Lewisville, and Euless, along with a dozen other Texas cities outside of Cameron County.[1]

26.     Moreover, CCHFC's acquisitions aren't just used for new construction. As discussed above, Siena Round Rock and The Sommery are private multi-family developments that were constructed and occupied by tenants before CCHFC acquired them. And, CCHFC reportedly has acquired two properties in Irving that were constructed in the 1980s.[2]

27.     CCHFC's financial benefits from its misuse of the Act are not limited to the tax exemptions. Reportedly, CCHFC's lone full-time employee has acknowledged that CCHFC typically collects from a private developer who leases and operates the residential development 15% of what the developer would have otherwise paid in taxes had it owned the property. That translates to roughly 15 cents for every dollar of tax revenue it deprives the local government.[3]

28.     By way of example, if CCHFC has struck a similar deal for Siena Round Rock, based on the total assessed taxes in 2024 of $869,252.90 for that property, CCHFC would receive $134,437.93. And based on the total assessed taxes in 2024 of $1,476,422.08

---

[1] *Housing group made millions getting tax breaks for developers, costing cities and schools even more,* CBS News Texas, Dec. 22, 2023, available at https://www.cbsnews.com/texas/news/housing-group-made-millions-getting-tax-breaks-for-developers-costing-cities-and-schools-even-more/.
[2] *Id.*
[3] *Id.*

for The Sommery, CCHFC would receive $221,463.31. All of that money, from those Williamson County properties and others owned by CCHFC far outside its jurisdiction, flow into CCHFC's coffers without any monetary benefits to the local governments which are deprived of the significant tax revenues.

## VI.
## CAUSES OF ACTION

**A. Declaratory Relief Against CCHFC.**

29. Plaintiffs reallege and incorporate by reference herein the allegations in the paragraphs above.

30. The Texas Uniform Declaratory Judgments Act ("UDJA") provides that a party "whose rights, status, or other legal relations are affected by a statute…may have determined any question of construction or validity arising under the…statute…and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE § 37.004(a).

31. Here, Plaintiffs, as taxing entities that depend on ad valorem taxes on real property within their jurisdictions, have rights that are affected by the Act—and, in this case, Cameron County's *misuse* of the Act. Indeed, if CCHFC is able to obtain removal of Siena Round Rock and The Sommery from the WCAD appraisal rolls, Plaintiffs will suffer from significant loss of ad valorem taxes that otherwise would be assessed against those properties.

32. Accordingly, Plaintiffs seek declaratory relief from the Court pursuant to the UDJA declaring that:

a. The Act prohibits CCHFC from acquiring property outside of Cameron County;

b. The Act prohibits CCHFC from seeking or obtaining tax exemptions for property outside of Cameron County;

c. CCHFC is prohibited by the Act from acquiring The Sommery;

d. CCHFC is prohibited by the Act from seeking or obtaining tax exemptions for Siena Round Rock and The Sommery; and

e. To the extent CCHFC has acquired or does acquire property in Williamson County (in contravention of the Act), such property, including Siena Round Rock and The Sommery, is not exempt from ad valorem taxation under the Act.

**B.  Alternative Claim: Violation of Texas Constitution.**

33.     Plaintiffs reallege and incorporate by reference herein the allegations in the paragraphs above.

34.     To the extent CCHFC takes the position that, contrary to its plain language, the Act *does not* prohibit it from acquiring and seeking tax exemptions for properties in Williamson County, *and* to the extent CCHFC prevails in such interpretation of the Act, Plaintiffs alternatively request a declaration from the Court that, as applied by CCHFC, the Act violates the Texas Constitution's rules against extra-jurisdictional taxation by seeking to impose a system of taxation on properties located outside of the boundaries of Cameron County.

35.     The Texas Constitution requires that all property shall be assessed for

312

taxation in the county where it is located. TEX. CONST. art. VIII, § 11. It further limits counties' ad valorem taxation authority to "property within their respective boundaries." *Id.* § 1-a. If the Act could be read to empower CCHFC to take properties outside of Cameron County off of the tax rolls, this would violate the Texas Constitutions' limits on the scope of Texas counties' taxing authority.

## VII.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

36. Plaintiffs reallege and incorporate by reference herein the allegations in the paragraphs above.

37. CCHFC is prohibited by the Act itself from acquiring and seeking tax exemptions on residential projects outside of Cameron County, and injunctive relief is therefore necessary here to compel CCHFC's compliance with the Act.

38. To obtain injunctive relief, an applicant must show it has a cause of action, that it has a probable right to relief, and that it is faced with imminent irreparable harm. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An applicant has a probable right to relief if it has a cause of action for which relief may be granted. *Universal Health Services, Inc. v. Thompson*, 24 S.W.3d 570, 577-78 (Tex. App.-Austin 2008, no pet.). Among other grounds, "[a] trial court may . . . grant injunctive relief…when a dispute involves real property." *Shor v. Pelican Oil & Gas Mgmt., LLC*, 405 S.W.3d 737, 750 (Tex. App.-Houston [1st Dist.] 2013, no pet.).

39. As detailed above, Plaintiffs have well-supported causes of action against CCHFC to establish and protect their rights in accordance with the Act. Accordingly,

Plaintiffs respectfully request that the Court enter a temporary restraining order, temporary injunction, and, upon final trial, a permanent injunction enjoining CCHFC, and each of its employees, agents, and those acting in concert or participation with them, from the following conduct: (i) acquiring property in Williamson County, including, but not limited to, The Sommery, and (ii) seeking or obtaining tax exemptions for property in Williamson County, including, but not limited to, Siena Round Rock.

40. In the absence of such relief, Plaintiffs will suffer irreparable injury for which no remedy at law exists without the protections of a temporary restraining order and injunctive relief. CCHFC is rushing to acquire properties in Williamson County (and elsewhere) in a nefarious attempt to remove as many properties from Williamson County's tax roles as possible before its misuse of the Act is stopped.[4] If its tactics are permitted with respect to the two subject properties identified in this Petition, Plaintiffs — along with Hutto ISD and other local governmental units — will face the dire consequence of losing millions of dollars in ad valorem tax revenue. The removal of these properties from the tax rolls would immediately affect Plaintiffs' budgeting, thereby necessarily preventing Plaintiffs from allocating that lost revenue to be used for public services.

41. Siena Municipal Utility District No. 1 and Siena Municipal Utility District No. 2 would be particularly and severely impacted by the removal of these properties from the tax rolls. In 2024, The Sommery was Siena MUD No. 1's highest appraised

---

[4] *Why Are Distant Texas Agencies Trying to Take San Antonio Apartments Off Tax Rolls?*, San Antonio Express News, Feb. 17, 2025 ("Most of the local deals have occurred in the past few months as developers and corporations rush to execute transactions before the Legislature cracks down, which some lawmakers have vowed to do this session."), available at https://www.expressnews.com/business/real-estate/article/san-antonio-hill-country-housing-tax-breaks-20022805.php.

property and Siena Round Rock was Siena MUD No. 2's second highest appraised property. The Sommery is located in Siena MUD No. 1 and Siena Round Rock is located in Siena MUD No. 2. If these properties are removed from the tax rolls, Siena MUD No. 1 will lose approximately $351,813 annually and Siena MUD No. 2 will lose $231,895 annually (based on 2025 valuations).

42. The impact of this lost revenue on Hutto ISD would be even more devastating. The two properties at issue are Hutto ISD's fifth and twelfth highest appraised properties, and, as described above, removal of these properties from the tax rolls would result in a loss of at least $1.2 million annually in ad valorem tax revenue. As a fast-growing school district that has added more than 600 students this year alone, removal of these properties from the tax rolls would have grave and lasting consequences for Hutto ISD, including by limiting the ability to budget for and therefore fill needed teacher and staff positions.

43. Plaintiffs are entitled to the relief demanded, and all or part of the relief requires the restraint of some act that is prejudicial to Plaintiffs.

## PRAYER

Based on the foregoing, Plaintiffs respectfully request that after a final trial on the merits, the Court enter a judgment in favor of Plaintiffs and against CCHFC awarding the declaratory and injunctive relief sought herein, attorney's fees, through trial and any appeal, under Section 37.009 of the UDJA, costs of court, and any other and further relief in law or in equity to which Plaintiffs are entitled.

Respectfully submitted,

/s/ David A. King

DAVID A. KING
State Bar No. 24083310
dking@abaustin.com
JEFFREY J. HOBBS
State Bar No. 24012837
hobbs@abaustin.com
ARMBRUST & BROWN, PLLC
100 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone (512) 435-2300
Facsimile (512) 435-2360

**ATTORNEYS FOR WILLIAMSON COUNTY**

-and-

/s/ R. Mark Dietz

R. MARK DIETZ
State Bar ID No. 05857200
mdietz@lawdietz.com
DOUGLAS G. CORNWELL
State Bar ID No. 24009024
dcornwell@lawdietz.com
DIETZ & JARRARD, P.C.
106 Fannin Avenue East
Round Rock, Texas 78664
(512) 244-9314

**ATTORNEYS FOR SIENA MUNICIPAL UTIILTY DISTRICT NO. 1 AND SIENA MUNICIPAL UTIILTY DISTRICT NO. 2**

316

CAUSE NO. _____

| | | |
|---|---|---|
| WILLIAMSON COUNTY, SIENA MUNICIPAL UTIILTY DISTRICT NO. 1, and SIENA MUNICIPAL UTIILTY DISTRICT NO. 2, *Plaintiffs,*<br><br>v.<br><br>THE CAMERON COUNTY HOUSING FINANCE CORPORATION and ALVIN LANKFORD, IN HIS OFFICIAL CAPACITY AS CHIEF APPRAISER OF WILLIAMSON CENTRAL APPRAISAL DISTRICT, *Defendants.* | § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br>_____ JUDICIAL DISTRICT<br><br><br>WILLIAMSON COUNTY, TEXAS |

## VERIFICATION

1.    My name is Russ Boles.  My date of birth is ____1/19/1968____, and my address is 3001 Joe DiMaggio Boulevard, Unit 1300, Round Rock, TX 78665.

2.    I have read Plaintiffs' Original Petition and Application for Temporary Restraining Order and Injunctive Relief, the factual statements contained in paragraphs 16-28 and 40-42 are within my personal knowledge based on information provided and made available to me as an elected official of Williamson County, and the factual statements contained therein are true and correct.

3.    Pursuant to Section 132.001, Civil Practice and Remedies Code, I declare under penalty of perjury that the foregoing is true and correct.

Executed in Williamson County, Texas, on March 4, 2025.

*Russ Boles*
Russ Boles (Mar 4, 2025 16:29 CST)

The Honorable Russ Boles

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chelsea Coad on behalf of David King
Bar No. 24083310
ccoad@abaustin.com
Envelope ID: 98063219
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition- Filed and signed by atty David King and R. Mark Dietz- Env# 98063219
Status as of 3/4/2025 4:57 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David King | | dking@abaustin.com | 3/4/2025 4:47:40 PM | SENT |
| Jeff Hobbs | | jhobbs@abaustin.com | 3/4/2025 4:47:40 PM | SENT |
| Martha Adams | | madams@abaustin.com | 3/4/2025 4:47:40 PM | SENT |
| Chelsea Coad | | CCoad@abaustin.com | 3/4/2025 4:47:40 PM | SENT |

318

No. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| PECOS HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; JOE DON BOBBITT, in his | § | |
| official capacity as Chief Appraiser of the | § | 348TH JUDICIAL DISTRICT |
| Tarrant Appraisal District, | § | |
| | § | |
| *Defendants*, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH, | § | |
| | § | |
| *Intervenor-Plaintiff*. | § | TARRANT COUNTY, TEXAS |
| | § | |

## CITY OF ARLINGTON AND CITY OF FORT WORTH'S
## JOINT RESPONSE TO DEFENDANT BOBBITT'S PLEA TO THE JURISDICTION

TO THE HONORABLE JUDGE MEGAN FAHEY:

As part of his answer, Defendant Bobbitt included a plea to the jurisdiction. In his plea, Defendant Bobbitt argues this Court should dismiss Plaintiffs' claims against him (1) because Plaintiffs should have brought their case under the Tax Code, not the Declaratory Judgments Act; and (2) because Plaintiffs have not exhausted their administrative remedies, and "taxing unit[s] must exhaust [their] administrative remedies before filing [a] suit for judicial review." [Def. Bobbitt Answer and PTJ at 1, 3.]

Defendant Bobbitt's first argument is moot because Plaintiffs have since amended their petition to include a cause of action under the Tax Code, and his second argument is simply incorrect, as Plaintiffs were not required to exhaust their administrative remedies before filing suit. Accordingly, because this Court has jurisdiction over Plaintiffs' claims against Defendant Bobbitt, his plea should be denied.

1. **Plaintiffs have brought a cognizable cause of action against Defendant Bobbitt under the Tax Code, and this Court undeniably has jurisdiction over that claim.**

Defendant Bobbitt argues "the Declaratory Judgment[s] Act cannot be used as a vehicle" to sue him because, as a Chief Appraiser for an appraisal district, "the Texas Property Tax Code provides the exclusive means for parties to resolve disputes" against him. [*Id.* at 1–2.]

This argument, however, is moot, as Plaintiffs have since amended their petition to include a cause of action under Chapter 43 of the Tax Code, which provides that "[a] taxing unit may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with . . . applicable law," Tex. Tax Code § 43.01, and authorizes the courts to "enter . . . orders necessary to compel compliance by the appraisal office," *id.* § 43.03. [Plf. City of Arlington 3d Amend. Pet. at ¶¶ 35–36, 46.]

This statute's language is crystal-clear: taxing units, like Arlington and Fort Worth, can sue their appraisal district to force the district to comply with applicable law, *id.* § 43.01, and this Court can enter whatever orders are necessary to compel the appraisal district to comply with applicable law, *id.* § 43.03. Phrased differently, § 43.01 authorizes taxing units to bring "actions for declaratory or injunctive relief" against their appraisal districts. *Carr v. Bell Sav. And Loan Ass'n*, 786 S.W.2d 761, 765 (Tex. App.—Texarkana 1990, no pet.). That is precisely what is happening in this case: Arlington and Fort Worth, two taxing units, are suing their appraisal district to compel it to comply with applicable law. Section 43.01 undeniably gives this Court jurisdiction over Arlington and Fort Worth's claims. Accordingly, this Court should deny Defendant Bobbitt's plea.

2. **Plaintiffs were not required to exhaust their administrative remedies before filing suit.**

Defendant Bobbitt also argues that this Court lacks jurisdiction because Arlington and Fort Worth did not exhaust their administrative remedies before filing suit. [Def. Bobbitt Answer and PTJ at 3.] He is mistaken; Chapter 43 of the Tax Code gives this Court original jurisdiction over this case, and Plaintiffs were not required to go through the administrative process before filing suit.

Defendant Bobbitt seems to be referencing the administrative procedures in Chapter 41 and 42 of the Tax Code, which describe how a private property owner can protest an appraisal of their property. *See* Tex. Tax Code §§ 41.41 *et seq.* (laying out the procedures and requirements for a property-appraisal protest). But those provisions of the Tax Code have nothing to do with this case. Plaintiffs are not asking this Court to review one of Defendant Bobbitt's appraisals. Rather, they are asking this Court to interpret the HFC Act, *see* Tex. Local Gov't Code §§ 394.001 *et seq.*, and determine whether HFCs are entitled to tax exemptions for residential developments that are located outside their local jurisdictions, *see id.* § 394.903 (providing that an HFC-owned residential development "must be located within the local government").

A property-appraisal protest is a *retrospective* process, but Plaintiffs' requested relief in this case is all *prospective*. The Defendant HFCs have requested, but has not yet received, tax exemptions for multiple properties located in Arlington and Fort Worth. Plaintiffs are asking for a temporary injunction that prevents these HFCs from obtaining those requested tax exemptions, because the HFC Act prohibits them from acquiring property in Arlington or Fort Worth. *See* Tex. Local Gov't Code § 394.903 (providing that an HFC-owned residential development "must be located within the local government"). This suit is not about second-guessing one of Defendant Bobbitt's past appraisals; this case is about stopping a handful of rogue HFCs from unlawfully syphoning millions of taxpayer dollars out of Tarrant County, and § 43.01 undeniably gives this Court jurisdiction over Plaintiffs' claims against Defendant Bobbitt.

The Court of Appeals addressed this exact issue in *City of Cleburne v. Central Appraisal Dist. of Johnson Cnty.*, 2004 WL 1574577 (Tex. App.—Waco 2004, no pet.). In that case, the City of Cleburne sued its appraisal district under § 43.01, "seeking an injunction . . . to compel the District to comply with the Tax Code." *Id.* at *1. The appraisal district filed a plea to the jurisdiction, arguing the City failed to exhaust its administrative remedies. *Id.* The trial court granted the appraisal district's plea, but the Court of Appeals reversed, holding that § 43.01 "authorize[d] the City to sue the Appraisal District to compel it to comply with" applicable law, and that "the district court had jurisdiction" to hear that dispute, even though the City did not

exhaust its administrative remedies before filing suit. *Id.* at \*1, \*2; *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) (observing that, for "courts of general jurisdiction," like this Court, "the presumption is that they have subject matter jurisdiction unless a chowing can be made to the contrary").

The Texas Supreme Court, moreover, has repeatedly held that <u>housing authorities, like HFCs, "ha[ve] no power to acquire, hold, or use property beyond [their] statutory authorization," and "[i]f an injured party with standing brings and proves an action seeking to confine [the housing authority] within its statutory constraints . . . courts may intervene and provide an appropriate remedy."</u> *Tex. Student Housing Authority v. Brazos Cnty. Appraisal Dist.*, 460 S.W.3d 137, 143–44 (Tex. 2015). Here, Plaintiffs are injured parties whose tax revenues are being depleted by the Defendant HFCs' illegal property acquisitions, and *Texas Student Housing Authority* recognizes that this Court can intervene to provide an appropriate remedy—that is, a declaratory judgment determining that the Defendant HFCs' are not entitled to tax exemptions for their real properties located in Arlington and Fort Worth because the acquisition of those properties was outside their statutory authority under the HFC Act. *Id.* at 143–44; *see also City of Sherman v. Pub. Utility Comm'n of Tex.*, 643 S.W.2d 681, 686 (Tex. 1983) (upholding an injunction to prevent an agency from acting beyond its authority); *Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 785 (Tex. 1978) (holding that court intervention is "permissible when an agency is exercising authority beyond its statutorily conferred powers").

**ACCORDINGLY,** because multiple statutes give this Court jurisdiction over Plaintiffs' claims against Defendant Bobbitt, the City of Arlington and the City of Fort Worth respectfully ask this Court to deny Defendant Bobbitt's plea to the jurisdiction.

Respectfully submitted,

By: */s/  Alexander J. Lindvall*

Galen G. Gatten
State Bar No. 24032226
galen.gatten@arlingtontx.gov
Alexander J. Lindvall
State Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Jonathan M. Moss
State Bar No. 24084934
jonathan.moss@arlingtontx.gov
Joseph N. Nguyen
State Bar No. 24058021
joseph.nguyen@arlingtontx.gov
Nena Chima-Tetteh
State Bar No. 24113691
nena.chima-tetteh@arlingtontx.gov

**CITY OF ARLINGTON**
**CITY ATTORNEY'S OFFICE**
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004
Phone: 817-459-6878
***Attorneys for Plaintiff City of Arlington***


By: */s/  Christopher B. Mosley* (w/ permission)

Stephen A. Cumbie
State Bar No. 24056724
stephen.cumbie@forthworthtexas.gov
Christopher B. Mosley
State Bar No. 00789505
chris.mosley@fortworthtexas.gov
Olyn Poole
State Bar No. 24037292
olyn.poole@fortworthtexas.gov

**CITY OF FORT WORTH**
**OFFICE OF THE CITY ATTORNEY**
100 Fort Worth Trail
Fort Worth, Texas 76102
Phone: 817-459-6878
***Attorneys for Intervenor-Plaintiff City of***
***Fort Worth***

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 101487064
Filing Code Description: Answer/Response
Filing Description: COA and CFW Joint Response to Def Bobbitt PTJ
Status as of 6/2/2025 12:02 PM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/2/2025 10:30:29 AM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/2/2025 10:30:29 AM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/2/2025 10:30:29 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/2/2025 10:30:29 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/2/2025 10:30:29 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/2/2025 10:30:29 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/2/2025 10:30:29 AM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/2/2025 10:30:29 AM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/2/2025 10:30:29 AM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/2/2025 10:30:29 AM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 10:30:29 AM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/2/2025 10:30:29 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 101487064
Filing Code Description: Answer/Response
Filing Description: COA and CFW Joint Response to Def Bobbitt PTJ
Status as of 6/2/2025 12:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Liz Hansen | | lhansen@lsejlaw.com | 6/2/2025 10:30:29 AM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/2/2025 10:30:29 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/2/2025 10:30:29 AM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/2/2025 10:30:29 AM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/2/2025 10:30:29 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 10:30:29 AM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/2/2025 10:30:29 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/2/2025 10:30:29 AM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 10:30:29 AM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/2/2025 10:30:29 AM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/2/2025 10:30:29 AM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 10:30:29 AM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/2/2025 10:30:29 AM | SENT |

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 10:30:29 AM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/2/2025 10:30:29 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 101487064
Filing Code Description: Answer/Response
Filing Description: COA and CFW Joint Response to Def Bobbitt PTJ
Status as of 6/2/2025 12:02 PM CST

Associated Case Party: THECITY OF FORT WORTH

| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/2/2025 10:30:29 AM | SENT |
|---|---|---|---|---|
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 10:30:29 AM | SENT |

326

FILED
TARRANT COUNTY
6/2/2025 10:46 AM
THOMAS A. WILDER
DISTRICT CLERK

No. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District, | § | 348TH JUDICIAL DISTRICT |
| *Defendants*, | § | |
| v. | § | |
| CITY OF FORT WORTH, | § | |
| *Intervenor-Plaintiff*. | § | TARRANT COUNTY, TEXAS |

**CITY OF ARLINGTON AND CITY OF FORT WORTH'S
JOINT RESPONSE TO DEFENDANT PECOS HFC'S
PLEA TO THE JURISDICTION AND MOTION TO TRANSFER VENUE**

TO THE HONORABLE JUDGE MEGAN FAHEY:

As part of its answer, Defendant Pecos Housing Finance Corporation ("Pecos HFC") included a plea to the jurisdiction and a motion to transfer venue. Pecos HFC asks this Court (a) to "dismiss this case in full" because it believes this dispute must be handled administratively, like a tax-appraisal protest filed by a private citizen; or (b) in the alternative, to "transfer this case to Reeves County." [Def. Pecos HFC's PTJ, Mtn. to Transfer, and Orig. Answer at ¶¶ 7, 8.] This Court should deny both requests.

**A. PECOS HFC'S PLEA SHOULD BE DENIED.**

In its plea, Pecos HFC argues that this Court lacks jurisdiction over this case because Plaintiffs did not exhaust their administrative remedies under the Tax Code before filing suit. [Def. Pecos HFC's PTJ, Mtn. to Transfer, and Orig. Answer at ¶¶ 3, 6.] Pecos HFC's plea should be denied because the provisions of the Tax Code it relies on have nothing to do with Plaintiffs'

ARLINGTON AND FORT WORTH'S JOINT RESPONSE TO DEFENDANT PECOS HFC'S
PLEA TO THE JURISDICTION AND MOTION TO TRANSFER VENUE                                    Page 7

327

claims against Pecos HFC, and Plaintiffs were not required to exhaust their administrative remedies before suing Pecos HFC under the Declaratory Judgments Act.

The provisions of the Tax Code cited by Pecos HFC concern how a private property owner can protest an appraisal of their property. *See* Tex. Tax Code §§ 41.41 *et seq.* (laying out the procedures and requirements for a property-appraisal protest). Granted, if Plaintiffs were private property owners protesting an appraisal, they would have to go through the administrative process before filing suit in this Court. *See id.* § 42.09 (for "*a property owner,*" the "procedures . . . *for adjudication of the grounds of protest* . . . are exclusive") (emphasis added). But that's not what's happening in this case: Plaintiffs are not private property owners; they are not protesting a property's appraised value; and they are not asking this Court to determine whether any piece of property was misappraised. Rather, they are asking this Court to interpret the HFC Act, *see* Tex. Local Gov't Code §§ 394.001 *et seq.*, and determine whether Pecos HFC's acquisition of property in Arlington and Fort Worth was proper under that Act, *see id.* § 394.903 (providing that an HFC-owned residential development "must be located within the local government"). That issue is squarely within this Court's jurisdiction, and Pecos HFC's plea should therefore be denied. *See* Tex. Civ. Prac. & Rem. Code § 37.004(a) ("A person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder.").

Pecos HFC has requested, but has not yet received, tax exemptions for multiple properties located in Arlington and Fort Worth. Plaintiffs are asking for a temporary injunction that prevents Pecos HFC from obtaining those requested tax exemptions, because the HFC Act prohibits Pecos HFC from acquiring property in Arlington or Fort Worth. *See* Tex. Local Gov't Code § 394.903 (providing that an HFC-owned residential development "must be located within the local government"). A property-appraisal protest is a *retrospective* process, but Plaintiffs' requested relief in this case is all *prospective*—Plaintiffs are asking for this Court to temporarily enjoin Pecos HFC from receiving not-yet-granted tax exemptions for real property located in Arlington or Fort

ARLINGTON AND FORT WORTH'S JOINT RESPONSE TO DEFENDANT PECOS HFC'S
PLEA TO THE JURISDICTION AND MOTION TO TRANSFER VENUE

Page 2

328

Worth.  This case is about stopping a handful of rogue HFCs from unlawfully syphoning millions of taxpayer dollars out of Tarrant County.  Plaintiffs' suit against Pecos HFC is proper under the Declaratory Judgments Act, and this Court should therefore deny Pecos HFC's plea.

The Texas Supreme Court has repeatedly held that housing authorities, like HFCs, "ha[ve] no power to acquire, hold, or use property beyond [their] statutory authorization," and "[i]f an injured party with standing brings and proves an action seeking to confine [the housing authority] within its statutory constraints . . . courts may intervene and provide an appropriate remedy, such as an injunction to prevent [the housing authority] from continuing to exceed its limited statutory authority." *Tex. Student Housing Authority v. Brazos Cnty. Appraisal Dist.*, 460 S.W.3d 137, 143–44 (Tex. 2015).  Here, Plaintiffs are injured parties whose tax revenues are being depleted by the Defendant HFCs' illegal property acquisitions, and *Texas Student Housing Authority* recognizes that this Court can intervene to provide an appropriate remedy—that is, a declaratory judgment determining that the Defendant HFCs' acquisition of real properties in Arlington and Fort Worth was outside their statutory authority under the HFC Act.  *Id.* at 143–44; *see also City of Sherman v. Pub. Utility Comm'n of Tex.*, 643 S.W.2d 681, 686 (Tex. 1983) (upholding an injunction to prevent an agency from acting beyond its authority); *Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 785 (Tex. 1978) (holding that court intervention is "permissible when an agency is exercising authority beyond its statutorily conferred powers").

## B. PECOS HFC'S MOTION TO TRANSFER VENUE SHOULD BE DENIED.

In the alternative, Pecos HFC asks this Court to transfer this case to Reeves County.  [Def. Pecos HFC's PTJ, Mtn. to Transfer, and Orig. Answer at ¶ 8.]  Pecos HFC points to § 65.023 of the Texas Civil Practices and Remedies Code, which provides that a writ of permanent injunction must normally be tried in the county of a defendant's domicile.  *See* Tex. Civ. Prac. & Rem. Code § 65.023(a).  Pecos HFC's motion should be denied for two reasons: (1) Plaintiffs have amended their petitions to remove their request for a permanent injunction against Pecos HFC, making this issue moot; and (2) there are at least three statutes that prescribe Tarrant County as the mandatory venue for this case.

ARLINGTON AND FORT WORTH'S JOINT RESPONSE TO DEFENDANT PECOS HFC'S
PLEA TO THE JURISDICTION AND MOTION TO TRANSFER VENUE                     Page 6

329

Section 65.023 applies only to *permanent* injunctions, not *temporary* injunctions. *In re FPWP GP LLC*, No. 05-16-01145-CV, 2017 WL 461355, at *3 (Tex. App.—Dallas Jan. 25, 2017, no pet.) ("When the injunctive relief is sought simply to maintain the status quo pending resolution of the lawsuit, then the injunctive relief is ancillary to the relief sought and § 65.023 does not apply. . . . Similarly, when the party does not plead for a permanent injunction, the injunctive relief is ancillary to the other relief sought."); *In re City of Dallas*, 977 S.W.2d 798, 803 (Tex. App.—Fort Worth 1998, no pet.) ("When those pleadings show that the issuance of a permanent injunction is the primary and principal relief sought in the lawsuit, venue is mandatory in the county of the defendant's domicile. On the other hand, if a review of the allegations and the prayer in the plaintiff's petition shows that issuance of a permanent injunction would be merely ancillary to a judgment awarding declaratory relief, the requirement that the suit be brought in the county of the defendant's domicile does not apply."). And after Pecos HFC filed its motion to transfer venue, Plaintiffs amended their petition to remove their request for a permanent injunction against the Defendant HFCs. [*See* Arlington's 3d Amend. Pet. at 11, Prayer for Relief ¶ (C).] As a result, § 65.023 no longer applies, and Pecos HFC's motion to transfer venue should be denied as moot.

Pecos HFC's motion to transfer venue should also be denied because at least three statutes—including the injunction-venue statute cited by Pecos HFC—make Tarrant County the mandatory venue for this case. *See* Tex. Civ. Prac. & Rem. Code §§ 15.011, 65.023(a); Tex. Tax Code § 43.02. Plaintiffs have brought a cause of action against Defendant Bobbitt under § 43.01 of the Texas Tax Code, which allows a taxing unit to sue its appraisal district for declaratory and injunctive relief. *See* Tex. Tax Code § 43.01 ("A taxing unit may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with . . . applicable law."); *Carr v. Bell Sav. & Loan Ass'n*, 786 S.W.2d 761, 765 (Tex. App.—Texarkana 1990, no pet.) (section 43.01 allows taxing units to bring "actions for declaratory or injunctive relief" against their appraisal districts). And § 43.02 of the Tax Code requires suits like this to be pursued "in the county in which the appraisal district is established." Tex. Tax Code § 43.02.

And though Plaintiffs are not seeking a permanent injunction against the Defendant HFCs,

Arlington and Fort Worth's Joint Response to Defendant Pecos HFC's
Plea to the Jurisdiction and Motion to Transfer Venue                                    Page 4

330

they *are* seeking a permanent injunction against Defendant Bobbitt. [*See* Arlington's 3d Amend. Pet. at 11, Prayer for Relief ¶ (C).] As a result, because Plaintiffs are seeking a permanent injunction against Defendant Bobbitt and Defendant Bobbitt is domiciled in Tarrant County, § 65.023(a) makes Tarrant County the mandatory venue for this case. *See In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 736 (Tex. 1998).

Section 15.011 of the Texas Civil Practices and Remedies Code, moreover, provides that actions affecting real property "shall be brought in the county in which all or a part of the property is located." This suit affects real property located in Tarrant County, and Tarrant County is thus the mandatory venue for this case. This case concerns real estate transactions that occurred in Tarrant County, real property located in Tarrant County, and tax exemptions that were granted in Tarrant County by the Tarrant Appraisal District. Given the parties, issues, and properties involved in this case, transferring this case to Reeves County makes little sense.

## C.     CONCLUSION.

Pecos HFC's plea to the jurisdiction should be denied because its exhaustion-of-remedies argument is misplaced, and the UDJA undoubtedly gives this Court jurisdiction over this case. *See* Tex. Civ. Prac. & Rem. Code § 37.004(a). Pecos HFC's motion to transfer venue should be denied because Plaintiffs have amended their petition to remove their request for a permanent injunction against Pecos HFC, making Pecos HFC's relied-upon statute inapplicable and its venue argument moot, *City of Dallas*, 977 S.W.2d at 803, and because there are at least three statutes that prescribe Tarrant County as the mandatory venue for this case, *see* Tex. Civ. Prac. & Rem. Code §§ 15.011, 65.023(a); Tex. Tax Code § 43.02.

**ACCORDINGLY,** because this Court has jurisdiction and venue is proper, the City of Arlington and the City of Fort Worth respectfully ask this Court to deny Pecos HFC's plea to the jurisdiction and its motion to transfer venue.

Arlington and Fort Worth's Joint Response to Defendant Pecos HFC's
Plea to the Jurisdiction and Motion to Transfer Venue                                            Page 5

331

Respectfully submitted,

By: */s/  Alexander J. Lindvall*
    Galen G. Gatten
      State Bar No. 24032226
      galen.gatten@arlingtontx.gov
    Alexander J. Lindvall
      State Bar No. 24139409
      alexander.lindvall@arlingtontx.gov
    Jonathan M. Moss
      State Bar No. 24084934
      jonathan.moss@arlingtontx.gov
    Joseph N. Nguyen
      State Bar No. 24058021
      joseph.nguyen@arlingtontx.gov
    Nena Chima-Tetteh
      State Bar No. 24113691
      nena.chima-tetteh@arlingtontx.gov

**CITY OF ARLINGTON**
**CITY ATTORNEY'S OFFICE**
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004
Phone: 817-459-6878
***Attorneys for Plaintiff City of Arlington***

By: */s/  Christopher B. Mosley* (w/ permission)
    Stephen A. Cumbie
      State Bar No. 24056724
      stephen.cumbie@forthworthtexas.gov
    Christopher B. Mosley
      State Bar No. 00789505
      chris.mosley@fortworthtexas.gov
    Olyn Poole
      State Bar No. 24037292
      olyn.poole@fortworthtexas.gov

**CITY OF FORT WORTH**
**OFFICE OF THE CITY ATTORNEY**
100 Fort Worth Trail
Fort Worth, Texas 76102
Phone: 817-459-6878
***Attorneys for Intervenor-Plaintiff City of Fort Worth***

ARLINGTON AND FORT WORTH'S JOINT RESPONSE TO DEFENDANT PECOS HFC'S
PLEA TO THE JURISDICTION AND MOTION TO TRANSFER VENUE        Page 6

332

348-363561-25

**CAUSE NO. 348-363561-25**

| | | |
|---|---|---|
| **CITY OF ARLINGTON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **PECOS HOUSING FINANCE** | § | |
| **CORPORATION, a Texas nonprofit** | § | |
| **corporation; JOE DON BOBBITT, in his** | § | |
| **official capacity as Chief Appraiser of the** | § | **348th JUDICIAL DISTRICT** |
| **Tarrant Appraisal District,** | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF FORT WORTH** | § | |
| | § | |
| *Intervenor-Plaintiff* | § | **TARRANT COUNTY, TEXAS** |

**CITY OF FORT WORTH'S SECONDED AMENDED PETITION IN INTERVENTION
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF THIS COURT:

In support of its Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief, Plaintiff-Intervenor City of Fort Worth ("Fort Worth") alleges the following:

## I.     INTRODUCTION

1.     This case concerns a misuse and abuse of the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* Fort Worth recently learned that the Pecos Housing Finance Corporation ("Pecos HFC"), the Pleasanton Housing Finance Corporation ("Pleasanton HFC") the La Villa Housing Finance Corporation ("La Villa HFC"), and the Maverick County Housing Finance Corporation ("Maverick County HFC") have been unlawfully removing Fort

333

Worth-based properties from Tarrant County tax appraisal rolls in exchange for monetary kickbacks resulting in the loss of millions of dollars in real property value from the local tax base.

2. Defendant HFCs' scheme seems to work like this: a private developer acquires land for a new multifamily development (or acquires an already-existing multifamily development) in a city or county other than where the HFC is located; the private developer then conveys that property to the HFC; the HFC, as the new owner, then applies for and receives a 100% tax exemption from the Tarrant Appraisal District, and the property is removed from the tax rolls; the HFC then leases that now-exempt property back to a private landlord (oftentimes the same developer who originally purchased the property), who then shares the profits with the HFC. The upshot of this scheme is that the developer and landlord get a massive tax exemption, the HFC gets to collect fees and a portion of the development's profits, and the other city (in this case, Fort Worth) bears 100% of the downside.

3. In short, a handful of tiny public corporations, located hundreds of miles away in towns with no connection to Fort Worth, have drastically reduced Fort Worth's yearly tax revenue by millions of dollars while they rake in undeserved fees and profits from Fort Worth-based rental properties. Fort Worth now intervenes to ask this Court to halt the Defendant HFCs' unlawful behavior before they do any further irreversible damage to Fort Worth's tax base, and to stop the Chief Appraiser of the Tarrant Appraisal District from granting tax exemptions requested by the Defendant HFCs for any Fort Worth- based properties.

## II. PARTIES

4. Plaintiff City of Arlington is a home-rule municipality located in Tarrant County, Texas.

5. Intervenor-Plaintiff City of Fort Worth is a home-rule municipality located in Tarrant County, Texas.

6. Defendant Pecos HFC is a Texas nonprofit corporation. It has already been served and appeared.

City of Fort Worth's Second Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 2

334

7. Defendant Pleasanton HFC is a Texas nonprofit corporation. It can be served with citation through its registered agent, Johnny Huizar, at 108 Second Street, Pleasanton, Texas 78064, or wherever else he may be located.

8. Defendant La Villa HFC is a Texas nonprofit corporation. It can be served with citation through its registered agent, Rosa Perez, at 916 South Mike Chapa Drive, La Villa, Texas 78562, or wherever else she may be located.

9. Defendant Maverick County HFC is a Texas nonprofit corporation. It can be served with citation through its registered agent, the Honorable Ramsey English Cantu, at 500 Quarry Street, Suite 3, Eagle Pass, Texas 78852, or wherever else he may be located.

10. Defendant Joe Don Bobbitt is the Chief Appraiser of the Tarrant Appraisal District. He is being sued in his official capacity only and has already been served and appeared.

### III.    JURISDICTION, VENUE, AND DISCOVERY CONTROL PLAN

11. This Court has jurisdiction over this matter because Plaintiffs seek relief within the jurisdictional limits of this Court. *See* Tex. Civ. Prac. & Rem. Code §§ 65.001 *et seq.*; Tex. R. Civ. P. 680.

12. Venue is proper in Tarrant County because all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant County—and by conducting business in Tarrant County, Defendants have purposely availed themselves to this venue. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). This suit, moreover, concerns real property located in Tarrant County, making Tarrant County the mandatory venue for this case. *See id.* § 15.011.

13. Venue is also proper pursuant to the Tax Code, which provides that "[a] taxing unit," like Fort Worth, "may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with…applicable law." Tex. Tax Code § 43.01. It further provides

City of Fort Worth's Second Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 3

335

that, in such a suit, "[v]enue is in the county in which the appraisal district is established." *Id*. § 43.02. As such, because Fort Worth (a taxing unit) is suing the Tarrant Appraisal District, Tarrant County is the mandatory venue for this case. *Id*. Sections 43.01 and 4303 of the Tax Code, moreover, waive any governmental immunity Defendant Bobbitt might have.

14. Plaintiffs intend to conduct discovery in this case under the Level 3 discovery control plan. *See* Tex. R. Civ. P. 190.4.

## IV. BACKGROUND & RELEVANT LAW

### A. The Texas Housing Finance Corporation Act.

15. This suit concerns the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* ("the Act"). The Act was passed in 1979 to help facilitate the development of low-income housing. *See* Tex. Local Gov't Code § 394.002(a) (the Act's purpose is to "provide a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments").

16. To help create more low-income housing, the Act empowers local governments to create Housing Finance Corporations ("HFCs")—nonprofit organizations, comprised of local officials, that help coordinate and facilitate affordable-housing projects. *See* Tex. Local Gov't Code §§ 394.002, 394.011(a), 394.032. And because HFCs are (at least in theory) furthering a public purpose, the Act provides that HFC-owned properties and the income derived from those properties are tax-exempt. *Id.* § 394.905 ("The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of this state.").

17. HFCs are commonly a part of public/private real estate partnerships, in which a

City of Fort Worth's Second Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 4

336

private developer acquires land for a new development or acquires an existing multifamily project and then conveys it to an HFC, which then acquires tax-exempt status for the property and leases the property to a private landlord who, in turn, pays fees to the HFC and shares the profits generated by the property with the HFC.

18. But because the Act allows for such an enormous tax benefit, it provides two specific restrictions on what residential developments an HFC can tax-exempt: (1) a residential development can receive tax exemption from an HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income," as defined by the statute, *id.* § 394.004; and (2) the residential development "must be located within the local government," *id.* § 394.903.

19. An HFC, in other words, can tax-exempt a residential development only if the development is located within the HFC's local jurisdiction and is actually used to house low-income individuals. *See id.* §§ 394.004, 394.903.

**B.    Defendant HFCs are unlawfully exempting properties in Fort Worth that do not house low-income residents.**

20. Fort Worth has learned that the Defendant HFCs have been ignoring these statutory restrictions and have been seeking and acquiring tax exemptions for large, multifamily housing developments in Fort Worth.

21. As described in further detail below, the Defendant HFCs' unlawful tax-exemption scheme has already removed hundreds of millions of dollars from Tarrant County taxing units' tax rolls and have caused Fort Worth to lose millions of dollars in annual tax revenue.

22. To illustrate, in October of 2024, Defendant Maverick County HFC acquired The

City of Fort Worth's Second Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                      Page 5

337

Sovereign (5301 North Tarrant Parkway)[1]—an already-built, self-described "luxury apartment community" located in far north Fort Worth.[2] After acquiring this complex, Maverick County HFC applied for and received a full tax exemption for this property.[3] This property is appraised at $80,369,852.[4] So, when it was removed from the tax rolls, it caused the Tarrant County Appraisal District to lose over $1.8 million in annual ad valorem tax revenue, and Fort Worth's share of that revenue is over $540,000.[5]

23. In other words, by exempting just one apartment complex in Fort Worth, the Maverick County HFC caused the City of Fort Worth to lose over a half million dollars in annual tax revenue, and there is no clear path for Fort Worth (or other affected local entities) to recoup that loss.

24. To make matters worse, it appears that The Sovereign doesn't even provide low-income housing. Its smallest unit, a 660 square foot one-bedroom apartment, rents for $1,379 per month.[6] Upon information and belief, this complex does not come close to meeting the 90%-low-to moderate- income housing threshold needed to receive an exemption under the Act. *See* Tex. Local Gov't Code § 394.004 (providing that a residential development can receive tax exemption from a HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income").

25. In another example, on January 24, 2025, Defendant Pleasanton HFC acquired the Rocklyn Fort Worth apartment complex, located at 637 Samuels Avenue in the Rocklyn Trinity Uptown neighborhood on the bluffs overlooking the west fork of the Trinity River just north of

---

[1] https://www.tad.org/property?account=41652207
[2] https://www.sovereignkeller.com
[3] https://www.tad.org/property?account=41652207
[4] *Id.*
[5] Calculated from information found at https://taxonline.tarrantcounty.com/TaxWeb/ratesExemptions.asp
[6] https://www.sovereignkeller.com/floor-plans

City of Fort Worth's Second Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                         Page 6

338

Downtown Fort Worth.[7] Pleasanton HFC promptly secured a tax exemption for this property, removing its assessed value of over $70 million from the Tarrant County tax rolls.[8] This upscale apartment complex currently offers one- to three-bedroom apartments for monthly rents ranging from $1,464 to $2,976,[9] and upon information and belief, also does not satisfy the low- to moderate-income housing threshold required for an exemption under the Act. In fact, there appears to be no reason to believe renter demographics for this property have in any way changed since the complex opened in 2018. If true, Pleasanton HFC's acquisition of this property has done nothing to increase access to affordable housing as required by statute. Meanwhile, its exemption from property taxes provides the complex with a windfall savings of over $1.5 million annually.[10] Fort Worth loses approximately $474,000 in yearly tax revenue, yet still bears the costs of providing city services to the property.[11]

26. This is a widespread problem across the state. The City of Euless, for example, has seen at least a 2% drop in its overall annual revenue after a *single* apartment complex received tax-exempt status from the Cameron County HFC;[12] and Dallas, McKinney, Irving, Lewisville, and other north Texas cities have reported millions of dollars in total lost tax revenue.[13] Worse, these out-of-jurisdiction HFCs are often bestowing tax-exempt status to already-built structures (not new projects), and many of the exempted properties aren't even affordable-housing projects; they are typical for-profit apartments and condos, usually located in upmarket neighborhoods, that do not

---

[7] https://www.tad.org/property?account=42402920, https://www.tad.org/property?account=42402938, and https://www.tad.org/property?account=42402946
[8] *Id*.
[9] https://www.rocklynfortworth.com/floorplans
[10] Calculated from information found at https://taxonline.tarrantcounty.com/TaxWeb/ratesExemptions.asp
[11] *Id*.
[12] Andrea Lucia, *Euless Loses 2 Percent of Revenue to Controversial Tax Break Approved in Faraway County*, CBS News (Feb. 21, 2024).
[13] Andrea Lucia, *Housing Group Made Millions Getting Tax Breaks for Developers, Costing Cities and Schools Even More*, CBS News (Dec. 22, 2023).

City of Fort Worth's Second Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                     Page 7

339

offer reduced rent, housing vouchers, or other benefits to low-income applicants.[14]

27. According to information available on the Tarrant Appraisal District website, Defendant HFCs currently own a total of 26 properties located in Fort Worth [See the spreadsheet attached hereto as **Exhibit 1**]. For 13 of these properties, Defendants have already been granted a 2025 tax exemption by the Tarrant Appraisal District. These 13 exempt properties have a combined assessed value of $529,632,697 for the current tax year. The removal of this *over half a billion dollars* of taxable value from Tarrant County tax rolls will cost the City of Fort Worth alone over $3 million in 2025 tax revenue, and will similarly affect the tax revenues of Tarrant County, Tarrant Regional Water District, Tarrant County Hospital District, Tarrant County College, and the Fort Worth, Keller, Eagle Mountain-Saginaw, Crowley and Northwest Independent School Districts.

28. Defendant HFCs currently own another 13 properties in Fort Worth for which they have not yet acquired a tax exemption. These 13 properties have a combined assessed 2025 value of $486,878,261. These properties are the focus of Fort Worth's claims in this lawsuit. Fort Worth intervenes to enjoin Defendants from acquiring tax-exempt status on these properties and to prevent this additional half a billion dollars of taxable value from being removed from the tax rolls, which otherwise would cost the City an additional $3 million in tax revenue.

29. Because of the widespread nature of this practice, there was a strong bipartisan legislative push to remove any doubt about the illegality of this sort of tax-exemption scheme. *See, e.g.*, 2025 H.B. No. 21.[15] This bill has been signed by the governor and is now law.

---

[14] *Id*. (documenting that an out-of-town HFC purchased an apartment complex in a "luxurious community" in Irving and that the tenants' rents went *up* significantly under the HFC's ownership).
[15] https://legiscan.com/TX/text/HB21/id/3053018

City of Fort Worth's Second Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                  Page 8

340

### C. Texas Constitution

30. Tex. Const. art. VIII Section 11 limits counties' ad valorem taxation authority to property within their prospective boundaries. Any law that purports to allow a local government to take properties off the tax rolls outside jurisdiction of that local government violates this constitutional principle.

### V. CAUSE OF ACTION: DECLARATORY JUDGMENT & TAX CODE

31. Texas's Uniform Declaratory Judgments Act (UDJA) allows trial courts to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Tex. Civ. Prac. & Rem. Code § 37.003. The UDJA further provides that "[a] person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a). The Legislature intended the UDJA to be "remedial" and "liberally construed," and "its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Id.* § 37.002(b).

32. In a declaratory action, like this one, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* § 37.009.

33. Fort Worth asks for a declaratory judgment from this Court that the Act prohibits Defendant HFCs from acquiring property outside of their geographical jurisdictions;

34. Fort Worth asks for a declaratory judgment from this Court declaring that the Act does not allow Defendants to bestow tax exemptions to Fort Worth-based properties.

35. Fort Worth further asks for a declaratory judgment that Article VIII, Section 11 of the Texas Constitution limits counties' ad valorem taxation authority to "property within their respective boundaries" and that the Defendants' scheme violates Constitutional limits on the scope

City of Fort Worth's Second Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 9

341

of Texas counties' taxing authority.

36.     The Tax Code, moreover, provides that "[a] taxing unit may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with …applicable law." Tx. Tax Code § 43.01. It further empowers this Court to "enter…orders necessary to compel compliance by the appraisal office." *Id.* § 43.03.

37.     Pursuant to these laws, Fort Worth asks this Court to prevent Defendant Bobbitt from unlawfully awarding any further tax exemptions to the Defendant HFCs. *See id*. § 43.01, 43.03; TEX. CIV. PRAC. & REM. CODE §§ 37.001 *et seq*.

## VI.     APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

38.     To stop the Defendant HFCs from closing on any more Fort Worth-based properties, Fort Worth asks this Court for a temporary restraining order ("TRO") and a temporary injunction that prohibits the Defendant HFCs from (a) closing on any Fort Worth-based properties or (b) requesting or receiving any tax exemptions for Fort Worth-based properties.

39.     Fort Worth further requests a TRO and a temporary injunction that prohibits Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, from granting tax exemptions requested by the Defendant HFCs regarding any Fort Worth-based properties.

40.     Fort Worth requests that this Court issue this TRO without notice to Defendants. Rule 680 allows the Court to issue a TRO without notice if it "clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." Tex. R. Civ. P. 680. Additionally, as previously noted, this sort of tax-exemption scheme is, in all likelihood, about to become indisputably illegal, and Fort Worth believes the Defendant HFCs are already in a rush to close on as many out-of-jurisdiction deals as possible in the coming weeks and

City of Fort Worth's Second Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 10

342

months. A no-notice TRO will prevent this unlawful behavior from occurring and will not unduly prejudice the Defendant HFCs in the short-term.

41. Judge Betsy Lambeth, of the 425th District Court in Williamson County, recently granted a no-notice TRO against the Cameron County HFC on virtually identical grounds. [*See* Plf. Orig. Pet. & TRO, *Williamson Cnty. et al. v. Cameron Cnty. Housing Finance Corp.*, 425th Judicial District Court, No. 25-0488-C425 (March 5, 2025), attached hereto as **Exhibit 2**.]

42. This Court should follow suit and issue a TRO that prevents Defendant HFCs from overstepping jurisdictional bounds and from requesting tax-exempt status for any Fort Worth-based properties. And out of an abundance of caution, this Court should also issue a TRO against the Defendant Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, that prevents him from granting tax exemptions requested by a Defendant HFC regarding any Fort Worth-based property.

43. Once that TRO has expired, Fort Worth asks for a temporary injunction. "To obtain a temporary injunction, [an] applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "Whether to grant or deny a temporary injunction is within the trial court's sound discretion," and an order granting injunctive relief will be reversed on appeal only if "the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Id.*

44. All these elements are present. Fort Worth has pleaded a cause of action against Defendants: a declaratory action under the UDJA. Fort Worth has shown it will likely be successful in this declaratory action, as the Act's plain language prohibits Defendant HFCs' complained-of conduct. And, in the absence of injunctive relief, Defendant HFCs are likely to close on additional

City of Fort Worth's Second Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 11

343

Fort Worth-based properties and/or apply for a tax exemptions, which would lead to an irreversible removal of this property from the local tax rolls. Simply put, this is precisely the sort of case in which equitable relief is warranted.

## PRAYER FOR RELIEF

Based on the foregoing, Intervenor-Plaintiff City of Fort Worth respectfully asks this Court for the following relief:

(A) To issue a TRO and temporary injunction against Defendant HFCs and Defendant Joe Don Bobbitt that (i) prevents Defendant HFCs from requesting or receiving tax exemptions for any Fort Worth-based properties, and (ii) prevents Mr. Bobbitt from granting tax exemptions requested by Defendant HFCs regarding any Fort Worth-based properties. A proposed TRO was filed contemporaneously herewith.

(B) After the expiration of this TRO, and after a hearing, to issue a temporary injunction against the same Defendants that enjoins the same unlawful conduct pending trial.

(C) After a final trial on the merits, to issue (i) a declaratory judgment declaring that the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*, does not allow Defendant HFCs to bestow tax-exempt status to properties located in Fort Worth; a declaration that Defendant HFCs may not acquire property in Fort Worth; and a declaration and permanent injunction against the Chief Appraiser of TAD from grant further tax exemptions to foreign HFCs.

(D) To award Fort Worth its attorney's fees and costs.

(E) To award any other relief this Court deems appropriate.

City of Fort Worth's Second Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 12

344

Respectfully submitted,

/s/ Stephen A. Cumbie
STEPHEN A. CUMBIE
Senior Assistant City Attorney
State Bar No. 24056724
*stephen.cumbie@fortworthtexas.gov*

CHRISTOPHER B. MOSLEY
Senior Assistant City Attorney
State Bar No. 00789505
*chris.mosley@fortworthtexas.gov*

OLYN POOLE
Senior Assistant City Attorney
State Bar No. 24037292
*olyn.poole@fortworthtexas.gov*

CITY OF FORT WORTH
Office of the City Attorney
100 Fort Worth Trail
Fort Worth, Texas 76102
P: (817) 392-7600

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of June 2025 a true and correct copy of the foregoing document was e-filed with the Clerk of the Court and electronically served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/ Stephen A. Cumbie
STEPHEN A. CUMBIE

City of Fort Worth's Second Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                    Page 13

345

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; JOE DON BOBBITT, in his | § | |
| official capacity as Chief Appraiser of the | § | 348th JUDICIAL DISTRICT |
| Tarrant Appraisal District, | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH | § | |
| | § | |
| *Plaintiff-Intervenor* | § | TARRANT COUNTY, TEXAS |

---

## VERIFICATION

---

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas on this day personally appeared Stephen A. Cumbie, Senior Assistant City Attorney for the City of Fort Worth, who, after being duly sworn, stated under oath that he has read the above Second Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief; and that every

statement contained therein is within his personal knowledge and is true and correct.

Stephen A. Cumbie, Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 2nd day of June 2025.

LAURA GREGORY
Notary Public, State of Texas
Comm. Expires 03-08-2028
Notary ID 4463814

Notary Public in and for
The State of Texas

347

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Gregory on behalf of Stephen Cumbie
Bar No. 24056724
Laura.Gregory@fortworthtexas.gov
Envelope ID: 101489841
Filing Code Description: Amended Filing
Filing Description: City of Fort Worth's Second Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief
Status as of 6/2/2025 12:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/2/2025 10:57:37 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/2/2025 10:57:37 AM | SENT |
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/2/2025 10:57:37 AM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/2/2025 10:57:37 AM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 6/2/2025 10:57:37 AM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/2/2025 10:57:37 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/2/2025 10:57:37 AM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 10:57:37 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/2/2025 10:57:37 AM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/2/2025 10:57:37 AM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/2/2025 10:57:37 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/2/2025 10:57:37 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/2/2025 10:57:37 AM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/2/2025 10:57:37 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 10:57:37 AM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/2/2025 10:57:37 AM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/2/2025 10:57:37 AM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/2/2025 10:57:37 AM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/2/2025 10:57:37 AM | SENT |
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/2/2025 10:57:37 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/2/2025 10:57:37 AM | SENT |
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 10:57:37 AM | SENT |

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Laura Gregory on behalf of Stephen Cumbie
Bar No. 24056724
Laura.Gregory@fortworthtexas.gov
Envelope ID: 101489841
Filing Code Description: Amended Filing
Filing Description: City of Fort Worth's Second Petition in Intervention and
its Application for a Temporary Restraining Order and Injunctive Relief
Status as of 6/2/2025 12:06 PM CST

Case Contacts

| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 10:57:37 AM | SENT |
|---|---|---|---|---|
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 10:57:37 AM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/2/2025 10:57:37 AM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/2/2025 10:57:37 AM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/2/2025 10:57:37 AM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 10:57:37 AM | SENT |

FILED
TARRANT COUNTY
6/2/2025 11:00 AM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; PLEASANTON HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; LA VILLA HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; MAVERICK COUNTY HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; and JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District, | § | 348TH JUDICIAL DISTRICT |
| Defendants, | § | |
| v. | § | |
| CITY OF FORT WORTH, | § | |
| Intervenor-Plaintiff. | § | TARRANT COUNTY, TEXAS |

### HFC DEFENDANTS' JOINT BRIEF IN OPPOSITION TO CITY OF ARLINGTON'S AND CITY OF FORT WORTH'S APPLICATIONS FOR TEMPORARY INJUNCTION

NOW COMES Defendant Pleasanton Housing Finance Corporation ("**Pleasanton HFC**"), Pecos Housing Finance Corporation ("**Pecos HFC**"), La Villa Housing Finance Corporation ("**La Villa HFC**"), and Maverick County Housing Finance Corporation ("**Maverick HFC**") (collectively, "**HFC Defendants**"), in the above-entitled and numbered cause, and files this Brief in Opposition to Plaintiff City of Arlington's Application for Temporary Injunction and Intervenor-Plaintiff City of Fort Worth's Application for Temporary Injunction and would respectfully show the Court as follows:

350

## I. INTRODUCTION

1. Plaintiff and Intervenor-Plaintiff's gambit has run its course. Improperly leveraging protected Rule 408 communications to secure an *ex parte* temporary restraining order from this Court, the City of Arlington ("**Arlington**" or "**Plaintiff**") manufactured an urgent need for relief for the sole purpose of avoiding an administrative review that would undoubtedly confirm what Plaintiffs already know: Defendant HFC's actions are proper and plainly permissible under the law. Intervenor-Plaintiff, the City of Fort Worth ("**Fort Worth**" or "**Intervenor-Plaintiff**") (together with Arlington, "**Plaintiffs**").

2. Plaintiffs' request for injunctive relief is a calculated misuse of judicial process, pursued not to prevent imminent harm but to circumvent the established administrative procedures specifically designed to address the very issues raised in Plaintiffs' petitions. Rather than seeking relief through the appropriate administrative channels, Plaintiffs rushed to this Court pleading that without immediate intervention properties owned by the Defendant HFCs would be permanently removed from the tax rolls and Plaintiffs would have no recourse to recoup lost revenue, even if they ultimately prevailed on the merits of their challenge.

3. As Plaintiffs know, that is simply not the case. Not only is there an administrative review process painstakingly detailed in the Property Tax Code, but there is similarly a procedure for collecting back taxes on properties that were—for whatever reason—undertaxed.

4. Plaintiffs' rush to Court was not rooted in any genuine emergency. It was intended instead to manufacture leverage over the Defendant HFCs in an ongoing legislative debate over the future of Housing Finance Corporations ("**HFCs**") in the State of Texas and to freeze the market for HFCs during the pendency of that debate.

5. If the administrative process expressly laid out in the Property Tax Code been allowed to proceed, Defendant Joe Don Bobbit, in his capacity as Chief Appraiser of the Tarrant

Appraisal District ("**TAD**"), would have had the ability to confirm that the Defendant HFC's subject properties in Arlington and Fort Worth met the requirements for an exemption under the applicable provisions of the Property Tax Code.

6. If the TAD ultimately determined an exemption applied under the Property Tax Code, Plaintiffs would then have had the opportunity to challenge that determination before the Appraisal Review Board ("**ARB**") under Chapter 41 of the Property Tax Code under the same grounds raised in its Second Amended Petition. Only if the ARB denied Plaintiff or Intervenor-Plaintiff's challenge, would Plaintiffs be permitted to seek judicial review of that determination. And if the ARB ultimately sustained Plaintiff or Intervenor-Plaintiff's challenge, the Defendant HFCs would be permitted to seek judicial review of the same decision.

7. Plaintiffs did not follow this process because the time required to comply with the Property Tax Code's administrative framework would have upset its actual goal: freezing the market for HFC-owned, affordable housing developments before the enactment of H.B. No. 21. *See* Act of May 28, 2025, 89th Leg., Ch. 394 ("H.B. No. 21"), Relating to housing finance corporations; authorizing a fee, available at https://legiscan.com/TX/text/HB21/id/3238122. Six days ago, Governor Abbott signed H.B. No. 21 into law. The bill took immediate effect and explicitly prohibits the Defendant HFCs from acquiring property or engaging in residential development outside of their sponsor's boundaries without approval from the jurisdiction in which they seek to acquire property. Unfortunately for the merits of Plaintiffs' argument, it also expressly provides that properties owned by the Defendant HFCs are eligible for the same exemption Defendant HFCs seek here from now until January 1, 2027.

8. Plaintiffs' claim that allowing the TAD to actuate (and, to a lesser extent, the HFCs to receive) tax exempt status would result in "irreversible removal of these properties from the

local tax rolls, causing Plaintiffs to forever lose out on hundreds of thousands, if not millions, of much-needed tax revenues," is patently incorrect. Any such claim, at best, is a gross distortion of the Property Tax Code which infects the entirety of Plaintiffs' request for injunctive relief and jurisdictional claims.

9. Plaintiffs have no probable, imminent, or irreparable injury because they can seek redress through the exclusive remedies afforded under the Property Tax Code. Likewise, H.B. 21's recent passage verifies that HFC property acquisitions and exemptions outside of an HFC's sponsoring jurisdiction were permitted under prior law.

10. Ultimately, Plaintiffs' lawsuit is a transparent attempt to create conflict where none existed, leveraging judicial intervention not to protect rights, but to gain strategic advantage amid ongoing legislative deliberations. Plaintiffs' misuse of the equitable remedy of injunctive relief undermines both the integrity of this Court and the orderly function of the legislative branch. For these reasons, Arlington and Fort Worth's Applications for Injunctive Relief must be denied.

## II. STANDARD

11. Under Texas law, "[a] temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions*, 610 S.W.3d 911, 916 (Tex. 2020). The party applying for a temporary injunction "must plead and prove three specific elements: (1) a cause of action against the defendant, (2) a probable right to the relief sought, and (3) a probable imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

12. A trial court "abuse[s] its discretion by misapplying the law to established facts." *Draper v. City of Arlington*, 629 S.W.3d 777, 784 (Tex. App.—Fort Worth 2021, pet. denied) (citing *T.L. v. Cook Children's Med. Ctr.*, 607 S.W.3d 9, 34 (Tex. App.—Fort Worth 2020, pet. denied)).

### III. THE TEXAS PROPERTY TAX CODE

#### A. Appraisal of Property

13. An "ad valorem tax" is a tax on property at a certain rate based on the property's value. *Jim Wells Cty. v. El Paso Prod. Oil & Gas Co.*, 189 S.W.3d 861, 870 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). The basis for the amount of *ad valorem* tax owed is the appraised value of the property. *Id.* Appraisal of real property for ad valorem tax purposes is carried out by county-based appraisal districts and appraisal review boards throughout the State. *See* Tex. Tax Code § 6.01(b) (stating that each appraisal district "is responsible for appraising property in the district for ad valorem tax purposes of each taxing unit that imposes ad valorem taxes on property in the district").

14. In *Atascosa Cty. v. Atascosa Cty. Appraisal Dist*., 990 S.W.2d 255, 258 (Tex. 1999), the Texas Supreme Court succinctly summarized the appraisal process:

> The Tax Code also establishes a procedure for the appraisal and back-appraisal of property. Subject to limited exceptions, the chief appraiser must appraise all taxable property at market value as of January 1 each year, and must determine whether exemptions should be granted based on the claimant's eligibility on that date. *See* Tex. Tax Code §§ 11.42, 11.43, 23.01. Once property is appraised and an exemption denied, the chief appraiser lists all taxable property and its appraised value. *See id.* § 25.01. The chief appraiser's listing of all taxable property in the district and its appraisal value constitutes the appraisal records. *See id.* The chief appraiser submits the appraisal records to the review board, which reviews the records and hears challenges. *See id.* §§ 41.01-.03.[1] When approved by the review board, these records become the appraisal district's tax roll. *See id.* § 25.24.

---

[1] Following submission of the appraisal records listing the value of taxable property in the district by May 15, *see id.* § 25.01, the chief appraiser is required to prepare "supplemental appraisal records" listing, without limitation, (1) "each taxable property the chief appraiser discovers that is not included in the records already submitted, including property that was omitted from an appraisal roll in a prior tax year; (2) property on which the appraisal review board has not determined a protest at the time of its approval of the appraisal records[.]"

15.     Importantly, the Property Tax Code distinguishes between a chief appraiser's submission of the ***appraisal records*** under Section 25.01 and the ARB's approval of the appraisal district's ***tax roll*** under Section 25.24. *See Atascosa Cty.*, 990 S.W.2d at 258.

16.     In the context of exemptions, the chief appraiser makes the initial determination of whether an exemption applies to a particular property in the appraisal district. Tex. Tax Code §§ 11.45(a) ("The chief appraiser shall determine separately each applicant's right to an exemption"), (c) (The chief appraiser "shall determine the validity of each application for exemption filed with him before he submits the appraisal records for review and determination of protests as provided by Chapter 41 of [the Property Tax Code]."); 6.05(c) ("The chief appraiser is the chief administrator of the appraisal office" and is "appointed by and serves at the pleasure of the appraisal district board of directors.").[2]

17.     For existing exemptions, "[i]f the chief appraiser learns of any reason indicating that an exemption previously allowed should be canceled, the chief appraiser shall investigate." *Id.* § 11.43(h). Then, "[i]f the chief appraiser determines that the property should not be exempt, the chief appraiser shall cancel the exemption and deliver written notice of the cancellation within five days after the date the exemption is canceled." *Id.*[3]

**B.     Taxing Unit Challenges**

18.     "[E]xcept for certain specifically circumscribed rights," the Tax Code's comprehensive legislative scheme generally excludes taxing units, like Plaintiffs, from the

---

[2] Notably, neither the chief appraiser nor any other employee of the appraisal district may be employed by the appraisal district if they are either an officer or employee of "a taxing unit that participates in the appraisal district." Id. § 6.054.

[3] Examples of appraisal district notices removing an existing total exemption for a public facility corporation-owned multifamily residential development and denying an application for a total exemption applicable to a public facility corporation-owned multifamily residential development are attached for the Court's consideration. *See* Ex. A.

appraisal process. *Jim Wells*, 189 S.W.3d at 871. Chapter 41, subchapter A, of the Tax Code provides taxing units, like Plaintiffs, with a mechanism for challenging certain actions **by their local appraisal districts**. *See* Tex. Tax Code §§ 41.03-.07. One of those actions is an "exclusion of property from the appraisal records." *Id.* § 41.03(a)(1).

19. A taxing unit challenge is initiated by the taxing unit's filing of a petition with the ARB, *see id.* § 41.04, which subsequently conducts a hearing on the challenge petition, *see id.* § 41.05, determines the challenge, and makes its decision by written order, *see id.* § 41.07.[4]

20. Section 41.04 of the Tax Code provides that the "appraisal review board is not required to hear or determine a challenge unless the taxing unit initiating the challenge files a petition with the board before June 1 or within 15 days after the date that the appraisal records are submitted to the appraisal review board, whichever is later" and said petition "must include an explanation for the grounds of the challenge." *Id.* § 41.04.

21. Tarrant County is currently following the administrative process laid out by the Tax Code. On May 28, 2025, Tarrant County announced it filed petitions with the TAD "challenging the exclusion of 28 properties from the TAD's appraisal records, owned by various HFCs and for which a 'public property' exclusion was unlawfully claimed."[5]

22. After the ARB decides a taxing unit challenge, the taxing unit may then appeal the decision to the district court in the county in which the ARB is located. *Id.* §§ 42.031 (right of

---

[4] Notably, "a person is ineligible to serve on the appraisal review board if the person is a member of the board of directors, an officer, or employee of the appraisal district, an employee of the comptroller, or a member of the governing body, officer, or employee of a taxing unit." *Id.* § 6.412(c).

[5] See Tarrant Cnty., TARRANT COUNTY FILES PETITIONS WITH THE TARRANT APPRAISAL DISTRICT ("TAD") APPRAISAL REVIEW BOARD, available at https://www.tarrantcountytx.gov/en/news/2025/tarrant-county-files-petitions-with-the-tad-appraisal-review-boa.html (last accessed on June 1, 2025).

appeal by taxing unit), 42.21 (petition for review). The district court reviews the ARB's decision by trial *de novo*. *Id.* § 42.23.[6]

**C.** **A Taxing Unit Can Challenge an Appraisal District's Failure to Back Appraise Property Previously Subject to a Total Exemption from Ad Valorem Taxation**

23. As recognized by the Texas Supreme Court in *Atascosa County v. Atascosa County Appraisal Dist*, the appraisal district and chief appraiser "must back-appraise and assess taxes on property erroneously exempted for the past five years." 990 S.W.2d at 257.

24. The facts in *Atascosa* are as follows: In the mid-1950s, Atascosa Hospital Association ("**the Atascosa Plaintiff**"), a nonprofit corporation, bought land and built Mercy Hospital on it. For nearly thirty years, a charitable society operated Mercy. *Id*. In the 1980s, for-profit organizations assumed responsibility for operating the hospital. One of the for-profit organizations leased the hospital's buildings and equipment. The Atascosa Plaintiff requested a tax exemption for the land, buildings, and equipment, which the Atascosa County Appraisal District granted.

25. In 1995, Atascosa County and Jourdanton Independent School District, relying on Tex. Tax Code § 41.03, filed a challenge petition with the Atascosa County Review Board requesting a finding that the property was improperly granted **tax-exempt status** for tax years 1990-1995 and an order compelling the chief appraiser to **add the property's reappraisal to the 1995 tax rolls**.

26. The taxing units' challenge was undoubtedly to the "exempt" status (a "total exemption" or 100% exemption from ad valorem taxes) granted to the hospital for the land,

---

[6] Separately, chapter 41, subchapter C, of the Property Tax Code provides property owners with the right to protest certain actions by their local appraisal district. *Id*. §§ 41.41-.47. A property owner is entitled to protest "inclusion of the owner's property on the appraisal records." *Id*. § 41.41(a)(3).

buildings, and equipment which constitute Mercy Hospital. *See Atascosa Cty. v. Atascosa Cty. Appraisal Dist.*, 962 S.W.2d 188, 189 (Tex. App.—San Antonio 1998), *rev'd in part*, 990 S.W.2d 255 (Tex. 1999).

27.    The ARB revoked the exemption for 1995, but not for 1990-1994. The taxing units then petitioned for judicial review under chapter 42 of the Property Tax Code, complaining of the ARB's failure to revoke the exemption for 1990-1994 and back-appraise the property.

28.    The case ultimately reached the Texas Supreme Court which held that the Texas Constitution creates the obligation to appraise and assess property for purposes of taxation, and provides that all property must be equally and uniformly taxed. *Atascosa Cty.*, 990 S.W.2d at 257 (citing Tex. Const. art. VIII, § 11 ("All lands and other property not rendered for taxation by the owner thereof shall be assessed at its fair value by the proper officer.); Tex. Const. art. VIII, § 1(a) ("Taxation shall be equal and uniform")).

29.    The Texas Supreme Court further held Section 11.43(i) mandates that the chief appraiser back-appraise "erroneously exempted property […] '[i]f the chief appraiser discovers that an exemption that is not required to be claimed annually has been erroneously allowed in any one of the five preceding years, the chief appraiser shall add the property or appraised value that was erroneously exempted for each year to the appraisal roll as provided by Section 25.21 of this code for other property that escapes taxation.'" *Id.* at 258.

30.    The Texas Supreme Court further found that Tex. Tax Code § 25.21 mandated the procedure for back-appraisal of property as follows:

> (a) If the chief appraiser discovers that real property was omitted from an appraisal roll in any one of the five preceding years . . ., he shall appraise the property as of January 1 of each year that it was omitted and enter the property and its appraised value in the appraisal records.

(b) The entry shall show that the appraisal is for property that was omitted from an appraisal roll in a prior year and shall indicate the year and the appraised value for each year.

*Id.*

31.     Finally, the Texas Supreme Court held that the "taxing units [had] standing under [C]hapter 41 of the Tax Code to challenge the appraisal district's and chief appraiser's failure to back-appraise improperly exempted property" and that "[i]f the chief appraiser were not required to back-appraise improperly exempted property, then the remedies granted a taxing unit in chapter 41 of the Tax Code would be surplusage." *Id.* at 259.

32.     The Court next addressed whether the taxing units could challenge the chief appraiser's decision to omit a back-appraisal from the current tax roll. On this issue, the Court held that "taxing units have standing to challenge appraisal decisions through the chapter 41 challenge petition process, and the decision to omit a back-appraisal from the current tax roll is an appraisal decision." In holding that "taxing units have standing to challenge a refusal to back appraise," the Court rejected the taxpayers' argument that sections 11.43 and 25.21 prevented taxing units from bringing a challenge. Such a reading, the Court explained, "would eviscerate the purpose of the section 41.04 challenge petition process" by "allowing only the chief appraiser to discover improperly granted exemptions." *Id.* The Court further clarified that the practical implications of such an interpretation would leave taxing units without the ability to "collect duly owed revenue, and a windfall would result for property owners who wrongfully claim an exemption." *Id.*

## IV.    ARGUMENT

33.     Plaintiffs' claims do not merit injunctive relief. First, Plaintiffs have failed to show standing to bring any underlying cause of action, let alone probability of success on the merits. Second, there is no imminent irreparable injury here. Plaintiffs' assertion of irreparable injury is based on a fundamental misreading or misrepresentation of the relevant Property Tax Code.

## A. Plaintiffs Cannot Establish a Probable Right to Relief.

34.     Plaintiffs are not entitled to a temporary injunction because they cannot demonstrate a probable right to the relief sought. To show a probable right of recovery, "the applicant must raise a bona fide issue as to its right to ultimate relief, and it cannot do this without presenting some evidence to support every element of at least one valid legal theory." *Tex. Health Res. v. Pham*, No. 05-15-01283-CV, 2016 WL 4205732, at *3 (Tex. App.—Dallas Aug. 3, 2016, no pet.) (mem. op.). "[T]he preliminary determination of whether an applicant has shown a probable right to the relief it seeks—that is, whether the applicant furnished some evidence tending to support at least one of the legal theories it will urge at trial—entails a thorough review of the law applicable to the parties' claims and defenses." *Cameron Int'l Corp. v. Guillory*, 445 S.W.3d 840, 846 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

### i.     Plaintiffs have not exhausted their administrative remedies.

35.     Plaintiffs cannot establish a probable right to relief because the Court lacks subject matter jurisdiction over Plaintiffs' claims. Specifically, Plaintiffs failed to exhaust their administrative remedies prior to filing suit and seeking the injunctive relief at issue.

36.     The gravamen of Arlington's Second Amended Petition is that Defendant HFCs have been "removing Arlington-based properties from the tax appraisal roll[.]" Arlington's Second Amended Petition (2nd Am. Pet.) at ¶ 1. Rather than bring its case in a challenge petition under the Property Tax Code, Plaintiffs brought suit under the Declaratory Judgment Act. Fort Worth advances a substantially similar argument. *See* Fort Worth's First Amended Petition (1st Am. Pet.) at ¶ 1.

37.     Plaintiffs are a "taxing unit" under the Property Tax Code. *See* Tex. Tax Code § 1.04(12). The exclusive means for a "taxing unit" to resolve the types of disputes raised in

Plaintiffs' Petitions is to seek relief under the Property Tax Code through a taxing unit challenge. Accordingly, the Court has no jurisdiction over Plaintiffs' claims. *See, e.g.*, Tex. Tax Code § 42.09 ("Remedies Exclusive"); *In re ExxonMobil Corp.*, 153 S.W.3d 605, 617 (Tex. App.—Amarillo 2004, orig. proceeding).

38.     As a result, the Declaratory Judgment Act cannot be used as a vehicle to avoid the Property Tax Code's exclusive administrative process and remedies. *See Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 370-371 (Tex. App.—Fort Worth 2001, no pet.); *see also* Tex. Att'y Gen. Op. No. GA-0537 (2007) at 3 ("whether any specific property is exempt from taxation depends on the facts and circumstances and is initially determined by the chief appraiser of the appraisal district").

39.     Moreover, any passing reference to Section 43.01 of the Property Tax Code does not excuse Plaintiffs' failure to exhaust administrative remedies. The relief sought is the same—denial of ad valorem exemptions—and Plaintiffs have therefore failed to satisfy a jurisdictional prerequisite to filing suit before this Court.

40.     Plaintiffs do not allege that they have exhausted their administrative remedies prior to filing suit because Plaintiffs have not done so. Accordingly, this Court is deprived of jurisdiction over the Defendant HFCs. To properly invoke the district court's subject-matter jurisdiction, the taxing unit must exhaust its administrative remedies before seeking judicial review. *See, e.g.*, *City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 618 (Tex. App.—Austin 2016, no pet.). Accordingly, insofar as Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction, Plaintiffs lack a probable right to relief necessary to justify its requested temporary injunction.

ii.     <u>Fort Worth cannot challenge the constitutionality of the Housing Finance Corporation Act or the Property Tax Code.</u>

41.     Standing is a necessary component of subject matter jurisdiction. *Barshop v. Medina Cty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 626 (Tex. 1996).

42.     Defendant HFCs are public nonprofit corporations created pursuant to Chapter 394 of the Local Government Code, otherwise known as the Texas Housing Finance Corporation Act (the "**Act**").[7]

43.     Defendants HFCs' collective public purpose is to provide "a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments." Tex. Loc. Gov. Code § 394.002(a) (2024).

44.     The Act broadly authorizes housing finance corporations to "purchase, lease, hold, and operate real property and improve the property and sell, lease, or otherwise dispose of the property." *Id*. § 394.037 (2024). The Act specifically exempts housing finance corporations, their property, and their activities from taxation. *Id*. § 394.905 (2024).

45.     A two-part test governs whether a plaintiff has standing to challenge a statute. "First, the plaintiff must suffer some actual or threatened injury under the statute." *Id.* (citing *Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 518 (Tex. 1995)). "Second, the plaintiff must contend that the statute unconstitutionally restricts the plaintiff's own rights." *Id.*

46.     Fort Worth lacks the standing to challenge the tax exemptions at issue here. Political subdivisions can challenge the constitutionality of a statute only when that political subdivision is "charged with implementing a statute it believes violates the Texas Constitution."

---

[7] Changes to the law were recently entered into effect through the signing of H.B. No. 21 on May 28, 2025. All references to the Act in the following section refer to the prior law in effect before H.B. No. 21's passage when the subject properties at issue were acquired. According to Section 13(c) of H.B. No. 21, "Section 394.9026, Local Government Code, as added by this Act, and Section 394.905, Local Government Code, as amended by this Act, apply only to a tax for a tax year that begins on or after the effective date of this Act.").

*Harris Cnty. Emergency Servs. Dist. No. 2 v. Harris Cnty. Appraisal Dist.*, 132 S.W.3d 456, 461 (Tex. App.—Houston [14th Dist.] 2001) (emphasis added); *see also City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 616 (Tex. App.—Austin 2016, no pet.) ("a municipal corporation or other governmental subdivision has standing to bring a constitutional challenge . . . if the subdivision has been charged with implementing a statute it believes violates the Texas Constitution.") (quotation marks omitted); 12B Tex. Jur. 3d Constitutional Law § 38 (same).

47. Fort Worth is not the administrator of the relevant provisions of the Act or the Property Tax Code for the purposes of granting, denying, or effectuating exemptions. As a result, Fort Worth has no standing to challenge the constitutionality of either statute, either on its face or as applied.

iii. <u>Plaintiffs cannot establish that the Housing Finance Corporation Act, codified in the Local Government Code, prohibits the Defendant HFCs from acquiring property outside of its boundaries</u>

48. Contrary to Plaintiffs' claims, the Act did not previously limit where an HFC could acquire property or conduct its activities. While Section 394.003 states that a residential development covered by the chapter must be "located within the local government," this provision merely establishes that a residential development must be located within *any* local government in Texas to qualify under the chapter—not that it must be located within the specific local government that created the HFC.

49. First, the Act defines "local government" as "***any*** municipality or county," indicating that an HFC residential development can be located in *any* municipality or county. *See* Tex. Loc. Gov't Code § 394.003(10) (2024).

50. Next, the Act defines "[r]esidential development" to mean:

[T]he acquisition, construction, reconstruction, rehabilitation, repair, alteration, improvement, or extension of any of the following items or any combination of the

following items for the purpose of providing decent, safe, and sanitary housing and nonhousing facilities that are an integral part of or are functionally related to any affordable housing project, whether in one or multiple locations, including any facilities used for the purpose of delivering tenant services, as defined by Section 2306.254, Government Code:

(A) land, an interest in land, a building or other structure, facility, system, fixture, improvement, addition, appurtenance, or machinery or other equipment;
(B) real or personal property considered necessary in connection with an item described by Paragraph (A); or
(C) real or personal property or improvements functionally related and subordinate to an item described by Paragraph (A).

Tex. Loc. Gov't Code § 394.003(13) (2024).

51.     The Act's purposes reflect that "the creation of housing finance corporation is for the benefit of the people of the state, improves the public health and welfare, and promotes the economy." Tex. Local Gov't Code §§ 394.002(c)(1); (2) ("those purposes are public purposes"), (3) ("the corporation[…]performs an essential government function on behalf of and for the benefit for the general public, the local government, and this state."); 394.015(d) ("The corporation may issue bonds and carry out the public purposes for which it is incorporated on behalf of or for the benefit of the general public, the local government, and this state.") (2024).

52.     This interpretation is consistent with the Act's purpose of expanding affordable housing opportunities throughout Texas. If the Legislature had intended to limit housing finance corporations to operating solely within their creating jurisdictions under the former law, it would have included explicit language to that effect. The passage of H.B. No. 21 confirms this intent, insofar as it codifies the following new subsections into Loc. Gov't Code § 394.031:

(c) Subject to Subsection (d), the area in which a housing finance corporation may own real property for residential development or engage in residential development is limited to:

(1)  for a housing finance corporation sponsored by a municipality under Section 394.011, the boundaries of the municipality that sponsored the corporation;

(2) for a housing finance corporation sponsored by a county under Section 394.011, the boundaries of the county that sponsored the corporation; or

(3) for a housing finance corporation sponsored by more than one local government under Section 394.012:

> (A) the boundaries of each municipal sponsor of the corporation; and
>
> (B) the boundaries of each county sponsor of the corporation.

(d) A housing finance corporation may own real property for residential development or engage in residential development outside an area described by Subsection (c) only if a resolution or order, as applicable, approving that ownership or development in the outside area is adopted by the governing bodies of:

(1) each municipality that contains any part of the outside area in which the corporation proposes to own real property for residential development or engage in residential development;

(2) for a residential development or home located in the unincorporated area of a county, each county that contains any part of the outside area in which the corporation proposes to own real property for residential development or engage in residential development; and

(3) any housing finance corporation sponsored by a municipality or county described by Subdivision (1) or (2), as applicable.

53. In line with this departure from the liberal provisions of the former law, H.B. No. 21 also amends Loc. Gov't Code § 394.905 by adding a new subsection (b) which provides that:

(b) A multifamily residential development owned by a housing finance corporation is eligible for an exemption from ad valorem taxes, and the materials used to improve the applicable property are eligible for an exemption from sales and use taxes, only if:

(1) the property is located in an area in which the housing finance corporation is authorized to own real property or engage in residential development under Section 394.031(c) or (d)

54. Finally, H.B. No. 21 extends the former law's exemption for HFC residential development for two years **without** local government approval. Specifically, Section 13(i) of H.B. No. 21 provides that: "[a] residential development that is owned by a housing finance corporation on September 1, 2025, and is located outside an area in which the corporation is authorized to own

real property or engage in residential development under Section 394.031(c), Local Government Code, […] is not eligible for an ad valorem tax exemption under Section 394.905, Local Government Code […] after January 1, 2027, unless the corporation obtains the appropriate resolutions or orders required under Section 394.031(d) […] before that date."

55.     Plaintiffs' narrow interpretation of the Act would lead to absurd results. The interpretation of the Act contradicts the plain text definitions incorporated in the Act and subverts the broad public and state-wide purposes to expand affordable housing across the Lone Star State encompassed within the Act.

**B.     Plaintiffs Cannot Establish a Threat of Imminent Irreparable Injury**

56.     Plaintiffs have failed to identify any harm that is actually irreparable. An injury is irreparable only "if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Butnaru*, 84 S.W.3d at 204 (emphasis added). To prove probable injury, an applicant must show that he has no adequate remedy at law. *Savering v. City of Mansfield*, 505 S.W.3d 33, 49 (Tex. App.—Fort Worth 2016, pet. denied).

57.     Plaintiffs' proposed injunctive relief is, by definition, prospective. With the passage of H.B.21, the only possible properties still at issue are those which (1) the Defendant HFCs have acquired prior to the passage of H.B.21, but (2) the TAD has not yet effectuated the applicable property tax exemption under the prior law.

58.     As a result, Plaintiffs' sole alleged harm is the loss of potential tax revenue from a narrow subset of properties. There is no doubt that any potential injury that Plaintiffs are ultimately able to establish can be remedied with money damages. And "if an injury is compensable by money

damages, it is, by definition, not irreparable." *Veterinary Specialists of N. Texas, PLLC v. King*, 2022 WL 406095, at *5 (Tex. App.—Dallas Feb. 9, 2022).

59.     There is no doubt that Plaintiffs are aware that failure to pay money owed to a taxing unit is not an irreparable injury that warrants injunctive relief. Arlington successfully advanced this exact argument in a dispute with Fort Worth. *See, e.g.*, *City of Arlington v. City of Fort Worth*, 873 S.W.2d 765, 769 (Tex. App.—Fort Worth 1994, writ dism'd w.o.j.) (holding that the City of Arlington's failure to pay the City of Fort Worth for sludge treatment was not such irreparable harm as would support issuance of temporary injunction, since it could be compensated with monetary damages).

60.     There is no dispute that any injury suffered by Plaintiffs would ultimately be readily quantified in terms of money damages. In fact, Plaintiffs quantify the precise amount of tax revenue that it alleges it has lost from prior exemptions. *See, e.g.*, 2nd Am. Pet. at ¶¶ 20-21, 24; 1st Am. Pet. at ¶¶ 22-25. Any claimed losses, further, can be recovered through a back-appraisal if Plaintiffs raise such a request in a challenge petition this year or within the next four tax years under the back-appraisal provision' five-year limitations period.

61.     Accordingly, Plaintiffs have failed to establish that any irreparable harm will result if the TAD is permitted to effectuate the noticed exemptions.

## V. PRAYER

WHEREFORE, Defendant HFCs respectfully request that this court (i) deny Arlington and Fort Worth's Application for Temporary Injunction; and (ii) award Defendant HFCs all such other relief required by law or equity.

Dated: June 2, 2025.                              Respectfully submitted,


*/s/ Kathryn E. Yukevich*
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Kathryn E. Yukevich
State Bar No. 24133390
kyukevich@tillotsonlaw.com
**TILLOTSON JOHNSON & PATTON**
1201 Main Street, Suite 1300
Dallas, TX 75202
Telephone: (214) 382-3041
Facsimile: (214) 292-6564

**COUNSEL FOR DEFENDANT PECOS HFC**

*/s/ Daniel J. Lecavalier*
Blake W. Stribling
Texas Bar No. 24070691
Daniel J. Lecavalier
Texas Bar No. 24129028
CHASNOFF STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: 210-469-4155
Email: bstribling@chasnoffstribling.com
Email: dlecavalier@chasnoffstribling.com

*/s/ Roel Gutierrez*
Roel Gutierrez
State Bar No. 24069842
Law Office of Roel Gutierrez, PLLC
4415 N. McColl Rd.
McCallen, TX 78504
(956) 278-3529 Phone / (956) 278-3530 Fax
roelgutierrezlaw@gmail.com
and
Robert J. Salinas
State Bar No. 17536000
2101 Wood Ave.
Donna, Texas 78537
Tel: 956-464-2460
Email: rjslawoffice@hotmail.com

**COUNSEL FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

   I certify that a true and correct copy of the foregoing has been served in compliance with the Texas Rules of Civil Procedure on this 2nd day of June, 2025, to the following counsel of record:

| | |
|---|---|
| Galen G. Gatten<br>galen.gatten@arlingtontx.gov<br>Alexander J. Lindvall<br>alexander.lindvall@arlingtontx.gov<br>Jonathan M. Moss<br>jonathan.moss@arlingtontx.gov<br>Joseph N. Nguyen<br>joseph.nguyen@arlingtontx.gov<br>Nena Chima-Tetteh<br>nena.chima-tetteh@arlingtontx.gov<br>CITY OF ARLINGTON<br>CITY ATTORNEY'S OFFICE<br>P.O. Box 90231, MS 63-0300<br>Arlington, Texas 76004<br><br>*Counsel for Plaintiff City of Arlington* | Stephen A. Cumbie<br>Senior Assistant City Attorney<br>Stephen.cumbie@fortworthtexas.gov<br>Christopher B. Mosley<br>Senior Assistant City Attorney<br>Chris.mosley@forthworthtexas.gov<br>Olyn Poole<br>Senior Assistant City Attorney<br>Olyn.poole@forthworthtexas.gov<br>CITY OF FORTH WORTH<br>OFFICE OF THE CITY ATTORNEY<br>100 Forth Worth Trail<br>Fort Worth, Texas 76102<br><br>*Counsel for Intervenor-Plaintiff City of Forth Worth* |
| James R. Evans, Jr.<br>jevans@lsejlaw.com<br>Eric Ruiz<br>eruiz@lsejlaw.com<br>LOW SWINNEY EVANS & JAMES, PLLC<br>4425 South Mopac Expressway<br>Building 3, Suite 400<br>Austin, Texas 78735<br><br>*Counsel for Defendant Joe Don Bobbitt* | |

                */s/ Kathryn E. Yukevich*
                Kathryn E. Yukevich

**HFC DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**APPLICATIONS FOR TEMPORARY INJUNCTION**       **PAGE 21**

370

EXHIBIT
A



Certified Mail No: 7019 1120 0000 4967 1923

**April 27, 2023**

| |
|---|
| Si usted necesita asistencia en español, por favor llame al teléfono 512 930-3787. Para más información visite nuestra página web: www.wcad.org. |

**Protest Deadline: May 30, 2023**



ACCOUNT NO:

LEGAL DESCR:

Dear Property Owner:

Pursuant to Tax Code Section 11.45(a)(4), Williamson Central Appraisal District must **Deny** your request for **2023 TEXAS LOCAL GOVERNMENT CODE 303.042** exemption(s) on the above referenced property.

**Reason(s) for denial include, but are not limited to the following:**

1. The requestor is not entitled to the exemption.
2. The property does not qualify for the exemption.
3. Documentation filed with the request does not support the exemption.
4. The requestor failed to demonstrate that the property is used for a public purpose, as required by the Texas Constitution. These constitutional requirements include, but are not necessarily limited to, those found in article VIII, section 2 and article XI, section 9 of the Texas Constitution.
5. The requestor failed to demonstrate that the property benefits the residents or property of SH 130 (SH130 MMD) and/or the Texas Essential Housing Public Facility Corporation (TEHPFC.)
6. To the extent that Texas Local Government Code section 303.042—or any other statutory provision—exempts property even absent a showing that the property is used for a public purpose, such a provision is unconstitutional.
7. Section 303.042 of the Local Government Code does not apply to the subject property and therefore does not entitle it to an exemption.
8. The requestor did not fully comply with section 303.042.
9. The requestor failed to demonstrate that they met the affordability restrictions in section 303.042.
10. Local Government Code section 303.042(d)'s affordability restrictions apply only to a PFC that is created by a housing authority. Because the TEHPFC was not created by a housing authority, section 303.042(d) is inapplicable to the TEHPFC.



*"Our mission is to provide an accurate, fair and cost-effective appraisal roll while maintaining high levels of transparency and giving industry leading customer service to the consumers of our data and services."*

11. The requestor provided no other argument or evidence that the property is used for a public purpose other than section 303.042(d) of the Local Government Code. If the requestor puts forward another basis for the exemption, WCAD will review that request and provide a determination on that request.

12. Section 303.042(f) only applies to exempt a leasehold from taxation under Section 25.07 of the Tax Code, but section 303.042(f) does not authorize an exemption to the owner of the property for the underlying full fee simple value of the property.

13. Leasing property to a private developer does not constitute a public purpose.

14. A PFC is not entitled to an exemption on property outside its boundaries, and there is no showing that the property serves a public purpose and benefits the residents of the PFC.

15. The requestor failed to demonstrate that a PFC may acquire property outside the PFC's geographic boundaries or the geographic boundaries of the PFC's sponsor.

16. The public purpose of an MMD may include providing housing inside the MMD's boundaries, but there is no authorization for providing housing outside the MMD's geographic boundaries.

17. Even if the TEHPFC or SH130 MMD may own housing developments outside their geographic boundaries, there is not authorization for that property to be entitled to an ad valorem tax exemption.

18. The taxing units in which the subject property sits never consented to the purchase or development of this property by the SH130 MMD or the TEHPFC, nor did they consent to the creation of the MMD or the TEHPFC and the potential attending reduction in tax liabilities.

19. PFCs are not political subdivisions and cannot qualify for an exemption as a governmental entity. Instead, PFCs must establish they are a charitable entity and qualify for exemptions as such. The TEHPFC has not demonstrated that they qualify for such an exemption.

20. The applicant has otherwise failed to meet the required showings for entitlement to the requested exemptions, including a failure to demonstrate that the project at issue meets the "affordability restrictions" found in section 303.042(d).

You are entitled to protest this denial by filing a written notice of protest with the Appraisal Review Board within 30 days of the date of this denial. If a timely protest is filed, you will be notified of an opportunity to appear before the ARB to present evidence and arguments regarding this matter.

The Property Owner's Notice of Protest Form 50-132 is located at https://comptroller.texas.gov/ please mail to the address below.

Thank you,

**Exemptions Department**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kathryn Yukevich
Bar No. 24133390
kyukevich@tillotsonlaw.com
Envelope ID: 101489903
Filing Code Description: Answer/Response
Filing Description: Defendant HFC's Response in Opposition to Arlington and Fort Worth's Application for Temporary Injunction
Status as of 6/2/2025 12:11 PM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/2/2025 11:00:22 AM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/2/2025 11:00:22 AM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/2/2025 11:00:22 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/2/2025 11:00:22 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/2/2025 11:00:22 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/2/2025 11:00:22 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/2/2025 11:00:22 AM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/2/2025 11:00:22 AM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/2/2025 11:00:22 AM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/2/2025 11:00:22 AM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 11:00:22 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kathryn Yukevich
Bar No. 24133390
kyukevich@tillotsonlaw.com
Envelope ID: 101489903
Filing Code Description: Answer/Response
Filing Description: Defendant HFC's Response in Opposition to Arlington and Fort Worth's Application for Temporary Injunction
Status as of 6/2/2025 12:11 PM CST

Associated Case Party: THEPLEASANTON HFC

| | | | | |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 11:00:22 AM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/2/2025 11:00:22 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 6/2/2025 11:00:22 AM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/2/2025 11:00:22 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/2/2025 11:00:22 AM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/2/2025 11:00:22 AM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/2/2025 11:00:22 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 11:00:22 AM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/2/2025 11:00:22 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/2/2025 11:00:22 AM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 11:00:22 AM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/2/2025 11:00:22 AM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/2/2025 11:00:22 AM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 11:00:22 AM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/2/2025 11:00:22 AM | SENT |

Associated Case Party: THECITY OF FORT WORTH

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kathryn Yukevich
Bar No. 24133390
kyukevich@tillotsonlaw.com
Envelope ID: 101489903
Filing Code Description: Answer/Response
Filing Description: Defendant HFC's Response in Opposition to Arlington and Fort Worth's Application for Temporary Injunction
Status as of 6/2/2025 12:11 PM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 11:00:22 AM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/2/2025 11:00:22 AM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 11:00:22 AM | SENT |

FILED
TARRANT COUNTY
6/2/2025 1:35 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| **CITY OF ARLINGTON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **PECOS HOUSING FINANCE** | § | |
| **CORPORATION, a Texas nonprofit** | § | |
| **corporation; JOE DON BOBBITT, in his** | § | |
| **official capacity as Chief Appraiser of the** | § | **348th JUDICIAL DISTRICT** |
| **Tarrant Appraisal District,** | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF FORT WORTH** | § | |
| | § | |
| *Intervenor-Plaintiff* | § | **TARRANT COUNTY, TEXAS** |

---

**CITY OF FORT WORTH'S THIRD AMENDED PETITION IN INTERVENTION AND
APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND INJUNCTIVE RELIEF**

---

TO THE HONORABLE JUDGE OF THIS COURT:

In support of its Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief, Plaintiff-Intervenor City of Fort Worth ("Fort Worth") alleges the following:

### I.     INTRODUCTION

1.     This case concerns a misuse and abuse of the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* Fort Worth recently learned that the Pecos Housing Finance Corporation ("Pecos HFC"), the Pleasanton Housing Finance Corporation ("Pleasanton HFC") the La Villa Housing Finance Corporation ("La Villa HFC"), and the Maverick County Housing Finance Corporation ("Maverick County HFC") have been unlawfully removing Fort

376

Worth-based properties from Tarrant County tax appraisal rolls in exchange for monetary kickbacks resulting in the loss of millions of dollars in real property value from the local tax base.

2.      Defendant HFCs' scheme seems to work like this: a private developer acquires land for a new multifamily development (or acquires an already-existing multifamily development) in a city or county other than where the HFC is located; the private developer then conveys that property to the HFC; the HFC, as the new owner, then applies for and receives a 100% tax exemption from the Tarrant Appraisal District, and the property is removed from the tax rolls; the HFC then leases that now-exempt property back to a private landlord (oftentimes the same developer who originally purchased the property), who then shares the profits with the HFC. The upshot of this scheme is that the developer and landlord get a massive tax exemption, the HFC gets to collect fees and a portion of the development's profits, and the other city (in this case, Fort Worth) bears 100% of the downside.

3.      In short, a handful of tiny public corporations, located hundreds of miles away in towns with no connection to Fort Worth, have drastically reduced Fort Worth's yearly tax revenue by millions of dollars while they rake in undeserved fees and profits from Fort Worth-based rental properties. Fort Worth now intervenes to ask this Court to halt the Defendant HFCs' unlawful behavior before they do any further irreversible damage to Fort Worth's tax base, and to stop the Chief Appraiser of the Tarrant Appraisal District from granting tax exemptions requested by the Defendant HFCs for any Fort Worth- based properties.

## II.    PARTIES

4.      Plaintiff City of Arlington is a home-rule municipality located in Tarrant County, Texas.

5.      Intervenor-Plaintiff City of Fort Worth is a home-rule municipality located in Tarrant County, Texas.

6.      Defendant Pecos HFC is a Texas nonprofit corporation.  It has already been served and appeared.

City of Fort Worth's Third Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                                    Page 2

377

7.      Defendant Pleasanton HFC is a Texas nonprofit corporation.  It can be served with citation through its registered agent, Johnny Huizar, at 108 Second Street, Pleasanton, Texas 78064, or wherever else he may be located.

8.      Defendant La Villa HFC is a Texas nonprofit corporation.  It can be served with citation through its registered agent, Rosa Perez, at 916 South Mike Chapa Drive, La Villa, Texas 78562, or wherever else she may be located.

9.      Defendant Maverick County HFC is a Texas nonprofit corporation.  It can be served with citation through its registered agent, the Honorable Ramsey English Cantu, at 500 Quarry Street, Suite 3, Eagle Pass, Texas 78852, or wherever else he may be located.

10.     Defendant Joe Don Bobbitt is the Chief Appraiser of the Tarrant Appraisal District.  He is being sued in his official capacity only and has already been served and appeared.

### III.    JURISDICTION, VENUE, AND DISCOVERY CONTROL PLAN

11.     This Court has jurisdiction over this matter because Plaintiffs seek relief within the jurisdictional limits of this Court. *See* Tex. Civ. Prac. & Rem. Code §§ 65.001 *et seq.*; Tex. R. Civ. P. 680.

12.     Venue is proper in Tarrant County because all (or at least a substantial part) of the events and actions giving rise to this case occurred in Tarrant County—and by conducting business in Tarrant County, Defendants have purposely availed themselves to this venue. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).  This suit, moreover, concerns real property located in Tarrant County, making Tarrant County the mandatory venue for this case. *See id.* § 15.011.

13.     Venue is also proper pursuant to the Tax Code, which provides that "[a] taxing unit," like Fort Worth, "may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with…applicable law." Tex. Tax Code § 43.01.  It further provides

City of Fort Worth's Third Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                      Page 3

378

that, in such a suit, "[v]enue is in the county in which the appraisal district is established." *Id*. § 43.02. As such, because Fort Worth (a taxing unit) is suing the Tarrant Appraisal District, Tarrant County is the mandatory venue for this case. *Id*. Sections 43.01 and 4303 of the Tax Code, moreover, waive any governmental immunity Defendant Bobbitt might have.

14. Plaintiffs intend to conduct discovery in this case under the Level 3 discovery control plan. *See* Tex. R. Civ. P. 190.4.

## IV. BACKGROUND & RELEVANT LAW

### A. The Texas Housing Finance Corporation Act.

15. This suit concerns the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.* ("the Act"). The Act was passed in 1979 to help facilitate the development of low-income housing. *See* Tex. Local Gov't Code § 394.002(a) (the Act's purpose is to "provide a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices for residents of local governments").

16. To help create more low-income housing, the Act empowers local governments to create Housing Finance Corporations ("HFCs")—nonprofit organizations, comprised of local officials, that help coordinate and facilitate affordable-housing projects. *See* Tex. Local Gov't Code §§ 394.002, 394.011(a), 394.032. And because HFCs are (at least in theory) furthering a public purpose, the Act provides that HFC-owned properties and the income derived from those properties are tax-exempt. *Id.* § 394.905 ("The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of this state.").

17. HFCs are commonly a part of public/private real estate partnerships, in which a

City of Fort Worth's Third Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief

Page 4

379

private developer acquires land for a new development or acquires an existing multifamily project and then conveys it to an HFC, which then acquires tax-exempt status for the property and leases the property to a private landlord who, in turn, pays fees to the HFC and shares the profits generated by the property with the HFC.

18. But because the Act allows for such an enormous tax benefit, it provides two specific restrictions on what residential developments an HFC can tax-exempt: (1) a residential development can receive tax exemption from an HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income," as defined by the statute, *id.* § 394.004; and (2) the residential development "must be located within the local government," *id.* § 394.903.

19. An HFC, in other words, can tax-exempt a residential development only if the development is located within the HFC's local jurisdiction and is actually used to house low-income individuals. *See id.* §§ 394.004, 394.903.

**B.    Defendant HFCs are unlawfully exempting properties in Fort Worth that do not house low-income residents.**

20. Fort Worth has learned that the Defendant HFCs have been ignoring these statutory restrictions and have been seeking and acquiring tax exemptions for large, multifamily housing developments in Fort Worth.

21. As described in further detail below, the Defendant HFCs' unlawful tax-exemption scheme has already removed hundreds of millions of dollars from Tarrant County taxing units' tax rolls and have caused Fort Worth to lose millions of dollars in annual tax revenue.

22. To illustrate, in October of 2024, Defendant Maverick County HFC acquired The

City of Fort Worth's Third Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                                                 Page 5

380

Sovereign (5301 North Tarrant Parkway)[1]—an already-built, self-described "luxury apartment community" located in far north Fort Worth.[2] After acquiring this complex, Maverick County HFC applied for and received a full tax exemption for this property.[3] This property is appraised at $80,369,852.[4] So, when it was removed from the tax rolls, it caused the Tarrant County Appraisal District to lose over $1.8 million in annual ad valorem tax revenue, and Fort Worth's share of that revenue is over $540,000.[5]

23.     In other words, by exempting just one apartment complex in Fort Worth, the Maverick County HFC caused the City of Fort Worth to lose over a half million dollars in annual tax revenue, and there is no clear path for Fort Worth (or other affected local entities) to recoup that loss.

24.     To make matters worse, it appears that The Sovereign doesn't even provide low-income housing.  Its smallest unit, a 660 square foot one-bedroom apartment, rents for $1,379 per month.[6] Upon information and belief, this complex does not come close to meeting the 90%-low-to moderate- income housing threshold needed to receive an exemption under the Act.  *See* Tex. Local Gov't Code § 394.004 (providing that a residential development can receive tax exemption from a HFC only if at least 90% of the development "is for use by or is intended to be occupied by persons of low and moderate income").

25.     In another example, on January 24, 2025, Defendant Pleasanton HFC acquired the Rocklyn Fort Worth apartment complex, located at 637 Samuels Avenue in the Rocklyn Trinity Uptown neighborhood on the bluffs overlooking the west fork of the Trinity River just north of

---

[1] https://www.tad.org/property?account=41652207
[2] https://www.sovereignkeller.com
[3] https://www.tad.org/property?account=41652207
[4] *Id*.
[5] Calculated from information found at https://taxonline.tarrantcounty.com/TaxWeb/ratesExemptions.asp
[6] https://www.sovereignkeller.com/floor-plans

City of Fort Worth's Third Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 6

381

Downtown Fort Worth.[7] Pleasanton HFC promptly secured a tax exemption for this property, removing its assessed value of over $70 million from the Tarrant County tax rolls.[8] This upscale apartment complex currently offers one- to three-bedroom apartments for monthly rents ranging from $1,464 to $2,976,[9] and upon information and belief, also does not satisfy the low- to moderate-income housing threshold required for an exemption under the Act. In fact, there appears to be no reason to believe renter demographics for this property have in any way changed since the complex opened in 2018. If true, Pleasanton HFC's acquisition of this property has done nothing to increase access to affordable housing as required by statute. Meanwhile, its exemption from property taxes provides the complex with a windfall savings of over $1.5 million annually.[10] Fort Worth loses approximately $474,000 in yearly tax revenue, yet still bears the costs of providing city services to the property.[11]

26. This is a widespread problem across the state. The City of Euless, for example, has seen at least a 2% drop in its overall annual revenue after a *single* apartment complex received tax-exempt status from the Cameron County HFC;[12] and Dallas, McKinney, Irving, Lewisville, and other north Texas cities have reported millions of dollars in total lost tax revenue.[13] Worse, these out-of-jurisdiction HFCs are often bestowing tax-exempt status to already-built structures (not new projects), and many of the exempted properties aren't even affordable-housing projects; they are typical for-profit apartments and condos, usually located in upmarket neighborhoods, that do not

---

[7] https://www.tad.org/property?account=42402920, https://www.tad.org/property?account=42402938, and https://www.tad.org/property?account=42402946

[8] *Id*.

[9] https://www.rocklynfortworth.com/floorplans

[10] Calculated from information found at https://taxonline.tarrantcounty.com/TaxWeb/ratesExemptions.asp

[11] *Id*.

[12] Andrea Lucia, *Euless Loses 2 Percent of Revenue to Controversial Tax Break Approved in Faraway County*, CBS News (Feb. 21, 2024).

[13] Andrea Lucia, *Housing Group Made Millions Getting Tax Breaks for Developers, Costing Cities and Schools Even More*, CBS News (Dec. 22, 2023).

City of Fort Worth's Third Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 7

382

offer reduced rent, housing vouchers, or other benefits to low-income applicants.[14]

27.     According to information available on the Tarrant Appraisal District website, Defendant HFCs currently own a total of 26 properties located in Fort Worth [See the spreadsheet attached hereto as **Exhibit 1**].  For 13 of these properties, Defendants have already been granted a 2025 tax exemption by the Tarrant Appraisal District.  These 13 exempt properties have a combined assessed value of $529,632,697 for the current tax year.  The removal of this *over half a billion dollars* of taxable value from Tarrant County tax rolls will cost the City of Fort Worth alone over $3 million in 2025 tax revenue, and will similarly affect the tax revenues of Tarrant County, Tarrant Regional Water District, Tarrant County Hospital District, Tarrant County College, and the Fort Worth, Keller, Eagle Mountain-Saginaw, Crowley and Northwest Independent School Districts.

28.     Defendant HFCs currently own another 13 properties in Fort Worth for which they have not yet acquired a tax exemption.  These 13 properties have a combined assessed 2025 value of $486,878,261. These properties are the focus of Fort Worth's claims in this lawsuit.  Fort Worth intervenes to enjoin Defendants from acquiring tax-exempt status on these properties and to prevent this additional half a billion dollars of taxable value from being removed from the tax rolls, which otherwise would cost the City an additional $3 million in tax revenue.

29.     Because of the widespread nature of this practice, there was a strong bipartisan legislative push to remove any doubt about the illegality of this sort of tax-exemption scheme. *See*, *e.g.*, 2025 H.B. No. 21.[15]  This bill has been signed by the governor and is now law.

---

[14] *Id*. (documenting that an out-of-town HFC purchased an apartment complex in a "luxurious community" in Irving and that the tenants' rents went *up* significantly under the HFC's ownership).
[15] https://legiscan.com/TX/text/HB21/id/3053018

City of Fort Worth's Third Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 8

383

### C.  Texas Constitution

30.  Tex. Const. art. VIII Section 11 limits counties' ad valorem taxation authority to property within their prospective boundaries. Any law that purports to allow a local government to take properties off the tax rolls outside jurisdiction of that local government violates this constitutional principle.

### V.  CAUSE OF ACTION: DECLARATORY JUDGMENT & TAX CODE

31.  Texas's Uniform Declaratory Judgments Act (UDJA) allows trial courts to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Tex. Civ. Prac. & Rem. Code § 37.003. The UDJA further provides that "[a] person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a). The Legislature intended the UDJA to be "remedial" and "liberally construed," and "its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Id.* § 37.002(b).

32.  In a declaratory action, like this one, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* § 37.009.

33.  Fort Worth asks for a declaratory judgment from this Court that the Act prohibits Defendant HFCs from acquiring property outside of their geographical jurisdictions;

34.  Fort Worth asks for a declaratory judgment from this Court declaring that the Act does not allow Defendants to bestow tax exemptions to Fort Worth-based properties.

35.  Fort Worth further asks for a declaratory judgment that Article VIII, Section 11 of the Texas Constitution limits counties' ad valorem taxation authority to "property within their respective boundaries" and that the Defendants' scheme violates Constitutional limits on the scope

City of Fort Worth's Third Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 9

384

of Texas counties' taxing authority.

36.     The Tax Code, moreover, provides that "[a] taxing unit may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with …applicable law." Tx. Tax Code § 43.01. It further empowers this Court to "enter…orders necessary to compel compliance by the appraisal office." *Id.* § 43.03.

37.     Pursuant to these laws, Fort Worth asks this Court to prevent Defendant Bobbitt from unlawfully awarding any further tax exemptions to the Defendant HFCs. *See id*. § 43.01, 43.03; TEX. CIV. PRAC. & REM. CODE §§ 37.001 *et seq*.

## VI.     APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

38.     To stop the Defendant HFCs from closing on any more Fort Worth-based properties, Fort Worth asks this Court for a temporary restraining order ("TRO") and a temporary injunction that prohibits the Defendant HFCs from (a) closing on any Fort Worth-based properties or (b) requesting or receiving any tax exemptions for Fort Worth-based properties.

39.     Fort Worth further requests a TRO and a temporary injunction that prohibits Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, from granting tax exemptions requested by the Defendant HFCs regarding any Fort Worth-based properties.

40.     Fort Worth requests that this Court issue this TRO without notice to Defendants. Rule 680 allows the Court to issue a TRO without notice if it "clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." Tex. R. Civ. P. 680. Additionally, as previously noted, this sort of tax-exemption scheme is, in all likelihood, about to become indisputably illegal, and Fort Worth believes the Defendant HFCs are already in a rush to close on as many out-of-jurisdiction deals as possible in the coming weeks and

City of Fort Worth's Third Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 10

385

months. A no-notice TRO will prevent this unlawful behavior from occurring and will not unduly prejudice the Defendant HFCs in the short-term.

41. Judge Betsy Lambeth, of the 425th District Court in Williamson County, recently granted a no-notice TRO against the Cameron County HFC on virtually identical grounds. [*See* Plf. Orig. Pet. & TRO, *Williamson Cnty. et al. v. Cameron Cnty. Housing Finance Corp.*, 425th Judicial District Court, No. 25-0488-C425 (March 5, 2025), attached hereto as **Exhibit 2**.]

42. This Court should follow suit and issue a TRO that prevents Defendant HFCs from overstepping jurisdictional bounds and from requesting tax-exempt status for any Fort Worth-based properties. And out of an abundance of caution, this Court should also issue a TRO against the Defendant Joe Don Bobbitt, the Chief Appraiser of the Tarrant Appraisal District, that prevents him from granting tax exemptions requested by a Defendant HFC regarding any Fort Worth-based property.

43. Once that TRO has expired, Fort Worth asks for a temporary injunction. "To obtain a temporary injunction, [an] applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "Whether to grant or deny a temporary injunction is within the trial court's sound discretion," and an order granting injunctive relief will be reversed on appeal only if "the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Id.*

44. All these elements are present. Fort Worth has pleaded a cause of action against Defendants: a declaratory action under the UDJA. Fort Worth has shown it will likely be successful in this declaratory action, as the Act's plain language prohibits Defendant HFCs' complained-of conduct. And, in the absence of injunctive relief, Defendant HFCs are likely to close on additional

City of Fort Worth's Third Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                    Page 11

386

Fort Worth-based properties and/or apply for a tax exemptions, which would lead to an irreversible removal of this property from the local tax rolls. Simply put, this is precisely the sort of case in which equitable relief is warranted.

## PRAYER FOR RELIEF

Based on the foregoing, Intervenor-Plaintiff City of Fort Worth respectfully asks this Court for the following relief:

(A)     To issue a TRO and temporary injunction against Defendant HFCs and Defendant Joe Don Bobbitt that (i) prevents Defendant HFCs from requesting or receiving tax exemptions for any Fort Worth-based properties, and (ii) prevents Mr. Bobbitt from granting tax exemptions requested by Defendant HFCs regarding any Fort Worth-based properties. A proposed TRO was filed contemporaneously herewith.

(B)     After the expiration of this TRO, and after a hearing, to issue a temporary injunction against the same Defendants that enjoins the same unlawful conduct pending trial.

(C)     After a final trial on the merits, to issue (i) a declaratory judgment declaring that the Texas Housing Finance Corporation Act, Tex. Local Gov't Code §§ 394.001 *et seq.*, does not allow Defendant HFCs to bestow tax-exempt status to properties located in Fort Worth; a declaration that Defendant HFCs may not acquire property in Fort Worth; and a declaration and permanent injunction against the Chief Appraiser of TAD from grant further tax exemptions to foreign HFCs.

(D)     To award Fort Worth its attorney's fees and costs.

(E)     To award any other relief this Court deems appropriate.

City of Fort Worth's Third Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief                                          Page 12

387

Respectfully submitted,

/s/ Stephen A. Cumbie
STEPHEN A. CUMBIE
Senior Assistant City Attorney
State Bar No. 24056724
*stephen.cumbie@fortworthtexas.gov*

CHRISTOPHER B. MOSLEY
Senior Assistant City Attorney
State Bar No. 00789505
*chris.mosley@fortworthtexas.gov*

OLYN POOLE
Senior Assistant City Attorney
State Bar No. 24037292
*olyn.poole@fortworthtexas.gov*

CITY OF FORT WORTH
Office of the City Attorney
100 Fort Worth Trail
Fort Worth, Texas 76102
P: (817) 392-7600

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of June 2025 a true and correct copy of the foregoing document was e-filed with the Clerk of the Court and electronically served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/ Stephen A. Cumbie
STEPHEN A. CUMBIE

City of Fort Worth's Third Amended Petition in Intervention and its Application for a
Temporary Restraining Order and Injunctive Relief

Page 13

388

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; JOE DON BOBBITT, in his | § | |
| official capacity as Chief Appraiser of the | § | 348th JUDICIAL DISTRICT |
| Tarrant Appraisal District, | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH | § | |
| | § | |
| *Plaintiff-Intervenor* | § | TARRANT COUNTY, TEXAS |

---

## VERIFICATION

---

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas on this day personally appeared Stephen A. Cumbie, Senior Assistant City Attorney for the City of Fort Worth, who, after being duly sworn, stated under oath that he has read the above Second Amended Petition in Intervention and its Application for a Temporary Restraining Order and Injunctive Relief; and that every

statement contained therein is within his personal knowledge and is true and correct.

_____
Stephen A. Cumbie, Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 2nd day of June 2025.

LAURA GREGORY
Notary Public, State of Texas
Comm. Expires 03-08-2028
Notary ID 4463814

_____
Notary Public in and for
The State of Texas

## TRAVELING HFCs IN THE CITY OF FORT WORTH

| PROPERTY ADDRESS | HOUSING FINANCE CORPORATION | DATE OF ACQUISITION | EXEMPTION STATUS | PROPERTY VALUE | FORT WORTH'S LOST REVENUE | TARRANT APPRAISAL DISTRICT WEBSITE LINK |
|---|---|---|---|---|---|---|
| 8901 S NORMANDALE ST | PECOS HOUSING FINANCE CORPORATION | 2025-02-15 | EXEMPT | $30,773,181.00 | $206,949.64 | https://www.tad.org/property?account=03435024 |
| 9051 S NORMANDALE ST | PECOS HOUSING FINANCE CORPORATION | 2025-02-15 | EXEMPT | $13,921,653.00 | $93,623.12 | https://www.tad.org/property?account=03435076 |
| 3391 WESTERN CENTER BLVD | PECOS HOUSING FINANCE CORPORATION | 2025-02-27 | EXEMPT | $41,184,002.00 | $276,962.41 | https://www.tad.org/property?account=07008937 |
| 5301 NORTH TARRANT PKWY | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2024-10-09 | EXEMPT | $80,369,852.00 | $540,487.25 | https://www.tad.org/property?account=41652207 |
| 8100 N RIVERSIDE DR | PLEASANTON HOUSING FINANCE CORPORATION | 2024-10-31 | EXEMPT | $58,188,517.00 | $391,317.78 | https://www.tad.org/property?account=41410475 |
| 2188 E LOOP 820 | PLEASANTON HOUSING FINANCE CORPORATION | 2024-11-15 | EXEMPT | $29,852,508.00 | $200,758.12 | https://www.tad.org/property?account=01184954 |
| 5801 BRIDGE ST | PECOS HOUSING FINANCE CORPORATION | 2025-01-15 | EXEMPT | $28,579,464.00 | $192,196.90 | https://www.tad.org/property?account=04972759 |
| 6051 BRIDGE ST | PECOS HOUSING FINANCE CORPORATION | 2025-01-15 | EXEMPT | $22,355,436.00 | $150,340.31 | https://www.tad.org/property?account=04972848 |
| 6776 WESTCREEK DR | PECOS HOUSING FINANCE CORPORATION | 2024-12-19 | EXEMPT | $33,857,834.00 | $227,693.93 | https://www.tad.org/property?account=05628954 |
| 637 SAMUELS AVE | PLEASANTON HOUSING FINANCE CORPORATION | 2025-01-24 | EXEMPT | $70,526,952.00 | $474,293.75 | https://www.tad.org/property?account=42402920 |
| | | | | | | https://www.tad.org/property?account=42402938 |
| | | | | | | https://www.tad.org/property?account=42402946 |
| 9632 BERKSHIRE LAKE BLVD | PLEASANTON HOUSING FINANCE CORPORATION | 2025-03-18 | EXEMPT | $69,600,728.00 | $468,064.90 | https://www.tad.org/property?account=42729627 |
| BLUE MOUND RD | PLEASANTON HOUSING FINANCE CORPORATION | 2025-01-27 | EXEMPT | $451,037.00 | $3,033.22 | https://www.tad.org/property?account=42721201 |
| 300 E. MORPHY ST | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2022-09-30 | EXEMPT | $49,971,533.00 | $336,058.56 | https://www.tad.org/property?account=42332301 |
| 14301 CENTRE STATION DR | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2025-02-03 | NO EXEMPTIONS | $101,117,467.00 | $680,014.97 | https://www.tad.org/property?account=41424360 |
| 1505 HOMEDALE DR | PECOS HOUSING FINANCE CORPORATION | 2025-03-19 | NO EXEMPTIONS | $25,793,728.00 | $173,462.82 | https://www.tad.org/property?account=04402324 |
| 500 E LOOP 820 | LA VILLA HOUSING FINANCE CORPORATION | 2025-04-04 | NO EXEMPTIONS | $24,554,971.00 | $165,132.18 | https://www.tad.org/property?account=04325893 |
| 5600 COTSWOLD HILLS DR | PECOS HOUSING FINANCE CORPORATION | 2025-03-24 | NO EXEMPTIONS | $27,759,851.00 | $186,685.00 | https://www.tad.org/property?account=00538744 |
| 6500 BOCA RATON BLVD | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2025-01-17 | NO EXEMPTIONS | $12,398,461.00 | $83,379.65 | https://www.tad.org/property?account=05661846 |
| 6501 BOCA RATON BLVD | MAVERICK COUNTY HOUSING FINANCE CORPORATION | 2025-01-17 | NO EXEMPTIONS | $23,082,702.00 | $155,231.17 | https://www.tad.org/property?account=05662486 |
| 6991 ANDERSON BLVD | PECOS HOUSING FINANCE CORPORATION | 2025-03-19 | NO EXEMPTIONS | $228,690.00 | $1,537.94 | https://www.tad.org/property?account=06468071 |
| 7040 JOHN T WHITE | PECOS HOUSING FINANCE CORPORATION | 2025-03-19 | NO EXEMPTIONS | $25,851,059.00 | $173,848.37 | https://www.tad.org/property?account=05654395 |
| 8900 COTTONWOOD VILLAGE DR | PLEASANTON HOUSING FINANCE CORPORATION | 2025-02-06 | NO EXEMPTIONS | $24,929,564.00 | $167,651.32 | https://www.tad.org/property?account=06493777 |
| 8900 RANDOL MILL RD | PECOS HOUSING FINANCE CORPORATION | 2025-03-24 | NO EXEMPTIONS | $45,043,125.00 | $302,915.02 | https://www.tad.org/property?account=05682045 |
| 6250 GRANBURY CUT OFF RD | PECOS HOUSING FINANCE CORPORATION | 2025-04-09 | NO EXEMPTIONS | $24,791,114.00 | $166,720.24 | https://www.tad.org/property?account=05503396 |
| 113 WESTERN SWING WAY | PECOS HOUSING FINANCE CORPORATION | 2025-04-09 | NO EXEMPTIONS | $78,184,484.00 | $525,790.65 | https://www.tad.org/property?account=42699604 |
| 6032 TRAVERTINE LN | PLEASANTON HOUSING FINANCE CORPORATION | 2025-03-07 | NO EXEMPTIONS | $73,143,045.00 | $491,886.98 | https://www.tad.org/property?account=42220783 |
| | | | | | | https://www.tad.org/property?account=42220791 |



**City of Fort Worth**

**EXHIBIT**

**2**

CAUSE NO. 25-0488-C425

at 9:39 **FILED** o'clock A. M. C.G.

MAR 0 5 2025

*Lisa David*
District Clerk, Williamson Co., TX

WILLIAMSON COUNTY, SIENA          §
MUNICIPAL UTIILTY DISTRICT NO. 1, §
and SIENA MUNICIPAL UTIILTY       §
DISTRICT NO. 2,                   §
    *Plaintiffs,*           §
                §
     v.                     §
                §
THE CAMERON COUNTY HOUSING        §
FINANCE CORPORATION,              §
    *Defendant.*            §

IN THE DISTRICT COURT

**425** JUDICIAL DISTRICT

WILLIAMSON COUNTY, TEXAS

## TEMPORARY RESTRAINING ORDER

After considering the application for a temporary restraining order filed by Plaintiffs in the above-styled matter, the pleadings, and the evidence, the Court finds that—

1. There is a current controversy over Defendant Cameron County Housing Finance Corporation's ("CCHFC") efforts to seek exemption from ad valorem taxes for properties located in Williamson County, including the following real properties:

    a. Lot 1, Siena Section 30, according to the map or plat thereof recorded as Document No. 2020037410 in the Official Public Records of Williamson County, Texas, located at 6531 CR 110, Round Rock, Texas, 78655. That property is a 13.677-acre tract of land on which a multi-family apartment project known as Siena Round Rock Apartments has been built ("Siena Round Rock").

    b. Lot 2, Block A, Siena South, according to the map or plat thereof recorded as Document No. 20200099820 in the Official Public Records of Williamson County, Texas, located at 5540 Sofia Place, Round Rock, Texas 78665. That Property is a

Temporary Restraining Order – Page 1 of 3

Exhibit 1

15.0496-acre tract of land on which a multi-family apartment project known as The Sommery has been built ("The Sommery").

2. As alleged in the Plaintiffs' petition and supporting verification, CCHFC currently owns Sienna Round Rock, and intends to acquire The Sommery, and seeks to remove both properties from the Williamson Central Appraisal District ad valorem tax rolls, purportedly under Section 394.905 of the Texas Local Government Code.

3. Imminent harm and irreparable harm will result if CCHFC is permitted to acquire The Sommery and seek and obtain exemptions of Sienna Round Rock and The Sommery from the William Central Appraisal District ad valorem tax rolls. Specifically, if a temporary restraining order is not granted, imminent and irreparable harm will result to Plaintiffs since those properties within their jurisdictions will be removed from the tax rolls, which will immediately impact their fiscal budgeting and decrease the ad valorem taxes they otherwise could collect for these properties.

4. There is no adequate remedy at law because such damages or harm to Plaintiffs cannot be calculated.

5. An *ex parte* order, without notice to CCHFC, is necessary because there is not enough time to give notice to CCHFC, hold a hearing, and issue a restraining order before the imminent and irreparable injury, loss or damage occurs.

6. Therefore, the Court ORDERS that—

a. CCHFC, as well as its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with CCHFC, are prohibited from (i) acquiring real property in

Temporary Restraining Order – Page 2 of 3

Exhibit 1

393

Williamson County, including The Sommery; (ii) seeking or obtaining exemptions from ad valorem taxes for real property in Williamson County, including Siena Round Rock and The Sommery.

b.  The clerk shall issue notice to CCHFC that the hearing on Plaintiffs' request for temporary injunction is set for __March 13__, 2025 at __9:00__ (a.m.)/p.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

c.  Plaintiffs are exempt from posting a bond pursuant to Section 6.001 of the Texas Civil Practice and Remedies Code and Section 49.066(f) of the Texas Water Code.

7.  This order expires on __March 14__, 2025 at __9:00__, __A__.m.

Signed:        March __5__, 2025

_____
Presiding Judge

Temporary Restraining Order – Page 3 of 3

Exhibit 1

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Gregory on behalf of Stephen Cumbie
Bar No. 24056724
Laura.Gregory@fortworthtexas.gov
Envelope ID: 101502900
Filing Code Description: Amended Filing
Filing Description: City of Fort Worth's Third Amended Petition in Intervention and App for Temp Injunction (added Exhibits 1 and 2)
Status as of 6/2/2025 3:54 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/2/2025 1:35:51 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/2/2025 1:35:51 PM | SENT |
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/2/2025 1:35:51 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/2/2025 1:35:51 PM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 6/2/2025 1:35:51 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/2/2025 1:35:51 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/2/2025 1:35:51 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 1:35:51 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/2/2025 1:35:51 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/2/2025 1:35:51 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/2/2025 1:35:51 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/2/2025 1:35:51 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/2/2025 1:35:51 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/2/2025 1:35:51 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 1:35:51 PM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/2/2025 1:35:51 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/2/2025 1:35:51 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/2/2025 1:35:51 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/2/2025 1:35:51 PM | SENT |
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/2/2025 1:35:51 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/2/2025 1:35:51 PM | SENT |
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 1:35:51 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Gregory on behalf of Stephen Cumbie
Bar No. 24056724
Laura.Gregory@fortworthtexas.gov
Envelope ID: 101502900
Filing Code Description: Amended Filing
Filing Description: City of Fort Worth's Third Amended Petition in Intervention and App for Temp Injunction (added Exhibits 1 and 2)
Status as of 6/2/2025 3:54 PM CST

Case Contacts

| Chandra Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 1:35:51 PM | SENT |
|---|---|---|---|---|
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 1:35:51 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/2/2025 1:35:51 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/2/2025 1:35:51 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/2/2025 1:35:51 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 1:35:51 PM | SENT |

FILED
TARRANT COUNTY
6/2/2025 3:24 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE | § | 348TH JUDICIAL DISTRICT |
| CORPORATION, A TEXAS NONPROFIT | § | |
| CORPORATION; JOE DON BOBBITT, | § | |
| IN HIS OFFICIAL CAPACITY AS CHIEF | § | |
| APPRAISER OF THE TARRANT | § | |
| APPRAISAL DISTRICT, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH, | § | |
| | § | |
| Intervenor-Plaintiff | § | TARRANT COUNTY, TEXAS |

### RESPONSE BY DEFENDANT JOE DON BOBBITT TO DEFENDANT HOUSING FINANCE CORPORATIONS' MOTIONS TO TRANSFER VENUE

NOW COMES Defendant Joe Don Bobbitt, and files this Response to Defendants' motions to transfer venue. This Defendant would show the Court as follows.

1.   Plaintiffs City of Arlington and City of Fort Worth sued Defendant housing finance corporations and their directors ("HFCs") and Defendant Joe Don Bobbitt, Chief Appraiser, Tarrant Appraisal District over certain exemption issues in which Defendant HFCs have received property tax exemptions and in which HFCs seek pending exemptions. The HFCs have moved to transfer venue. Mr. Bobbitt objects to the motions.

397

2.     Plaintiffs have invoked Texas Tax Code Chapter 43.01 for relief. Section 43.02 specifically provides that "[v]enue is in the county in which the appraisal district is established." According to this section, Mr. Bobbitt is entitled to venue in Tarrant County.

3.     Venue is proper in Tarrant County since the Tarrant Appraisal District is in Tarrant County. TEX. CIV. PRAC. & REM. CODE § 65.023(a).

4.     WHEREFORE, PREMISES CONSIDERED, Defendant Joe Don Bobbitt requests that this Court deny the HFCs' motions to transfer venue.

Respectfully submitted,

LOW SWINNEY EVANS & JAMES, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735
(512) 379-5800
(512) 476-6685 (fax)
jevans@lsejlaw.com

By:   /s/ James R. Evans, Jr
  James R. Evans, Jr.
  State Bar No. 06721500
  jevans@lsejlaw.com
  Eric Ruiz
  State Bar No. 24125845
  eruiz@lsejlaw.com

ATTORNEYS FOR DEFENDANT
JOE DON BOBBITT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record on this 2nd day of June, 2025 by electronic service.

By:   /s/ James R. Evans, Jr.
  James R. Evans, Jr.

2

398

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Liz Hansen on behalf of James Evans, Jr.
Bar No. 6721500
lhansen@lsejlaw.com
Envelope ID: 101513870
Filing Code Description: No Fee Documents
Filing Description: RESPONSE BY DEFENDANT JOE DON BOBBITT TO DEFENDANT HOUSING FINANCE CORPORATIONS MOTIONS TO TRANSFER VENUE
Status as of 6/2/2025 4:18 PM CST

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/2/2025 3:24:39 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/2/2025 3:24:39 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/2/2025 3:24:39 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/2/2025 3:24:39 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/2/2025 3:24:39 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/2/2025 3:24:39 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/2/2025 3:24:39 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 3:24:39 PM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/2/2025 3:24:39 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Liz Hansen | | lhansen@lsejlaw.com | 6/2/2025 3:24:39 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/2/2025 3:24:39 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/2/2025 3:24:39 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/2/2025 3:24:39 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/2/2025 3:24:39 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Liz Hansen on behalf of James Evans, Jr.
Bar No. 6721500
lhansen@lsejlaw.com
Envelope ID: 101513870
Filing Code Description: No Fee Documents
Filing Description: RESPONSE BY DEFENDANT JOE DON BOBBITT TO DEFENDANT HOUSING FINANCE CORPORATIONS MOTIONS TO TRANSFER VENUE
Status as of 6/2/2025 4:18 PM CST

Case Contacts

| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/2/2025 3:24:39 PM | SENT |
|---|---|---|---|---|
| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 3:24:39 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/2/2025 3:24:39 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/2/2025 3:24:39 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 3:24:39 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/2/2025 3:24:39 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/2/2025 3:24:39 PM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 3:24:39 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/2/2025 3:24:39 PM | SENT |

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/2/2025 3:24:39 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/2/2025 3:24:39 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|

400

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Liz Hansen on behalf of James Evans, Jr.
Bar No. 6721500
lhansen@lsejlaw.com
Envelope ID: 101513870
Filing Code Description: No Fee Documents
Filing Description: RESPONSE BY DEFENDANT JOE DON BOBBITT TO
DEFENDANT HOUSING FINANCE CORPORATIONS MOTIONS TO
TRANSFER VENUE
Status as of 6/2/2025 4:18 PM CST

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/2/2025 3:24:39 PM | SENT |

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 3:24:39 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/2/2025 3:24:39 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 3:24:39 PM | SENT |

FILED
TARRANT COUNTY
6/2/2025 9:13 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| PECOS HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; PLEASANTON HOUSING | § | |
| FINANCE CORPORATION, a Texas | § | |
| nonprofit corporation; LA VILLA | § | |
| HOUSING FINANCE CORPORATION, a | § | 348TH JUDICIAL DISTRICT |
| Texas nonprofit corporation; MAVERICK | § | |
| COUNTY HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; and JOE DON BOBBITT, in | § | |
| his official capacity as Chief Appraiser of | § | |
| the Tarrant Appraisal District, | § | |
| | § | |
| *Defendants*, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH, | § | |
| | § | |
| *Intervenor-Plaintiff.* | § | TARRANT COUNTY, TEXAS |

**DEFENDANT PLEASANTON HOUSING FINANCE CORPORATION AND MAVERICK HFC'S MOTION FOR JOINDER IN PECOS HOUSING FINANCE CORPORATION AND JOE DON BOBBIT'S PLEA'S TO THE JURISDICTION**

NOW COMES Defendant Pleasanton Housing Finance Corporation ( "**Pleasanton HFC**") and Maverick County Housing Finance Corporation ("**Maverick HFC**"), in the above-entitled and numbered cause, and files this, its Motion for Joinder in Defendant Pecos Housing Finance Corporation ("**Pecos HFC**") and Joe Don Bobbitt ("**Bobbitt**")'s (collectively "**Co-Defendants**") Pleas to the Jurisdiction ("**Plea's to Jurisdiction**"), and, in support thereof, respectfully shows the Court as follows:

1. On May 5, 2025, Defendant Pecos HFC filed its Plea to the Jurisdiction

402

2. On May 29, 2025, Defendant Bobbitt filed his First Amended Plea to the Jurisdiction.

3. Pursuant to Texas Rule of Civil Procedure 58, Pleasanton HFC and Maverick HFC join in Co-Defendants' Plea's to the Jurisdiction and incorporates their arguments and evidence, in its entirety, by reference as if fully stated herein. Pleasanton HFC joins in the Pleas to the Jurisdiction in all respects, arguments, evidence, and relief. Maverick HFC joins in the Pleas to the Jurisdiction in all respects, arguments, evidence, and relief to the extent they apply to City of Fort Worth's claims against Maverick HFC.

4. To the extent that Defendants' Pleas to the Jurisdiction are granted, the Court should similarly enter an order in favor of, and with respect to Defendants, as they pertain to the claims filed against Pleasanton HFC and Maverick HFC by City of Arlington and City of Fort Worth.

Dated: June 2, 2025

Respectfully submitted,

*/s/ Daniel J. Lecavalier*
Blake W. Stribling
Texas Bar No. 24070691
Daniel J. Lecavalier
Texas Bar No. 24129028
CHASNOFF | STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: 210-469-4155
Email: bstribling@chasnoffstribling.com
Email: dlecavalier@chasnoffstribling.com

*Counsel for Defendants Pleasanton Housing Finance Corporation and Board Members*

2

403

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served in compliance with the Texas Rules of Civil Procedure on this 2nd day of June, 2025, to the following counsel of record:

Galen G. Gatten
galen.gatten@arlingtontx.gov
Alexander J. Lindvall
alexander.lindvall@arlingtontx.gov
Jonathan M. Moss
jonathan.moss@arlingtontx.gov
Joseph N. Nguyen
joseph.nguyen@arlingtontx.gov
Nena Chima-Tetteh
nena.chima-tetteh@arlingtontx.gov
City of Arlington
City Attorney's Office
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

*Counsel for Plaintiff City of Arlington*

Stephen A. Cumbie
stephen.cumbie@fortworthtexas.gov
Christopher B. Mosley
chris.mosley@fortworthtexas.gov
Olyn Poole
olyn.poole@fortworthtexas.gov
CITY OF FORT WORTH
Office of the City Attorney
100 Fort Wo1th Trail
Fort Worth, Texas 76102
(817) 392-7600 Telephone

*Attorneys for Intervenor Plaintiff City of Fort Worth*

James R. Evans, Jr.
jevans@lsejlaw.com
Eric Ruiz
eruiz@lsejlaw.com
Low Swinney Evans & James, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735

*Counsel for Defendant Joe Don Bobbitt*

Jeffrey M. Tillotson
jtillotson@tillotsonlaw.com
Kathryn E. Yukevich
kyukevich@tillotsonlaw.com
Tillotson Johnson & Patton
1201 Main Street, Ste 1300
Dallas, TX 75202

*Counsel for Defendant Pecos HFC*

404

Roel Gutierrez
State Bar No. 24069842
Law Office of Roel Gutierrez, PLLC
4415 N. McColl Rd.
McCallen, TX 78504
(956) 278-3529 Phone / (956) 278-3530 Fax
roelgutierrezlaw@gmail.com
and
Robert J. Salinas
State Bar No. 17536000
2101 Wood Ave.
Donna, Texas 78537
Tel: 956-464-2460
Email: rjslawoffice@hotmail.com

*Attorneys for La Villa Housing Finance Corporation*


/s/ Daniel J. Lecavalier
Daniel J. Lecavalier

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa O'Sullivan on behalf of Daniel Lecavalier
Bar No. 24129028
losullivan@chasnoffstribling.com
Envelope ID: 101529334
Filing Code Description: Motion (No Fee)
Filing Description: Motion
Status as of 6/3/2025 8:20 AM CST

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/2/2025 9:13:38 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/2/2025 9:13:38 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/2/2025 9:13:38 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/2/2025 9:13:38 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/2/2025 9:13:38 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/2/2025 9:13:38 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/2/2025 9:13:38 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 9:13:38 PM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/2/2025 9:13:38 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 6/2/2025 9:13:38 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/2/2025 9:13:38 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/2/2025 9:13:38 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/2/2025 9:13:38 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/2/2025 9:13:38 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 9:13:38 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa O'Sullivan on behalf of Daniel Lecavalier
Bar No. 24129028
losullivan@chasnoffstribling.com
Envelope ID: 101529334
Filing Code Description: Motion (No Fee)
Filing Description: Motion
Status as of 6/3/2025 8:20 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 9:13:38 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/2/2025 9:13:38 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/2/2025 9:13:38 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 9:13:38 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/2/2025 9:13:38 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/2/2025 9:13:38 PM | SENT |
| Roel Gutierrez | 24069842 | roelgutierrezlaw@gmail.com | 6/2/2025 9:13:38 PM | SENT |
| Robert Salinas | 17536000 | rjslawoffice@hotmail.com | 6/2/2025 9:13:38 PM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 9:13:38 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/2/2025 9:13:38 PM | SENT |

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/2/2025 9:13:38 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/2/2025 9:13:38 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/2/2025 9:13:38 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Lisa O'Sullivan on behalf of Daniel Lecavalier
Bar No. 24129028
losullivan@chasnoffstribling.com
Envelope ID: 101529334
Filing Code Description: Motion (No Fee)
Filing Description: Motion
Status as of 6/3/2025 8:20 AM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 9:13:38 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/2/2025 9:13:38 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 9:13:38 PM | SENT |

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; PLEASANTON HOUSING | § | |
| FINANCE CORPORATION, a Texas | § | |
| nonprofit corporation; LA VILLA | § | |
| HOUSING FINANCE CORPORATION, a | § | 348TH JUDICIAL DISTRICT |
| Texas nonprofit corporation; MAVERICK | § | |
| COUNTY HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; and JOE DON BOBBITT, in | § | |
| his official capacity as Chief Appraiser of | § | |
| the Tarrant Appraisal District, | § | |
| | § | |
| *Defendants*, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH, | § | |
| | § | |
| *Intervenor-Plaintiff*. | § | TARRANT COUNTY, TEXAS |

**DEFENDANTS PLEASANTON HOUSING FINANCE CORPORATION AND MAVERICK COUNTY HOUSING FINANCE CORPORATION'S MOTION FOR JOINDER IN PECOS HOUSING FINANCE CORPORATION AND JOE DON BOBBIT'S PLEAS TO THE JURISDICTION**

NOW COMES Defendant Pleasanton Housing Finance Corporation ("**Pleasanton HFC**") and Maverick County Housing Finance Corporation ("**Maverick HFC**"), in the above-entitled and numbered cause, and files this, its Motion for Joinder in Defendant Pecos Housing Finance Corporation ("**Pecos HFC**") and Joe Don Bobbitt's ("**Bobbitt**") (collectively "**Co-Defendants**") Pleas to the Jurisdiction ("**Pleas to Jurisdiction**"), and, in support thereof, respectfully shows the Court as follows:

1. On May 5, 2025, Defendant Pecos HFC filed its Plea to the Jurisdiction

2.      On May 29, 2025, Defendant Bobbitt filed his First Amended Plea to the Jurisdiction.

3.      Pursuant to Texas Rule of Civil Procedure 58, Pleasanton HFC and Maverick HFC join in Co-Defendants' Pleas to the Jurisdiction and incorporates their arguments and evidence, in its entirety, by reference as if fully stated herein. Pleasanton HFC joins in the Pleas to the Jurisdiction in all respects, arguments, evidence, and relief. Maverick HFC joins in the Pleas to the Jurisdiction in all respects, arguments, evidence, and relief to the extent they apply to City of Fort Worth's claims against Maverick HFC.

4.      To the extent that Defendants' Pleas to the Jurisdiction are granted, the Court should similarly enter an order in favor of, and with respect to Defendants, as they pertain to the claims filed against Pleasanton HFC and Maverick HFC by City of Arlington and City of Fort Worth.

Dated: June 2, 2025

Respectfully submitted,

*/s/ Daniel J. Lecavalier*
Blake W. Stribling
Texas Bar No. 24070691
Daniel J. Lecavalier
Texas Bar No. 24129028
CHASNOFF | STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: 210-469-4155
Email: bstribling@chasnoffstribling.com
Email: dlecavalier@chasnoffstribling.com

*Counsel for Defendants Pleasanton Housing Finance Corporation and Board Members and Maverick County Housing Finance Corporation*

2

410

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served in compliance with the Texas Rules of Civil Procedure on this 2nd day of June, 2025, to the following counsel of record:

Galen G. Gatten
galen.gatten@arlingtontx.gov
Alexander J. Lindvall
alexander.lindvall@arlingtontx.gov
Jonathan M. Moss
jonathan.moss@arlingtontx.gov
Joseph N. Nguyen
joseph.nguyen@arlingtontx.gov
Nena Chima-Tetteh
nena.chima-tetteh@arlingtontx.gov
City of Arlington
City Attorney's Office
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

*Counsel for Plaintiff City of Arlington*

Stephen A. Cumbie
stephen.cumbie@fortworthtexas.gov
Christopher B. Mosley
chris.mosley@fortworthtexas.gov
Olyn Poole
olyn.poole@fortworthtexas.gov
CITY OF FORT WORTH
Office of the City Attorney
100 Fort Worth Trail
Fort Worth, Texas 76102
(817) 392-7600 Telephone

*Attorneys for Intervenor Plaintiff City of Fort Worth*

James R. Evans, Jr.
jevans@lsejlaw.com
Eric Ruiz
eruiz@lsejlaw.com
Low Swinney Evans & James, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735

*Counsel for Defendant Joe Don Bobbitt*

Jeffrey M. Tillotson
jtillotson@tillotsonlaw.com
Kathryn E. Yukevich
kyukevich@tillotsonlaw.com
Tillotson Johnson & Patton
1201 Main Street, Ste 1300
Dallas, TX 75202

*Counsel for Defendant Pecos Housing Finance Corporation*

Roel Gutierrez
roelgutierrezlaw@gmail.com
Law Office of Roel Gutierrez, PLLC
4415 N. McColl Rd.
McCallen, TX 78504

*Attorneys for La Villa Housing Finance Corporation*

Robert J. Salinas
rjslawoffice@hotmail.com
2101 Wood Ave.
Donna, Texas 78537

*Attorneys for La Villa Housing Finance Corporation*

*/s/ Daniel J. Lecavalier*
Daniel J. Lecavalier

3

411

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim Decker on behalf of Daniel Lecavalier
Bar No. 24129028
kdecker@chasnoffstribling.com
Envelope ID: 101529542
Filing Code Description: Motion (No Fee)
Filing Description: Defendant Pleasanton HFC and Maverick County HFC's Motion for Joinder in Pecos HFC and Joe Don Bobbit's Pleas to the Jurisdiction
Status as of 6/3/2025 8:22 AM CST

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/2/2025 9:34:56 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/2/2025 9:34:56 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/2/2025 9:34:56 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/2/2025 9:34:56 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/2/2025 9:34:56 PM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert Salinas | 17536000 | rjslawoffice@hotmail.com | 6/2/2025 9:34:56 PM | SENT |
| Roel Gutierrez | 24069842 | roelgutierrezlaw@gmail.com | 6/2/2025 9:34:56 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 9:34:56 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/2/2025 9:34:56 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/2/2025 9:34:56 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/2/2025 9:34:56 PM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/2/2025 9:34:56 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/2/2025 9:34:56 PM | SENT |

Case Contacts

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim Decker on behalf of Daniel Lecavalier
Bar No. 24129028
kdecker@chasnoffstribling.com
Envelope ID: 101529542
Filing Code Description: Motion (No Fee)
Filing Description: Defendant Pleasanton HFC and Maverick County HFC's Motion for Joinder in Pecos HFC and Joe Don Bobbit's Pleas to the Jurisdiction
Status as of 6/3/2025 8:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/2/2025 9:34:56 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/2/2025 9:34:56 PM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 6/2/2025 9:34:56 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/2/2025 9:34:56 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/2/2025 9:34:56 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/2/2025 9:34:56 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/2/2025 9:34:56 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/2/2025 9:34:56 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 9:34:56 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/2/2025 9:34:56 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/2/2025 9:34:56 PM | SENT |

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/2/2025 9:34:56 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/2/2025 9:34:56 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/2/2025 9:34:56 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim Decker on behalf of Daniel Lecavalier
Bar No. 24129028
kdecker@chasnoffstribling.com
Envelope ID: 101529542
Filing Code Description: Motion (No Fee)
Filing Description: Defendant Pleasanton HFC and Maverick County HFC's Motion for Joinder in Pecos HFC and Joe Don Bobbit's Pleas to the Jurisdiction
Status as of 6/3/2025 8:22 AM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/2/2025 9:34:56 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/2/2025 9:34:56 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/2/2025 9:34:56 PM | SENT |

414

FILED
TARRANT COUNTY
6/3/2025 3:17 PM
THOMAS A. WILDER
DISTRICT CLERK

No. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; JOE DON BOBBITT, in his | § | |
| official capacity as Chief Appraiser of the | § | 348TH JUDICIAL DISTRICT |
| Tarrant Appraisal District, | § | |
| | § | |
| *Defendants*, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH, | § | |
| *Intervenor-Plaintiff*. | § | TARRANT COUNTY, TEXAS |
| | § | |

## ORDER DENYING DEFENDANT PECOS HOUSING FINANCE CORPORATION'S PLEA TO THE JURISDICTION

Before the Court is Defendant Pecos Housing Finance Corporation's plea to the jurisdiction, which asks this Court to dismiss this case for lack of jurisdiction. After reviewing Defendant's plea and hearing the arguments of counsel, the Court determines the plea should be denied.

IT IS ORDERED that Defendant's plea is DENIED.

SIGNED June 3, 2025.

_____
Hon. Megan Fahey
Judge, 348th Judicial District Court
Tarrant County, Texas

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101567325
Filing Code Description: No Fee Documents
Filing Description: ORD DENY DEFN PECO PLEA JURISDICTION
Status as of 6/3/2025 3:29 PM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/3/2025 3:17:34 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/3/2025 3:17:34 PM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/3/2025 3:17:34 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/3/2025 3:17:34 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/3/2025 3:17:34 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/3/2025 3:17:34 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/3/2025 3:17:34 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/3/2025 3:17:34 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/3/2025 3:17:34 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/3/2025 3:17:34 PM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/3/2025 3:17:34 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/3/2025 3:17:34 PM | SENT |

416

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101567325
Filing Code Description: No Fee Documents
Filing Description: ORD DENY DEFN PECO PLEA JURISDICTION
Status as of 6/3/2025 3:29 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/3/2025 3:17:34 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/3/2025 3:17:34 PM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 6/3/2025 3:17:34 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/3/2025 3:17:34 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/3/2025 3:17:34 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/3/2025 3:17:34 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/3/2025 3:17:34 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/3/2025 3:17:34 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/3/2025 3:17:34 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/3/2025 3:17:34 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/3/2025 3:17:34 PM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/3/2025 3:17:34 PM | SENT |
| Robert Salinas | 17536000 | rjslawoffice@hotmail.com | 6/3/2025 3:17:34 PM | SENT |
| Roel Gutierrez | 24069842 | roelgutierrezlaw@gmail.com | 6/3/2025 3:17:34 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/3/2025 3:17:34 PM | SENT |

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101567325
Filing Code Description: No Fee Documents
Filing Description: ORD DENY DEFN PECO PLEA JURISDICTION
Status as of 6/3/2025 3:29 PM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/3/2025 3:17:34 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/3/2025 3:17:34 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/3/2025 3:17:34 PM | SENT |

FILED
TARRANT COUNTY
6/3/2025 4:30 PM
THOMAS A. WILDER
DISTRICT CLERK

No. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District, | § | 348TH JUDICIAL DISTRICT |
| *Defendants*, | § | |
| v. | § | |
| CITY OF FORT WORTH, | § | |
| *Intervenor-Plaintiff*. | § | TARRANT COUNTY, TEXAS |

---

### ORDER GRANTING CITY OF ARLINGTON'S
### APPLICATION FOR TEMPORARY INJUNCTION

---

On June 3, 2025, came to be heard Plaintiff City of Arlington's Application for Temporary Injunction (the "Application") against Defendants Pecos Housing Finance Corporation; Pleasanton Housing Finance Corporation; La Villa Housing Finance Corporation; and Joe Don Bobbitt, in his official capacity as the Chief Appraiser of the Tarrant Appraisal District. After considering the Application, briefing and arguments of the parties, evidence admitted into the record, papers on file with the Court, and applicable law, the Court finds that Plaintiff's Application should be and hereby is GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that a Temporary Injunction is granted pending a final hearing and determination of this case as follows:

1. Defendant Pecos Housing Finance Corporation, its officers, agents, employees, servants, and attorneys, and those in active concert or participation with them who receive actual notice of this order, are prohibited from (i) acquiring title to real

property in the City of Arlington, Texas; or (ii) obtaining, seeking to obtain, or receiving tax exemptions for any properties located in the City of Arlington, Texas.

2. Defendant Pleasanton Housing Finance Corporation, its officers, agents, employees, servants, and attorneys, and those in active concert or participation with them who receive actual notice of this order, are prohibited from (i) acquiring title to real property in the City of Arlington, Texas; or (ii) obtaining, seeking to obtain, or receiving tax exemptions for any properties located in the City of Arlington, Texas.

3. Defendant La Villa Housing Finance Corporation, its officers, agents, employees, servants, and attorneys, and those in active concert or participation with them who receive actual notice of this order, are prohibited from (i) acquiring title to real property in the City of Arlington, Texas; or (ii) obtaining, seeking to obtain, or receiving tax exemptions for any properties located in the City of Arlington, Texas.

4. Defendant Joe Don Bobbitt, in his official capacity as the Chief Appraiser of the Tarrant Appraisal District, shall not grant any tax exemptions requested by Defendants Pecos Housing Finance Corporation, Pleasanton Housing Finance Corporation, or La Villa Housing Finance Corporation for any properties located in the City of Arlington, Texas.

IT IS FURTHER ORDERED that Plaintiff City of Arlington is exempt from filing and executing a bond with the Clerk. *See* TEX. CIV. PRAC. & REM. CODE § 6.002.

IT IS FURTHER ORDERED that the trial in this case is set for the week of December 1, 2025.

Signed: June 3, 2025, at 3:48 p.m.

_____
Judge Presiding

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101575163
Filing Code Description: No Fee Documents
Filing Description: ORD GRANT CITY ARLINGTON APPL TEMP INJ
Status as of 6/3/2025 4:43 PM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/3/2025 4:30:55 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/3/2025 4:30:55 PM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/3/2025 4:30:55 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/3/2025 4:30:55 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/3/2025 4:30:55 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/3/2025 4:30:55 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/3/2025 4:30:55 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/3/2025 4:30:55 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/3/2025 4:30:55 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/3/2025 4:30:55 PM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/3/2025 4:30:55 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/3/2025 4:30:55 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101575163
Filing Code Description: No Fee Documents
Filing Description: ORD GRANT CITY ARLINGTON APPL TEMP INJ
Status as of 6/3/2025 4:43 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/3/2025 4:30:55 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/3/2025 4:30:55 PM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 6/3/2025 4:30:55 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/3/2025 4:30:55 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/3/2025 4:30:55 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/3/2025 4:30:55 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/3/2025 4:30:55 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/3/2025 4:30:55 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/3/2025 4:30:55 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/3/2025 4:30:55 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/3/2025 4:30:55 PM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/3/2025 4:30:55 PM | SENT |
| Robert Salinas | 17536000 | rjslawoffice@hotmail.com | 6/3/2025 4:30:55 PM | SENT |
| Roel Gutierrez | 24069842 | roelgutierrezlaw@gmail.com | 6/3/2025 4:30:55 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/3/2025 4:30:55 PM | SENT |

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101575163
Filing Code Description: No Fee Documents
Filing Description: ORD GRANT CITY ARLINGTON APPL TEMP INJ
Status as of 6/3/2025 4:43 PM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/3/2025 4:30:55 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/3/2025 4:30:55 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/3/2025 4:30:55 PM | SENT |

FILED
TARRANT COUNTY
6/3/2025 4:33 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| **CITY OF ARLINGTON,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District,** | § | **348ᵀᴴ JUDICIAL DISTRICT** |
| *Defendants,* | § | |
| **v.** | § | |
| **CITY OF FORT WORTH,** | § | |
| *Intervenor-Plaintiff.* | § | **TARRANT COUNTY, TEXAS** |

**ORDER GRANTING CITY OF FORT WORTH'S
APPLICATION FOR TEMPORARY INJUNCTION**

On June 3, 2025, came to be heard Plaintiff City of Fort Worth's Application for Temporary Injunction (the "Application") against Defendants Pecos Housing Finance Corporation; Pleasanton Housing Finance Corporation; La Villa Housing Finance Corporation; Maverick County Housing Finance Corporation; and Joe Don Bobbitt, in his official capacity as the Chief Appraiser of the Tarrant Appraisal District. After considering the Application, the briefing and arguments of the parties, the evidence admitted into the record, the papers on file with the Court, and applicable law, the Court finds that Plaintiff's Application should be and hereby is GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that a Temporary Injunction is granted pending a final hearing and determination of this case as follows:

1.  Defendant Pecos Housing Finance Corporation, its officers, agents, employees, servants, and attorneys, and those in active concert or participation with them who

receive actual notice of this order, are prohibited from (i) acquiring title to real property in the City of Fort Worth, Texas; or (ii) obtaining, seeking to obtain, or receiving tax exemptions for any properties located in the City of Fort Worth, Texas.

2.      Defendant Pleasanton Housing Finance Corporation, its officers, agents, employees, servants, and attorneys, and those in active concert or participation with them who receive actual notice of this order, are prohibited from (i) acquiring title to real property in the City of Fort Worth, Texas; or (ii) obtaining, seeking to obtain, or receiving tax exemptions for any properties located in the City of Fort Worth, Texas.

3.      Defendant La Villa Housing Finance Corporation, its officers, agents, employees, servants, and attorneys, and those in active concert or participation with them who receive actual notice of this order, are prohibited from (i) acquiring title to real property in the City of Fort Worth, Texas; or (ii) obtaining, seeking to obtain, or receiving tax exemptions for any properties located in the City of Fort Worth, Texas.

4.      Defendant Maverick County Housing Finance Corporation, its officers, agents, employees, servants, and attorneys, and those in active concert or participation with them who receive actual notice of this order, are prohibited from (i) acquiring title to real property in the City of Fort Worth, Texas; or (ii) obtaining, seeking to obtain, or receiving tax exemptions for any properties located in the City of Fort Worth, Texas.

5.      Defendant Joe Don Bobbitt, in his official capacity as the Chief Appraiser of the Tarrant Appraisal District, shall not grant any tax exemptions requested by Defendants Pecos Housing Finance Corporation, Pleasanton Housing Finance Corporation, La Villa Housing Finance Corporation, or Maverick County Housing Finance Corporation for any properties located in the City of Fort Worth, Texas.

IT IS FURTHER ORDERED that Plaintiff City of Fort Worth is exempt from filing and

executing a bond with the Clerk.  *See* Tex. Civ. Prac. & Rem. Code § 6.002.

IT IS FURTHER ORDERED that the trial in this case is set for the week of December 1, 2025.

Signed: June 3, 2025, at 3:50 p.m.

_____
Judge Presiding

426

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101575417
Filing Code Description: No Fee Documents
Filing Description: ORD GRANT CITY FW APPL TEMP INJ
Status as of 6/3/2025 4:46 PM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/3/2025 4:33:43 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/3/2025 4:33:43 PM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/3/2025 4:33:43 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/3/2025 4:33:43 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/3/2025 4:33:43 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/3/2025 4:33:43 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/3/2025 4:33:43 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/3/2025 4:33:43 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/3/2025 4:33:43 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/3/2025 4:33:43 PM | SENT |
| Lisa O'Sullivan | | losullivan@chasnoffstribling.com | 6/3/2025 4:33:43 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/3/2025 4:33:43 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101575417
Filing Code Description: No Fee Documents
Filing Description: ORD GRANT CITY FW APPL TEMP INJ
Status as of 6/3/2025 4:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/3/2025 4:33:43 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/3/2025 4:33:43 PM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 6/3/2025 4:33:43 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/3/2025 4:33:43 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/3/2025 4:33:43 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/3/2025 4:33:43 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/3/2025 4:33:43 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/3/2025 4:33:43 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/3/2025 4:33:43 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/3/2025 4:33:43 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/3/2025 4:33:43 PM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/3/2025 4:33:43 PM | SENT |
| Robert Salinas | 17536000 | rjslawoffice@hotmail.com | 6/3/2025 4:33:43 PM | SENT |
| Roel Gutierrez | 24069842 | roelgutierrezlaw@gmail.com | 6/3/2025 4:33:43 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/3/2025 4:33:43 PM | SENT |

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101575417
Filing Code Description: No Fee Documents
Filing Description: ORD GRANT CITY FW APPL TEMP INJ
Status as of 6/3/2025 4:46 PM CST

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/3/2025 4:33:43 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/3/2025 4:33:43 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/3/2025 4:33:43 PM | SENT |

FILED
TARRANT COUNTY
6/23/2025 3:11 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; PLEASANTON HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; LA VILLA HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; MAVERICK COUNTY HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; and JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District, | § | 348TH JUDICIAL DISTRICT |
| Defendants, | § | |
| v. | § | |
| CITY OF FORT WORTH, | § | |
| Intervenor-Plaintiff. | § | TARRANT COUNTY, TEXAS |

## NOTICE OF ACCELERATED APPEAL

Pursuant to Texas Rules of Appellate Procedure 25.1 and 28.1, Defendant, Pecos Housing Finance Corporation, states its desire to appeal: (1) the interlocutory Order Granting City of Arlington's Application for Temporary Injunction and (2) the interlocutory Order Granting City of Fort Worth's Application for Temporary Injunction, both signed on June 3, 2025, in *City of Arlington, et al. v. Pecos Housing Finance Corporation, et al.*, Cause No. 348-363561-25, in the 348th Judicial District Court, Tarrant County, Texas. Defendant appeals to the Court of Appeals for the Fifteenth District of Texas sitting in Austin, Texas.

This appeal is accelerated under Texas Rule of Appellate Procedure 28.1(a) and Section

---

**NOTICE OF ACCELERATED APPEAL** PAGE 1

51.014(a)(4) of the Texas Civil Practice and Remedies Code and is not "a parental termination or child protection case or an appeal from an order certifying a child to stand trial as an adult, as defined in Rule 28.4." TEX. R. APP. P. 25.1(d)(6).

This appeal involves a matter: "(A) brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government, including a university system or institution of higher education; (B) brought by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct; or (C) in which a party to the proceeding challenges the constitutionality or validity of a state statute or rule and the attorney general is a party to the case." TEX. R. APP. P. 25.1(d)(9).

Dated: June 23, 2025

/s/ Amanda L. Reichek
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Amanda L. Reichek
Texas Bar No. 24041762
areichek@tillotsonlaw.com
Kathryn E. Yukevich
State Bar No. 24133390
kyukevich@tillotsonlaw.com
TILLOTSON JOHNSON & PATTON
1201 Main Street, Suite 1300
Dallas, Texas 75202
Telephone: (214) 382-3041
Facsimile: (214) 292-6564

Blake W. Stribling
Texas Bar No. 24070691
bstribling@chasnoffstribling.com
Daniel J. Lecavalier
Texas Bar No. 24129028
dlecavalier@chasnoffstribling.com
CHASNOFF STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: (210) 469-4155

**ATTORNEYS FOR APPELLANT PECOS HOUSING FINANCE CORPORATION**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served by E-Service to counsel herein on June 23, 2025.

/s/ *Amanda L. Reichek*
Amanda L. Reichek

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 102313843
Filing Code Description: Notice of Appeal
Filing Description: Notice of Accelerated Appeal
Status as of 6/23/2025 3:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/23/2025 3:11:38 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/23/2025 3:11:38 PM | SENT |
| Robert Salinas | 17536000 | rjslawoffice@hotmail.com | 6/23/2025 3:11:38 PM | SENT |
| Roel Gutierrez | 24069842 | roelgutierrezlaw@gmail.com | 6/23/2025 3:11:38 PM | SENT |
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/23/2025 3:11:38 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/23/2025 3:11:38 PM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 6/23/2025 3:11:38 PM | SENT |
| Rachel Feltner | | rfeltner@chasnoffstribling.com | 6/23/2025 3:11:38 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/23/2025 3:11:38 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/23/2025 3:11:38 PM | SENT |
| Christopher Schluter | | cschluter@chasnoffstribling.com | 6/23/2025 3:11:38 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/23/2025 3:11:38 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/23/2025 3:11:38 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/23/2025 3:11:38 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/23/2025 3:11:38 PM | SENT |
| Julie Whitson | | jwhitson@chasnoffstribling.com | 6/23/2025 3:11:38 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/23/2025 3:11:38 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/23/2025 3:11:38 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/23/2025 3:11:38 PM | SENT |
| Faith Lowry | | flowry@chasnoffstribling.com | 6/23/2025 3:11:38 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/23/2025 3:11:38 PM | SENT |
| Amanda L.Reichek | | areichek@tillotsonlaw.com | 6/23/2025 3:11:38 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 102313843
Filing Code Description: Notice of Appeal
Filing Description: Notice of Accelerated Appeal
Status as of 6/23/2025 3:51 PM CST

Case Contacts

| Amanda L.Reichek | | areichek@tillotsonlaw.com | 6/23/2025 3:11:38 PM | SENT |
|---|---|---|---|---|
| Devlin Browne | | dbrowne@tillotsonlaw.com | 6/23/2025 3:11:38 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/23/2025 3:11:38 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/23/2025 3:11:38 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/23/2025 3:11:38 PM | SENT |
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/23/2025 3:11:38 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/23/2025 3:11:38 PM | SENT |
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/23/2025 3:11:38 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/23/2025 3:11:38 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/23/2025 3:11:38 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/23/2025 3:11:38 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/23/2025 3:11:38 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/23/2025 3:11:38 PM | SENT |

FILED
TARRANT COUNTY
6/23/2025 3:26 PM
THOMAS A. WILDER
DISTRICT CLERK

348-363561-25

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; PLEASANTON HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; LA VILLA HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; MAVERICK COUNTY HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; and JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District, | § | 348TH JUDICIAL DISTRICT |
| Defendants, | § | |
| v. | § | |
| CITY OF FORT WORTH, | § | |
| Intervenor-Plaintiff. | § | TARRANT COUNTY, TEXAS |

---

## DEFENDANT'S REQUEST FOR PREPARATION OF CLERK'S RECORD

---

TO THE DISTRICT CLERK OF TARRANT COUNTY, TEXAS:

Under Texas Rule of Appellate Procedure 34.5, Defendant, Pecos Housing Finance Corporation, files this request for preparation of the clerk's record for the appeal in the above-referenced case. Defendant is appealing the Order Granting City of Arlington's Application for Temporary Injunction and the Order Granting City of Fort Worth's Application for Temporary Injunction, both signed by this

1

436

Court on June 3, 2025. The Notice of Accelerated Appeal is being filed simultaneously herewith, on June 23, 2025. *See* TEX. R. APP. P. 26.1(b), 28.1, 35.3(a)(1).

Because this is an accelerated appeal, the clerk's record is to be filed with the Court of Appeals for the Fifteenth District of Texas in Austin, within 10 days after the notice of appeal is filed, by *July 3, 2025*. *See* TEX. R. APP. P. 35.1(b). Defendant hereby agrees to pay for the preparation of the clerk's record. *See* TEX. R. APP. P. 35.3(a)(2). Pursuant to the rules of the Fifteenth Court of Appeals, the clerk's record must be filed electronically.

Defendant requests that the clerk include the following items in the appellate record, in addition to any other items required by Texas Rule of Appellate Procedure 34.5(a), including all exhibits, attachments, and appendices to the documents set forth below:

| Date | Pleading |
|---|---|
| April 10, 2025 | Plaintiff City of Arlington's Original Petition and Application for Temporary Restraining Order and Injunctive Relief |
| April 11, 2025 | Temporary Restraining Order |
| April 24, 2025 | Rule 11 Agreement Extending TRO and Temporary Injunction Hearing |
| May 1, 2025 | Rule 11 Agreement Extending TRO and Temporary Injunction Hearing |
| May 5, 2025 | Defendant Pecos HFC's Plea to the Jurisdiction, Motion to Transfer Venue, and Original Answer |
| May 13, 2025 | City of Fort Worth's Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief |
| May 14, 2025 | Rule 11 Agreement Extending TRO and Temporary Injunction Hearing |
| May 21, 2025 | Temporary Restraining Order |
| May 27, 2025 | Defendant Pleasanton HFC's Plea to the Jurisdiction, Motion to Transfer Venue and, Subject Thereto, Original Answer to City of Arlington's Second Amended Petition |
| May 29, 2025 | First Amended Plea to the Jurisdiction and Answer of Defendant Joe Don Bobbitt |
| May 30, 2025 | Defendant La Villa HFC's Plea to the Jurisdiction, Motion to Transfer Venue, |

437

| | |
|---|---|
| | and Original Answer |
| June 2, 2025 | City of Fort Worth's Third Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief |
| June 2, 2025 | Plaintiff City of Arlington's Third Amended Petition and Application for Temporary Restraining Order and Injunctive Relief |
| June 2, 2025 | Defendant Pleasanton Housing Finance Corporation's Special Exceptions to the City of Fort Worth's First Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief, Plea to the Jurisdiction, Motion to Transfer Venue, and Original Answer |
| June 2, 2025 | Defendant Maverick Housing Finance Corporation's Special Exceptions to the City of Fort Worth's First Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief, Plea to the Jurisdiction, Motion to Transfer Venue, and Original Answer |
| June 2, 2025 | Defendant Pecos HFC's Plea to the Jurisdiction, Motion to Transfer Venue, and Original Answer |
| June 2, 2025 | HFC Defendants' Joint Brief in Opposition to City of Arlington's and City of Fort Worth's Applications for Temporary Injunction |
| June 3, 2025 | Order Granting City of Arlington's Application for Temporary Injunction |
| June 3, 2025 | Order Granting City of Fort Worth's Application for Temporary Injunction |
| June 23, 2025 | Defendants' Notice of Appeal |
| June 23, 2025 | Defendants' Request for Clerk's Record |
| June 23, 2025 | Defendants' Request for Reporter's Record |

Respectfully submitted,

/s/ *Amanda L. Reichek*
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Amanda L. Reichek
Texas Bar No. 24041762
areichek@tillotsonlaw.com
Kathryn E. Yukevich
State Bar No. 24133390
kyukevich@tillotsonlaw.com
TILLOTSON JOHNSON & PATTON
1201 Main Street, Suite 1300
Dallas, Texas 75202
Telephone: (214) 382-3041
Facsimile: (214) 292-6564

Blake W. Stribling
Texas Bar No. 24070691
bstribling@chasnoffstribling.com
Daniel J. Lecavalier
Texas Bar No. 24129028
dlecavalier@chasnoffstribling.com
CHASNOFF STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: (210) 469-4155

**ATTORNEYS FOR APPELLANT PECOS
HOUSING FINANCE CORPORATION**

4

**CERTIFICATE OF SERVICE**

In accordance with the Texas Rules of Appellate Procedure, I hereby certify that a true and correct copy of *Defendants' Request for Reporter's Record* was served on the following counsel of record via e-service on June 23, 2025.

Galen G. Gatten
galen.gatten@arlingtontx.gov
Alexander J. Lindvall
alexander.lindvall@arlingtontx.gov
Jonathan M. Moss
jonathan.moss@arlingtontx.gov
Joseph N. Nguyen
joseph.nguyen@arlingtontx.gov
Nena Chima-Tetteh
nena.chima-tetteh@arlingtontx.gov
CITY OF ARLINGTON
CITY ATTORNEY'S OFFICE
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

*Counsel for Plaintiff City of Arlington*

James R. Evans, Jr.
jevans@lsejlaw.com
Eric Ruiz
eruiz@lsejlaw.com
LOW SWINNEY EVANS & JAMES, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735

*Counsel for Defendant Joe Don Bobbitt*

Stephen A. Cumbie
Senior Assistant City Attorney
Stephen.cumbie@fortworthtexas.gov
Christopher B. Mosley
Senior Assistant City Attorney
Chris.mosley@forthworthtexas.gov
Olyn Poole
Senior Assistant City Attorney
Olyn.poole@forthworthtexas.gov
CITY OF FORTH WORTH
OFFICE OF THE CITY ATTORNEY
100 Forth Worth Trail
Fort Worth, Texas 76102

*Counsel for Intervenor-Plaintiff City of Forth Worth*

Roel Gutierrez
Texas Bar No. 24069842
roelgutierrezlaw@gmail.com
LAW OFFICE OF ROEL GUTIERREZ, PLLC
4415 N. McColl Rd.
McCallen, TX 78504
Telephone: (956) 278-3529
Facsimile: (956) 278-3530

Robert J. Salinas
State Bar No. 17536000
rjslawoffice@hotmail.com
2101 Wood Ave.
Donna, Texas 78537
Telephone: (956) 464-2460

*Attorneys for Defendant La Villa Housing Finance Corporation*

/s/ Amanda L. Reichek
Amanda L. Reichek

440

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amanda Reichek on behalf of Amanda Reichek
Bar No. 24041762
areichek@tillotsonlaw.com
Envelope ID: 102315336
Filing Code Description: Request
Filing Description: Defendant's Request for Preparation of Clerk's Record
Status as of 6/23/2025 3:52 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/23/2025 3:26:42 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/23/2025 3:26:42 PM | SENT |
| Robert Salinas | 17536000 | rjslawoffice@hotmail.com | 6/23/2025 3:26:42 PM | SENT |
| Roel Gutierrez | 24069842 | roelgutierrezlaw@gmail.com | 6/23/2025 3:26:42 PM | SENT |
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/23/2025 3:26:42 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/23/2025 3:26:42 PM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 6/23/2025 3:26:42 PM | SENT |
| Rachel Feltner | | rfeltner@chasnoffstribling.com | 6/23/2025 3:26:42 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/23/2025 3:26:42 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/23/2025 3:26:42 PM | SENT |
| Christopher Schluter | | cschluter@chasnoffstribling.com | 6/23/2025 3:26:42 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/23/2025 3:26:42 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/23/2025 3:26:42 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/23/2025 3:26:42 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/23/2025 3:26:42 PM | SENT |
| Julie Whitson | | jwhitson@chasnoffstribling.com | 6/23/2025 3:26:42 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/23/2025 3:26:42 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/23/2025 3:26:42 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/23/2025 3:26:42 PM | SENT |
| Faith Lowry | | flowry@chasnoffstribling.com | 6/23/2025 3:26:42 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/23/2025 3:26:42 PM | SENT |
| Amanda L.Reichek | | areichek@tillotsonlaw.com | 6/23/2025 3:26:42 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amanda Reichek on behalf of Amanda Reichek
Bar No. 24041762
areichek@tillotsonlaw.com
Envelope ID: 102315336
Filing Code Description: Request
Filing Description: Defendant's Request for Preparation of Clerk's Record
Status as of 6/23/2025 3:52 PM CST

Case Contacts

| Amanda L.Reichek | | areichek@tillotsonlaw.com | 6/23/2025 3:26:42 PM | SENT |
|---|---|---|---|---|
| Devlin Browne | | dbrowne@tillotsonlaw.com | 6/23/2025 3:26:42 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/23/2025 3:26:42 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/23/2025 3:26:42 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/23/2025 3:26:42 PM | SENT |
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/23/2025 3:26:42 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/23/2025 3:26:42 PM | SENT |
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/23/2025 3:26:42 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/23/2025 3:26:42 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/23/2025 3:26:42 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/23/2025 3:26:42 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/23/2025 3:26:42 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/23/2025 3:26:42 PM | SENT |

442

348-363561-25

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; PLEASANTON HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; LA VILLA HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; MAVERICK COUNTY HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; CAMERON COUNTY HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; and JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District; | § | 348TH JUDICIAL DISTRICT |
| Defendants, | § | |
| v. | § | |
| CITY OF FORT WORTH, | § | |
| Intervenor-Plaintiff. | § | TARRANT COUNTY, TEXAS |

## NOTICE OF ACCELERATED APPEAL

Pursuant to Texas Rules of Appellate Procedure 25.1 and 28.1, Defendants, Pleasanton Housing Finance Corporation, Maverick Housing Finance Corporation, and La Villa Housing Finance Corporation, state their desire to appeal (1) the interlocutory Order Granting City of Arlington's Application for Temporary Injunction as to Pleasanton Housing Finance Corporation and La Villa Housing Finance Corporation; and (2) the interlocutory Order Granting City of Fort Worth's Application for Temporary Injunction as to Pleasanton Housing Finance Corporation, La

443

Villa Housing Finance Corporation, and Maverick Housing Finance Corporation, all signed on June 3, 2025, in *City of Arlington, et al. v. Pecos Housing Finance Corporation, et al.*, Cause No. 348-363561-25, in the 348th Judicial District Court, Tarrant County, Texas. Defendants appeal to the Court of Appeals for the Fifteenth District of Texas sitting in Austin, Texas.

This appeal is accelerated under Texas Rule of Appellate Procedure 28.1(a) and Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code and is not "a parental termination or child protection case or an appeal from an order certifying a child to stand trial as an adult, as defined in Rule 28.4." TEX. R. APP. P. 25.1(d)(6).

This appeal involves a matter: "(A) brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government, including a university system or institution of higher education; (B) brought by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct; or (C) in which a party to the proceeding challenges the constitutionality or validity of a state statute or rule and the attorney general is a party to the case." TEX. R. APP. P. 25.1(d)(9).

444

Dated: June 23, 2025

Respectfully submitted,

*/s/ Daniel J. Lecavalier*
Blake W. Stribling
Texas Bar No. 24070691
Daniel J. Lecavalier
Texas Bar No. 24129028
CHASNOFF STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: 210-469-4155
Email: bstribling@chasnoffstribling.com
Email: dlecavalier@chasnoffstribling.com

*Counsel for Defendants Pleasanton County Housing Finance Corporation and Maverick Housing Finance Corporation*

Roel Gutierrez
Texas Bar No. 240693842
LAW OFFICE OF ROEL GUTIERREZ, PLLC
4415 N. McColl Rd.
McCallen, TX 78504
Telephone: 956-278-3529
Fax: 956-278-3530
roelgutierrezlaw@gmail.com
and
Robert J. Salinas
Texas Bar No. 17536000
2101 Wood Ave.
Donna, Texas 78537
Telephone: 956-464-2460
*Counsel for Defendant La Villa Housing Finance Corporation*

445

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served in compliance with the Texas Rules of Civil Procedure on this 23rd day of June, 2025, to the following counsel of record:

Galen G. Gatten
galen.gatten@arlingtontx.gov
Alexander J. Lindvall
alexander.lindvall@arlingtontx.gov
Jonathan M. Moss
jonathan.moss@arlingtontx.gov
Joseph N. Nguyen
joseph.nguyen@arlingtontx.gov
Nena Chima-Tetteh
nena.chima-tetteh@arlingtontx.gov
CITY OF ARLINGTON
CITY ATTORNEY'S OFFICE
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

*Counsel for Plaintiff City of Arlington*

Stephen A. Cumbie
Senior Assistant City Attorney
Stephen.cumbie@fortworthtexas.gov
Christopher B. Mosley
Senior Assistant City Attorney
Chris.mosley@forthworthtexas.gov
Olyn Poole
Senior Assistant City Attorney
Olyn.poole@forthworthtexas.gov
CITY OF FORTH WORTH
OFFICE OF THE CITY ATTORNEY
100 Forth Worth Trail
Fort Worth, Texas 76102

*Counsel for Intervenor-Plaintiff City of Forth Worth*

James R. Evans, Jr.
jevans@lsejlaw.com
Eric Ruiz
eruiz@lsejlaw.com
LOW SWINNEY EVANS & JAMES, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735

*Counsel for Defendant Joe Don Bobbitt*

Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Amanda L. Reichek
Texas Bar No. 24041762
areichek@tillotsonlaw.com
Kathryn E. Yukevich
State Bar No. 24133390
kyukevich@tillotsonlaw.com
TILLOTSON JOHNSON & PATTON
1201 Main Street, Suite 1300
Dallas, Texas 75202
Telephone: (214) 382-3041
Facsimile: (214) 292-6564

*Counsel for Defendant Pecos Housing Finance Corporation*

4

446

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rachel Feltner on behalf of Daniel Lecavalier
Bar No. 24129028
rfeltner@chasnoffstribling.com
Envelope ID: 102331236
Filing Code Description: Notice of Appeal
Filing Description: Notice of Appeal
Status as of 6/24/2025 9:26 AM CST

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Amanda L.Reichek | | areichek@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Salinas | 17536000 | rjslawoffice@hotmail.com | 6/23/2025 10:43:11 PM | SENT |
| Roel Gutierrez | 24069842 | roelgutierrezlaw@gmail.com | 6/23/2025 10:43:11 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/23/2025 10:43:11 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Rachel Feltner | | rfeltner@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Julie Whitson | | jwhitson@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Christopher Schluter | | cschluter@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rachel Feltner on behalf of Daniel Lecavalier
Bar No. 24129028
rfeltner@chasnoffstribling.com
Envelope ID: 102331236
Filing Code Description: Notice of Appeal
Filing Description: Notice of Appeal
Status as of 6/24/2025 9:26 AM CST

Associated Case Party: THEPLEASANTON HFC

| | | | | |
|---|---|---|---|---|
| Christopher Schluter | | cschluter@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Faith Lowry | | flowry@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/23/2025 10:43:11 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/23/2025 10:43:11 PM | SENT |
| Devlin Browne | | dbrowne@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rachel Feltner on behalf of Daniel Lecavalier
Bar No. 24129028
rfeltner@chasnoffstribling.com
Envelope ID: 102331236
Filing Code Description: Notice of Appeal
Filing Description: Notice of Appeal
Status as of 6/24/2025 9:26 AM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |

FILED
TARRANT COUNTY
6/23/2025 10:43 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; PLEASANTON HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; LA VILLA HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; MAVERICK COUNTY HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; CAMERON COUNTY HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; and JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District; | § | 348TH JUDICIAL DISTRICT |
| Defendants, | § | |
| v. | § | |
| CITY OF FORT WORTH, | § | |
| Intervenor-Plaintiff. | § | TARRANT COUNTY, TEXAS |

---

## DEFENDANTS' REQUEST FOR PREPARATION OF REPORTER'S RECORD

---

TO THE COURT REPORTER OF THE 348th JUDICIAL DISTRICT COURT, TARRANT COUNTY, TEXAS:

Defendants Pleasanton Housing Finance Corporation, La Villa Housing Finance Corporation, and Maverick Housing Finance Corporation, request that the official court report and any substitute court reporter of the 348th Judicial District Court of Tarrant County, Texas, prepare,

450

certify, and file the reporter's record from these proceedings in the Fifteenth Court of Appeals. This request is filed in accordance with Rule 34.6(b) of the Texas Rules of Appellate Procedure.

The interlocutory orders being appealed in this case (i.e., the Order Granting City of Arlington's Application for Temporary Injunction and the Order Granting City of Fort Worth's Application for Temporary Injunction) were signed on June 3, 2025. The notice of appeal was filed today, June 23, 2025. This is an accelerated appeal. TEX. R. APP. P. 28.1(a); TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4). Therefore, the reporter's record is due to be filed with the Fifteenth Court of Appeals within 10 days after the notice of appeal is filed, or by ***July 3, 2025***. TEX. R. APP. P. 35.1(b).

Defendants request that the Court Reporter transcribe all proceedings in their entirety, including but not limited to the temporary injunction hearings, and request that in doing so the Court Reporter include arguments of counsel, objections of counsel, court rulings, all testimony, bench conferences, closing arguments, and all tendered exhibits. The proceedings covered by this request include, but are not limited to, the proceedings listed below.

| Date | Event/Hearing |
|---|---|
| June 3, 2025 | Hearing on Plaintiffs' Requests for Temporary Injunctions |

Defendants hereby agree to pay any additional fees for the preparation of the record and to make any arrangements for any such additional payments. *See* TEX. R. APP. P. 35.3(b)(3).

Dated: June 23, 2025

Respectfully submitted,

*/s/ Daniel J. Lecavalier*
Blake W. Stribling
Texas Bar No. 24070691
Daniel J. Lecavalier
Texas Bar No. 24129028
CHASNOFF STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: 210-469-4155
Email: bstribling@chasnoffstribling.com
Email: dlecavalier@chasnoffstribling.com

*Counsel for Defendants Pleasanton County Housing Finance Corporation, Maverick Housing Finance Corporation*

*/s/ Roel Gutierrez*
Roel Gutierrez
Texas Bar No. 240693842
LAW OFFICE OF ROEL GUTIERREZ, PLLC
4415 N. McColl Rd.
McCallen, TX 78504
Telephone: 956-278-3529
Fax: 956-278-3530
roelgutierrezlaw@gmail.com
and
Robert J. Salinas
Texas Bar No. 17536000
2101 Wood Ave.
Donna, Texas 78537
Telephone: 956-464-2460

*Counsel for Defendant La Villa Housing Finance Corporation*

3

452

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served in compliance with the Texas Rules of Civil Procedure on this 23rd day of June, 2025, to the following counsel of record:

Galen G. Gatten
galen.gatten@arlingtontx.gov
Alexander J. Lindvall
alexander.lindvall@arlingtontx.gov
Jonathan M. Moss
jonathan.moss@arlingtontx.gov
Joseph N. Nguyen
joseph.nguyen@arlingtontx.gov
Nena Chima-Tetteh
nena.chima-tetteh@arlingtontx.gov
CITY OF ARLINGTON
CITY ATTORNEY'S OFFICE
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

*Counsel for Plaintiff City of Arlington*

Stephen A. Cumbie
Senior Assistant City Attorney
Stephen.cumbie@fortworthtexas.gov
Christopher B. Mosley
Senior Assistant City Attorney
Chris.mosley@forthworthtexas.gov
Olyn Poole
Senior Assistant City Attorney
Olyn.poole@forthworthtexas.gov
CITY OF FORTH WORTH
OFFICE OF THE CITY ATTORNEY
100 Forth Worth Trail
Fort Worth, Texas 76102

*Counsel for Intervenor-Plaintiff City of Forth Worth*

James R. Evans, Jr.
jevans@lsejlaw.com
Eric Ruiz
eruiz@lsejlaw.com
LOW SWINNEY EVANS & JAMES, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735

*Counsel for Defendant Joe Don Bobbitt*

Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Amanda L. Reichek
Texas Bar No. 24041762
areichek@tillotsonlaw.com
Kathryn E. Yukevich
State Bar No. 24133390
kyukevich@tillotsonlaw.com
TILLOTSON JOHNSON & PATTON
1201 Main Street, Suite 1300
Dallas, Texas 75202
Telephone: (214) 382-3041
Facsimile: (214) 292-6564

*Counsel for Defendant Pecos Housing Finance Corporation*

4

453

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rachel Feltner on behalf of Daniel Lecavalier
Bar No. 24129028
rfeltner@chasnoffstribling.com
Envelope ID: 102331236
Filing Code Description: Notice of Appeal
Filing Description: Notice of Appeal
Status as of 6/24/2025 9:26 AM CST

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Amanda L.Reichek | | areichek@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Salinas | 17536000 | rjslawoffice@hotmail.com | 6/23/2025 10:43:11 PM | SENT |
| Roel Gutierrez | 24069842 | roelgutierrezlaw@gmail.com | 6/23/2025 10:43:11 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/23/2025 10:43:11 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Rachel Feltner | | rfeltner@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Julie Whitson | | jwhitson@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Christopher Schluter | | cschluter@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rachel Feltner on behalf of Daniel Lecavalier
Bar No. 24129028
rfeltner@chasnoffstribling.com
Envelope ID: 102331236
Filing Code Description: Notice of Appeal
Filing Description: Notice of Appeal
Status as of 6/24/2025 9:26 AM CST

Associated Case Party: THEPLEASANTON HFC

| | | | | |
|---|---|---|---|---|
| Christopher Schluter | | cschluter@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Faith Lowry | | flowry@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/23/2025 10:43:11 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/23/2025 10:43:11 PM | SENT |
| Devlin Browne | | dbrowne@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rachel Feltner on behalf of Daniel Lecavalier
Bar No. 24129028
rfeltner@chasnoffstribling.com
Envelope ID: 102331236
Filing Code Description: Notice of Appeal
Filing Description: Notice of Appeal
Status as of 6/24/2025 9:26 AM CST

Associated Case Party: THECITY OF ARLINGTON

| | | | | |
|---|---|---|---|---|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |

FILED
TARRANT COUNTY
6/23/2025 10:43 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; PLEASANTON HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; LA VILLA HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; MAVERICK COUNTY HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; CAMERON COUNTY HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; and JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District; | § | 348TH JUDICIAL DISTRICT |
| Defendants, | § | |
| v. | § | |
| CITY OF FORT WORTH, | § | |
| Intervenor-Plaintiff. | § | TARRANT COUNTY, TEXAS |

## DEFENDANTS' REQUEST FOR PREPARATION OF THE CLERK'S RECORD

TO THE DISTRICT CLERK OF TARRANT COUNTY, TEXAS:

Under Texas Rule of Appellate Procedure 34.5, Defendants Pleasanton Housing Finance Corporation, La Villa Housing Finance Corporation and Maverick County Housing Finance Corporation (collectively, "Defendants") file this request for preparation of the clerk's record for the appeal in the above-referenced case. Defendants are appealing (1) the interlocutory Order Granting City of Arlington's Application for Temporary Injunction as to Pleasanton Housing

457

Finance Corporation and La Villa Housing Finance Corporation; and (2) the interlocutory Order Granting City of Fort Worth's Application for Temporary Injunction as to Pleasanton Housing Finance Corporation, La Villa Housing Finance Corporation, and Maverick Housing Finance Corporation, all signed on June 3, 2025, in *City of Arlington, et al. v. Pecos Housing Finance Corporation, et al.*, Cause No. 348-363561-25, in the 348th Judicial District Court, Tarrant County, Texas. The Notice of Accelerated Appeal is being filed simultaneously herewith, on June 23, 2025. *See* TEX. R. APP. P. 26.1(b), 28.1, 35.3(a)(1).

Because this is an accelerated appeal, the clerk's record is to be filed with the Court of Appeals for the Fifteenth District of Texas in Austin, within 10 days after the notice of appeal is filed, by **_July 3, 2025_**. *See* TEX. R. APP. P. 35.1(b). Defendants hereby agree to pay for the preparation of the clerk's record. *See* TEX. R. APP. P. 35.3(a)(2). Pursuant to the rules of the Fifteenth Court of Appeals, the clerk's record must be filed electronically.

Defendants request that the clerk include the following items in the appellate record, in addition to any other items required by Texas Rule of Appellate Procedure 34.5(a), including all exhibits, attachments, and appendices to the documents set forth below:

| Date | Pleading |
|------|----------|
| April 10, 2025 | Plaintiff's Original Petition and Application for Temporary Restraining Order and Injunctive Relief |
| April 11, 2025 | Temporary Restraining Order |
| April 24, 2025 | Rule 11 Agreement Extending Temporary Restraining Order |
| April 30, 2025 | Plaintiff's First Amended Petition and Application for Temporary Restraining Order and Injunctive Relief |
| May 1, 2025 | Temporary Restraining Order |
| May 1, 2025 | Rule 11 Agreement Extending Temporary Restraining Order |
| May 5, 2025 | Pecos Plea to Jurisdiction, Motion to Transfer Venue and Original Answer |
| May 5, 2025 | Answer and Plea to Jurisdiction of Defendant Joe Don Bobbitt |

458

| May 7, 2025 | Plaintiff's Second Amended Petition and Application for Temporary Restraining Order and Injunctive Relief |
|---|---|
| May 13, 2025 | City of Fort Worth's Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief |
| May 14, 2025 | Rule 11 Agreement Extending Temporary Restraining Order |
| May 21, 2025 | Intervenor's Temporary Restraining Order |
| May 22, 2025 | City of Fort Worth's First Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief |
| May 27, 2025 | Pleasanton's Plea to Jurisdiction, Motion to Transfer Venue and Original Answer to Arlington's Second Amended Petition |
| May 29, 2025 | Pleasanton's Special Exceptions to Arlington's Second Amended Petition |
| May 29, 2025 | First Amended Plea to Jurisdiction and Answer of Defendant Joe Don Bobbitt |
| May 30, 2025 | Defendant La Villa Plea to Jurisdiction, Motion to Transfer Venue and Original Answer |
| June 2, 2025 | Maverick County's Special Exceptions, Plea to Jurisdiction, Motion to Transfer Venue and Original Answer to Forth Worth's First Amended Petition |
| June 2, 2025 | Pleasanton's Special Exceptions, Plea to Jurisdiction, Motion to Transfer Venue and Original Answer to Fort Worth's First Amended Petition |
| June 2, 2025 | Defendant Peco's Plea to Jurisdiction, Motion to Transfer Venue, and Original Answer |
| June 2, 2025 | Arlington and Fort Worth's Joint Response to Bobbitt's Plea to Jurisdiction |
| June 2, 2025 | Arlington and Pecos' Joint Response to Bobbitt's Plea to Jurisdiction |
| June 2, 2025 | Plaintiff's Third Amended Petition and Application for Temporary Restraining Order and Injunctive Relief |
| June 2, 2025 | City of Fort Worth's Second Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief |
| June 2, 2025 | HFC's Joint Brief in Opposition to Arlington/Fort Worth's Applications for Temporary Injunctions |
| June 2, 2025 | City of Fort Worth's Third Amended Petition in Intervention and Application for Temporary Restraining Order and Injunctive Relief |
| June 2, 2025 | Response by Defendant Bobbitt to HFC's Motions to Transfer |

| June 3, 2025 | Pleasanton and Maverick's Motion for Joinder in Pecos and Bobbitt's Plea's to Jurisdiction |
|---|---|
| June 3, 2025 | Pleasanton and Maverick's Motion for Joinder in Pecos and Bobbitt's Pleas to Jurisdiction |
| June 3, 2025 | Order Granting Fort Worth's Application for Temporary Injunction |
| June 3, 2025 | Order Granting Arlington's Application for Temporary Injunction |
| June 3, 22025 | Notice of Appeal |
| June 3, 2025 | Request for Clerk's Record |
| June 3, 2025 | Request for Reporter's Record |

Dated: June 23, 2025                    Respectfully submitted,

*/s/ Daniel J. Lecavalier*
Blake W. Stribling
Texas Bar No. 24070691
Daniel J. Lecavalier
Texas Bar No. 24129028
CHASNOFF STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: 210-469-4155
Email: bstribling@chasnoffstribling.com
Email: dlecavalier@chasnoffstribling.com

*Counsel for Defendants Pleasanton County Housing Finance Corporation and Maverick Housing Finance Corporation*

*/s/ Roel Gutierrez*
Roel Gutierrez
Texas Bar No. 240693842
LAW OFFICE OF ROEL GUTIERREZ, PLLC
4415 N. McColl Rd.
McCallen, TX 78504
Telephone: 956-278-3529
Fax: 956-278-3530
roelgutierrezlaw@gmail.com
and
Robert J. Salinas
Texas Bar No. 17536000
2101 Wood Ave.
Donna, Texas 78537
Telephone: 956-464-2460

*Counsel for Defendant La Villa Housing Finance Corporation*

5

461

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served in compliance with the Texas Rules of Civil Procedure on this 23rd day of June, 2025, to the following counsel of record:

Galen G. Gatten
galen.gatten@arlingtontx.gov
Alexander J. Lindvall
alexander.lindvall@arlingtontx.gov
Jonathan M. Moss
jonathan.moss@arlingtontx.gov
Joseph N. Nguyen
joseph.nguyen@arlingtontx.gov
Nena Chima-Tetteh
nena.chima-tetteh@arlingtontx.gov
CITY OF ARLINGTON
CITY ATTORNEY'S OFFICE
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

*Counsel for Plaintiff City of Arlington*

Stephen A. Cumbie
Senior Assistant City Attorney
Stephen.cumbie@fortworthtexas.gov
Christopher B. Mosley
Senior Assistant City Attorney
Chris.mosley@forthworthtexas.gov
Olyn Poole
Senior Assistant City Attorney
Olyn.poole@forthworthtexas.gov
CITY OF FORTH WORTH
OFFICE OF THE CITY ATTORNEY
100 Forth Worth Trail
Fort Worth, Texas 76102

*Counsel for Intervenor-Plaintiff City of Forth Worth*

James R. Evans, Jr.
jevans@lsejlaw.com
Eric Ruiz
eruiz@lsejlaw.com
LOW SWINNEY EVANS & JAMES, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735

*Counsel for Defendant Joe Don Bobbitt*

Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Amanda L. Reichek
Texas Bar No. 24041762
areichek@tillotsonlaw.com
Kathryn E. Yukevich
State Bar No. 24133390
kyukevich@tillotsonlaw.com
TILLOTSON JOHNSON & PATTON
1201 Main Street, Suite 1300
Dallas, Texas 75202
Telephone: (214) 382-3041
Facsimile: (214) 292-6564

*Counsel for Defendant Pecos Housing Finance Corporation*

462

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rachel Feltner on behalf of Daniel Lecavalier
Bar No. 24129028
rfeltner@chasnoffstribling.com
Envelope ID: 102331236
Filing Code Description: Notice of Appeal
Filing Description: Notice of Appeal
Status as of 6/24/2025 9:26 AM CST

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Amanda L.Reichek | | areichek@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Salinas | 17536000 | rjslawoffice@hotmail.com | 6/23/2025 10:43:11 PM | SENT |
| Roel Gutierrez | 24069842 | roelgutierrezlaw@gmail.com | 6/23/2025 10:43:11 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/23/2025 10:43:11 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Rachel Feltner | | rfeltner@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Julie Whitson | | jwhitson@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Christopher Schluter | | cschluter@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rachel Feltner on behalf of Daniel Lecavalier
Bar No. 24129028
rfeltner@chasnoffstribling.com
Envelope ID: 102331236
Filing Code Description: Notice of Appeal
Filing Description: Notice of Appeal
Status as of 6/24/2025 9:26 AM CST

Associated Case Party: THEPLEASANTON HFC

| | | | | |
|---|---|---|---|---|
| Christopher Schluter | | cschluter@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |
| Faith Lowry | | flowry@chasnoffstribling.com | 6/23/2025 10:43:11 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Liz Hansen | | lhansen@lsejlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/23/2025 10:43:11 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/23/2025 10:43:11 PM | SENT |
| Devlin Browne | | dbrowne@tillotsonlaw.com | 6/23/2025 10:43:11 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rachel Feltner on behalf of Daniel Lecavalier
Bar No. 24129028
rfeltner@chasnoffstribling.com
Envelope ID: 102331236
Filing Code Description: Notice of Appeal
Filing Description: Notice of Appeal
Status as of 6/24/2025 9:26 AM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/23/2025 10:43:11 PM | SENT |

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/23/2025 10:43:11 PM | SENT |

FILED
TARRANT COUNTY
6/23/2025 11:56 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE | § | |
| CORPORATION, a Texas nonprofit | § | |
| corporation; PLEASANTON HOUSING | § | |
| FINANCE CORPORATION, a Texas | § | |
| nonprofit corporation; LA VILLA | § | |
| HOUSING FINANCE CORPORATION, a | § | |
| Texas nonprofit corporation; MAVERICK | § | |
| COUNTY HOUSING FINANCE | § | 348TH JUDICIAL DISTRICT |
| CORPORATION, a Texas nonprofit | § | |
| corporation; CAMERON COUNTY | § | |
| HOUSING FINANCE CORPORATION, a | § | |
| Texas nonprofit corporation; and JOE DON | § | |
| BOBBITT, in his official capacity as Chief | § | |
| Appraiser of the Tarrant Appraisal District; | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF FORT WORTH, | § | |
| | § | |
| Intervenor-Plaintiff. | § | TARRANT COUNTY, TEXAS |

## AMENDED NOTICE OF ACCELERATED APPEAL

Pursuant to Texas Rules of Appellate Procedure 25.1 and 28.1, Defendants, Pleasanton Housing Finance Corporation, Maverick Housing Finance Corporation, and La Villa Housing Finance Corporation, state their desire to appeal (1) the interlocutory Order Granting City of Arlington's Application for Temporary Injunction as to Pleasanton Housing Finance Corporation and La Villa Housing Finance Corporation; and (2) the interlocutory Order Granting City of Fort Worth's Application for Temporary Injunction as to Pleasanton Housing Finance Corporation, La

466

Villa Housing Finance Corporation, and Maverick Housing Finance Corporation, all signed on June 3, 2025, in *City of Arlington, et al. v. Pecos Housing Finance Corporation, et al.*, Cause No. 348-363561-25, in the 348th Judicial District Court, Tarrant County, Texas. Defendants appeal to the Court of Appeals for the Fifteenth District of Texas sitting in Austin, Texas.

This appeal is accelerated under Texas Rule of Appellate Procedure 28.1(a) and Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code and is not "a parental termination or child protection case or an appeal from an order certifying a child to stand trial as an adult, as defined in Rule 28.4." TEX. R. APP. P. 25.1(d)(6).

This appeal involves a matter: "(A) brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government, including a university system or institution of higher education; (B) brought by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct; or (C) in which a party to the proceeding challenges the constitutionality or validity of a state statute or rule and the attorney general is a party to the case." TEX. R. APP. P. 25.1(d)(9).

467

Dated: June 23, 2025

Respectfully submitted,

*/s/ Daniel J. Lecavalier*
Blake W. Stribling
Texas Bar No. 24070691
Daniel J. Lecavalier
Texas Bar No. 24129028
CHASNOFF STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: 210-469-4155
Email: bstribling@chasnoffstribling.com
Email: dlecavalier@chasnoffstribling.com

*Counsel for Defendants Pleasanton County Housing Finance Corporation and Maverick Housing Finance Corporation*

*s/ Roel Gutierrez*
Roel Gutierrez
Texas Bar No. 240693842
LAW OFFICE OF ROEL GUTIERREZ, PLLC
4415 N. McColl Rd.
McCallen, TX 78504
Telephone: 956-278-3529
Fax: 956-278-3530
roelgutierrezlaw@gmail.com
and
Robert J. Salinas
Texas Bar No. 17536000
2101 Wood Ave.
Donna, Texas 78537
Telephone: 956-464-2460

*Counsel for Defendant La Villa Housing Finance Corporation*

3

468

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served in compliance with the Texas Rules of Civil Procedure on this 23rd day of June, 2025, to the following counsel of record:

Galen G. Gatten
galen.gatten@arlingtontx.gov
Alexander J. Lindvall
alexander.lindvall@arlingtontx.gov
Jonathan M. Moss
jonathan.moss@arlingtontx.gov
Joseph N. Nguyen
joseph.nguyen@arlingtontx.gov
Nena Chima-Tetteh
nena.chima-tetteh@arlingtontx.gov
CITY OF ARLINGTON
CITY ATTORNEY'S OFFICE
P.O. Box 90231, MS 63-0300
Arlington, Texas 76004

*Counsel for Plaintiff City of Arlington*

Stephen A. Cumbie
Senior Assistant City Attorney
Stephen.cumbie@fortworthtexas.gov
Christopher B. Mosley
Senior Assistant City Attorney
Chris.mosley@forthworthtexas.gov
Olyn Poole
Senior Assistant City Attorney
Olyn.poole@forthworthtexas.gov
CITY OF FORTH WORTH
OFFICE OF THE CITY ATTORNEY
100 Forth Worth Trail
Fort Worth, Texas 76102

*Counsel for Intervenor-Plaintiff City of Forth Worth*

James R. Evans, Jr.
jevans@lsejlaw.com
Eric Ruiz
eruiz@lsejlaw.com
LOW SWINNEY EVANS & JAMES, PLLC
4425 South Mopac Expressway
Building 3, Suite 400
Austin, Texas 78735

*Counsel for Defendant Joe Don Bobbitt*

Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Amanda L. Reichek
Texas Bar No. 24041762
areichek@tillotsonlaw.com
Kathryn E. Yukevich
State Bar No. 24133390
kyukevich@tillotsonlaw.com
TILLOTSON JOHNSON & PATTON
1201 Main Street, Suite 1300
Dallas, Texas 75202
Telephone: (214) 382-3041
Facsimile: (214) 292-6564

*Counsel for Defendant Pecos Housing Finance Corporation*

4

469

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniel Lecavalier on behalf of Daniel Lecavalier
Bar No. 24129028
dlecavalier@chasnoffstribling.com
Envelope ID: 102366068
Filing Code Description: Amended Filing
Filing Description: Amended Notice of Appeal
Status as of 6/24/2025 2:44 PM CST

Associated Case Party: THECITY OF ARLINGTON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/24/2025 2:35:20 PM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/24/2025 2:35:20 PM | SENT |

Associated Case Party: THEPECOS HOUSING FINANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/24/2025 2:35:20 PM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/24/2025 2:35:20 PM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/24/2025 2:35:20 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/24/2025 2:35:20 PM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/24/2025 2:35:20 PM | SENT |
| Amanda L.Reichek | | areichek@tillotsonlaw.com | 6/24/2025 2:35:20 PM | SENT |

Associated Case Party: JOEDONBOBBITT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/24/2025 2:35:20 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Liz Hansen | | lhansen@lsejlaw.com | 6/24/2025 2:35:20 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/24/2025 2:35:20 PM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/24/2025 2:35:20 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniel Lecavalier on behalf of Daniel Lecavalier
Bar No. 24129028
dlecavalier@chasnoffstribling.com
Envelope ID: 102366068
Filing Code Description: Amended Filing
Filing Description: Amended Notice of Appeal
Status as of 6/24/2025 2:44 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/24/2025 2:35:20 PM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/24/2025 2:35:20 PM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/24/2025 2:35:20 PM | SENT |
| Devlin Browne | | dbrowne@tillotsonlaw.com | 6/24/2025 2:35:20 PM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/24/2025 2:35:20 PM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/24/2025 2:35:20 PM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/24/2025 2:35:20 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/24/2025 2:35:20 PM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/24/2025 2:35:20 PM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/24/2025 2:35:20 PM | SENT |

Associated Case Party: THEPLEASANTON HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/24/2025 2:35:20 PM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/24/2025 2:35:20 PM | SENT |
| Rachel Feltner | | rfeltner@chasnoffstribling.com | 6/24/2025 2:35:20 PM | SENT |
| Christopher Schluter | | cschluter@chasnoffstribling.com | 6/24/2025 2:35:20 PM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/24/2025 2:35:20 PM | SENT |
| Julie Whitson | | jwhitson@chasnoffstribling.com | 6/24/2025 2:35:20 PM | SENT |
| Faith Lowry | | flowry@chasnoffstribling.com | 6/24/2025 2:35:20 PM | SENT |

Associated Case Party: THELA VILLA HFC

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniel Lecavalier on behalf of Daniel Lecavalier
Bar No. 24129028
dlecavalier@chasnoffstribling.com
Envelope ID: 102366068
Filing Code Description: Amended Filing
Filing Description: Amended Notice of Appeal
Status as of 6/24/2025 2:44 PM CST

Associated Case Party: THELA VILLA HFC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/24/2025 2:35:20 PM | SENT |
| Robert Salinas | 17536000 | rjslawoffice@hotmail.com | 6/24/2025 2:35:20 PM | SENT |
| Roel Gutierrez | 24069842 | roelgutierrezlaw@gmail.com | 6/24/2025 2:35:20 PM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/24/2025 2:35:20 PM | SENT |

Associated Case Party: THECITY OF FORT WORTH

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/24/2025 2:35:20 PM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/24/2025 2:35:20 PM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/24/2025 2:35:20 PM | SENT |

CAUSE NO. 348-363561-25

| | | |
|---|---|---|
| CITY OF ARLINGTON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PECOS HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; PLEASANTON HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; LA VILLA HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; MAVERICK COUNTY HOUSING FINANCE CORPORATION, a Texas nonprofit corporation; and JOE DON BOBBITT, in his official capacity as Chief Appraiser of the Tarrant Appraisal District, | § | 348TH JUDICIAL DISTRICT |
| Defendants, | § | |
| v. | § | |
| CITY OF FORT WORTH, | § | |
| Intervenor-Plaintiff. | § | TARRANT COUNTY, TEXAS |

## AMENDED NOTICE OF ACCELERATED APPEAL

Pursuant to Texas Rules of Appellate Procedure 25.1 and 28.1, Defendant, Pecos Housing Finance Corporation, states its desire to appeal: (1) the interlocutory Order Denying Defendant Pecos Housing Finance Corporation's Plea to the Jurisdiction; (2) the interlocutory Order Granting City of Arlington's Application for Temporary Injunction; and (3) the interlocutory Order Granting City of Fort Worth's Application for Temporary Injunction, all signed on June 3, 2025, in *City of Arlington, et al. v. Pecos Housing Finance Corporation, et al.*, Cause No. 348-363561-25, in the 348th Judicial District

**AMENDED NOTICE OF ACCELERATED APPEAL**
**PAGE 1**

473

Court, Tarrant County, Texas. Defendant appeals to the Court of Appeals for the Fifteenth District of Texas sitting in Austin, Texas.

This appeal is accelerated under Texas Rule of Appellate Procedure 28.1(a) and Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code and is not "a parental termination or child protection case or an appeal from an order certifying a child to stand trial as an adult, as defined in Rule 28.4." TEX. R. APP. P. 25.1(d)(6).

This appeal involves a matter: "(A) brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government, including a university system or institution of higher education; (B) brought by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct; or (C) in which a party to the proceeding challenges the constitutionality or validity of a state statute or rule and the attorney general is a party to the case." TEX. R. APP. P. 25.1(d)(9).

Dated: June 23, 2025

/s/ Amanda L. Reichek
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Amanda L. Reichek
Texas Bar No. 24041762
areichek@tillotsonlaw.com
Kathryn E. Yukevich
State Bar No. 24133390
kyukevich@tillotsonlaw.com
TILLOTSON JOHNSON & PATTON
1201 Main Street, Suite 1300
Dallas, Texas 75202
Telephone: (214) 382-3041
Facsimile: (214) 292-6564

Blake W. Stribling
Texas Bar No. 24070691
bstribling@chasnoffstribling.com
Daniel J. Lecavalier
Texas Bar No. 24129028
dlecavalier@chasnoffstribling.com
CHASNOFF STRIBLING, LLP
1020 N.E. Loop 410, Suite 150
San Antonio, Texas 78209
Telephone: (210) 469-4155

**ATTORNEYS FOR APPELLANT PECOS HOUSING FINANCE CORPORATION**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served by E-Service to counsel herein on June 23, 2025.

/s/ *Amanda L. Reichek*
Amanda L. Reichek

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amanda Reichek on behalf of Amanda Reichek
Bar No. 24041762
areichek@tillotsonlaw.com
Envelope ID: 102338456
Filing Code Description: Amended Filing
Filing Description: Amended Notice of Appeal
Status as of 6/24/2025 10:13 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 6/24/2025 9:01:45 AM | SENT |
| Jonathan RPatton | | jpatton@tillotsonlaw.com | 6/24/2025 9:01:45 AM | SENT |
| Robert Salinas | 17536000 | rjslawoffice@hotmail.com | 6/24/2025 9:01:45 AM | SENT |
| Roel Gutierrez | 24069842 | roelgutierrezlaw@gmail.com | 6/24/2025 9:01:45 AM | SENT |
| Blake Stribling | | bstribling@chasnoffstribling.com | 6/24/2025 9:01:45 AM | SENT |
| Kim Decker | | kdecker@chasnoffstribling.com | 6/24/2025 9:01:45 AM | SENT |
| Liz Hansen | | lhansen@lsejlaw.com | 6/24/2025 9:01:45 AM | SENT |
| Rachel Feltner | | rfeltner@chasnoffstribling.com | 6/24/2025 9:01:45 AM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 6/24/2025 9:01:45 AM | SENT |
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 6/24/2025 9:01:45 AM | SENT |
| Christopher Schluter | | cschluter@chasnoffstribling.com | 6/24/2025 9:01:45 AM | SENT |
| Daniel Lecavalier | 24129028 | dlecavalier@chasnoffstribling.com | 6/24/2025 9:01:45 AM | SENT |
| Kathryn Yukevich | 24133390 | kyukevich@tillotsonlaw.com | 6/24/2025 9:01:45 AM | SENT |
| Kira Lytle | | klytle@tillotsonlaw.com | 6/24/2025 9:01:45 AM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 6/24/2025 9:01:45 AM | SENT |
| Julie Whitson | | jwhitson@chasnoffstribling.com | 6/24/2025 9:01:45 AM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 6/24/2025 9:01:45 AM | SENT |
| Eric Ruiz | | eruiz@lsejlaw.com | 6/24/2025 9:01:45 AM | SENT |
| JAMES EVANS | | JEVANS@LSEJLAW.COM | 6/24/2025 9:01:45 AM | SENT |
| Faith Lowry | | flowry@chasnoffstribling.com | 6/24/2025 9:01:45 AM | SENT |
| Rosa Perez | | rosaperez@cityoflavilla.org | 6/24/2025 9:01:45 AM | SENT |
| Amanda L.Reichek | | areichek@tillotsonlaw.com | 6/24/2025 9:01:45 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amanda Reichek on behalf of Amanda Reichek
Bar No. 24041762
areichek@tillotsonlaw.com
Envelope ID: 102338456
Filing Code Description: Amended Filing
Filing Description: Amended Notice of Appeal
Status as of 6/24/2025 10:13 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Amanda L.Reichek | | areichek@tillotsonlaw.com | 6/24/2025 9:01:45 AM | SENT |
| Devlin Browne | | dbrowne@tillotsonlaw.com | 6/24/2025 9:01:45 AM | SENT |
| Jannet Alarcon | | jannet.alarcon@fortworthtexas.gov | 6/24/2025 9:01:45 AM | SENT |
| Erica Salas | | erica.salas@arlingtontx.gov | 6/24/2025 9:01:45 AM | SENT |
| Alexander JLindvall | | alexander.lindvall@arlingtontx.gov | 6/24/2025 9:01:45 AM | SENT |
| Joe DonBobbitt | | jdbobbitt@tad.org | 6/24/2025 9:01:45 AM | SENT |
| Joseph Nguyen | | joseph.nguyen@arlingtontx.gov | 6/24/2025 9:01:45 AM | SENT |
| Chandra  Jackson | | chandra.jackson@fortworthtexas.gov | 6/24/2025 9:01:45 AM | SENT |
| Steve ACumbie | | stephen.cumbie@fortworthtexas.gov | 6/24/2025 9:01:45 AM | SENT |
| Christopher BMosley | | chris.mosley@fortworthtexas.gov | 6/24/2025 9:01:45 AM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 6/24/2025 9:01:45 AM | SENT |
| THE CITY OF FORT WORTH | | Chandra.Jackson@fortworthtexas.gov | 6/24/2025 9:01:45 AM | SENT |
| THE A.CITY OF FORT WORTH | | stephen.cumbie@fortworthtexas.gov | 6/24/2025 9:01:45 AM | SENT |

# BILL OF COSTS
## TARRANT COUNTY DISTRICT COURT

Trial Court Number: 348-363561-25

CITY OF ARLINGTON
vs
PECOS HOUSING FINANCE CORPORATION, ET AL

| | | |
|---|---|---|
| District Clerk's Fees | $ | 64.00 |
| DCRM Fees | $ | - |
| DCRA Fee | $ | - |
| ADRS Fee | $ | - |
| Library Fee | $ | - |
| Security Fee | $ | - |
| Records Fee | $ | - |
| Appellant Fee | $ | - |
| Clerk's Record Fee (Preparation of) | $ | 481.00 **** |
| Certification and Seal Fee | $ | 10.00 **** |
| Court Reporter Fee | $ | - |
| Indigency Fee | $ | - |
| Consignment Fee | $ | - |
| Judicial Support Fee | $ | - |
| Cash Bond | $ | - |
| Deposition Fees | $ | - |
| Constable Fees | $ | - |
| Private Service Fees | $ | - |
| Witness Fees | $ | - |
| Copy Fees | $ | 3.00 |
| Document Preservation Fees | $ | - |
| Court Fines | $ | - |
| EFST Fee | $ | - |
| Civil Judicial Personnel Training Fee | $ | - |
| LCCS/LCCI Fees | $ | 318.00 |
| SCCS/SCCI Fees | $ | 182.00 |

| | | |
|---|---|---|
| | TOTAL | $ 1,058.00 |
| **\*Clerk's Record & Seal Fee paid by Appellant\*** | FEES PAID | $ 708.00 |
| | COURT COST BALANCE | $350.00 |

ATTEST:
THOMAS A WILDER
TARRANT COUNTY DISTRICT CLERK

BY: *Eliana Rodriguez*
Eliana Rodriguez, Deputy Clerk

479

Certified True Copy

===================================================================================================

THE STATE OF TEXAS


COUNTY OF TARRANT


I, _____Thomas A. Wilder_____ , Clerk of the District Courts of Tarrant County, Texas, do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedures 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b).

GIVEN UNDER MY HAND AND SEAL at my office in Tarrant County, Texas, this date of June 26, 2025.




                                    Thomas A. Wilder
                                    District Clerk
                                    Tarrant County, Texas


                              By: *Eliana Rodriguez*
                                  ELIANA RODRIGUEZ
                                  Deputy District Clerk

480